IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**DR. ORLY TAITZ, ESQ., ET AL.**                                                    **PLAINTIFFS**

**V.**                                    **CIVIL ACTION NO. 3:12cv280-HTW-LRA**

**DEMOCRAT PARTY OF MISSISSIPPI, ET AL.**                     **DEFENDANTS**

---

**MISSISSIPPI SECRETARY OF STATE'S ANSWER AND DEFENSES
TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

---

Mississippi Secretary of State Delbert Hosemann files this Answer and Defenses to the Plaintiffs' First Amended Complaint ("Complaint") in this action and states:

## ANSWER

The Secretary of State responds to the averments contained in the Complaint, paragraph-by-paragraph, as follows:

The averments contained in the unnumbered paragraphs on page 2 of the Complaint beginning with "COME NOW PLAINTIFFS. . ." state legal conclusions and/or otherwise set forth no averments requiring a response by the Secretary of State. If the Secretary of State is mistaken in this regard, the averments in such unnumbered paragraphs are denied.

## PARTIES

1.  The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 1 on pages 2-3, therefore, such averments are denied.

2.  The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 2 on page 3, therefore, such averments are denied.

3. The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 3 on page 3, therefore, such averments are denied.

3. [sic]  The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 3 [sic] on page 3, therefore, such averments are denied.

4. The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 4 on page 3, therefore, such averments are denied.

5. The averments contained in paragraph 5 on page 3 are denied as stated.  The Secretary of State admits only that President Obama is currently the duly elected President of the United States and a generally recognized candidate for United States President for the 2012 election.

6. The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 6 on page 3, therefore, such averments are denied.

7. The averments contained in paragraph 7 on pages 3-4 are denied as stated.  The Secretary of State admits only that he is the duly elected Mississippi Secretary of State whose authority and obligations are established by law, has been sued only in his official capacity, and plaintiffs have alleged no RICO causes of action against him.  The Secretary of State specifically denies that plaintiffs are entitled to any relief against him whatsoever, and any and all remaining allegations contained in paragraph 7 on pages 3-4.

8. The averments contained in paragraph 8 on page 4 are denied as stated.  The Secretary of State admits only that the Mississippi Democratic Party is a political party organized under Mississippi law.  Any and all remaining allegations contained in paragraph 8 on page 4 are

denied.

9. The averments contained in paragraph 9 on page 4 are admitted, upon information and belief.

10. The averments contained in paragraph 10 on page 4 are admitted, upon information and belief.

11. The averments contained in paragraph 11 on page 4 are admitted, upon information and belief.

12. The averments contained in paragraph 12 on page 4 are admitted, upon information and belief.

13. The averments contained in paragraph 13 on page 4 do not pertain to the Secretary of State and therefore do not require a response from the Secretary of State. If the Secretary of State is mistaken in this regard, such averments are hereby denied.

## JURISDICTION AND APPLICABLE LAW

The averments contained on pages 4-12 beginning with "Chapter 96 of Title 18 of the United States Code..." and under various subheadings are mere recitations of federal and state laws which speak for themselves, and/or state legal conclusions, that do not require a response from the Secretary of State. If the Secretary of State is mistaken in this regard, such averments are hereby denied.

## STATEMENT OF FACTS AND ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION

1. The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 1 on pages 12-13, therefore, such averments are

denied.

2. The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 2 on pages 13-14, therefore, such averments are denied.

2. [sic]  The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 2 [sic] on page 14, therefore, such averments are denied.

3. The averments contained in paragraph 3 on page 14 state a legal conclusion and therefore do not require a response from the Secretary of State.  If the Secretary of State is mistaken in this regard, such averments are denied.

4. The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 4 on page 14, therefore, such averments are denied.

5. The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 5 on page 14, therefore, such averments are denied.

6. The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 6 on page 14, therefore, such averments are denied.

7. The averments contained in paragraph 7 on page 15 are denied as stated.  The Secretary of State admits only that Plaintiff Taitz filed a petition with the Hinds County Circuit Court, purporting to be filed pursuant to Mississippi Code Section 23-15-961, on February 14, 2012.

8. The averments contained in paragraph 8 on page 15 are denied as stated.  The Secretary of State admits only that the Hinds County Circuit Clerk acted on Plaintiff Taitz's

petition consistent with Section 23-15-961 and requested that the Mississippi Supreme Court assign a special Circuit Judge to the petition.

9.   The averments contained in paragraph 9 on page 15 are denied as stated. The Secretary of State admits only that the Mississippi Supreme Court entered an order assigning the petition to Hon. R. Kenneth Coleman, and the Supreme Court's order speaks for itself.

10.   The averments contained in paragraph 10 on page 15 are denied as stated. The Secretary of State admits only that the Mississippi presidential preference primary was held on March 13, 2012.

13. [sic] The averments contained in paragraph 13 [sic] on page 15 are denied as stated. The Secretary of State admits only that plaintiffs' First Amended Complaint was received by his counsel of record on or about April 19, 2012.

14. [sic] The averments contained in paragraph 14 [sic] on page 15 are denied as stated. The Secretary of State admits only that Plaintiff Taitz sent Sam Begley an email on April 1, 2012 referencing a challenge to President Obama's candidacy the general election and said email speaks for itself.

15. [sic] The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 15 [sic] on page 15, therefore, such averments are denied.

16. [sic] The averments contained in paragraph 15 [sic] on page 15 state a legal conclusion and therefore do not require a response from the Secretary of State.

## FIRST CAUSE OF ACTION

## DECLARATORY RELIEF

1. The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 1 on page 16, therefore, such averments are denied.

2. The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 2 on page 16, and certain allegations contained therein state legal conclusions, therefore, such averments are denied.

3. The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 3 on page 16, therefore, such averments are denied.

3. [sic]  The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 3 [sic] on page 17, therefore, such averments are denied.

4. The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 4 on pages 17-18, therefore, such averments are denied.

5. The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 5 on page 18, therefore, such averments are denied.

6. The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 6 on page 18, therefore, such averments are denied.

7. The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 7 on pages 18-19, therefore, such averments are denied.

8. The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 8 on page 19, therefore, such averments are denied.

9. The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 9 on page 19, therefore, such averments are denied.

10. The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 10 on pages 19-21, therefore, such averments are denied.

11. The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 11 on page 21, therefore, such averments are denied.

12. The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 12 on pages 21-22, therefore, such averments are denied.

13. The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 13 on page 22, therefore, such averments are denied.

14. The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 14 on pages 22-23, therefore, such averments are denied.

15. The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 15 on page 23, therefore, such averments are denied.

16.     The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 16 on page 23, and such averments contain legal conclusions that do not require a response, therefore, such averments are denied.

17.     The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 17 on pages 23-24, and such averments contain legal conclusions that do not require a response, therefore, such averments are denied.

18.     The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 18 on pages 24-25, and such averments contained legal conclusions, therefore, such averments are denied.

## INJUNCTIVE RELIEF

**A.  EMERGENCY PRELIMINARY INJUNCTION**

The Secretary of State denies the allegations under the heading "A. Emergency Preliminary Injunction" contained on pages 25-27, including subparts a through d, and specifically denies that plaintiffs are entitled to any relief whatsoever.

**B.  Permanent injunction.**

The Secretary of State denies the allegations under the heading "B. Permanent injunction" contained on page 28, and specifically denies that plaintiffs are entitled to any relief whatsoever.

## RICO

The averments contained in the unnumbered paragraphs on page 28 beginning with "Chapter 96 of Title 18 of the United States Code..." are mere recitations of federal and state laws which speak for themselves, and/or state legal conclusions, that do not require a response from the Secretary of State.  If the Secretary of State is mistaken in this regard, such averments

are hereby denied.

## OBAMA FOR AMERICA-RACKETEERING INFLUENCED CORRUPT ORGANIZATION

The averments contained in the unnumbered paragraph on page 29 beginning with "'Obama for America...'" do not pertain to the Secretary of State and therefore do not require a response. If the Secretary of State is mistaken in this regard, such averments are hereby denied.

## DE-FACTO RICO ENTERPRISE, "ASSOCIATION-IN-FACT" RICO ENTERPRISE

The averments contained in the unnumbered paragraph on page 29 beginning with "Between 2007-2012..." do not pertain to the Secretary of State and therefore do not require a response. If the Secretary of State is mistaken in this regard, such averments are hereby denied.

## PATTERN OF ONGOING RACKETEERING ACTIVITY

The averments contained in the unnumbered paragraph on page 30 beginning with "'Fraud committed by...'" do not pertain to the Secretary of State and therefore do not require a response. If the Secretary of State is mistaken in this regard, such averments are hereby denied.

## RICO

## FRAUD

### FRAUD COMMITTED BY OBAMA

1. The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 1 on page 30, and such averments contain legal conclusions that do not require a response, therefore, such averments are denied.

2. The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 2 on page 30, therefore, such averments are denied.

3. The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 3 on page 30, therefore, such averments are denied.

4. The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 4 on page 30, therefore, such averments are denied.

5. The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 5 on page 31, therefore, such averments are denied.

6. The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 6 on page 31, therefore, such averments are denied.

7. The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 7 on page 31, therefore, such averments are denied.

8. The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 8 on page 31, therefore, such averments are denied.

### Fraud Committed by Defendant Obama for America

The averments contained in the unnumbered paragraph on pages 31-32 beginning with "Defendant Obama for America..." do not pertain to the Secretary of State and therefore do not require a response. If the Secretary of State is mistaken in this regard, such averments are hereby denied.

### FRAUD COMMITTED BY DEFENDANT LORETTA FUDDY

The averments contained in the unnumbered paragraph on page 32 beginning with "Defendant Loretta Fuddy..." do not pertain to the Secretary of State and therefore do not require a response. If the Secretary of State is mistaken in this regard, such averments are hereby denied.

### FRAUD COMMITTED BY DEFENDANT ALVIN ONAKA

The averments contained in the unnumbered paragraph on page 32 beginning with "Defendant Alvin Onaka..." do not pertain to the Secretary of State and therefore do not require a response. If the Secretary of State is mistaken in this regard, such averments are hereby denied.

### FRAUD COMMITTED BY DEFENDANT ASTRUE

The averments contained in the unnumbered paragraph on page 33 beginning with "Defendant Michael Astrue..." do not pertain to the Secretary of State and therefore do not require a response. If the Secretary of State is mistaken in this regard, such averments are hereby denied.

### FRAUD COMMITTED BY DEFENDANT DEMOCRATIC PARTY OF MISSISSIPPI

The averments contained in the unnumbered paragraph on page 33 beginning with "Defendant Democratic Party of Mississippi...'" do not pertain to the Secretary of State and therefore do not require a response. If the Secretary of State is mistaken in this regard, such averments are hereby denied.

### FRAUD COMMITTED BY DEFENDANT PELOSI

The averments contained in the unnumbered paragraphs on pages 33-34 beginning with "During the 2008 democratic party..." do not pertain to the Secretary of State and therefore do not require a response. If the Secretary of State is mistaken in this regard, such averments are hereby denied.

The averments contained in the unnumbered paragraph on page 34 beginning with "Defendant acted through..." do not pertain to the Secretary of State and therefore do not require a response. If the Secretary of State is mistaken in this regard, such averments are hereby denied.

### MAIL AND WIRE FRAUD

## DEFENDANT OBAMA

The averments contained in the unnumbered paragraphs on pages 34-36 beginning with "Defendant Obama committed..." do not pertain to the Secretary of State and therefore do not require a response. If the Secretary of State is mistaken in this regard, such averments are hereby denied.

## PRELIMINARY LIST OF FORGED DOCUMENTS THAT WERE UTTERED BY OBAMA

The averments contained in the unnumbered paragraphs and subparagraphs on pages 36-38 beginning with "a. long form birth certificate..." do not pertain to the Secretary of State and therefore do not require a response. If the Secretary of State is mistaken in this regard, such averments are hereby denied.

## OBSTRUCTION OF JUSTICE

### Obstruction of Justice by Defendant Obama

The averments contained in the unnumbered paragraph on page 39 beginning with "Taitz served Obama..." do not pertain to the Secretary of State and therefore do not require a response. If the Secretary of State is mistaken in this regard, such averments are hereby denied.

### OBSTRUCTION OF JUSTICE BY DEFENDANT FUDDY

The averments contained in the unnumbered paragraph on page 39 beginning with "In and around of June of 2011..." do not pertain to the Secretary of State and therefore do not require a response. If the Secretary of State is mistaken in this regard, such averments are hereby denied.

## RETALIATION AGAINST A WITNESS, VICTIM OR AN INFORMANT BY

## DEFENDANT OBAMA

The averments contained in the unnumbered paragraphs on page 40 beginning with "Obama retaliated against..." do not pertain to the Secretary of State and therefore do not require a response. If the Secretary of State is mistaken in this regard, such averments are hereby denied.

## RETALIATION AGAINST A WITNESS, VICTIM OR AN INFORMANT BY DEFENDANT OBAMA FOR AMERICA

The averments contained in the unnumbered paragraph on page 40 beginning with "Defendant Obama for America retaliated..." do not pertain to the Secretary of State and therefore do not require a response. If the Secretary of State is mistaken in this regard, such averments are hereby denied.

## RETALIATION AGAINST A WITNESS, VICTIM OR AN INFORMANT BY DEFENDANT DEMOCRATIC PARTY OF MISSISSIPPI

The averments contained in the unnumbered paragraph on page 41 beginning with "Democratic Party of Mississippi used..." do not pertain to the Secretary of State and therefore do not require a response. If the Secretary of State is mistaken in this regard, such averments are hereby denied.

## RETALIATION AGAINST A WITNESS, VICTIM OR AN INFORMANT BY DEFENDANTS JOHN DOES AND JANE DOES

The averments contained in the unnumbered paragraph on pages 41-42 beginning with "Defendants John Does and Jane Does...," and subparts 1 through 4, do not pertain to the Secretary of State and therefore do not require a response. If the Secretary of State is mistaken in this regard, such averments are hereby denied.

1.     The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 1 on page 42, therefore, such averments are denied.

2.     The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 2 on page 42, therefore, such averments are denied.

3.     The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 3 on page 42, therefore, such averments are denied.

4.     The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 4 on page 43, therefore, such averments are denied.

5.     The Secretary of State is without information sufficient to form a belief as to the truth of the averments contained in paragraph 5 on page 44, therefore, such averments are denied.

## PRAYER FOR RELIEF

The Secretary of State denies the averments contained in plaintiffs' Prayer for Relief on pages 43-44, including subparagraphs 1-5, and specifically denies that plaintiffs are entitled to any relief whatsoever.

Any and all averments of the Petition that have not been specifically admitted are hereby denied.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The Courts lack subject matter jurisdiction over the Petition.

## THIRD DEFENSE

The Complaint should be dismissed for lack of standing, lack of ripeness, mootness,

and/or as the Complaint otherwise asserts no justiciable right to relief.

**FOURTH DEFENSE**

The Complaint should be dismissed for failure to comply with Fed. R. Civ. P. 8 and 9(a) & (b) and/or Miss. R. Civ. P. 8 and 9(a) & (b).

**FIFTH DEFENSE**

The Secretary of State pleads all defenses which he is, or may become, entitled to assert pursuant to and/or arising under Miss. Code Ann. §§ 23-15-961, 23-15-963, 23-15-1089, including, but not limited to, Plaintiffs' failure to comply with the jurisdictional and procedural requirements of those statutes, as well as any other applicable provisions of the Mississippi Election Code, and/or federal statutes.

**SIXTH DEFENSE**

Some or all of Petitioner's claims are barred by estoppel, ratification, collateral estoppel, waiver, and/or laches.

**SEVENTH DEFENSE**

The Secretary of State pleads all defenses which he is, or may become, entitled to assert pursuant to and/or arising under 18 U.S.C. § 1961 *et seq.*, and any other federal statute or the Constitution.

**EIGHTH DEFENSE**

The Secretary of State pleads all immunity defenses which are, or may become available to him, under state and/or federal law, including, but not limited to the defenses of qualified and absolute immunity.

**NINTH DEFENSE**

The Secretary of State pleads all defenses which he is, or may become, entitled to pursuant to Fed. R. Civ. P. 8(c) and/or 12(b), as well as Miss. R. Civ. P. 8(c) and/or 12(b).

FOR THESE REASONS, Mississippi Secretary of State Delbert Hosemann respectfully requests that his foregoing Answer and Defenses to Plaintiffs' First Amended Complaint be received and hereby moves the Court to dismiss plaintiffs' claims and assess all costs of this action to plaintiffs.

THIS the 25th day of April, 2012.

        Respectfully submitted,

        Delbert Hosemann, Mississippi
        Secretary of State

BY:    Jim Hood, Attorney General
        State of Mississippi

BY:    <u>S/Justin L. Matheny</u>
        Harold E. Pizzetta, III (Bar No. 99867)
        *hpizz@ago.state.ms.us*
        Justin L. Matheny (Bar No. 100754)
        *jmath@ago.state.ms.us*
        Office of the Attorney General
        550 High Street, Suite 1200
        P.O. Box 220
        Jackson, MS 39205
        Telephone: (601) 359-3680
        Facsimile: (601) 359-2003

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been filed with the Clerk of Court electronically and thereby served on the following persons, as well as by electronic mail where indicated:

Orly Taitz
29839 Santa Margarita Parkway, Suite 100
Rancho Santa Margarita, CA 92688
orly.taitz@gmail.com

Samuel L. Begley
Begley Law Firm, PLLC
P.O. Box 287
Jackson, MS 39205
sbegley1@bellsouth.net

Scott J. Tepper
Garfield & Tepper
1801 Century Park East, Suite 2400
Los Angeles, CA 90067-2326
scottjtepper@msn.com

And to the following person by electronic mail:

Brian Fedorka
bfedorka82@gmail.com

Laurie Roth
drljroth@aol.com

Leah Lax
leahlax1234@aol.com

Tom MacLeran
tom@macleran.com

THIS the 25th day of April, 2012.

S/Justin L. Matheny
Justin L. Matheny