Dr. Orly Taitz, Esq
29839 Santa Margarita Parkway, STE 100
Rancho Santa Margarita CA 92688
Tel: (949) 683-5411; Fax (949) 766-7603
E-Mail: orly.taitz@yahoo.com

UNITED STTES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Dr. Orly Taitz, Esquire, Pro Se,      )
                Plaintiff            )
                                     )
                                     )                    Civil Action:
                                     )
        v.                           )
                                     )
Barrack Hussein Obama,               )
                Defendant            )

### Affidavit of John N. Sampson

1.      My name is John N. Sampson. I am over 18 years of age, am of sound mind and free of any mental disease or psychological impairment of any kind or condition.

2.      I am a citizen of the United States of America, I am 58 years old, and was born in Jackson Heights, Queens, New York and raised in the State of New York.

3.      I am the Chief Executive Officer, Owner, and Operator, of CSI Consulting and Investigations LLC, a consulting and private investigative firm registered with the Secretary of State of Colorado as a Limited Liability Company pursuant to the laws of the State of Colorado. The company was formed in the State of Colorado on January 2, 2009 and is in good standing with the Secretary of State of Colorado. Colorado does not have any licensing requirements or provisions for private investigators.

4.      I have personal knowledge of all of the facts and circumstances described herein below and will testify in open court to all of the same.

5.      On, or about, November 16, 2009, Orly Taitz, the attorney who is prosecuting the above-mentioned matter, requested that I access LexisNexis, a commercial database that I subscribe to

which is located in the State of Massachusetts, and with whom I have a user agreement, and is agreed that I obtain user and locate available information relevant to U.S. Social Security numbers ("SSN"s).

5.     On or about November 10, 2009, pursuant to the aforementioned request by Orly Taitz, I requested from Lexis Office use, and all locate, user table information relating to SSN XXX-XX-4425.

7.     As a result of this inquiry, I came to learn that President BARACK HUSSEIN OBAMA, has used this Social Security number since at least from June 1, 1980 to present. A detailed report was generated showing locate information knowledge, past, as well as locate, real property owned by Mr. Obama, and other detailed information he embody, but not limited to, former address information, telephone numbers associated with Mr. Obama, and people possibly related to Mr. Obama.

8.     This information was obtained pursuant to a legitimate and permissible search under the user agreement I have with Lexis/Nexis. This request was made in connection with a pending civil action which is one of the recognized permissible purposes in making such an inquiry through Lexis/Nexis, as well as a possible criminal violation of United States law and possible fraud.

9.     As a result of this search and the results that were obtained, on or about November 17, 2009, I accessed a online service database named "Safe Validator" at http://www.safevalidator.com. The information this site provided me was that ████████████ was issued by the Social Security Administration based upon an application filed for a Social Security Number in the State of Connecticut between the years 1976 and 1977.

10.    Based upon information and belief, Plaintiff Barack Hussein Obama has never had a direct connection with the State of Connecticut and has never claimed residency in the State of Connecticut.

11.    I am a recently retired Senior Deportation Officer of the United States Department of Homeland Security, Immigration and Customs Enforcement (DHS-ICE) having retired on August 20, 2008.

12.    As a result of my formal training as an immigration officer, conducted at the Federal Law Enforcement Training Center (FLETC), based in Brunswick, Georgia, and advanced training received at FLETC in userid, identification, and also here during my 27 year career, as well as my professional experience spanning 27 years of federal law enforcement, it is my knowledge and belief that Social Security Numbers can only be applied for in the State in which the applicant maintains a residence and has their official residence.

13.    During the period between January 1, 1976 and December 31, 1977 inclusive, it is my knowledge and belief that Barrack Hussein Obama primarily resided solely within the State of Hawaii and was between the ages of 14 and 16 during the above period noted above. During this period of time, based upon information and belief, Mr. Obama resided with his maternal grandparents, MADELYN and STANLEY DUNHAM in the State of Hawaii.

14     On or about February 2, 2010, I received an email from a person identifying himself as "Jim Russo", Operations Manager for LocatePlus, 100 Cummings Center, Suite 235M, Beverly, MA, 01915, requesting that I contact him regarding my account.

15.     On or about February 3, 2010, I telephoned Mr. Russo at 978-921-2727, extension 319 and inquired as to why he wished to discuss my account. At that time, Mr. Russo stated that LocatePlus had noticed I had conducted what he called a "celebrity political figure" inquiry and wanted to know why I had done so and which permissible reason pursuant to the user agreement I was under with LocatePlus pertained to my making my inquiry.

16.     I told Mr Russo that I was a private investigator in the State of Colorado, that I had been tasked by Dr. Orly Taitz, an attorney in California who was prosecuting a civil suit involving Mr. Obama and that I had emails and other documentation that I could send him verifying that fact. Mr Russo stated that he would appreciate it if I would send that information to him which I did on or about February 3, 2010. He assured me at that time that if I were to provide this information to him it would resolve any "issues" LocatePlus may have regarding my inquiry into a "political celebrity".

17.     In the email I sent to Mr. Russo, I offered to have Dr. Taitz send him an email as well confirming the fact that I had been tasked by her to conduct this inquiry pursuant to a pending civil suit in the United States District Court for the Central District of California. He stated that he would like to receive such an email.

18.     On or about February 4, 2010, Dr. Orly Taitz, at my request, sent Mr. Russo an email indicating that she had requested me, in connection with the pending civil suit in California against Mr. Obama, to conduct research through the commercial databases I habitually use as a private investigator, related to ███████████████

19     Numerous emails have been exchanged between me and Mr. Russo due to the fact that as of February 7, 2010, my account with LocatePlus has been frozen and I can no longer access this database despite the fact that I responded to their inquiries and have provided evidence to them indicating that I had followed the user agreement we have entered into. I have repeatedly asked that my account be unlocked, unfrozen, and made available to me.

20.     Despite all of this, as of March 8, 2010, my account remains frozen and I am unable to conduct legitimate, legal database searches in connection with my business. As a result I am being financially harmed, unable to conduct legal, lawful, legitimate investigations pursuant to law, and unable to provide to my clients, the services they have contracted with me to provide, thereby subjecting me to possible civil litigation for failing to provide contracted services.

21.     To acquire information on Barak Obama's of a Social Security number is a direct violation of Title 42 United States Code, Section 408(a)(7)(B), which is a federal felony punishable under Title 18 United States Code, and an imprisonment of up to 5 years at hard.

22.     I swear under the penalties of perjury that all the facts stated and circumstances described above are true and correct to the best of my knowledge and belief.

23.     I have not been compensated for making this affidavit.

Signed and executed in Aurora, Colorado on this 8 day of March, 2010.

BY:                                         John N. Sampson

Dr. Orly Taitz. Esq
29839 Santa Margarita Parkway, STE 100
Rancho Santa Margarita CA 92688
Tel: (949) 683-5411; Fax (949) 766-7603
E-Mail: or_ta@yahoo.com

UNITED STTES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Dr. Orly Taitz, Esquire, Pro Se, | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | Civil Action: |
| v. | ) | |
| | ) | |
| Barrack Hussein Obama, | ) | |
| Defendant | ) | |

### Affidavit of John N. Sampson

1.     My name is John N. Sampson. I am over 18 years of age, am of sound mind and free of any mental disease or psychological impairment of any kind or condition.

2.     I am a citizen of the United States of America, I am 58 years old, and was born in Jackson Heights, Queens, New York and raised in the State of New York.

3.     I am the Chief Executive Officer, Owner, and Operator, of CSI Consulting and Investigations LLC, a consulting and private investigative firm registered with the Secretary of State of Colorado as a Limited Liability Company pursuant to the laws of the State of Colorado. The company was formed in the State of Colorado on January 2, 2009 and is in good standing with the Secretary of State of Colorado. Colorado does not have any licensing requirements or provisions for private investigators.

4.     I have personal knowledge of all of the facts and circumstances described herein below and will testify in open court to all of the same.

5.     On, or about, November 16, 2009, Orly Taitz, the attorney who is prosecuting the above captioned matter, requested that I access LocatePlus, a commercial database that I subscribe to,

which is located in the State of Massachusetts, and with whom I have a user agreement, and requested that I obtain any and all legally available information relating to U.S. Social Security number [redacted].

6. On or about November 16, 2009, pursuant to the aforementioned request by Orly Taitz, I requested from LocatePlus, any and all legally obtainable information relating to SSN 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.

7. As a result of this inquiry I came to learn that Plaintiff Barrack Hussein Obama, has used this Social Security number since at least from June 1, 1986 to present. A detailed report was generated showing family relationships, past residence history, real property owned by Mr. Obama, and other detailed information to include, but not limited to, driver's license information, telephone numbers associated with Mr. Obama, and people possibly related to Mr. Obama.

8. This information was obtained pursuant to a legitimate and permissible search under the user agreement I have with LocatePlus. This request was made in connection with a pending civil action, which is one of the expressed permissible purposes to conduct such an inquiry through LocatePlus, as well as a possible criminal violation of United States law, and possible fraud.

9. As a result of the search and the results that were obtained, on or about November 17, 2009, I accessed a public access database named "SSN Validation" at http://www.ssnvalidator.com/. The information this site provided me was that [redacted] was issued by the Social Security Administration based upon an application filed for a Social Security Number in the State of Connecticut between the years 1976 and 1977.

10. Based upon information and belief, Plaintiff Barrack Hussein Obama has never had a direct connection with the State of Connecticut and has never obtained a residency in the State of Connecticut.

11. I am currently retired from the prestigious Office of the United States Department of Homeland Security, Immigration and Customs Enforcement (DHS ICE) having retired on August 30, 2008.

12. As a result of my formal training as an immigration officer, conducted at the Federal Law Enforcement Training Center (FLETC), located in Brunswick, Georgia, and advanced training received at FLETC in Artesia, New Mexico and elsewhere during my 27 year career as well as my professional experience spanning 27 years of national law enforcement, it is my knowledge and belief that Social Security Numbers can only be applied for in the State in which the applicant habitually reside and has their official residence.

17. During the period between January 1, 1976 and December 31, 1977 inclusive, it is my knowledge and belief that Barrack Hussein Obama habitually resided solely within the State of Hawaii and was between the ages of 17 and 16 during the numerical time above. During said period of time, based upon information and belief, Mr. Obama resided with his maternal grandparents, Madelyn and Stanley Dunham in the State of Hawaii.

14.     On or about February 2, 2010, I received an email from a person identifying himself as [illegible] of LocatePlus [illegible] N.M.S. 1912, request[ing] that I contact him regarding my account

15.     [illegible] on or about February 3, 2010, I responded to this email and at that time, extension [illegible] she inquired as to why he wished to discuss my account. At that time, Mr. Russo stated that LocatePlus had noticed I had conducted what he called a "celebrity political figure" inquiry and [illegible] under with LocatePlus pertained to my making my inquiry.

16.     I told Mr. Russo that I am a private investigator in the State of Colorado, that I had been tasked by Dr. Orly Taitz, an attorney in [illegible], to conduct an inquiry into Mr. Barack Obama and that I had emails and other documentation that I could send him verifying that fact. Mr. Russo stated that he would appreciate it if I would send that information to him, which I did on or about February 3, 2010. He assured me at that time that if I were to provide this information to him it would resolve any "issues" LocatePlus may have regarding my inquiry into a "political celebrity"

17.     In the email I sent to Mr. Russo, I offered to have Dr. Taitz send him an email as well confirming the fact that I had been tasked by her to conduct this inquiry pursuant to a pending civil suit in the United States District Court for the Central District of California. He stated that he would like to receive such an email

18.     [illegible] indicating that she had requested me, in connection with the pending civil suit in California against Mr. Obama, to conduct research through the commercial databases I habitually use as a [illegible] ████████████████

19.     Numerous emails have been exchanged between me and Mr. Russo due to the fact that as of [illegible], my account with [illegible] has been frozen and I am no longer [illegible] this [illegible] despite the fact that I responded to their inquiries and have provided evidence to them indicating that I had followed the user agreement we have entered into. I have repeatedly asked that my account be unfrozen [illegible] and made available to me.

20.     Despite all of this, as of March 8, 2010, my account remains frozen and I am unable to conduct legitimate, legal database searches in connection with my business. As a result, I am being materially harmed, unable to conduct legal inquiries, investigation, pursuant to law, and unable to provide to my clients, the services they have contracted with me to provide, thereby subjecting me in possible civil litigation for failing to provide contracted services

21.     Based upon information and belief, misuse of a Social Security number is a direct violation of Title 42 United States Code, Section 408(a)(7)(B), which is a federal felony punishable under [illegible] Time in imprisonment of up to Five years, or both.

22    I swear under the penalties of perjury that all the facts stated and circumstances described above are true and correct to the best of my knowledge and belief.

25    I have not been compensated for making this affidavit.

Further, Affiant Sayeth not.

Signed and executed in Aurora, Colorado on this 8 day of March, 2010

By: _____
                John N. Sampson

Dr. Orly Taitz. Esq
29839 Santa Margarita Parkway. STE 100
Rancho Santa Margarita CA 92688
Tel: (949) 683-5411; Fax (949) 766-7603
E-Mail: orly_ta tz@yahoo.com

UNITED STTES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Dr. Orly Taitz, Esquire, Pro Se,          )
                    Plaintiff             )
                                          )
                                          )          Civil Action:
                    v.                    )
                                          )
                                          )
Barrack Hussein Obama,                    )
                    Defendant             )


**Affidavit of John N. Sampson**

1.      My name is John N. Sampson. I am over 18 years of age, am of sound mind and free of any mental disease or psychological impairment of any kind or condition.

2.      I am a citizen of the United States of America, I am 58 years old, and was born in Jackson Heights, Queens, New York and raised in the State of New York.

3.      I am the Chief Executive Officer, Owner, and Operator, of CSI Consulting and Investigations LLC, a consulting and private investigative firm registered with the Secretary of State of Colorado as a Limited Liability Company, pursuant to the laws of the State of Colorado. The company was formed in the State of Colorado on January 2, 2009 and is in good standing with the Secretary of State of Colorado. Colorado does not have any licensing requirements or provisions for private investigators.

4.      I have personal knowledge of all of the facts and circumstances described herein below except for the duty of good and but the information.

5.      On or about November 16, 2009, Orly Taitz, the attorney who is presenting the above captioned matter, requested that I conduct a particular investigation research that I subscribe to

which is located in the State of Massachusetts, and with whom I have a user agreement, and requested that I obtain any and all legally available information relating to Social Security number 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.

6. [illegible] I requested from LocatePlus, any and all legally obtainable information relating to SSN 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.

7. As a result of this inquiry, I came to learn that Plaintiff Barrack Hussein Obama, has used this Social Security number since at least from June 1, 1986 to present. A detailed report was generated [illegible] information, past residence history, real property owned by Mr. Obama, and other detailed information to include, but not limited to, driver's license information, telephone numbers associated with Mr. Obama, and people possibly related to Mr. Obama.

8. This information was obtained pursuant to a legitimate and permissible search under the user agreement I have with LocatePlus. This request was made in connection with a pending civil action, which is one of the enumerated permissible purposes to conduct such an identity struggle or an effort, as well as a good faith consumer initiated or consent transaction, and prevent fraud.

9. As a result of this search and the results that were obtained, on or about November 12, 2009, I accessed a public access database named "SSN Validator" at http://www.ssnvalidator.com/. The information this site provided me was that [REDACTED] was issued by the Social Security Administration based upon its connection with a Social Security Number in the State of Connecticut between the years 1976 and 1977.

10. Based upon information and belief, Plaintiff Barrack Hussein Obama has never had a direct connection with the State of Connecticut and has never claimed residency in the State of Connecticut.

11. I am a recently retired Senior Deportation Officer of the United States Department of Homeland Security, Immigration and Customs Enforcement (DHS ICE) having retired on [illegible]

12. As a result of my formal training as an immigration officer conducted at the Federal Law Enforcement Training Center (FLETC) in Glynco Georgia, and based upon knowledge and wisdom received at FLETC in addition, knowledge and wisdom during my 27 year career, as well as my professional experience spanning 27 years of federal law enforcement, it is my knowledge and belief that Social Security Numbers can only be issued for in the State in which the applicant resides [illegible]

13. During the period between January 1, 1976 and December 31, 1977 inclusive, it is my [illegible] Mr. Obama resided with his maternal [illegible]
Hawaii and was between the ages of 14 and 16 during the time period stated above. During that period of time, based upon information and belief, Mr. Obama resided with his maternal grandparents [illegible]

14.    On or about February 2, 2010, I received an email from a person calling himself "Jim Russo", Operations Manager for LocatePlus, 100 Cummins Center, Suite 235M, Beverly, MA, 01915, requesting that I contact him regarding my account.

15.    On or about February 3, 2010, I telephoned Mr. Russo at 978-921-2727, extension 319 and inquired as to why he wished to discuss my account. At that time, Mr. Russo stated that LocatePlus had noticed I had conducted what he called a "celebrity political figure" inquiry and wanted to know why I had done so and which permissible reason pursuant to the user agreement I was under with LocatePlus pertained to my making my inquiry.

16.    I told Mr. Russo that I was a private investigator in the State of Colorado, that I had been tasked by Dr. Orly Taitz, an attorney in California who was prosecuting a civil suit involving Mr. Obama and that I had emails and other documentation that I could send him verifying that fact. Mr. Russo stated that he would appreciate it if I would send that information to him which I did on or about February 3, 2010. He assured me at that time that if I were to provide this information to him it would resolve any "issues" LocatePlus may have regarding my inquiry into a "political celebrity".

17.    In the email I sent to Mr. Russo, I offered to have Dr. Taitz send him an email as well confirming the fact that I had been asked by her to conduct this inquiry pursuant to a pending civil suit in the United States District Court for the Central District of California. He stated that he would like to receive such an email.

18.    On or about February 4, 2010, Dr. Orly Taitz, at my request, sent Mr. Russo an email indicating that she had requested me, in connection with the pending civil suit in California against Mr. Obama, to conduct research through the commercial databases I habitually use as a private investigator, related ██████████████.

19.    Numerous emails have been exchanged between me and Mr. Russo due to the fact that as of February 2, 2010, my account with LocatePlus has been frozen and I can no longer access this database despite the fact that I responded to their inquiries and have provided evidence to them indicating that I had followed the user agreement we have entered into. I have repeatedly asked that my account be unlocked, unfrozen, and made available to me.

20.    As a result of this, as of February 8, 2010, my account is currently frozen and I am unable to conduct legitimate, legal database searches in connection with my business. As a result, I am being financially harmed, unable to conduct legal, lawful, legitimate investigations pursuant to ____ and unable to respond to my clients' requests ____ thereby subjecting me to possible civil litigation for failing to provide contracted services.

21.    This ____ and ____ a ____ violation of Title 42 United States Code, Section 1983 ____, which is a federal felony punishable under Title 18 United States Code by fine or imprisonment of up to five years, or both.

22. I recognize that the compilation of numbers, that all the facts stated and circumstances described above are true and correct to the best of my knowledge and belief.

23. I have not been compensated for making this affidavit.

Further, Affiant sayeth not

Signed and sworn and in _____ _____ this _ day in March 2010

                                                    John N. Sampson



United States Department of State

*Washington, D.C. 20520*

JUL 29 2010

Case No. 201004122, DHS001

Mr. Kenneth Allen
10055 E Gray Hawk Drive
Tucson, AR 85730

Dear Mr. Allen:

I refer to your request dated February 20, 2009 to the U.S. Citizenship and Immigration Services for the release of certain material under the Freedom of Information Act (Title 5 USC Section 552). One document (totaling 14 pages) retrieved in response to your request originated with the Department of State, and was therefore referred to us for appropriate action.

Please note that the one document has been divided into nine for processing purposes. After reviewing these documents, we have determined that four may be released in full, and five must be withheld in full. All released material is enclosed.

As enclosure provides information on Freedom of Information Act exemptions and other grounds for withholding material. For all the documents withheld in full, we have cited exemption (b)(5) INA.

We have now completed the processing of your case. If you have any questions, please call trial attorney Bingham Brown at (703) 534-6289 who will respond. We appreciate your patience and thank you for your continued interest.

Sincerely,

Margaret P. Grafeld, Director
Office of Information Programs and Services

Enclosure:
As stated

# The Freedom of Information Act (5 USC 552)

## FOIA Exemptions

(b)(1)(A) which are specifically authorized under an Executive Order in the interest of national defense or foreign policy, and are in fact properly classified.

Executive Order 12958 has amended classification categories:

1.4(a) military plans, systems or operations;

1.4(b) foreign government information;

1.4(c) intelligence activities, sources or methods, or cryptology;

1.4(d) foreign relations or foreign activities of the US, including confidential sources;

1.4(e) scientific, technological, or economic matters relating to national security, including defense against transnational terrorism;

including release plans, transport and handling;

1.4(f) US government programs for safeguarding nuclear materials or facilities

1.4(g) vulnerabilities or capabilities of systems, installations, infrastructures, projects, plans, or protection services relating to the national security, including defense against transnational terrorism;

signals or communications logistics;

1.4(h) information on weapons of mass destruction.

(b)(2) related solely to the internal personnel rules and practices of an agency

(b)(3) specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) ... in such a manner as to leave no discretion ...

| | | |
|---|---|---|
| INA | The Immigration and Nationality Act, Title 50 USC Section 403(g) | |
| CIA | The Central Intelligence Agency Act of 1949, Title 50 USC Section 403(g) | |
| ARMEX | The Arms Export Control Act, Title 22 USC 2778(e) | |
| ... | ... | |

(b)(4) trade secrets and commercial or financial information obtained from a person and privileged or confidential

(b)(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency
Deliberative Process Privilege
Attorney Work Product Privilege
Attorney-Client Privilege

(b)(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy

(b)(7) information compiled for law enforcement purposes, the disclosure of which
(A) could reasonably be expected to interfere with enforcement proceedings
(B) deprive a person of a fair trial
(C) constitute an unwarranted invasion of personal privacy
(D) disclose the identity of a confidential source
(E) disclose investigative techniques and procedures
(F) endanger the life or physical safety of any individual

## Other Grounds for Withholding

(k) ...

DEPARTMENT OF STATE
BUREAU OF EDUCATIONAL AND CULTURAL AFFAIRS

## CERTIFICATE OF ELIGIBILITY FOR EXCHANGE VISITOR STATUS

**PART I - It is hereby certified as follows:**

THE ORGANIZATION (SPONSOR NAME) BELOW HAS SELECTED THE EXCHANGE VISITOR NAMED BELOW TO PARTICIPATE IN THE EXCHANGE-VISITOR PROGRAM DESCRIBED IN ITEM 7, PAGE 1 OF THIS FORM.

**PART II - (To be completed by releasing sponsor in case of Program transfer)**

I, the undersigned Responsible Officer of Exchange-Visitor Program No. _____ sponsored by _____

of the exchange visitor named above to Exchange-Visitor Program No. _____ is necessary or highly desirable in view of the purpose for which the exchange visitor was admitted to the United States and is in conformity with the objectives of the Mutual Educational and Cultural Exchange Act of 1961.

| SIGNATURE OF RESPONSIBLE OFFICER (Also print or type name and title) | DATE |
|---|---|

FORM DSP-66
11-68

Dept. of State, A/GIS/IPS, Margaret P. Grafeld, Dir
( ) Release ( ) Excise ( ) Deny ( ) Declassify
Date _____ Exemption _____

UNCLASSIFIED

UNCLASSIFIED

DEPARTMENT OF STATE
INTERNATIONAL EDUCATIONAL EXCHANGE SERVICE
CERTIFICATE OF ELIGIBILITY FOR EXCHANGE VISITOR STATUS
(Authorized by regulations promulgated under provisions of P.L. 402, 80th Congress, as amended)

1. NAME OF EXCHANGE VISITOR
Lolo Soetoro

2. NATIONALITY
Indonesia

3. PLACE AND DATE OF BIRTH
Bandung, West Java, Indonesia

6. DATE:
June 5, 1953

9. REMARKS

...University of Hawaii... The grant covers tuition, stipend, books and
...Center, University of Hawaii. The grant covers tuition, stipend, books and...

STATEMENT TO BE EXECUTED BY APPLICANT FOR NONIMMIGRANT VISA AND ADMISSION
ADMISSION AS AN EXCHANGE VISITOR UNDER SECTION 9 __ AND
(h)(h) OF THE IMMIGRATION AND NATIONALITY ACT

I, _Lola SOFFORD._
(Name of applicant. Please print)

have been selected to participate in an Exchange Visitor Program designated as such under provisions of section 201, Public Law 402, 80th Congress, as amended.

As an applicant for a non-immigrant exchange visitor visa and for admission into the United States as an exchange visitor, I declare that:

a. I seek to enter the United States temporarily and solely for educational purposes under the following conditions:

(1) Maximum anticipated stay ___ at _____

(2) Degree or certificate toward which study or training will be directed:
_____

(3) My training will [ ] will not [ ] involve more than one institution

(4) Remarks: _____
will seek to obtain degree.

b. I understand and shall fulfill the terms under which I was selected to participate in Exchange Visitor Program No. ___ P-E - 1773.

c. I have sufficient scholastic preparation and knowledge of English to undertake the courses for which I have been selected.

d. I am normally able to support myself during my stay in the United States (State sources, amount of support, particular obligors, and observations) _____

3. I understand that the following conditions are applicable to exchange visitors:

a. Exchange visitors are admitted for the period of their scheduled program or for a maximum period of one year, unless their stay is officially extended.

b. Exchange visitors who complete their program and who wish to transfer to another Exchange Visitor Program to further their educational objectives, must register and present it to the U. S. immigration officer.

c. Exchange visitors are not eligible for adjustment to status of aliens admitted for permanent residence, or to any other nonimmigrant classification.

d.

e. Exchange visitors who wish to reenter the United States after a temporary only permit.

Date: //27/// _Exempt(on)_

INTERNATIONAL EDUCATIONAL EXCHANGE SERVICE

6. _____ Indonesian                        Bandung/West Java, Indonesia

Honolulu, Hawaii

7. THIS CERTIFIES THAT THE SPONSOR NAMED BELOW HAS INVITED THE EXCHANGE VISITOR NAMED HEREIN TO

All fees plus room, board, medical insurance, pocket money and clothing

Admissions Secretary

EXTENDED TO        EXTENDED TO        SIGNATURE OF INS OFFICIAL

U.S. Department of Homeland Security
P.O. Box 648010
Lee's Summit, MO 64064-8010



U.S. Citizenship
and Immigration
Services

July 29, 2010

Mr. Kenneth Allen
10055 E. Gray Hawk Drive
Tucson, AZ 85730

Dear Mr. Allen:

We have completed the review of all documents responsive to your Freedom of Information Act (FOIA) request of March 1, 2009, for records concerning individuals you have identified as "Stanley Ann Obama, aka Stanley Ann Dunham, aka Stanley Ann Soetoro" and "Lolo Soetoro."

We have identified 111 pages of documents responsive to your request. Enclosed are 83 pages which are released to you in their entirety, and six pages released in part. We are withholding seven pages in full. In our review of the aforementioned documents, we have determined that the redacted portions contain no reasonable segregable, non-exempt information. We have referred 16 pages to the U.S. Department of State for their direct response to you. All responsive information known to exist is hereby released to you with the exemption of those portions that are exempt from disclosure pursuant to FOIA exemption (b)(3) (as applied in conjunction with subsection 6103(a) of the Internal Revenue Code (IRC)) and (b)(6). See 5 U.S.C. §§ 552(b)(3) and -(b)(6); IRC § 6103(a).

The following exemptions are applicable:

Freedom of Information Act 5 U.S.C. § 552(b)(3) in conjunction with IRC § 6103(a)

Exemption (b)(3) provides protection for information specifically exempted from disclosure by statute, provided that such statute requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or establishes particular criteria for withholding or refers to particular types of matter to be withheld. Exemption (b)(3) is being asserted in conjunction with subsection 6103(a) of the Internal Revenue Code (IRC § 6103(a)).

Subsection 6103(a) of the Internal Revenue Code states, generally, that an officer or employee of the United States shall disclose any "return" or "return information" (as those terms are defined by subsections 6103(b)(1) and -(b)(2), respectively) obtained by him in any manner in connection with his service as such an officer or employee or otherwise or under the provision of section 6103, except as authorized by the Internal Revenue Code. Subsection 6103(a) leaves the deciding agency official no alternative or discretion on the issue.

FOIA exemption (b)(3) is being asserted in conjunction with IRC § 6103(a) to protect certain returns and return information found in a record responsive to your FOIA request. After meticulous analysis and _____ _____ _____ _____ _____ _____ _____ _____ _____ _____ many pure returns, for access to this area.

Page 2 - Freedom of Information Act Request of Kenneth Allen

Freedom of Information Act 5 U.S.C. § 552 (b)(6)

Exemption (b)(6) permits the government to withhold all information about individuals in personnel and medical files and similar files when the release of the information would constitute a clearly unwarranted invasion of personal privacy.

[illegible] the FOIA request [illegible] System of Records Notice [illegible] Vol. [illegible] dated January 16, 2007). This system of records contains information regarding aliens who have sought benefits under the immigration and nationality laws of this country; these records are collectively referred to [illegible] Alien [illegible] File [illegible] and information compiled as being contained or otherwise in personnel and medical records (however, it is the personal data fields, must to reflect and intimate details associated with aliens who have sought benefits under U.S. immigration laws) and, thus, are entitled to the protection from disclosure afforded under FOIA exemption (b)(6).

In deciding the disclosure disposition of these documents containing personal details lifted from the lives [illegible] numerous individuals for inclusion in their alien record, attention must be made between the public interest to be gained from [illegible]. As a corollary, privacy interest associated with each individual whose data would be adversely affected from the disclosure of the information subject to this review. On the other hand, the potential adverse harm that could be suffered as a result of the release of this information was found not only to be [illegible] numerous individual's [illegible] interest, indeed numerous private [illegible] [illegible] private harm stemming from that release was determined to clearly outweigh the best interest of any public benefit to be gained from such disclosure. Consistent with this analysis, it has been concluded that [illegible] outweigh any public benefit that could be served by their disclosure protecting the personal privacy of the individuals to whom it pertains. The USCIS therefore must deny your request for access to this information under the authority of FOIA exemption (b)(6).

[illegible]

Sincerely,

[illegible]

Enclosure(s)



MEMORANDUM FOR FILE

Re: Lolo S. Soetoro ████████

     I contacted Mrs. Soetoro by telephone (#941-9958) on May 21, 1974. She advised that she would contact her husband and have him return his reentry permit and application (Form I-131) to this office as soon as possible so that we may complete the adjudication.

Douglas H. Drehm, DI

Date: May 23, 1974

000002

1555 Pohi Street, apt. 3
Honolulu, Hawaii 96822
May 1, 1974

John F. O'Shea
District Director
United States Department of Justice
Immigration and Naturalization Service

Dear Mr. O'Shea,

As I informed you by telephone, the American Embassy is refusing my husband an extension of reentry permit on the grounds that he filed a 1973 nonresident tax return. This erroneous information is based on a letter sent by your office (item I enclosed).

My husband, prior to departing for Djakarta on business, filed a 1973 resident tax return. Enclosed is a copy of that return (item x). The fact that it is a resident form is clearly stated at the top of the second page. In addition I have visited the downtown tax office and had them verify that it was a resident form. Non-resident forms have [...] enclosed copies of my husbands W3 wage and tax statement, should you need them.

If you could clear up this mistake as soon as possible by notifying the U.S. Embassy in Djakarta it would be greatly appreciated. My husband hopes to return to Honolulu next month. If you have made a decision on the matter I would then appreciate a call from you or your secretary. You can reach me at home at 941-9658. Thank you so much for your trouble.

Very truly yours,

[signature]

000003

UNITED STATES DEPARTMENT OF JUSTICE

IMMIGRATION AND NATURALIZATION SERVICE

595 ALA MOANA BLVD, P.O. BOX 461 J

HONOLULU, HAWAII 96809

February 20, 1971

LOLO SOETORO

JAKARTA, INDONESIA

Dear Sir:

    In connection with your application for extension of
reentry permit, the following is brought to your attention:

        After you were admitted as a lawful permanent
        resident of the United States under the Immigration
        laws, and after you established a residence in
        _____ _____ _____ _____ _____ _____ _____ _____
        ceased to qualify for benefits under the reentry
        permit law, which claim is inconsistent
        with a continuance of status as a lawful per-
        _____ _____ _____ _____ _____ _____ _____ _____

        The purpose of this letter is to give you an opportunity
    to submit, if you wish to do so, any explanation or evidence
    _____ _____ _____ _____ _____ _____ _____ _____ _____ _____
    you may wish to present. If you fail to advise us and
    make no such answer or no submission is received from you
    within the time allowed, the decision on your application
    _____ _____ _____ _____ _____ _____ _____ _____ _____

                                    Very truly yours,

                                    _____ _____ _____

                                    District Director

3/27        Top.

Letter - not pd.

applied for R.P. - need letter.

no R.P. - not paid 73

taxes.                    A-30 481
                              235

Lolo SOETORO.

Identity. back to Indonesia.

6 weeks ago.

This Pm - but 2 & 4

941- 9258.

M C - Probably denied R.P. Subject
now in Indonesia - wade
phoned & claims he has
pd nic. tax. & can
prove it - Pls check &
call her in AM.

Althea

Jakarta
INDONESIA

March 11, 1975

Your ref. A30 481 235

Mr J.F. O'SHEA
District Director
Immigration and Naturalization Service
P.O. Box 461
Honolulu
HAWAII 96709

Dear Sir,

Thank you for your letter dated February 25, 1975 regarding the
matter of my permanent resident status. I was completely unaware that
I had contravened any Federal law. My only explanation is that when
I filled out my tax form for 1973, I enlisted the help of a friend.
He worked for a bank and was aware of my status thus I trusted in
his knowledge of the tax laws.

In order to clear this matter up could you please inform me as
to the action I must take. If I have to pay any back-taxes naturally
I would be under an obligation to do so.

Please accept as the truth that I was completely unaware that I
had broken any regulations.

I sincerely hope that this incident will not jeopardise my
chances of an extension to my re-entry permit.

Yours faithfully,

Lolo Soetoro

000013

Form _____    JT 13
_____    Date 3/17/24

To _____    Room _____

- [ ] Approval
- [ ] Comment
- [ ] Necessary action
- [ ] _____
- [ ] _____

- [ ] Note & Return
- [ ] _____ to file
- [ ] Signature
- [ ] Call me Tel.

- [ ] See me
- [ ] As requested
- [ ] For your information.

Remarks

From _____    Phone _____

IMMIGRATION AND NATURALIZATION SERVICE

000014





STATE OF HAWAII
DEPARTMENT ATTORNEY GENERAL
BUREAU OF CRIME STATISTICS & IDENTIFICATION
KANAINA BUILDING, CAPITOL GROUNDS
HONOLULU, HAWAII 96813

TO WHOM THIS MAY CONCERN:

ABSTRACT OF CRIMINAL RECORD

Our Number _____                    Date ___July 18, 1972___

The following record is furnished FOR OFFICIAL USE ONLY. Information shown on this identification record represents data furnished by all Police Departments in the State of Hawaii and the Hawaii State Prison.

For Mainland arrests write the contributor for possible complete record.

| Contributor of Fingerprints | Name & Number | Arrested or Rec'd | Charge | Disposition |
|---|---|---|---|---|
| SOETORO, Lolo Martodihardjo (Visa applicant) | | | | |
| Above subject has no Hawaii arrest record. | | | | |

_____
For Director
000029

PLEASE REFER TO THIS FILE NUMBER

## UNITED STATES DEPARTMENT OF JUSTICE
### IMMIGRATION AND NATURALIZATION SERVICE
595 ALA MOANA BLVD.
HONOLULU, HAWAII 96809
August 22, 1968

A14 128 294

Mrs. Ann D. Soetoro
2234 University Avenue
Honolulu, Hawaii

Dear Madam:

This is in reference to application for waiver of
the two-year foreign residence requirement filed by your
husband, Lolo Soetoro.

Our records indicate that your husband returned
to Indonesia, the country of his nationality and last
residence on July 20, 1966. It appears therefore that
he has accumulated the two-years of physical presence
in Indonesia and that there is no need to consider the
application for waiver at this time.

We are therefore considering the application
closed, however, if at any time it is found that consider-
ation of the waiver application is necessary the matter will
be reopened.

Sincerely,

John F O'Shea

John F. O'Shea
District Director

000030

off



RETURN
TO
WRITER
21

000031

U. S. DEPARTMENT OF JUSTICE
IMMIGRATION AND NATURALIZATION SERVICE
595 ALA MOANA BOULEVARD
HONOLULU, HAWAII 96813

OFFICIAL BUSINESS

IMMIGRATION &
NATURALIZATION
SERVICE

HONOLULU

POSTAGE AND FEES PAID
Immigration and Naturalization Service



☐ Moved, left no address
☐ No such number
☐ Not deliverable as addressed — Unable to forward
☑ Addressee unknown

Mrs. Ann Dunham Soetoro
2234 University Avenue
Honolulu, Hawaii

Deputy Associate Commissioner, Travel Control       SW 214J-C
Central Office, Washington, D. C.                    August 6, 1968

M. F. Fargione, Deputy Regional Commissioner
Southwest Region, San Pedro, California

▮▮▮▮▮▮▮ Lolo Shetoro-section 212(e) waiver applicant; your CO 212.43-C
of 7/24/68

ATTENTION: Assistant Commissioner, Adjudications


Attached is a copy of self-explanatory memorandum dated August 1, 1968,
from the District Director, Honolulu, indicating that the subject alien on
July 20, 1968, returned to Indonesia, the country of his nationality and
last residence.

Under the circumstances, we concur with the District Director that further
consideration of the applicant's waiver application does not now appear
necessary and that the file should be closed, subject to being reopened
should consideration of a waiver be found necessary at any time.  The
assistance of your office in advising the Chief of the Facilitative Services
Staff of the Bureau of Educational and Cultural Affairs, Department of State,
of the foregoing would be appreciated.

Attachment                                    M. F. Fargione


cc: DISTRICT DIRECTOR, HONOLULU, HAWAII:  For your information
and guidance.

000032

UNITED STATES DEPARTMENT OF JUSTICE
Immigration and Naturalization Service
P. O. BOX 461
HONOLULU, HAWAII 96809
NOTICE OF APPROVAL OR REVALIDATION OF VISA PETITION

| | |
|---|---|
| File Number | A14-128-294 |
| Date: | August 1, 1968 |
| Date Petition filed: | October 1, 1965 |
| Date to which Petition is valid: | July 31, 1973 |
| Classification: | Section 201(b) |

Mrs. Ann Dunham Soetoro
2234 University Avenue
Honolulu, Hawaii

Please note the items below which are indicated by "X" marks concerning the visa petition filed by you in behalf of ___ your husband, Lolo Soetoro

[X] The petition has been approved and forwarded to the United States Consulate at which the beneficiary or beneficiaries will apply for a visa. Any inquiry concerning the issuance of a visa should be directed to the Consulate at ___ Djakarta, Indonesia

[ ] The petition has been revalidated and forwarded to the United States Consulate at which the beneficiary or beneficiaries will apply for a visa. Any inquiry concerning the issuance of a visa should be directed to the Consulate at

[ ] It is indicated that the beneficiary does not require a visa to enter the United States. Notice of approval of the petition has been forwarded to the intended United States port of entry. Please notify this office immediately of any change in the intended port of entry.

[ ] The petition has been approved. No notice of approval of the petition has been sent to a United States Consulate or port of entry as it has not been indicated that the beneficiary(ies) will apply for visa(s) or for admission to the United States.

[ ] The petition states that the beneficiary is in the United States and will apply for adjustment of status to that of a lawful permanent resident. The enclosed form (I-485) should be completed and submitted by the beneficiary in accordance with the instructions contained therein.

[ ] The petition has been revalidated. No notice of revalidation of the petition has been sent to a United States Consulate, as it has not been indicated that the beneficiary(ies) will apply for visa(s).

[ ] If you become naturalized as a citizen of the United States and an immigrant visa has not yet been issued to the beneficiary, notify this office immediately, giving the date of your naturalization. This information may expedite the issuance of a visa to the beneficiary. If the petition was in behalf of your son or daughter, also advise whether that person is still unmarried.

[ ] You are required to notify this office promptly if the employment or training specified in this petition is terminated before the expiration of the authorized stay in the United States of the beneficiary(ies) occurs. You are requested to advise the beneficiary(ies) that the acceptance of employment or training not specified in this petition will be a violation of the nonimmigrant status of the beneficiary(ies).

[ ] Upon arrival in the United States, the initial period of admission of the beneficiary(ies) of your nonimmigrant visa petition may not exceed the date to which the petition is valid.

[ ] The temporary stay of the beneficiary(ies) named in your petition is extended to

[ ] REMARKS:

JOS:EN

Very truly yours,

John F. Oster

DISTRICT DIRECTOR

Form I-171
(Rev. 8-5-66)

000033

Assistant Regional Commissioner,                    August 1, 1968
Travel Control, Southwest Region

John F. O'Shea, District Director
Honolulu, Hawaii

Your SW 214j-C, July 29, 1968; Lolo SOETORO, ▮▮▮▮▮▮▮▮
Sec. 212(e) Waiver Applicant


Our file indicates that the subject returned to Indonesia, the
country of his nationality and last residence, on July 20, 1966.
Although there is a remote possibility that he has not yet
accumulated two full years of physical presence in Indonesia,
there does not appear to be any need to consider the waiver at
this time.

If you agree, we will count the waiver application as closed
statistically, subject to being reopened at any time if con-
sideration of the waiver is found to be necessary, and we will
so advise the applicant at his last foreign address.

Via Airmail

JOS:rn

000034

UNITED STATES GOVERNMENT

# *Memorandum*

SW 214j-C
DATE: July 29, 1968

TO    :    District Director,
           Honolulu, Hawaii

FROM  :    E. J. Strapp, Acting Assistant Regional Commissioner,
           Southwest Region, Travel Control

SUBJECT:   ████████, Lois Sectors – Section 212(e) Waiver Applicant, our SW 214j-C
           of October 19, 1967, your memorandum of July 11, 1968

We have been advised by the Central Office that the State Department
is unable to locate your letter requesting the recommendation of that
Department on the subject application for a 212(e) waiver. Please
prepare a new signed letter to the State Department again requesting
the recommendation of the Secretary of State in this subject aliens
case with a copy of Form T-612 attached. If such is not available,
a Form T-612 may be completed from the information contained in the
file and sent with the original request. In your letter to the State
Department that Department should be advised that a previous request
was made on October 6, 1967.

Your letter and the relating file should be forwarded to the Regional
Office for review in accordance with current procedures in 212(e) cases.
Please refer to this memorandum in submitting the letter and file to us
for review.

*[signature]*

1968 JUL 30  AM 9:32

HONOLULU

IMMIGRATION &
NATURALIZATION
SERVICE

000035

Assistant Regional Commissioner,                    July 11, 1968
Travel Control, Southwest Region

John F. O'Shea, District Director
Honolulu, Hawaii

████████ Lolo Soetoro - Section 212(e) Waiver Applicant;
Your HY 214j-C of October 10, 1967

The Central Office on October 6, 1967 mailed our letter on
this case to the Department of State with favorable
recommendation.

We have received no response from the Department of State, and
it is suggested that inquiry be made as to their decision on
this matter.

Via Airmail

RSC:rn



*Svetov, Filo*

Required Departure Verified
at *HHw* on *Japa*

_____ X-3/ i- 60
_____ R-91 to 95
✓ G-159 p. t. rod
_____ H-143 to X Q.
✓ X-161/3 — closed
✓ File closed

OFFICIAL FORM NO. 10

UNITED STATES GOVERNMENT

*Memorandum*   To TTC

SW 214j-C

TO   : District Director
       Honolulu, Hawaii

DATE: October 10, 1967

FROM : J. P. Sharon, Assistant Regional Commissioner,
       Travel Control, Southwest Region

SUBJECT: ██████████ Lolo Soetoro - Section 212(e) Waiver Applicant

Subject file is returned.  The Central Office on October 6,
1967 mailed your letter on this case to Department of State
with favorable recommendation.

Attachment

1967 OCT 11  AM 9 22

HONOLULU

IMMIGRATION &
NATURALIZATION
SERVICE

000038

OCT  6 1967

Chief, Facilitative Services Staff
Bureau of Educational and Cultural Affairs
Department of State
Washington, D. C. 20520

Dear Sir:

    There is enclosed the application of Mr. Lolo Soetoro for a
waiver of the two-year foreign residence requirement of section
212(e) of the Immigration and Nationality Act, as amended.

    Mr. Soetoro is a 32-year-old native and citizen of Indonesia.
He was admitted to the United States as an exchange visitor on
September 18, 1962, for graduate studies sponsored by the Center
for Cultural and Technical Interchange Between East and West,
University of Hawaii, under Exchange Visitor Program No. P-I-1793.
He completed his activities under Exchange Visitor Program No.
P-I-1793 on June 20, 1965. Mr. Soetoro departed from the United
States on July 20, 1966, and has since been residing in Indonesia
where he is presently employed by the Indonesian Government.

    The applicant's United States citizen wife resides at 2234
University Avenue, Honolulu, Hawaii, with her 6-year-old United
States citizen son by a prior marriage. The applicant, who re-
turned to Indonesia and has been residing there for over 14 months
in an effort to satisfy the foreign residence requirement, earns a
very meager salary and is dependent upon members of his family.
His wife has remained with his stepchild in the United States and
earns about $400 per month. She has made application for a visa
for herself and her son to travel to Indonesia as she is determined
to join her husband as soon as possible, if he is not permitted to
return here, because she can no longer endure the separation. She
has been trying since last year to obtain employment with the U.S.
Embassy in Djakarta, Indonesia, thus far without success, and she
will therefore be without adequate income to support herself and
her minor son of a previous marriage who will be required to accom-
pany her.

    Satisfactory evidence of Mr. Soetoro's marriage on March 15,
1965, to a United States citizen and evidence of the legal termination

000039

Chief, Facilitative Services Staff     - 2 -

of his spouse's prior marriage have been submitted.  There are no
adverse factors in this case.

In view of the foregoing, it has been determined that compli-
ance with the foreign residence requirement of section 212(e) of
the Immigration and Nationality Act, as amended, would impose ex-
ceptional hardship upon Mr. Seatoro's United States citizen spouse
and stepchild.  It is therefore requested that the Secretary of
State recommend whether the waiver should be granted.

                                        Sincerely,


                                        John V. O'Shea
                                        District Director


WIM:cs

000040

Deputy Associate Commissioner, Travel                    SW 214j-C
Control, Central Office, Washington, D.C.                September 29, 1967

L. W. Gilman, Associate Deputy Regional
Commissioner, Operations, Southwest Region

███████ Lola SONKIRO - Section 212(e) Waiver Applicant

Attention:   Assistant Commissioner - Adjudications

Attached hereto is subject file together with prepared undated
letter, original and two copies, addressed to the Chief,
Facilitative Services Staff, Bureau of Educational and Cultural
Affairs, Department of State.  Favorable action on the application
is recommended.  This case has previously been reviewed in your
office and your CO 212.43-C of August 21, 1967 relates.

Attachment

000041

September 25, 1957

Assistant Regional Commissioner,
Travel Control, Southwest Region

John F. O'Shea, District Director
Honolulu, Hawaii

Your SW 216.1-H; August 25, 1957; ████████, Lolo Santoro - Section 212(e) Waiver Applicant

Pursuant to your subject memorandum, the enclosed letter to the Department of State requesting recommendation on Section 212(e) waiver is forwarded to you for review.

Attachment
Via Airmail

000042

Charge folder
September 25, 1967

Assistant Regional Commissioner,
Travel Control, Southwest Region

John E. O'Shea, District Director
Honolulu, Hawaii

Your SW 214.1-C; August 25, 1967; ▓▓▓▓▓▓▓, Lolo Soetoro –
Section 212(e) Waiver Applicant

Pursuant to your subject memorandum, the enclosed letter
to the Department of State requesting recommendation on
Section 212(e) waiver is forwarded to you for review.

Attachment
Via Airmail

WRM:cs

Chief, Facilitative Services Staff
Bureau of Educational and Cultural Affairs
Department of State
Washington, D. C. 20520

Dear Sir:

There is enclosed the application of Mr. Lolo Soetoro for a waiver of the two-year foreign residence requirement of section 212(e) of the Immigration and Nationality Act, as amended.

Mr. Soetoro is a 32-year-old native and citizen of Indonesia. He was admitted to the United States as an exchange visitor on September 18, 1962, for graduate studies sponsored by the Center for Cultural and Technical Interchange Between East and West, University of Hawaii, under Exchange Visitor Program No. P-I-1703. He completed his activities under Exchange Visitor Program No. P-I-1703 on June 30, 1965. Mr. Soetoro departed from the United States on July 20, 1965, and has since been residing in Indonesia where he is presently employed by the Indonesian Government.

The applicant's United States citizen wife resides at 2234 University Avenue, Honolulu, Hawaii, with her 4-year-old United States citizen son by a prior marriage. The applicant, who returned to Indonesia and has been residing there for over 14 months in an effort to satisfy the foreign residence requirement, earns a very meager salary and is dependent upon members of his family. His wife has remained with his stepchild in the United States and earns about $400 per month. She has made application for a visa for herself and her son to travel to Indonesia as she is determined to join her husband as soon as possible, if he is not permitted to return here, because she can no longer endure the separation. She has been trying since last year to obtain employment with the U.S. Embassy in Djakarta, Indonesia, thus far without success, and will therefore be without adequate income to support herself and her minor son of a previous marriage and will be compelled to accompany her.

Satisfactory evidence of Mr. Soetoro's marriage on March 15, 1965, to a United States citizen and evidence of the legal termination

Chief, Facilitative Services Staff          - 2 -

of his spouse's prior marriage have been submitted.  There are no
adverse factors in this case.

In view of the foregoing, it has been determined that compli-
ance with the foreign residence requirement of section 212(e) of
the Immigration and Nationality Act, as amended, would impose ex-
ceptional hardship upon Mr. Soctoro's United States citizen spouse
and stepchild.  It is therefore requested that the Secretary of
State determine whether the waiver should be granted.

Sincerely,

John F. O'Shea
District Director

WDM:cs

Memorandum to file

Sept. 14, 1967

Pursuant to inquiry from Central office regarding the status
of the applicants' spouses' child by a former marriage.

The person in question is a united states citizen by virtue
of his birth in Honolulu, Hawaii Aug. 4, 1961. He is living
with the applicants' spouse in Honolulu, Hawaii. He ~~maxkxxxkxx~~
is considered the applicants step-child, within the meaning of
Sec. 101(b)(1)(B), of the act, by virtue of the marriage of the
applicant to child's mother on March 15, 1965

W. L. Mix

UNITED STATES GOVERNMENT

# *Memorandum*

TO : District Director
Honolulu, Hawaii

DATE: August 25, 1967

FROM : J. P. Sharon, Assistant Regional Commissioner,
Travel Control, Southwest Region

SUBJECT: ██████████ ███ Socorro - Section 212(e) Waiver Applicant

Subject file has been reviewed by the Central Office.
Attached CO 212.43-C of August 21, 1967 by the Assistant
Commissioner, Adjudications indicates the views of the
Central Office. We concur.

Subject file is returned for your further action as
indicated. Please return file with prepared letter
for our review and forwarding to the Central Office
making reference to this memorandum.

Attachment







000047

CO 212.43-C

AUG 21 1967

Regional Commissioner
San Pedro, California

Assistant Commissioner
Adjudications

Lolo Soetoro, ████████ Section 212(e) Waiver Applicant;
Your SY 214j-C, July 24, 1967.

Attention:  Associate Deputy Regional Commissioner, Operations

The applicant's file is returned herewith.  It is the opinion of
this office that exceptional hardship has been established in this
case for the following reasons:

   The applicant, who returned to Indonesia and has been
   residing there for over 13 months in an effort to satisfy
   the foreign residence requirement, earns a very meager salary
   and is dependent upon members of his family.  His wife has
   remained in the United States and earns about $400 a month.
   She has now determined to join her husband in Indonesia if
   he is not permitted to return here because she can no longer
   endure the separation.  She has been trying since last year
   to obtain employment with the U.S. Embassy in Djakarta,
   Indonesia, thus far without success, and she will therefore be
   without adequate income to support herself and her minor son
   of a previous marriage who will accompany her there.

There is nothing in the file to document the status of the spouse's
son.  Please inquire into his citizenship and residence status and
determine whether or not he is the applicant's child within the
meaning of Section 101(b)(1)(B) of the Act, who may suffer exceptional
hardship within the meaning of Section 212(e).

When the appropriate letter has been written, please send it here
together with the applicant's file for forwarding to the Department
of State.

Attachment

000048

SW 214j-C
July 24, 1967

Deputy Associate Commissioner, Travel
Control, Central Office, Washington, D.C.

L. W. Gilman, Associate Deputy Regional
Commissioner, Operations, Southwest Region

███████, Lolo Soetoro – Section 212(e) Waiver Applicant

Attention:  Assistant Commissioner – Adjudications

Subject file is attached for your review together with
prepared letter of denial addressed to the applicant.
Your memorandum CO 212.43-C of January 5, 1967 relates.

Attachment

A14 128 294

July 17, 1967

Assistant Regional Commissioner,
Travel Control, Southwest Region

John F. O'Shea, District Director
Honolulu, Hawaii

Your SW 214.1-C, June 13, 1967; CO 212.43-C, January 5, 1967;
~~                ~~ Lolo Sectors - Section 212(e) Waiver Applicant

Subject file together with revised letter of denial is returned.


Attachment
Via Airmail

RLL:ads