| NAME (LAST) IN CAPS | | FIRST | MIDDLE | PROX CODE | |
|---|---|---|---|---|---|
| SANDERS | Lois | S. | | ▮▮▮▮▮▮ | |
| Alias | | | | | |
| A56  1955  Data  entered  and  match  begins  or  ends | | | | | |
| P.O.E. | DATE OF ENTRY | TYPE ADM. | MO.-DAY-YR. OF BIRTH | COUNTRY OF BIRTH | |
| LAS | 10-08-70 | B-2 | 04-28-35 | E   Indonesia | |
| Type of Action | | | Name of Spouse | | |
| Action on TR (Portions) | (Mo.) | (Day) | (Year) | (Section) | (Forwarded to Consul at) |
| Legal Address (City, State, and Zip Code) | | | | | |
| PCT | ITEM | PLCE | USER | PLCE | DATE |
| Adjustm No. | | | Ret Address | | |

CERTIFIED INDEX CARD

000001

MEMORANDUM FOR FILE

Re:  Lolo S. Soeto█████████

    I contacted Mrs. Soetoro by telephone (#941-9994) on May 21, 1974.
She advised that she would contact her husband and have him return his
reentry permit and application (Form I-131) to this office as soon as
possible so that we may complete the adjudication.

Date:  May 23, 1974                              Dowalne H. Brehm, SII.

1822 Fern Street, apt. 3
Honolulu, Hawaii  96822
May 1, 1974

John F. O'Shea
District Director
United States Department of Justice
Immigration and Naturalization Service

Dear Mr. O'Shea,

As I informed you by telephone, the American Embassy is
refusing my husband an extension of reentry permit on the grounds
that he filed a 1973 nonresident tax return.  This erroneous infor-
mation is based on a letter sent by your office (item 1 enclosed).

My husband, prior to departing for Djakarta on business, filed
a 1973 resident tax return.  Enclosed is a copy of that return (item 2).
The fact that it is a resident form is clearly stated at the top of the
second page.  In addition I have visited the downtown tax office and
had them verify that it was a resident form.  Non-resident forms have
a _____ in the upper left hand corner.  I partly have
enclosed copies of my husbands 1973 wage and tax statement, should
you need them.

If you could clear up this mistake as soon as possible by notifying
the U.S. Embassy in Djakarta it would be greatly appreciated.  My
husband hopes to return to Honolulu next month.  If you have made a
decision on this matter I would also appreciate a call from you or your
secretary.  You can reach me at home at 941-0858.  Thank you so
much for your trouble.

Mrs. _____

UNITED STATES DEPARTMENT OF JUSTICE

IMMIGRATION AND NATURALIZATION SERVICE

Baltimore 2, Maryland

LELE KUMUNU

LAFAYETTE, INDIANA

Dear Sir:

In connection with your application for extension or reentry permit, the following is brought to your attention:

After you were admitted as a lawful permanent resident of the United States under the Immigration Laws, and after you established a residence in ... status to qualify you reentry under the Immigration Laws, such right is inconsistent with a continuance of status as a lawful per...

The purpose of this letter is to give you an opportunity to submit, if you wish to do so, any explanation or evidence ... you may wish otherwise have ... date of this letter. If no explanation is received from you advising ... time allowed, the decision on your application ...

IMMIGRANT INSPECTOR

OVER

3/27 — To *X.*

Letter — not pd.

applied for R.P. — need letter.

no R.P. — not paid 73

taxes.

Lolo Soetoro. ✓

Identity — back A Indonesia.

6 weeks ago.

This P.M. — bet 1 & 4

941-9958.

M/C — Probably denied R.P. Subject
now in Indonesia — write
phoned & claim he has
pd. mi. tax. & can
prove it — Pls check as
call her in P.M.

Jakarta
INDONESIA

March 11, 1974

Your

Mr J.F. O'SHEA
District Director
Immigration and Naturalization Service
P.O. Box 461
Honolulu
HAWAII 96709

Dear Sir,

Thank you for your letter dated February 25, 1974 regarding the matter of my permanent resident status. I was completely unaware that I had contravened any Federal law. My only explanation is that when I filled out my tax form for 1973, I enlisted the help of a friend. He worked for a bank and was aware of my status thus I trusted in his knowledge of the tax laws.

In order to clear this matter up could you please inform me as to the action I must take. If I have to pay any back-taxes naturally I would be under an obligation to do so.

Please accept as the truth that I was completely unaware that I had broken any regulations.

I sincerely hope that this incident will not jeopardise my chances of an extension to my Re-entry permit.

Yours faithfully,

Lolo Soetoro

000013

Date _____

To _____ Room _____

- [ ] Approval
- [ ] Note & Return
- [ ] See me
- [ ] Comment
- [ ] Note & File
- [ ] As requested
- [ ] Necessary Action
- [ ] Signature
- [ ] For your information
- [ ] Call me Ext.

Remarks

From _____

IMMIGRATION AND NATURALIZATION SERVICE

000014

510000

SPECIAL DELIVERY

KHALIL

PIONEER RD

Mr. J.T. O'SHEA
DISTRICT DIRECTOR
IMMIGRATION AND NATURALIZATION
SERVICE
P.O. BOX 461
HONOLULU HAWAII 96809



000027

STATE OF HAWAII
DEPARTMENT ATTORNEY GENERAL
BUREAU OF CRIME STATISTICS & IDENTIFICATION
KANAINA BUILDING, CAPITOL GROUNDS
HONOLULU, HAWAII 96813

TO WHOM THIS MAY CONCERN:

### ABSTRACT OF CRIMINAL RECORD

Our Number _____                    Date ___July 18, 1972___

The following record is furnished FOR OFFICIAL USE ONLY. Information shown on this identification record represents data furnished by all Police Departments in the State of Hawaii and the Hawaii State Prison.

For Mainland arrests write the contributor for possible complete record.

| Contributor of Fingerprints | Name & Number | Arrested or Rec'd | Charge | Disposition |
|---|---|---|---|---|
| SOETORO, Lolo Martodihardjo (Visa applicant) | | | | |
| Above subject has no Hawaii arrest record. | | | | |

_Chiyoko Otis_
For Director




**UNITED STATES DEPARTMENT OF JUSTICE**

IMMIGRATION AND NATURALIZATION SERVICE
595 ALA MOANA BLVD.
HONOLULU, HAWAII 96809
August 22, 1968

Mrs. Ann D. Soetoro
2234 University Avenue
Honolulu, Hawaii

Dear Madam:

    This is in reference to application for waiver of the two-year foreign residence requirement filed by your husband, Lolo Soetoro.

    Our records indicate that your husband returned to Indonesia, the country of his nationality and last residence on July 20, 1966. It appears therefore that he has accumulated the two-years of physical presence in Indonesia and that there is no need to consider the application for waiver at this time.

    We are therefore considering the application closed, however, if at any time it is found that consideration of the waiver application is necessary the matter will be reopened.

                  Sincerely,

                  John F. O'Shea

                  John F. O'Shea
                  District Director



U. S. DEPARTMENT OF JUSTICE

IMMIGRATION AND NATURALIZATION SERVICE
595 ALA MOANA BOULEVARD
HONOLULU, HAWAII 96813

OFFICIAL BUSINESS

IMMIGRATION &
NATURALIZATION
SERVICE

HONOLULU

POSTAGE AND FEES PAID
Immigration and Naturalization Service

☐ Moved, left no address
☐ No such number
☐ Moved, not forwardable
☐ Addressee unknown

Mrs. Ann Dunham Soetoro
2234 University Avenue
Honolulu, Hawaii

RETURN
TO
WRITER

21

000031

Deputy Associate Commissioner, Travel Control        SW 214)-C
Central Office, Washington, D. C.             August 6, 1968

M. F. Fargione, Deputy Regional Commissioner
Southwest Region, San Pedro, California

███████████ Soetoro; section 212(d) waiver applicant; your CO 212.43-C
of 7/24/68

ATTENTION: Assistant Commissioner, Adjudications


Attached is a copy of self-explanatory memorandum dated August 1, 1968,
from the District Director, Honolulu, indicating that the subject alien on
July 20, 1968, returned to Indonesia, the country of his nationality and
last residence.

Under the circumstances, we concur with the District Director that further
consideration of the applicant's waiver application does not now appear
necessary and that the file should be closed, subject to being reopened
should consideration of a waiver be found necessary at any time. The
assistance of your office in advising the Chief of the Facilitative Services
Staff of the Bureau of Educational and Cultural Affairs, Department of State,
of the foregoing would be appreciated.


Attachment                     *M. F. Fargione*


cc: DISTRICT DIRECTOR, HONOLULU, HAWAII: For your information
and guidance.

000032

UNITED STATES DEPARTMENT OF JUSTICE
Immigration and Naturalization Service
P. O. BOX 461
(U. HAWAII 96809)
NOTICE OF APPROVAL OR REVALIDATION OF VISA PETITION

| | |
|---|---|
| File Number: | ████████ |
| Date: | **August 1, 1969** |
| Date Petition Filed: | **October 1, 1965** |
| Date to which Petition is valid: | **July 31, 1973** |
| Classification: | **Section 201(b)** |

Mrs. Ann Dunham Soetoro
2234 University Avenue
Honolulu, Hawaii

Please note the items below, which are indicated by "X" marks concerning the visa petition filed by you in behalf of **your husband, Lolo Soetoro**

[X] The petition has been approved and forwarded to the United States Consulate at which the beneficiary or beneficiaries will apply for a visa. Any inquiry concerning the issuance of a visa should be directed to the Consulate at **Djakarta, Indonesia**

[ ] The petition has been revalidated and forwarded to the United States Consulate at which the beneficiary or beneficiaries will apply for a visa. Any inquiry concerning the issuance of a visa should be directed to the Consulate at

[ ] It is indicated that the beneficiary does not require a visa to enter the United States. Notice of approval of the petition has been forwarded to the intended United States port of entry. Please notify this office immediately of any change in the intended port of entry.

[ ] The petition has been approved. No notice of approval of the petition has been sent to a United States Consulate or port of entry, as it has not been indicated that the beneficiary (ies) will apply for visa(s) prior to admission to the United States.

[ ] The petition states that the beneficiary is in the United States and will apply for adjustment of status to that of a lawful permanent resident. The enclosed form (I-485) should be completed and submitted by the beneficiary in accordance with the instructions contained therein.

[ ] The petition has been revalidated. No notice of revalidation of the petition has been sent to a United States Consulate, as it has not been indicated that the beneficiary (ies) will apply for visa(s).

[ ] If you become naturalized as a citizen of the United States and an immigrant visa has not yet been issued to the beneficiary, notify this office immediately, giving the date of your naturalization. This information may expedite the issuance of a visa to the beneficiary. If the petition was in behalf of your son or daughter, also advise whether that person is still unmarried.

[ ] You are required to notify this office promptly if the employment or training specified in this petition is terminated before the expiration of the authorized stay in the United States of the beneficiary (ies) occurs. You are requested to advise the beneficiary (ies) that the acceptance of employment or training not specified in this petition will be a violation of the nonimmigrant status of the beneficiary (ies).

[ ] Upon arrival in the United States, the initial period of admission of the beneficiary (ies) of your non-immigrant visa petition may not exceed the date to which the petition is valid.

[ ] The temporary stay of the beneficiary (ies) named in your petition is extended to

[ ] REMARKS:

JGS:EN

Very truly yours,

John F. Ota

DISTRICT DIRECTOR

Form I-171
(Rev. 8-5-66)

000033



Assistant Regional Commissioner,                    August 1, 1968
Travel Control, Southwest Region

John F. O'Shea, District Director
Honolulu, Hawaii

Your SW 2141-C, July 29, 1968; Lolo SOETORO, A14 128 294 –
Sec. 212(e) Waiver Applicant

Our file indicates that the subject returned to Indonesia, the
country of his nationality and last residence, on July 20, 1966.
Although there is a remote possibility that he has not yet
accumulated two full years of physical presence in Indonesia,
there does not appear to be any need to consider the waiver at
this time.

If you agree, we will count the waiver application as closed
statistically, subject to being reopened at any time if con-
sideration of the waiver is found to be necessary, and we will
so advise the applicant at his last foreign address.

Via Airmail

JOS:rn

UNITED STATES GOVERNMENT

# *Memorandum*

| | | | |
|---|---|---|---|
| TO | : | District Director,<br>Honolulu, Hawaii | DATE: | SW 2141-C<br>July 29, 1968 |

FROM : E. J. Strapp, Acting Assistant Regional Commissioner,
Southwest Region, Travel Control

SUBJECT: ████████████ John Bestor - Section 212(e) Waiver Applicant, our SW 2141-C
of October 10, 1967, your memorandum of July 11, 1968

We have been advised by the Central Office that the State Department
is unable to locate your letter requesting the recommendation of that
Department in the subject application for a 212(e) waiver. Please
prepare a new signed letter to the State Department again requesting
the recommendation of the Secretary of State in this subject alien's
case with a copy of Form I-612 attached. If such is not available,
a Form I-612 may be completed from the information contained in the
file and sent with the original request. In your letter to the State
Department that Department should be advised that a previous request
was made on October 6, 1967.

Your letter and the relating file should be forwarded to the Regional
Office for review in accordance with current procedures in 212(e) cases.
Please refer to this memorandum in submitting the letter and file to us
for review.

*[signature]*

1968 JUL 30  AM 9 32
HONOLULU
IMMIGRATION &
NATURALIZATION
SERVICE

000035



Assistant Regional Commissioner,                    July 11, 1968
Travel Control, Southwest Region

John F. O'Shea, District Director
Honolulu, Hawaii

A14 128 294, Lolo Scataro - Section 212(e) Waiver Applicant;
Your SW 214j-C of October 10, 1967

The Central Office on October 6, 1967 mailed our letter on
this case to the Department of State with favorable
recommendation.

We have received no response from the Department of State, and
it is suggested that inquiry be made as to their decision on
this matter.

Via Airmail

RSC:rn

Svetoro, Lila

Required Departure Verified
at HHW on Japa
_____ I-9: to co
_____ R-94 to 177
_____ G-455 returned
_____ G-143 to R O.
_____ A-16173 tot closed
_____ File closed

OPTIONAL FORM NO. 10

UNITED STATES GOVERNMENT

*Memorandum*   To TIC

TO        : District Director                                    DATE: October 10, 1967
            Honolulu, Hawaii                          SW 214j-C

FROM    : J. P. Sharon, Assistant Regional Commissioner,
            Travel Control, Southwest Region

SUBJECT: ▮▮▮ ▮▮▮ ▮▮▮ ▮▮▮ Soetoro - Section 212(e) Waiver Applicant

        Subject file is returned.  The Central Office on October 6,
        1967 mailed your letter on this case to Department of State
        with favorable recommendation.


        Attachment

1967 OCT 11   AM 9 22   HONOLULU   IMMIGRATION & NATURALIZATION SERVICE

000038



OCT  6 1967

Chief, Facilitative Services Staff
Bureau of Educational and Cultural Affairs
Department of State
Washington, D. C. 20520

Dear Sir:

    There is enclosed the application of Mr. Lolo Soetoro for a
waiver of the two-year foreign residence requirement of section
212(e) of the Immigration and Nationality Act, as amended.

    Mr. Soetoro is a 32-year-old native and citizen of Indonesia.
He was admitted to the United States as an exchange visitor on
September 18, 1962, for graduate studies sponsored by the Center
for Cultural and Technical Interchange Between East and West,
University of Hawaii, under Exchange Visitor Program No. P-I-1793.
He completed his activities under Exchange Visitor Program No.
P-I-1793 on June 20, 1965. Mr. Soetoro departed from the United
States on July 20, 1966, and has since been residing in Indonesia
where he is presently employed by the Indonesian Government.

    The applicant's United States citizen wife resides at 2234
University Avenue, Honolulu, Hawaii, with her 6-year-old United
States citizen son by a prior marriage. The applicant, who re-
turned to Indonesia and has been residing there for over 14 months
in an effort to satisfy the foreign residence requirement, earns a
very meager salary and is dependent upon members of his family.
His wife has remained with his stepchild in the United States and
earns about $400 per month. She has made application for a visa
for herself and her son to travel to Indonesia as she is determined
to join her husband as soon as possible, if he is not permitted to
return here, because she can no longer endure the separation. She
has been trying since last year to obtain employment with the U.S.
Embassy in Djakarta, Indonesia, thus far without success, and she
will therefore be without adequate income to support herself and
her minor son of a previous marriage who will be required to accom-
pany her.

    Satisfactory evidence of Mr. Soetoro's marriage on March 15,
1965, to a United States citizen and evidence of the legal termination

Chief, Facilitative Services Staff     - 2 -

of his spouse's prior marriage have been submitted.  There are no
adverse factors in this case.

In view of the foregoing, it has been determined that compli-
ance with the foreign residence requirement of section 212(e) of
the Immigration and Nationality Act, as amended, would impose ex-
ceptional hardship upon Mr. Scatoro's United States citizen spouse
and stepchild.  It is therefore requested that the Secretary of
State recommend whether the waiver should be granted.

Sincerely,

John F. O'Shea
District Director

WIM:cs

000040

Deputy Associate Commissioner, Travel     SW 214j-C
Control, Central Office, Washington, D.C.     September 29, 1967

L. W. Gilman, Associate Deputy Regional
Commissioner, Operations, Southwest Region

▆▆▆▆▆▆▆▆▆▆ SOTTORO - Section 212(e) Waiver Applicant

Attention:   Assistant Commissioner - Adjudications

Attached hereto is subject file together with prepared undated
letter, original and two copies, addressed to the Chief,
Facilitative Services Staff, Bureau of Educational and Cultural
Affairs, Department of State.  Favorable action on the application
is recommended.  This case has previously been reviewed in your
office and your CO 212.43-C of August 21, 1967 relates.

Attachment

Assistant Regional Commissioner,
Travel Control, Southwest Region

September 25, 1967

John F. O'Shea, District Director
Honolulu, Hawaii

Your SW 214j-R; August 25, 1967; A14 128 294, Lolo Eootone -
Section 212(c) Waiver Applicant

Pursuant to your subject memorandum, the enclosed letter
to the Department of State requesting recommendation on
Section 212(a) waiver is forwarded to you for review.


Attachment
Via Airmail

000042

Charge folder
September 25, 1967

Assistant Regional Commissioner,
Travel Control, Southwest Region

John F. O'Shea, District Director
Honolulu, Hawaii

Your SW 214.1-C, August 25, 1967, A14 128 294, Lolo Soctoro –
Section 212(e) Waiver Applicant

Pursuant to your subject memorandum, the enclosed letter
to the Department of State requesting recommendation on
Section 212(e) waiver is forwarded to you for review.

Attachment:
Via Airmail

WIM:cs

000043



Chief, Facilitative Services Staff
Bureau of Educational and Cultural Affairs
Department of State
Washington, D. C. 20520

Dear Sir:

There is enclosed the application of Mr. Lolo Soetoro for a waiver of the two-year foreign residence requirement of section 212(e) of the Immigration and Nationality Act, as amended.

Mr. Soetoro is a 32-year-old native and citizen of Indonesia. He was admitted to the United States as an exchange visitor on September 18, 1962, for graduate studies sponsored by the Center for Cultural and Technical Interchange Between East and West, University of Hawaii, under Exchange Visitor Program No. P-I-1793. He completed his activities under Exchange Visitor Program No. P-I-1793 on June 20, 1964. Mr. Soetoro departed from the United States on July 20, 1966, and has since been residing in Indonesia where he is presently employed by the Indonesian Government.

The applicant's United States citizen wife resides at 2234 University Avenue, Honolulu, Hawaii, with her 6-year-old United States citizen son by a prior marriage. The applicant, who returned to Indonesia and has been residing there for over 10 months in an effort to satisfy the foreign residence requirement, earns a very meager salary and is dependent upon members of his family. His wife has remained with his stepchild in the United States and earns about $400 per month. She has made application for a visa for herself and her son to travel to Indonesia as she is determined to join her husband as soon as possible, if he is not permitted to return here, because she can no longer endure the separation. She has been trying since last year to obtain employment with the U.S. Embassy in Djakarta, Indonesia, thus far without success, and she will therefore be without adequate income to support herself and her minor son of a previous marriage who would be required to accompany her.

Satisfactory evidence of Mr. Soetoro's marriage on March 15, 1965, to a United States citizen and evidence of the legal termination

Chief, Facilitative Services Staff        - 2 -

of his spouse's prior marriage have been submitted.  There are no
adverse factors in this case.

In view of the foregoing, it has been determined that compli-
ance with the foreign residence requirement of section 212(e) of
the Immigration and Nationality Act, as amended, would impose ex-
ceptional hardship upon Mr. Sostern's United States citizen spouse
and stepchild.  It is therefore requested that the Secretary of
State recommend whether the waiver should be granted.

Sincerely,

John F. O'Shea
District Director

WIM:cs

000045



Memorandum to file
Sept. 4, 1967

Pursuant to inquiry from Central office regarding the status
of the applicants' spouses' child by a former marriage.

The person in question is a united states citizen by virtue
of his birth in Honolulu, Hawaii Aug. 4, 1961. He is living
with the applicants' spouse in Honolulu, Hawaii. He xxxixxxxxx
is considered the applicants step-child, within the meaning of
Sec. 101(b)(1)(B), of the act, by virtue of the marriage of the
applicant to childs' mother on March 15, 1965

W. I. Mix

000046

UNITED STATES GOVERNMENT

*Memorandum*

TO: District Director
Honolulu, Hawaii

DATE: August 25, 1967

FROM: J. P. Sharon, Assistant Regional Commissioner,
Travel Control, Southwest Region

SUBJECT: ███████████████ — Section 212(a) Waiver Applicant

Subject file has been reviewed by the Central Office.
Attached CO 212.13-C of August 21, 1967 by the Assistant
Commissioner, Adjudications indicates the views of the
Central Office. We concur.

Subject file is returned for your further action as
indicated. Please return file with prepared letter
for our review and forwarding to the Central Office
making a reference to this memorandum.

Attachment







000047

CO 212.43-C

Regional Commissioner
San Pedro, California

AUG 21 1967

Assistant Commissioner
Adjudications

Lolo Soetoro, ███████████████ tion 212(e) Waiver Applicant;
Your SN 214j-████ July 24, 1967.

Attention:  Associate Deputy Regional Commissioner, Operations

The applicant's file is returned herewith.  It is the opinion of
this office that exceptional hardship has been established in this
case for the following reasons:

> The applicant, who returned to Indonesia and has been
> residing there for over 13 months in an effort to satisfy
> the foreign residence requirement, earns a very meager salary
> and is dependent upon members of his family.  His wife has
> remained in the United States and earns about $400 a month.
> She has now determined to join her husband in Indonesia if
> he is not permitted to return here because she can no longer
> endure the separation.  She has been trying since last year
> to obtain employment with the U.S. Embassy in Djakarta,
> Indonesia, thus far without success, and she will therefore be
> without adequate income to support herself and her minor son
> of a previous marriage who will accompany her there.

There is nothing in the file to document the status of the spouse's
son.  Please inquire into his citizenship and residence status and
determine whether or not he is the applicant's child within the
meaning of Section 101(b)(1)(B) of the Act, who may suffer exceptional
hardship within the meaning of Section 212(e).

When the appropriate letter has been written, please send it here
together with the applicant's file for forwarding to the Department
of State.

Attachment

*Sam Brownson*

Deputy Associate Commissioner, Travel      SW 2141-C
Control, Central Office, Washington, D.C.    July 24, 1967

L. W. Gilman, Associate Deputy Regional
Commissioner, Operations, Southwest Region

~~AW 126 254~~ lo Scetoro - Section 212(e) Waiver Applicant

**Attention:  Assistant Commissioner - Adjudications**

Subject file is attached for your review together with
prepared letter of denial addressed to the applicant.
Your memorandum CO 212.43-C of January 5, 1967 relates.

Attachment

000049



Assistant Regional Commissioner,                                        July 17, 1967
Travel Control, Southwest Region

John F. O'Shea, District Director
Honolulu, Hawaii

Your SW 214j-C, June 13, 1967; CO 212.43-C, January 5, 1967;
A14 125 294, Lolo Soetero - Section 212(e) Waiver Applicant

Subject file together with revised letter of denial is returned.


Attachment
Via Airmail

RLL:ads

OPTICAL FORM NO. 10
MAY 1962 EDITION
GSA GEN. REG. NO. 27

UNITED STATES GOVERNMENT

# Memorandum

SW 214j-C

TO      : District Director
         Honolulu, Hawaii

DATE: June 13, 1967

FROM    : J. P. Sharon, Assistant Regional Commissioner,
          Travel Control, Southwest Region

SUBJECT:  ████████████ lo Soetoro - Section 212(e) Waiver Applicant

   Subject file is returned making reference to CO 212.43-C of January 5,
   1967 requesting that your previously prepared letter of denial be brought
   up to date for reconsideration by the Central Office.

   Your previous letter of denial submitted with your memorandum of December 13,
   1966 should be revised accordingly.

Attachment

000051

A14 128 294

June 6, 1967

Assistant Regional Commissioner
Travel Control, Southeast Region

John F. O'Shea, District Director
Honolulu, Hawaii

Your SE 204.1-C, January 13, 1967; CO 212.43-C, January 5, 1967;
~~████████~~ toro - Section 212(a) Waiver Applicant

In an interview on May 24, 1967, Mrs. Ann Soetoro, wife of
Subject, advised this office that she will now receive her
degree in Anthropology from the University of Hawaii in
August 1967. She has written letters to the American Embassy,
Indonesia and to other firms concerning employment but has
received no answer to date.

There are no new circumstances at this time that would warrant
a change in our previous recommendation of denial. We are
forwarding the file for your review.

Attachment
Via Airmail

000052

Adjudicator's Basis for Decision in re: Application for Waiver of Two-Year Foreign Residence Requirement of Section 212(e), Immigration and Nationality Act of ........ 1965

Mrs. Soetoro, the U.S. citizen spouse of the applicant was contacted telephonically on May 12, 1967.

She advised that her husband is still employed by the Indonesian Government, Indonesian before she described his salary as being meagerly, and that he is able to exist only by living with members of his family.

Mrs. Soetoro now advises that her Baccalaureate Degree in Anthropology will be completed in August 1967, instead of June 13, 1967, as previously expected, which is due to a last minute finding that she is short of one course.

Mrs. Soetoro relates that she has written to the American Embassy and various firms in Indonesia in an attempt to find suitable employment in that country. No answer to her letters had been received at this time.

She also held ... that she has submitted applications for visas to enter ...............................

............................................................................

............................................................................

............................................................................

............................................................................

............................................................................

............................................................................

............................................................................

District Director

Honolulu, Hawaii
April 6, 1967

Mrs. LeloSoetoro
c/o Mr. Stanley A. Dunham
2234 University Ave.
Honolulu, Hawaii

Dear Mrs. Soetoro:

117

April  21, 1967 at 1:30 p

Travel Control - Mr. Schultz

Official Matter

APR 3 1967

Cert. #105.301

REGISTERED
RETURN RECEIPT REQUESTED

Honolulu, Hawaii
3/16/67

SECOND REQUEST

Mrs. Lolo Soetoro
c/o Mrs. Stanley A. Dunham
3326 University Ave.
Honolulu, Hawaii

Dear Mrs. Soetoro:

137

3/20/67 AT 2:30 p

Travel Control

OFFICIAL Matter

000055

Honolulu, Hawaii
2/17/67



Mrs. Lolo Soetoro
c/o Mr. Stanley A. Dunham
2234 University Ave.
Honolulu, Hawaii

Dear Mrs. Soetoro:

117

2/23/67 at 1:00 p

Travel Control

Official Matter

_____

OPTIONAL FORM NO. 10
MAY 1962 EDITION
GSA GEN. REG. NO. 27

UNITED STATES GOVERNMENT

# *Memorandum*

TO      : District Director
          Honolulu, Hawaii

DATE: SW 214j-C
      January 13, 1967

FROM   : J. P. Sharon, Assistant Regional Commissioner,
          Travel Control, Southwest Region

SUBJECT ▓▓▓▓▓▓▓▓ lo Soetoro - Section 212(e) Waiver Applicant

Subject file has been reviewed by the Central Office.  Attached CO 212.43-C
of January 5, 1967 by the Assistant Commissioner, Adjudications indicates
the views of the Central Office.  We concur.

Subject file is returned for your further action as indicated.  Please
return file with your comments after the requested action has been taken.

*JP Sharon*

Attachment

1967 JAN 16   AM 9 17

HONOLULU

IMMIGRATION &
NATURALIZATION
SERVICE

000057



December 19, 1966

Assistant Regional Commissioner,
Travel Control, Southwest Region

John F. O'Shea, District Director,
Honolulu, Hawaii

Your SW 214j-C, September 15, 1966, A14 126 294, Lolo Soetoro,
Section 212(e) Waiver Applicant

Your memorandum remanded the case to be brought up to date.
The applicant's spouse has been re-interviewed and it has
been established that the applicant is now in Indonesia and
is employed by the Indonesian government.   It was also
determined that the applicant's spouse is now employed and
can adequately maintain both herself and her 5-year-old

In our opinion case forwarded to this case and therefore, we
with recommendation and this application.   We is now recommend-
ing forward such new forwarding and such into the case
application.

Attachment: A14 126 294

VIA AIRMAIL

HRS:rn



12-13-66

Mr. _____ _____
c/o Mr. Stanley A. _____
_____ _____ _____
_____, _____

Dear Mr. _____:

This refers to your application for a waiver of the twoyear foreign residence requirement of Section 212(e) of the Immigration and Nationality Act, as amended, based on the hardship which would accrue to your wife by your compliance with that requirement as to you.

Cases involving exchange visitors who marry United States citizens during their temporary stay in this country present many difficulties for all concerned. In support of your application, you

[remainder of letter illegible due to faded print]

The statute provides that a waiver of the mandatory residence may be granted may in exceptional cases upon the request of an interested United States Government agency or in cases where compliance would impose exceptional hardship upon the United States citizen or lawful permanent resident spouse or child of the exchange alien. Since an exchange alien must have a United States citizen or lawful resident spouse or child to be eligible to apply for a waiver, certain personal hardships in complying with the two-year foreign residence requirement

Mr. Lolo Soetoro - 2 -

[illegible] as well as a spouse and/or child who has remained in the United States. These hardships then must be considered to be the usual hardships which might be anticipated by an exchange alien who is complying with the foreign residence requirement.

[illegible]

[illegible]

The factors in your case have been carefully considered. [illegible] that the hardships you have set forth constitute the usual hardships which could be anticipated, rather than the exceptional hardship contemplated by the statute. It has been determined that the strict demands of the statute have not been met and that exceptional hardship has not been established in your case.

Sincerely,

John F. O'Shea
District Director

JOS/RRS:rn

000060

Deputy Associate Commissioner, Travel Control,          SW 214j-C
Central Office, Washington, D. C.                       December 19, 1966

L. W. Gilman, Associate Deputy Regional
Commissioner, Operations, Southwest Region

████████████ ▓ Scetoro - Section 212(e) Waiver Applicant

Attention:  Assistant Commissioner, Adjudications

denial addressed to the applicant.  Your GO 212.43-C of December 22, 1965

THIS APPLICANT LEFT THE UNITED STATES JUNE 30, 1966 AND RETURNED TO
Tijuana, ███████ where he is employed in the Immigration Department

DEFERRED OF ████ ████ ██

█████ ████ ████ ████ ████ ████ ████ ████ ████ ████ ████ ████ ████ ████
████ ████ ████ ████ ████ ████ ████

Attachment

Regional Commissioner, San Pedro, California

CO 212.43-C

JAN 5 1967

Assistant Commissioner, Adjudications

Your BW 214j-C, December 19, 1966; Lolo Seatoro,  Section 212(c)
Waiver Application

Attention:   Associate Deputy Regional Commissioner, Operations

[illegible text]

[illegible text]

[illegible text]

[illegible text]

[illegible text]

Mr. Jule Santoro
3326 Oahu Avenue
Honolulu, Hawaii

Dear Sir:

This refers to your application for a waiver of the foreign residence requirement of section 212(e) of the Immigration and Nationality Act, as amended, based on the hardship which would result to your wife by your compliance with this requirement of law.

Cases involving exchange visitors and their U.S. citizens during their temporary stay in this country present many difficulties in the all concerned. In support of your application, you state that if you were ever to discontinue study, without a remittance to your country and such that you would not be able to support your wife and legal. If the foreign

(b)(6)

equipment and machinery in every case. Normally the psychological factors involved in a separation situation will be present whenever the United States citizen or legal resident often spouse or child separates to the United States, and will usually be greater if the spouse or child proceeds abroad to a country with customs, language, and a home and, under which conditions to the spouse or child. Similarly, in the vast majority of cases, an exchange person duly retaining abroad to comply with the foreign residence requirement may not be exposed for a considerable period of time to be in a position to support himself as well as a spouse who child who may have remained at

000062

Mr. Lolo Soetoro                    - 2 -

the United States.  These hardships then must be considered to be the
usual hardships which might be anticipated by an exchange alien who
is complying with the foreign residence requirement.

In determining whether hardship would be exceptional, this
Service must consider House of Representatives Report No. 721 dated
July 17, 1961, concerned by Information No. 1 of the Exemption on
the Subject ..., as the "inadequately spread of the International
Educational Exchange Program". On page 121 of the report, the Sub-
committee emphasized the fundamental significance of a ...
requirement. And again ... "it is believed to be in consonance
to the purposes of the program and to the national interests of the
countries concerned to apply a lenient policy in the adjudication of
waivers, including cases where marriage occurring in the United
States, or the birth of a ... children, is used to support the
contention that the exchange alien's departure from this country
would cause personal hardship."

...

EPirn

000064



Mr. Lolo Soetoro
c/o Mr. Stanley A. Dunham
2234 University Avenue
Honolulu, Hawaii

Dear Mr. Soetoro:

This refers to your application for a waiver of the foreign resi-
dence requirement of section 212(e) of the Immigration and Nationality
[illegible] [illegible] Based on the [illegible] which [illegible] [illegible] to your [illegible]
[illegible] [illegible]

[illegible paragraph]

[illegible paragraph]

[illegible paragraph]

[illegible paragraph]

[illegible paragraph]

Your wife is now employed at the University of Hawaii, at a
salary of $350.00 a month. As she is no longer employed part-time
as a tutor, this represents her sole income. From this she contributes
$50.00 a month to the support of her parents and from $50.00 to $75.00
a month for the pursuit of a Masters. She intends as she will re-
ceive her Bachelor's Degree in Anthropology in August 1966. Your wife
also advises us that she has written several letters to the American
Embassy in [illegible] [illegible] in Indonesia concerning employment but has been
[illegible]

Mr. Lalo Santoro                    - 2 -

[illegible paragraph]

[illegible paragraph]

The factors in your case have been carefully considered. Upon the foregoing, it has been concluded that the hardships you have set forth constitute the usual hardships which could be anticipated, rather than the exceptional hardship contemplated by the statute. It has been determined that the strict demands of the statute have not been met and that exceptional hardship has not been established in your case.

                         Sincerely,


                         John F. O'Shea
                         District Director


MIL/JOS/RBS:eds/rn

Form I-215A
(Rev. 3-25-65)

UNITED STATES DEPARTMENT OF JUSTICE
IMMIGRATION AND NATURALIZATION SERVICE
RECORD OF SWORN STATEMENT IN AFFIDAVIT FORM

## AFFIDAVIT

IN RE: SOETORO, Lolo                                    FILE NO. ███████
EXECUTED AT Honolulu, Hawaii                            DATE   Nov. 31, 1965

Before the following officer of the U.S. Immigration and Naturalization Service:
    Frank R. Potter, Immigrant Inspector

I, S. Ann Soetoro _____, acknowledge that the above-named officer
has identified himself to me as an officer of the United States Immigration and Naturalization
Service authorized by law to administer oaths and take testimony in connection with the enforcement
of the Immigration and Nationality laws of the United States. He has informed me that he desires
to take my sworn statement in the above matter pursuant to such authority. I am willing to make
such a statement. He has told me that my statement must be made freely and voluntarily and may
be used against me or any other person in Immigration and Naturalization Service proceedings.

Being duly sworn, I make the following statement:  My true and correct name is Stanley
Ann Soetoro and I am not known by any other names except Stanley Ann Dunham. I
am shown as Stanley Ann Dunham on the records of the University of Hawaii. I am
a citizen of the United States by virtue of my birth in Wichita, Kansas. I am
married to Lolo Soetoro. He was a student with me at the University of Hawaii as
an exchange visitor.

He applied to the U.S. Immigration & Naturalization Service for a waiver of the
two year residence requirement of the Immigration and Nationality Act. The basis of
this application was the hardship that his absence would have caused me. Evidence
was offered that it was a psychological hardship for me to be without him rather
than a physical hardship.

I am now living with my parents in the home which they rent here in Honolulu
near the University. My son by a former marriage lives there with us.

As hardship is defined under the present laws, I don't feel that I would undergo any
exceptional hardship if my husband were to depart from the United to reside abroad
as the regulations require.

I have read the above statement and it is a true and correct statement to
the best of my opinion.

                                        *S. Ann Soetoro*
                                        S. Ann Soetoro

SWORN TO AND SUBSCRIBED BEFORE ME THIS 30th DAY OF NOVEMBER, 1965  AT
HONOLULU, HAWAII.

                                        *Frank R. Potter*
                                        Imm. Insp.

<u>MEMORANDUM FOR FILE</u>



November 22, 1966

In re:  Lolo SOETORO, Applicant for Section 212(e) Waiver

Applicant's U.S. citizen spouse was interviewed at Honolulu, Hawaii
this date and stated as follows:

"My husband left June 20, 1966 and went back to Djakarta. He
is working for the Indonesian Government conducting a topo-
graphical survey. He is living in a house that belongs to a
relative.



My husband makes the equivalent of $10.00 a month American

bought while in the United States.

I have been a secretary. In addition, I have supplemented my
employment grading papers at night, and sometimes tutor U.S.

I make about $350.00 per month. I have arranged childcare and

my B.A. in anthropology in February 1967.

(b)(6)

Honolulu, Hawaii

Robert Schultz
Immigrant Inspector

RS:ce

11/9/66

Mrs. Lola Soetoro
c/o Stanley A. Dunham
2234 University Ave.
Honolulu, Hawaii

Travel Control

Official Matter

OPTIONAL FORM NO. 10
5011-104

UNITED STATES GOVERNMENT

# Memorandum

TO : Investigations Unit
Honolulu, Hawaii

DATE: November 7, 1966

FROM : Emmett, D. Kelleher, Deputy District Director
Honolulu, Hawaii

SUBJECT: Lolo Egenere, A11 128 294, Applicant for Section 212(e) Waiver

Please attempt to locate Lolo Egenere. His last address
in the file is 326 Ohio Avenue, Long Beach, California.
To contact his employer, refer to enclosed ....

PH. 961-115   Business #

Plans to join husband next
Summer if she can save enough
money. sst

| Family Name (Capital letters) | First Name | Middle Initial | |
|---|---|---|---|
| SOETORO | LOLO | S-36C | |

| Country of Citizenship | Passport or Alien Registration Number |
|---|---|
| INDONESIA | # 1/63 |

Untied States Address (Number, Street, City and State)
7200 Achu Ave, HONOLULU, ____

Airline and Flight No. or Vessel of Arrival — Sept 26, '63 TANAM
Passenger Boarded at — NAGOYA

Number, Street, City, Province (State) and Country of Permanent Residence
DJEMB OR JINRAY 14, TOWN ZURO, NESIA

Month, Day and Year of Birth — Jan 2, 1937

City, Province (State) and Country of Birth
PAVLIUG WEST JAVA

Visa Issued at — JUAKARTA

Month, Day and Year Visa Issued — SEPT 25, 1963

SURRENDER THIS COPY WHEN LEAVING
THE UNITED STATES—SEE REVERSE

IMMIGRATION &
NATURALIZATION
SERVICE
HONOLULU
1963 OCT 30  PM 2:42

000071

10/20/66

Mr. and Mrs. Iola Soetoro 
3326 Oahu Ave
Honolulu, Hawaii

Dear Mr. and Mrs. Soetoro:

117

10/14/66

000872

UNITED STATES GOVERNMENT

# Memorandum

TO : District Director
Honolulu, Hawaii

DATE: September 15, 1966

FROM : Everett J. Sharp, Acting Assistant Regional
Commissioner, Travel Control, Southwest Region

SUBJECT: ████████████ Section 212(e) Waiver Applicant.

Subject file is returned for your further consideration.