**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**DR. ORLY TAITZ, ESQ., ET AL.**                                   **PLAINTIFFS**

**V.**                                   **CIVIL ACTION NO. 3:12cv280-HTW-LRA**

**DEMOCRAT PARTY OF MISSISSIPPI, ET AL.**                       **DEFENDANTS**

---

**MISSISSIPPI SECRETARY OF STATE'S
MEMORANDUM OF AUTHORITIES SUPPORTING
MOTION FOR JUDGMENT ON THE PLEADINGS**

---

## I.  INTRODUCTION

Lead Plaintiff Orly Taitz is a California attorney and apparent United States Senate candidate whose notoriety is derived in part by her numerous unsuccessful lawsuits over the past four years in which she, as an attorney or party, has alleged that Barack Obama is not eligible to hold the office of the President of the United States.[1]  In February 2012, Taitz imported her failed arguments to Mississippi by filing this action against the Mississippi Secretary of State and the Mississippi Democratic Party, initially under Mississippi Code 23-15-961, as a putative challenge to President Obama's qualifications and seeking his removal from the Mississippi's Democratic presidential preference primary ballot.  The original complaint was untimely filed and thus jurisdictionally defective, failed to state a claim, and otherwise deficient in many other respects.  But before the Hinds County Circuit Court could hold a hearing or rule on any of the jurisdictional or merits issues regarding Taitz's complaint, the Mississippi presidential preference

---

[1] A list of more than 100 known lawsuits challenging or related to President Obama's eligibility to be President, including approximately 50 rejected by federal courts, is affixed hereto as Exhibit "A."  Taitz has appeared as an attorney or party in many of the cases.  None of her cases, or any other case challenging President Obama's eligibility, has ever been successful.

primary held on March 13, 2012 and President Obama overwhelmingly prevailed in that election.

Undeterred, and instead of filing a new and separate action, in mid-April 2012, Taitz attempted to transform her case into a challenge against President Obama's ballot status for the November 2012 Mississippi general election, and make claims for damages.  Taitz filed a First Amended Complaint purporting to add a statutory general election challenge under Mississippi Code Section 23-15-963, several new plaintiffs, several new defendants (including President Obama), and a RICO cause of action against the Mississippi Democratic Party and the new defendants.

The Defendants accordingly removed plaintiffs' action to this Court pursuant to 28 U.S.C. § 1331.  Now, the Secretary of State moves to dismiss all of plaintiffs' claims for declaratory and/or injunctive relief and based on Sections 23-15-961 and 23-15-963 against him. None of plaintiffs' claims were properly or timely filed under the election contest statutes, thus, no courts have jurisdiction to adjudicate them.  Further, courts lack jurisdiction to order the types of declaratory and/or injunctive relief sought against the Secretary of State.  To do so would be inconsistent with Mississippi law.  Finally, plaintiffs have not properly set forth any alleged RICO claims against the Secretary of State.  As explained below, due to these jurisdictional and other reasons, the plaintiffs' claims against the Secretary of State should be dismissed.

## II.  FACTS

### A.    Taitz's Challenge to Mississippi's Presidential Preference Primary.

Taitz's initial claims against the Secretary of State focused on President Obama's eligibility for the 2012 Mississippi Democratic presidential preference primary.  The Secretary of State's duty and authority with respect to presidential primaries conducted by political parties is

2

defined by statute.  Relevant to the dispute regarding President Obama, Code Section 23-15-1089

requires that

> [t]he Secretary of State shall place the name of a candidate upon the presidential
> preference primary ballot when the Secretary of State shall have determined that
> such a candidate is generally recognized throughout the United States or
> Mississippi as a candidate for the nomination of President of the United States.
>
> On or before December 15 immediately preceding a presidential preference
> primary election the Secretary of State shall publicly announce and distribute to
> the news media for publication a list of the candidates he intends to place on the
> ballot at the following presidential preference primary election. Following this
> announcement he may add candidates to his selection, but he may not delete any
> candidate whose name appears on the announced list, unless the candidate dies or
> has withdrawn as a candidate as provided in this chapter.

Miss. Code Ann. § 23-15-1089.   On December 15, 2011, the Secretary of State publicly released

the list of "generally recognized candidates" for the nomination of President and included on that

list President Obama.  [*See* December 15, 2011 Press Release, Exhibit B to Motion to Dismiss

Original Circuit Court Petition, State Court Record Vol. 6, Docket No. 6; Miss. Code Ann. § 23-

15-1089].

Subsequently, Taitz attempted to invoke Mississippi Code Section 23-15-961 to

challenge President Obama's eligibility to appear on the presidential preference primary ballot.

On or about January 8, 2012, pursuant to Section 23-15-961(1), she submitted an "Official

Petition" to the Executive Committee of the Mississippi Democratic Party purportedly

challenging President Obama's citizenship and thereby his qualifications to hold the office of

President.  The petition demanded that President Obama be removed from the Democratic

Party's primary ballot. [*See* Exhibit 1 to Original Circuit Court Petition at pp. 8-19, State Court

Record Vol. 1, Docket No. 6].

Taitz claimed that the Democratic Party took no action on her "Official Petition." [*See id.* at p. 4]. Citing Section 23-15-961(3), Taitz interpreted this non-action to be a denial of her request to remove President Obama from the primary ballot. On February 14, 2012, Taitz filed her original complaint against the Mississippi Democratic Party and the Secretary of State with the Hinds County Circuit Court pursuant to Section 23-15-961(4).[2] [*Id.*].

Taitz's case was assigned to Special Circuit Court Judge R. Kenneth Coleman pursuant to Section 23-15-961(5). On March 1, 2012, the Secretary of State filed a Motion to Dismiss the original complaint. [*See* SOS Motion to Dismiss, State Court Record Vol. 6, Docket No. 6]. On March 7, 2012, the Mississippi Democratic Party filed a Motion to Dismiss the original complaint. [*See* MS Democratic Party Motion to Dismiss, State Court Record Vol. 7, Docket No. 6]. The parties thereafter submitted briefs to the Circuit Court on the Motions to Dismiss and other issues.[3] Meanwhile, on March 13, 2012, Mississippi's presidential preference primary was held as scheduled along with primary elections for other various offices.

On March 26, 2012, Judge Coleman set a hearing on all outstanding issues for April 16, 2012. [*See* March 26, 2012 Order, State Court Record Vol. 11, Docket No. 6]. On April 13, 2012, the Secretary of State and the Mississippi Democratic Party served and filed Answers and Defenses to the original complaint, in addition to their previous Motions to Dismiss. [*See* Answers and Defenses, State Court Record Vol. 10-11, Docket No. 6]. Also on April 13, 2012, the Circuit Court entered an order continuing the April 16 hearing due to personal reasons

---

[2] Taitz filed the original complaint as a *pro se* plaintiff. No licensed Mississippi attorney has appeared in this action on her behalf.

[3] The additional issues raised by Taitz and the Mississippi Democratic Party included motions for sanctions, charges of barratry, and efforts by Taitz to conduct discovery including issuance of subpoenas to various out-of-state parties for depositions and documents.

involving Judge Coleman. [*See* April 13, 2012 Order, State Court Record Vol. 10, Docket No.

6].

**B.      Plaintiffs' Challenge to the Mississippi General Election and Their First Amended Complaint.**

      After the presidential preference primary took place, Taitz shifted her focus to the 2012

Mississippi general election.  On April 1, 2012, Taitz sent an email to Sam Begley, attorney for

the Mississippi Democratic Party, attempting to initiate a general election challenge petition

under Mississippi Code Section 23-15-963(1).  [*See* April 1, 2012 Email correspondence, affixed

hereto as Exhibit "B"; First Amended Complaint at p. 15, Exhibit "A" to Docket No. 1].  Taitz

never actually filed that April 1, 2012 "petition" with the Mississippi Democratic Party.

      On or about April 14, 2012, Taitz served the Secretary of State and the Mississippi

Democratic Party with a First Amended Complaint by mail.  The First Amended Complaint

repeated Taitz's original claim based on Section 23-15-961. [*See* First Amended Complaint,

Exhibit "A" to Docket No. 1].  It also (1) added new plaintiffs including Brian Fedorka, Laurie

Roth, Leah Lax and Tom MacLeran,[4] (2) added new defendants including President Obama,

Obama for America, Nanci Pelosi, Dr. Alvin Onaka, Loretta Fuddy, and Michael Astrue, (3)

included a new claim against the Secretary of State and the Mississippi Democratic Party based

on Section 23-15-963 seeking to have President Obama removed from the Mississippi general

election ballot in November 2012, and (4) included a new federal RICO claim asserted against

the Mississippi Democratic Party and the new defendants. [*Id.*].  The First Amended Complaint

---

    [4]  The First Amended Complaint does not clearly indicate whether the new plaintiffs intend to proceed *pro se* or whether they consider themselves represented by Taitz.  As of this writing, no attorney licensed to practice law in Mississippi has entered an appearance on their behalf.

was not filed with the Hinds County Circuit Clerk until April 19, 2012, and was not accompanied by a bond required by Section 23-15-963(4).

Subsequently, Judge Coleman advised the parties that the case would be set for hearing on May 7, 2012.  Taitz then filed a motion with the Mississippi Supreme Court accusing Judge Coleman of bias (allegedly for ignoring her case) and requesting that he be removed from the case. [*See* Supreme Court Motion, State Court Record - Supreme Court Vol. 1, Docket No. 7]. Ironically, Taitz further demanded that the May 7, 2012 hearing should be postponed on account of her motion to the Supreme Court.  Judge Coleman submitted an order postponing the May 7 hearing shortly thereafter and, later, an order voluntarily recusing himself from the case.

On April 24, 2012, the Secretary of State removed the case based on federal question jurisdiction. [Notice of Removal, Docket No. 1].  The Mississippi Democratic Party joined in removal. [Notice of Joinder, Docket No. 4].  None of the new defendants were properly served with a copy of a summons and the First Amended Complaint prior to removal.  Plaintiffs' claims against the Secretary of State are now due to be dismissed.

### III.  LEGAL ARGUMENT

**A.     Plaintiffs' General Election Challenge Should be Dismissed.**

Plaintiffs' chief claim seeks declaratory and prospective injunctive relief preventing the Secretary of State from including President Obama on the Mississippi ballot for the 2012 general election. [*See* First Amended Complaint at p. 43, Exhibit "A" to Docket No. 1].  There at least two reasons plaintiffs' general election claims against the Secretary of State should be dismissed.

1.     **The General Election Challenge is Untimely, and Thus No Court has Jurisdiction to Adjudicate the Claims.**

Mississippi Code Section 23-15-963 provides the exclusive procedure by which a candidate's qualifications may be challenged for a general election.  *See* Miss. Code Ann. § 23-15-963(7).  Section 23-15-963 contains strict time limitations for filing a general election qualifications challenge.  Those time limitations include:

> (1) Any person desiring to contest the qualifications of another person who has qualified pursuant to the provisions of Section 23-15-359, Mississippi Code of 1972, as a candidate for any office elected at a general election, **shall file a petition specifically setting forth the grounds of the challenge not later than thirty-one (31) days after the date of the first primary election set forth in Section 23-15-191, Mississippi Code of 1972.** Such petition shall be filed with the same body with whom the candidate in question qualified pursuant to Section 23-15-359, Mississippi Code of 1972.
>
> (2) Within ten (10) days of receipt of the petition described above, the appropriate election officials shall meet and rule upon the petition. At least two (2) days before the hearing to consider the petition, the appropriate election officials shall give notice to both the petitioner and the contested candidate of the time and place of the hearing on the petition. Each party shall be given an opportunity to be heard at such meeting and present evidence in support of his position.
>
> (3) **If the appropriate election officials fail to rule upon the petition within the time required above, such inaction shall be interpreted as a denial of the request for relief contained in the petition.**
>
> (4) Any party aggrieved by the action or inaction of the appropriate election officials may **file a petition for judicial review to the circuit court** of the county in which the election officials whose decision is being reviewed sits. **Such petition must be filed no later than fifteen (15) days after the date the petition was originally filed with the appropriate election officials. Such person filing for judicial review shall give a cost bond in the sum of Three Hundred Dollars ($ 300.00) with two (2) or more sufficient sureties conditioned to pay all costs in case his petition be dismissed, and an additional bond may be required, by the court, if necessary, at any subsequent stage of the proceedings.**

Miss. Code Ann. § 23-15-963(1) (emphasis added).  The time limits in the Section are mandatory

and jurisdictional, as the statute provides the exclusive method to challenge a candidate's qualifications for the general election.  *See* Miss. Code Ann. § 23-15-963(7).

None of the plaintiffs here properly filed any petition with the Mississippi Democratic Party pursuant to Section 23-15-963(1).  Rather, on April 1, 2012, Taitz sent an email to Sam Begley, attorney for the Mississippi Democratic Party, purporting to be a challenge petition under Section 23-15-963(1).  [*See* April 1, 2012 Email correspondence, affixed hereto as Exhibit "B"; First Amended Complaint at p. 15, Exhibit "A" to Docket No. 1].  No other petition was ever actually filed with the Mississippi Democratic Party.

Nevertheless, even assuming that Taitz's April 1, 2012 email constituted a proper petition under Section 23-15-963(1), the plaintiffs' lawsuit is still untimely.  After the April 1, 2012 email, the Mississippi Democratic Party had ten days to rule on the petition.  *See* Miss. Code Ann. § 23-15-963(2).  Since no ruling was ever made, the petition was deemed denied as of April 11, 2012.  *See* Miss. Code Ann. § 23-15-963(3).

Meanwhile, and more importantly, Taitz (and/or her co-Plaintiffs) had to *file* a petition for judicial review with the Hinds County Circuit Court and pay a cost bond within fifteen days of the original April 1, 2012 petition to the Mississippi Democratic Party.  Miss. Code Ann. § 23-15-963(4).  The only document that could possibly be considered such a filing is Plaintiffs' First Amended Complaint.  The First Amended Complaint was not *filed* until April 19, 2012 and was unaccompanied by the required bond.  Plaintiffs were required to *file* a Circuit Court petition no later than April 15, 2012.  They failed to do so.[5]  Their general election claim is thus barred and

---

[5]  Plaintiffs' failure to file a cost bond with their April 19 filing is another reason their general election challenge should be dismissed.  Under Mississippi law, failure to comply with a statutory bond requirement divests a reviewing court of any authority to hear a petition.  *See Chandler Paul Khurana d/b/a VK Quick Mart and VK's*

no court has jurisdiction to decide plaintiffs' general election-based claims.

**2.      Plaintiffs' General Election Challenge Does not State a Claim Against the Secretary of State.**

Alternatively, even if Plaintiffs have somehow timely filed their general election challenge, they have still failed to state a valid claim for declaratory or injunctive relief against the Secretary of State.  As a matter of law, they are not entitled to any injunction barring the Secretary of State from performing his statutory duties in connection with the general election. No courts have jurisdiction to hear any such claims for relief.  Plaintiffs' general election-based claims for declaratory and injunctive relief must be dismissed for that alternative reason as well.

The First Amended Complaint does not reference the source of the Secretary of State's duties regarding the inclusion of candidates on the Mississippi general presidential election ballot.  By statute, the Secretary of State must place all candidates nominated by a national convention of a political party on the presidential election ballot.  The state elections code provides the specific procedure:

> (1) When presidential electors are to be chosen, the Secretary of State of Mississippi **shall certify** to the circuit clerks of the several counties **the names of all candidates for President and Vice President who are nominated by any national convention or other like assembly of any political party** or by written petition signed by at least one thousand (1,000) qualified voters of this state.

Miss. Code Ann. § 23-15-785(1) (emphasis added).  The names of all nationally nominated candidates must be provided to the Secretary of State in advance of the election:

> (2) The certificate of nomination by a political party convention must be signed by the presiding officer and secretary of the convention and by the chairman of the state executive committee of the political party making the nomination. Any

_____

*Wine & Liquor v. Miss. Dep't of Revenue*, No. 2010-CA-01598-SCT at ¶ 11 (Miss. April 12, 2012); *Aikns v. Miss. Dep't of Revenue*, 70 So. 3d 204, 209 (Miss. 2011).

> nominating petition, to be valid, must contain the signatures as well as the addresses of the petitioners. The certificates and petitions must be filed with the State Board of Election Commissioners by filing them in the Office of the Secretary of State by 5:00 p.m. not less than sixty (60) days previous to the day of the election.

Miss. Code Ann. § 23-15-785(2).  The statute further provides the procedures for including the oaths of presidential electors with the certificates of nomination, and the procedure for placing the names of the party's presidential and vice-presidential candidates on the ballot in lieu of the names of their specific electors.  Miss. Code Ann. § 23-15-785(3) & (4).  The statutory provisions are mandatory.  They leave no room for discretion as to whom the Secretary of State must include on the ballot.[6]

Under Mississippi law, no injunction may issue against the Secretary of State for the performance of any duties which are not judicial or quasi-judicial in nature.  In other words, the Secretary cannot be prohibited from performing a non-judicial duty imposed on him by law.  The Mississippi Supreme Court has long followed that rule.  For example, in *Barnes v. Landner*, several plaintiffs sought an injunction against the Secretary of State to prevent him from tabulating election returns and certifying the results of a special election to ratify a constitutional amendment as required by law.  131 So. 2d 458, 463-64 (Miss. 1961).  Dismissal of plaintiffs' challenge was affirmed on appeal for many reasons, including that the Secretary of State's election duties were prescribed by statutes which left no discretion for him to act.  *Id.* at 464. After reviewing several authorities holding that courts have no jurisdiction to enjoin public

---

[6] Obviously, as of this writing, the national Democratic Party has not yet held its convention and officially nominated President Obama to run for President in the 2012 election.  Assuming President Obama will be the Democratic nominee, the Secretary of State's mandatory duty to place him on the ballot will be triggered once a certificate of nomination for President Obama is received later this year.

officials from performing mandatory duties, the Mississippi Supreme Court explained that

> [i]t is true that the Secretary of State under our statutes has multiple duties to perform and is vested with quasi-judicial powers under some statutes; but his functions in receiving and tabulating the election returns sent in by the election commissioners of the 82 counties, and in issuing his proclamation certifying the result of the election on a proposed constitutional amendment are not in our opinion judicial or quasi-judicial; and **the circuit court was without power in this case to restrain or prohibit the Secretary of State from performing the acts mandatorily required of him by Code Section 3280, and Section 273 of the Constitution**.

*Id.* (emphasis added).  *See also In re Wilbourn*, 590 So. 2d 1381, 1385-86 (Miss. 1991) (vacating temporary restraining order barring election commission from performing statutorily mandated duties).

Plaintiffs' general election claims against Secretary of State Hosemann here are just like the failed claims against Secretary of State Ladner back in 1961.  Section 23-15-785 prescribes the procedure by which the Secretary of State submits nationally nominated candidates for inclusion on the Mississippi ballot.  He has no discretion in performing those duties.  He has no judicial or quasi-judicial function under those statutes.  Under Mississippi law, no court can order him not to do those acts which are required by law.  For this alternative reason, plaintiffs' general election challenge fails to state a claim against the Secretary of State and should be dismissed.

**B.      Plaintiffs' Presidential Primary Challenge Should be Dismissed.**

In addition to their general election challenge, and after having failed to obtain a pre-primary election injunction preventing President Obama from appearing on the March 2012 Mississippi Democratic presidential preference primary ballot, plaintiffs still seek declaratory and injunctive relief requiring the Secretary of State to "de-certify" or "annul" all votes for

President Obama in the presidential preference primary.  [*See* First Amended Complaint at p. 43, Exhibit "A" to Docket No. 1].  There at least three reasons plaintiffs' retrospective challenge to the presidential preference primary is defective, and like their general election challenge, should be dismissed.

### 1.    The Primary Election Claim is Untimely, Thus No Court has Jurisdiction to Adjudicate their Claims.

Plaintiffs' putative qualifications challenge to President Obama's eligibility for the Mississippi presidential preference primary failed to comply with the strict time limitations required for any such claim.  Mississippi Code Section 23-15-961 provides the exclusive method by which the qualifications of a candidate seeking public office may be challenged.  Miss. Code Ann. § 23-15-961(7).

The statutory time limitations for filing a claim under Section 23-15-961 include (1) a deadline to file an objection with the party's executive committee, and (2) a deadline to file any appeal with the circuit court.  The time limitations are jurisdictional and a failure to file within the specified deadlines requires dismissal of the petition.  *See Gourlay v. Williams*, 874 So.2d 987, 988 (Miss. 2004) (dismissing petition found to be non-compliant with Section 23-15-961). Plaintiffs' challenge in this case failed the second statutory deadline.

Pre-election challenges must be quickly resolved or risk delaying the election, so state law requires a person seeking to contest a candidate's qualifications to act briskly.  Mississippi Code Section 23-15-961 sets forth the following jurisdictional deadlines:

- A petition to challenge a candidate's qualifications must be filed with the political party "within ten (10) days after the qualifying deadline for the office in question." Miss. Code Ann. § 23-15-961(1).

- The party's executive committee must rule on the challenge "within ten (10) days of receipt of the petition." Miss. Code Ann. § 23-15-961(2). If the executive committee does not act with the ten days, the inaction "shall be interpreted as a denial of the request for relief contained in the petition." Miss. Code Ann. § 23-15-961(3).

- Any party aggrieved by the action or inaction of the executive committee may file a petition for judicial review to the circuit court. "Such petition must be *filed no later than fifteen (15) days after the date the petition was originally filed with the appropriate executive committee*." Miss. Code Ann. § 23-15-961(4) (emphasis supplied).

Taitz (the only plaintiff who claims to have filed any qualifications challenge with respect to the presidential preference primary) did not meet the Section 23-15-961(4) mandatory deadline. She did not file her original petition for review within fifteen days "after the date the petition was originally filed with the appropriate executive committee." Miss. Code Ann. § 23-15-961(4).

According to her own original allegations, Taitz filed her petition with the Democratic Party's Executive Committee on or after January 8, 2012. [*See* Original Complaint at pp. 8 and 19, State Court Record Vol. 1, Docket No. 6]. Although it is difficult to determine on which exact date Taitz filed her petition with the Executive Committee, we know that, in order to be timely, the petition had to be filed with the Executive Committee on or before January 24, which is ten days after the January 14 qualifying deadline. *See* Miss. Code Ann. §§ 23-15-961 (requiring petition to be filed with the executive committee "within ten (10) days after the qualifying deadline") and 23-15-1093 (requiring presidential qualifying to occur "before January 15"). Thus, Taitz's challenge petition must have been filed with the Executive Committee

13

sometime between January 8 and January 24.[7]

If the challenge petition was filed with the Executive Committee on some date between January 8 and January 24, her fifteen day deadline to file her petition with the Hinds County Circuit Court expired at the earliest on January 23 and at the latest on February 8. Taitz did not file her petition with the Hinds County Circuit Court until February 14. She missed the deadline by at least six days. Accordingly, Taitz's petition failed to comply with the statute and thus should be dismissed. *See Gourlay*, 874 So.2d at 988.

### 2. Plaintiffs' Primary Election Challenge Does Not State a Claim Against the Secretary of State.

Even if the Section 23-15-961 claim is not barred for failure to meet statutory deadlines, the primary election relief plaintiffs seek against the Secretary of State fails for similar reasons that their general election challenge should be dismissed. The Secretary of State cannot be compelled by the courts to do something that he has no authority to do. Plaintiffs thus have no valid claim to declaratory or injunctive relief requiring the Secretary of State to "de-certify" or "annul" all votes for President Obama cast in the Mississippi presidential preference primary election. No courts have jurisdiction to grant any such retrospective relief against the Secretary of State.

Plaintiffs seek a mandatory injunction compelling the Secretary of State to act. Specifically, according to plaintiffs, President Obama was not qualified to appear on the Mississippi Democratic presidential preference ballot and therefore the primary election results

---

[7] If the petition was filed with the Executive Committee after January 24, Taitz would have missed the first deadline set forth in Section 23-15-961(3) and the result would be the same: dismissal for failure to comply with the deadlines in Section 23-15-961. *See Gourlay,* 874 So.2d at 988.

should be thrown out by the Secretary of State.  But President Obama's qualifications never presented an issue that the Secretary of State had to, or even could, decide in the first place. Now, that issue cannot be used to retroactively invalidate the primary results.

By seeking an order requiring the Secretary of State to perform an official function, plaintiffs are seeking mandamus relief against him.  *See Dupree v. Carroll*  967 So.2d 27, 28 (Miss. 2007) ("The writ of mandamus exists to force an elected official to perform a duty of office.").  Four "essential elements" must coexist before a writ of mandamus may issue: "(1) the petitioner must be authorized to bring the suit, (2) there must be a clear right in petitioner to the relief sought, (3) there must exist a legal duty on the part of the defendant to do the thing which the petitioner seeks to compel, and (4) there must be no other adequate remedy at law."  *Bennett v. Board of Sup'rs of Pearl River County*, 987 So.2d 984, 986 (Miss. 2008).  An official can only be mandamused to perform a ministerial, as opposed to a discretionary, act.  *In re Election for House of Representatives Dist. 71*, 987 So.2d 917, 920 (Miss. 2008).  Finally, because a writ of mandamus must be premised on a clear legal right to have the officer perform the duty sought to be compelled, a "mandamus cannot be availed of to compel an officer to do that which he has no legal right to do."  *Board of Sup'rs of Winston County v. Adams*, 144 So. 476, 477 (Miss. 1932).

The First Amended Complaint does not even plead enough to met any of the elements required for mandamus.  Furthermore, plaintiffs could never meet all the elements, as a matter of law.

For example, plaintiffs cannot point to any clear legal duty to evaluate any presidential candidate's qualifications, or reverse election results if a candidate is unqualified.  To the contrary, the Secretary of State is not authorized to make any determination of who is, or who is

not, qualified to appear on primary ballots.  His duties are clearly defined by Mississippi Code Section 23-15-1089.  The Secretary of State is required by law to place each "generally recognized" candidate on the presidential primary ballot.  Section 23-25-1089 makes no mention of determining whether a generally recognized candidate meets the federal law qualifications to be President.  Section 23-15-1089 provides no authority for the Secretary of State to refuse to place on the ballot a generally recognized presidential candidate.

Rather, in mid-December preceding every presidential election year, Section 23-15-1089 authorizes the Secretary of State to make one, and only one, determination about a presidential candidate: whether he or she is "generally recognized throughout the United States or Mississippi as a candidate for the nomination of President of the United States."  If that person is generally recognized as a candidate, then the Secretary of State is required by law to place the name on the primary ballot.  The statute does not authorize the Secretary of State to investigate whether a generally recognized candidate meets the qualifications for the office established by federal law.  Section 23-15-1089 simply does not impose a "clear legal duty" on the Secretary of State to undertake such a review and, therefore, mandamus relief cannot be ordered.

The conclusion that Mississippi's statute regarding presidential primary ballots does not authorize the Secretary of State to examine the qualifications of a "generally recognized" candidate is supported by a California court's interpretation of that state's materially identical statutory language.  In *Keyes v. Bowen*, 189 Cal.App.4th 647 (Cal.App. 3 Dist. 2010), a case in which Plaintiff Taitz participated, and lost, the court affirmed the dismissal of a mandamus action against the California Secretary of State seeking to remove then candidate Barack Obama from the primary ballot.  California's statute required the Secretary of State to "place the name of

16

a candidate upon the presidential primary ballot when he or she has determined that the candidate is generally advocated for or recognized throughout the United States or California as actively seeking the nomination of the Democratic Party for President of the United States. . .." *Id.* at 658.  The court found that this statute did not "impose a clear, present, or ministerial duty on the Secretary of State to determine whether the presidential candidate meets the eligibility criteria of the United States Constitution." *Id*.

This Court should reach the same result as the *Keyes* court.  Any request for mandamus relief against the Secretary of State with respect to the presidential preference primary should be dismissed.  The Secretary of State never had a clear legal duty under state law to determine whether any candidate is qualified to be President before placing that candidate on a party's primary ballot.  Plaintiffs cannot obtain mandamus relief now requiring the Secretary of State to make such a determination, and thereby retroactively invalidate the primary election results.  That is another reason plaintiffs' claim for primary election relief should be dismissed.

3.      **The Primary Election Challenge is Moot.**

Additionally, even if plaintiffs' original petition was timely filed under Section 23-15-961, or the mandatory injunctive relief sought against the Secretary of State could ever be proper, their primary election claims are moot.  Mississippi's presidential preference primary was held on March 13, 2012.  Plaintiffs never obtained an injunction prior to the election.  Therefore, injunctive relief would be inappropriate because it is impossible to restore the pre-primary election status quo.  *See Hall v. Beals*, 396 U.S. 45, 48 (1969) (pre-election claims become moot where an injunction cannot preserve pre-election status quo); *Sheldon v. Ladner*, 38 So. 2d 718, 719 (Miss. 1949) (holding election mooted challenge against the Secretary of State seeking to

17

restrict names of persons to appear on Mississippi ballot for President).  That is a third reason

plaintiffs' claim for primary election relief should be dismissed.

**C.      Plaintiffs' RICO Claims Should be Dismissed.**

**1.      Plaintiffs Have Disavowed any Purported RICO claims Against the Secretary of State.**

Plaintiffs have expressly disclaimed any RICO claims against the Secretary of State. [*See*

First Amended Complaint at p. 4 (stating "Secretary of State is NOT being sued in RICO causes

of action), Exhibit "A" to Docket No. 1].  Any purported RICO claims against the Secretary of

State can be dismissed on that basis alone.

**2.      If Plaintiffs Intend to Pursue RICO Claims Against the Secretary of State, They Have Failed to Properly Plead Them.**

Even if Plaintiffs are attempting to assert any RICO claims against the Secretary of State,

any such claims should be dismissed because the First Amended Complaint does not set forth

any allegations against the Secretary of States that satisfy the necessary elements for a RICO

action.  In order to establish a RICO claim, a plaintiff must plead and prove "'(1) a person who

engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment,

conduct, or control of an enterprise.'"  *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009)

(quoting *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007)).  The "pattern of racketeering

activity" element requires proof of "two or more predicate criminal acts that are (1) related and

(2) amount to or pose a threat of continued criminal activity."  *Id.*  The "predicate criminal acts"

can be violations of either state or federal criminal laws.  *Id.*

The First Amended Complaint does not mention, much less specifically plead, any

particular racketeering activity, predicate criminal acts, or any other elements of a RICO claim, allegedly committed by or involving the Secretary of State. [*See* First Amended Complaint at pp. 28-43, Exhibit "A" to Docket No. 1].  The First Amended Complaint therefore does not satisfy the most basic pleading requirements imposed by the Rules of Civil Procedure.  *See* Fed. R. Civ. P. 8; *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1954 (2009).  Further, not only do the allegations fail Rule 8, to the extent Plaintiffs' RICO claims are based on fraud, their allegations doe not satisfy the heightened pleading requirements of Rule 9(b).  *See Huffmaster v. Foster*, 565 F.Supp.2d 693, 698 (S.D. Miss. 2008) (dismissing RICO claims based on fraud for failure to satisfy Rule 9(b) pleading requirements).  For either, or both of these reasons, any RICO claims purportedly asserted against the Secretary of State in the First Amended Complaint should be dismissed.

## IV.  CONCLUSION

For the above reasons, and those set forth in the Secretary of State's separate Motion for Judgment on the Pleadings, the Secretary of State respectfully requests the Court to enter an order granting his Motion for Judgment on the Pleadings and dismissing all of plaintiffs claims asserted against the Secretary of State in this action.

THIS the 27th day of April, 2012.

Respectfully submitted,

Delbert Hosemann, Mississippi
Secretary of State

BY:   Jim Hood, Attorney General
State of Mississippi

19

BY:   <u>S/Justin L. Matheny</u>
Harold E. Pizzetta, III (Bar No. 99867)
*hpizz@ago.state.ms.us*
Justin L. Matheny (Bar No. 100754)
*jmath@ago.state.ms.us*
Office of the Attorney General
550 High Street, Suite 1200
P.O. Box 220
Jackson, MS 39205
Telephone: (601) 359-3680
Facsimile: (601) 359-2003

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been filed with the Clerk of Court electronically and thereby served on the following persons, and/or served by electronic mail where indicated:

Orly Taitz
29839 Santa Margarita Parkway, Suite 100
Rancho Santa Margarita, CA 92688
orly.taitz@gmail.com

Samuel L. Begley
Begley Law Firm, PLLC
P.O. Box 287
Jackson, MS 39205
sbegley1@bellsouth.net

Scott J. Tepper
Garfield & Tepper
1801 Century Park East, Suite 2400
Los Angeles, CA 90067-2326
scottjtepper@msn.com

And to the following person by electronic mail:

Brian Fedorka
bfedorka82@gmail.com

Laurie Roth
drljroth@aol.com

Leah Lax
leahlax1234@aol.com

Tom MacLeran
tom@macleran.com

THIS the 27th day of April, 2012.

<u>S/Justin L. Matheny</u>
Justin L. Matheny
