**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**DR. ORLY TAITZ, ESQ., ET AL.** **PLAINTIFFS**

**V.** **CIVIL ACTION NO. 3:12cv280-HTW-LRA**

**DEMOCRAT PARTY OF MISSISSIPPI, ET AL.** **DEFENDANTS**

---

**MISSISSIPPI SECRETARY OF STATE'S RESPONSE
IN OPPOSITION TO PLAINTIFFS' "DEMAND FOR IMMEDIATE
TERMINATION OF UNLAWFUL PROCEEDINGS IN FEDERAL COURT
AND FOR SANCTIONS AGAINST THE SECRETARY OF STATE
AND DEFENDANTS ATTORNEY"**

---

Defendant Mississippi Secretary of State Delbert Hosemann files this Response in Opposition to Plaintiffs' "Demand for Immediate Termination of Unlawful Proceedings in Federal Court and for Sanctions Against the Secretary of State and Defendants Attorney" [Docket No. 11] and states:

1. Plaintiffs' lawsuit claims that President Obama is not qualified to hold the Office of President of the United States. In mid-April 2012, they filed a First Amended Complaint seeking declaratory and injunctive relief to that effect, and also accusing President Obama and defendants of violating federal RICO laws. As a consequence, the Secretary of State and the Mississippi Democratic Party timely removed the case to this Court before any other defendants were served.

2. In response, plaintiffs have apparently filed a motion styled as a "Demand for Immediate Termination of Unlawful Proceedings in Federal Court and for Sanctions Against the Secretary of State and Defendants Attorney." Plaintiffs cite no facts or authorities supporting

their arguments. However, they are in effect asking the Court to remand the case to state court and order sanctions against Secretary of State Delbert Hosemann and his attorneys in this action. Plaintiffs' motion does not assert any valid basis for any of the relief sought. It should be denied.

**Relevant Procedural Facts**

3. Lead plaintiff Orly Taitz filed this action in the Circuit Court of Hinds County, First Judicial District, on February 17, 2012. Taitz's original complaint was filed against the Secretary of State and the Mississippi Democratic Party and sought to have President Obama removed from the ballot for the 2012 Mississippi Democratic presidential preference primary. [Original Complaint, State Court Record Vol. 1, Docket No. 6].

4. On or about April 14, 2012, Taitz served the Secretary of State and the Mississippi Democratic Party with a First Amended Complaint by mail. The First Amended Complaint was received by the Secretary of State's counsel on April 19, 2012. The First Amended Complaint added new plaintiffs, defendants and claims, including a federal RICO cause of action against President Obama and others. [*See* First Amended Complaint, Ex. "A" to Docket No. 1].

5. On April 19, 2012, Taitz filed a motion for "interlocutory appeal" with the Supreme Court of Mississippi seeking to force recusal of the trial judge assigned to the case. [*See* State Court Record - Supreme Court Vol. 1, Docket No. 7].

6. On April 24, 2012, the Secretary of State timely removed the case to this Court on account of the First Amended Complaint which pled claims within the federal question jurisdiction of this Court. [*See* Notice of Removal, Docket No. 1]. The Mississippi Democratic Party, the only other defendant who had been served with the First Amended Complaint at the

time of removal, adopted and joined in the Notice of Removal. [*See* Joinder in Notice of Removal, Docket No. 4].

7. Both the Hinds County Clerk and the Mississippi Supreme Court Clerk have been provided with a copy of the Notice of Removal.

**Remand Should be Denied**

8. Plaintiffs assert various illegitimate grounds for remand, including that (1) the removal is "simply attempted an illegal maneuvering in order to bring the case into friendly territory"; (2) defendants "improperly attempted to usurp the jurisdiction of the Supreme Court of Mississippi"; (3) the Secretary of State improperly removed the case because plaintiffs do not specifically allege any RICO claims against him; (4) plaintiffs never consented to removal; and (5) the "Attorney General is simply attempting to assist other defendants and bring defenses on their behalf on taxpayer dime [sic] and against the interests of the taxpayers and voters." [Plaintiffs' Motion at pp. 1-2, Docket No. 11]. No facts or authorities supporting the remand arguments are cited.

9. **Defendants Properly Removed the Case.** The First Amended Complaint sets forth claims over which this Court has original jurisdiction. 28 U.S.C. § 1441. Plaintiffs specifically assert claims under the federal RICO statute, 18 U.S.C. § 1961 *et seq*. [*See* First Amended Complaint, Ex. "A" to Docket No. 1]. Removal was therefore correctly based upon 28 U.S.C. § 1331, and with the Court having jurisdiction over any purported state law claims pursuant to 28 U.S.C. § 1367.[1]

---

[1] Federal RICO claims are obviously within the federal question jurisdiction of the Court and provide a proper basis for removal. *See*, *e.g.*, *National Service Industries, Inc. v. Segarra*, 2012 WL 931975, at *1 (S.D. Miss. Mar. 19, 2012) (recognizing federal question jurisdiction over RICO claims); *Westbrook v. Dream Makers Mortg.*,

10. Removal was timely and otherwise procedurally proper. The Notice of Removal was filed within thirty days of the Secretary of State's receipt of the First Amended Complaint. 28 U.S.C. § 1446(b)(3). The defendant Mississippi Democratic Party timely adopted and joined in the Notice of Removal within 24 hours of its filing. *See* 28 U.S.C. § 1446(b)(2)(A). No other defendants were properly served with a copy of a summons and the First Amended Complaint at the time of removal, therefore, they were not required to join in the Notice of Removal. *See id.*

11. **The Mississippi Supreme Court's Involvement in the Case is Irrelevant.** Plaintiffs' argument that, prior to removal, plaintiffs had filed documents with the Mississippi Supreme Court which purported to be an "interlocutory appeal" provides no basis to remand the case. First, the case was not "on appeal" to the Mississippi Supreme Court when defendants removed it. Plaintiffs were not appealing from a judgment or any other order. Rather, plaintiffs only sought an "interlocutory appeal" to have the assigned judge recused. Their Supreme Court filing did not divest the Hinds County Circuit Court of jurisdiction over the case. *See* Miss. R. App. P. 5(f) ("[t]he petition for appeal shall not stay proceedings in the trial court unless the trial judge or the Supreme Court shall so order.").[2]

12. Second, even if the Mississippi Supreme Court was exercising jurisdiction over the case at the time of removal due to plaintiffs' "interlocutory appeal" filings, that would not

---

*Inc.*, 2011 WL 3876946, at *3 (S.D. Miss. Aug. 31, 2011) (same). The Court's supplemental jurisdiction over plaintiffs' "state law" claims is equally obvious. The bases for plaintiffs' allegations that President Obama is not qualified to be President – for example, that he is using a forged birth certificate – are the same allegations upon which their RICO claims turn, as well as their other claims for declaratory and injunctive relief. *See* 28 U.S.C. § 1367 (supplemental jurisdiction exists over related claims that are part of the same case or controversy as claims conferring original jurisdiction). Further, plaintiffs' related declaratory and injunctive relief claims turn on an interpretation of federal law, *i.e.*, whether President Obama is qualified under the Constitution.

[2] The same would hold true if Taitz's motion filed in the Supreme Court is considered a motion to disqualify under Miss. R. App. P. 48B (proceedings on motion to disqualify judge).

render removal improper. The Mississippi Supreme Court is a "State court" to which 28 U.S.C. § 1441(a) applies. *See*, *e.g.*, *Matter of 5300 Memorial Investors, Ltd.*, 973 F.2d 1160, 1161-62 (5th Cir. 1992) (holding removal under 28 U.S.C. § 1441 effective regardless of whether action was pending in state trial court or appellate court). Upon filing of the Notice of Removal, all proceedings in state court – including the Supreme Court – were thereby stayed. 28 U.S.C. § 1446(d). *See also Moore v. Interstate Fire Ins. Co.*, 717 F.Supp. 1193, 1195 (S.D. Miss. 1989) (explaining once case is removed, "the federal court acquires full and exclusive jurisdiction over the case as though it had been originally commenced in the federal court"). Taitz's having filed a motion at the Supreme Court prior to removal is not grounds for this Court to remand the case.

13. **Defendants Were Entitled to Remove the Case.** Plaintiffs' argument that the Secretary of State was not entitled to remove the case because they assert no RICO claims against him is incorrect. The statutes governing removal do not require that claims forming the basis for removal under 28 U.S.C. § 1331 be specifically asserted against any particular defendant. *See* 28 U.S.C. § 1441(a) (stating "*any civil action* brought in a State court of which the district courts of the United States have original jurisdiction, *may be removed by the defendant or the defendants*, to the district court of the United States. . ..") (emphasis added). Indeed, "if a case is removable, any defendant, including a defendant not named in any federal-law count, must be permitted to file a notice of removal." *Cartwright v. Thomas Jefferson Univ. Hosp.*, 99 F.Supp.2d 550, 553 (E.D. Pa. 2000). Otherwise, plaintiffs would be able to manipulate the defendants' ability to remove a case. *Id.* The Secretary of State was fully within his rights to remove the case.

14. Alternatively, assuming for the sake of argument that the Secretary of State somehow could not remove the case independently, plaintiffs' argument is negated by the fact

that the Mississippi Democratic Party timely adopted and joined in removal. The Mississippi Democratic Party had the right to remove the case based on federal question jurisdiction, at a minimum, because plaintiffs have made RICO allegations against it. By filing its joinder, the Mississippi Democratic Party exercised its own right to effect removal of the case. It did not need to file its own Notice of Removal. *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 & n. 11 (5th Cir. 1988) (joinder to removal consists of timely filed written indication from each served defendant that it has consented to removal); *Ellerbee v. Union Zinc, Inc.*, 881 F.Supp. 162, 164 (E.D. Pa. 1995) (collecting authorities and explaining "[i]t is well-settled, however, that while all defendants must join in the removal attempt, they need not all execute the same notice of removal document."). Therefore, plaintiffs' argument that the Secretary of State had no right to remove the case is irrelevant. For any of these reasons, remand should be denied.

15. **Plaintiffs' Other Unsupported Accusations Provide No Basis for Remand.** Plaintiffs' other arguments for remand, such as accusing defendants of "illegal maneuvering," "usurping" the jurisdiction of state courts, and "improperly using taxpayer funds" to defend against plaintiffs' allegations are not valid bases to seek remand. Like their other arguments, they have not cited any factual or legal support for them and should be summarily rejected.

**<u>Plaintiffs' Request for Sanctions Should be Denied</u>**

16. Plaintiffs have not set forth any valid reason to remand this action. Sanctions based on defendants' removal of the case would therefore be wholly improper.

17. Furthermore, even assuming that plaintiffs have somehow set forth any valid grounds for remand (which they have not), plaintiffs have failed to demonstrate sanctions would be appropriate. Under 28 U.S.C. § 1447(c), costs and expenses can be awarded in a remand

order. However, fees are only appropriate when the removing party lacked an objectively reasonable basis for removal. *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 141 (2005). Plaintiffs have failed to produce any facts, authorities, or even an argument demonstrating defendants lacked an objectively reasonable basis for removing the First Amended Complaint. As set forth above, there are many objectively reasonable bases to dispute plaintiffs' remand arguments. Therefore, plaintiffs' request for sanctions is wholly inappropriate and should be denied.

18. The Secretary of State requests that the Court dispense with the requirement of filing a separate Memorandum of Authorities under the Local Rules in support of this opposition as the reasons and authorities supporting his opposition are fully set forth above.

FOR THESE REASONS, the Secretary of State respectfully requests that the Court enter an order denying plaintiffs' "Demand for Immediate Termination of Unlawful Proceedings in Federal Court and for Sanctions Against the Secretary of State and Defendants Attorney" [Docket No. 11].

THIS the 3rd day of May, 2012.

Respectfully submitted,

Delbert Hosemann, Mississippi
Secretary of State

BY: Jim Hood, Attorney General
State of Mississippi

BY: S/Justin L. Matheny
Harold E. Pizzetta, III (Bar No. 99867)
*hpizz@ago.state.ms.us*
Justin L. Matheny (Bar No. 100754)

*jmath@ago.state.ms.us*
Office of the Attorney General
550 High Street, Suite 1200
P.O. Box 220
Jackson, MS 39205
Telephone: (601) 359-3680
Facsimile: (601) 359-2003

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been electronically filed with the Clerk of Court and thereby served on the following persons, and also separately served by electronic mail as indicated below:

Orly Taitz
29839 Santa Margarita Parkway, Suite 100
Rancho Santa Margarita, CA 92688
orly.taitz@gmail.com

Samuel L. Begley
Begley Law Firm, PLLC
P.O. Box 287
Jackson, MS 39205
sbegley1@bellsouth.net

Scott J. Tepper
Garfield & Tepper
1801 Century Park East, Suite 2400
Los Angeles, CA 90067-2326
scottjtepper@msn.com

And to the following person by electronic mail:

Brian Fedorka
bfedorka82@gmail.com

Laurie Roth
drljroth@aol.com

Leah Lax
leahlax1234@aol.com

Tom MacLeran
tom@macleran.com

THIS the 3rd day of May, 2012.

S/Justin L. Matheny
Justin L. Matheny