Dr. Orly Taitz, ESQ.

29839 Santa Margarita Parkway, Ste. 100

Rancho Santa Margarita, CA  92688

Ph 949-683-5411 F949-766-7603

Orly.Taitz@gmail.com

CA Bar License 223433

In propria Persona in MS

US DISTRICT COURT

SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| DR. ORLY TAITZ, ESQ | ) |
| BRIAN FEDORKA | ) |
| LAURIE ROTH | ) |
| LEAH LAX | ) |
| TOM MacLERAN | ) |
| | ) |
| V | ) |
| DEMOCRAT PARTY OF MISSISSIPPI, | ) |
| SECRETARY OF STATE OF MISSISSIPPI | ) |
| BARACK HUSSEIN OBAMA | ) CASE# 3:12-cv-280 |
| OBAMA FOR AMERICA | ) |
| NANCI PELOSI | ) |
| DR. ALVIN ONAKA | ) |
| LORETTA FUDDY | ) |
| MICHAEL ASTRUE | ) |
| JANE DOES, JOHN DOES 1-100 | ) |

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 11 2012
J. T. NOBLIN, CLERK
BY_____DEPUTY

Plaintiff Dr. Orly Taitz, ESQ moves this court to remand above captioned cast to the state court, as all of the parties were served, only one party Democratic party of Mississippi, joined movant Secretary of State concurring in removal. All other defendants were served and did not join in removal. As such, this this court is without jurisdiction and the case has to be remanded.

## MEMORANDUM IN SUPPORT OF THE MOTION TO REMAND THE ABOVE CAPTIONED CASE TO THE STATE COURT

For remand to be valid, all of the defendant have to consent to remand.

Plaintiffs served all of the defendants. Certified mail receipts showing proof of service are attached herein (Exhibits 1, 2, 3)

Smilgrin v. New York Life Ins. Co., 854 F. Supp. 464 (S.D. Tex. 1994).

All defendants must concur in removal and file their notice of removal within thirty days from when the first defendant was served with state court process. A defendant who does not initially join in the removal may do so, but only if done within the thirty days allotted for removal. Getty Oil Corp. v. Insurance Co. Of North America, 841 F.2d 1254,

1263 (5th Cir. 1988); but see Doe v. Kerwood, 969 F.2d 165, 169 n.15 (5th Cir.

1992) (noting exceptions to rule may be recognized based on equitable concerns and on a case-by-case basis); and see McKinney v. Board of Trustees, 955 F.2d 924, 927 (4th Cir. 1992) (allowing each defendant thirty days from time of service).

Doe v. Kerwood, 969 F.2d 165, 167 (5th Cir. 1992), Acme Brick Co. v. Agrupacion

Exportatdora De Maquinaria Ceramica, 855 F. Supp. 163 (N.D. Tex. 1994).

Pullman Co. v. Jenkins, 305 U.S. 534, 59 S. Ct. 347 (1939). Wesley v. Mississippi

Transp. Comm'n, 857 F. Supp. 523 (S.D. Miss. 1994).

Chicago v. Stude, 346 U.S. 574, 74 S. Ct. 290 (1954).

Only one party, Democratic party of Mississippi joined the movant Secretary of State in consent to removal.

As no other parties consented, the Federal court is without jurisdiction and above captioned case has to be remanded to the state court

Respectfully,

/s/ Dr. Orly Taitz, ESQ

Certificate of service

I, Lila Dubert, over 18 years old, not a party to the above captioned case, attest that I served all the parties in above captioned case via first class mail

/s/ Lila Dubert

05.07.2012