IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**DR. ORLY TAITZ, ESQ., ET AL.**                                                               **PLAINTIFFS**

**V.**                                                      **CIVIL ACTION NO. 3:12cv280-HTW-LRA**

**DEMOCRAT PARTY OF MISSISSIPPI, ET AL.**                                    **DEFENDANTS**

---

**MISSISSIPPI SECRETARY OF STATE'S RESPONSE
IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

---

Defendant Mississippi Secretary of State Delbert Hosemann files this Response in Opposition to Plaintiffs' Motion to Remand [Docket No. 20] and states:

1.  Plaintiffs' lawsuit claims that President Obama is not qualified to hold the Office of President of the United States. In mid-April 2012, they filed a First Amended Complaint seeking declaratory and injunctive relief to that effect, and also accusing President Obama and defendants of violating federal RICO laws. As a consequence, the Secretary of State and the Mississippi Democratic Party timely removed the case to this Court before any other defendants were properly served.

2.  On April 30, 2012, plaintiffs filed a motion styled as a "Demand for Immediate Termination of Unlawful Proceedings in Federal Court and for Sanctions Against the Secretary of State and Defendants Attorney" complaining that their case was improperly removed. [Docket No. 11]. The Secretary of State has responded and explained why plaintiffs are not entitled to remand. [Docket No. 13]. Now, plaintiffs have filed another motion [Docket No. 20] attacking the defendants' timely and proper removal of this case. For the reasons explained below, plaintiffs' new argument for remand should be rejected and their motion denied.

**Relevant Procedural Facts**

3. Lead plaintiff Orly Taitz filed this action in the Circuit Court of Hinds County, First Judicial District, on February 17, 2012. Taitz's original complaint was filed against the Secretary of State and the Mississippi Democratic Party and sought to have President Obama removed from the ballot for the 2012 Mississippi Democratic presidential preference primary. [Original Complaint, State Court Record Vol. 1, Docket No. 6].

4. On February 28, 2012, the Hinds County Circuit Clerk issued a summons to plaintiff Taitz along with copies of the original complaint. [*See* Certified Copy of State Court Docket, affixed hereto as Exhibit "1."]. On March 20, 2012, plaintiff Taitz's summons and original complaint was delivered to the Mississippi Secretary of State's Office. [*See* March 20, 2012 E.mail Correspondence and attached Summons, affixed hereto as Exhibit "2."].

5. On or about April 14, 2012, Taitz served counsel for the Secretary of State and the Mississippi Democratic Party with a First Amended Complaint by mail. The First Amended Complaint was received by the Secretary of State's counsel on April 19, 2012. On that same date, the First Amended Complaint was filed with the Hinds County Circuit Clerk. [*See* Certified Copy of State Court Docket, Ex. "1."]. The First Amended Complaint added new plaintiffs, defendants and claims, including a federal RICO cause of action against President Obama and others. [*See* First Amended Complaint, Ex. "A" to Docket No. 1].

6. As explained above, plaintiff Taitz had obtained a summons from the Hinds County Clerk for the original complaint on February 28, 2012 and delivered it to the Secretary of State's Office on March 20, 2012. However, the official docket of the Hinds County Circuit Clerk shows that plaintiffs have *never* sought or received any summonses for the new defendants

included in their First Amended Complaint. [*See* Certified Copy of Hinds County Clerk Docket, Ex. "1."]. Furthermore, not one document in the 20 volumes of the state court record, or the filings in this Court following removal, shows plaintiffs have ever obtained any summons(es) connected with the First Amended Complaint. [*See* State Court Record, Docket No. 6].

7. On April 24, 2012, the Secretary of State timely removed the case to this Court on account of the First Amended Complaint which pled claims within the federal question jurisdiction of this Court. [*See* Notice of Removal, Docket No. 1]. The Mississippi Democratic Party, the only other defendant who had been served with the First Amended Complaint at the time of removal, adopted and joined in the Notice of Removal. [*See* Joinder in Notice of Removal, Docket No. 4].

8. On May 11, 2012, plaintiffs filed their instant motion to remand. [Docket No. 20]. "Certified mail receipts" are attached to the motion as an exhibit. [Docket No. 20-1]. However, no other supporting documentation is attached. Plaintiffs' motion is completely devoid of any proof of any documents purportedly mailed using their "certified mail receipts," or any other proof that any newly added defendants to this suit have ever been properly served with process pursuant to Mississippi or federal law.

**Remand Should be Denied**

9. Plaintiffs' sole argument for remand is that the defendants added to this suit in the First Amended Complaint were "served" prior to removal of this case on April 24, 2012. Plaintiffs' motion should be denied for a very simple reason: their claim of having properly served the newly added defendants prior to removal **is impossible.**

10. 28 U.S.C. § 1446(b)(2)(A) provides that

> [w]hen a civil action is removed solely under section 1441(a), all defendants who have been **properly joined and served** must join in or consent to the removal of the action.

(Emphasis added). If a defendant has not been **properly served** with process prior to removal, that defendant is not required to join in removal. *Jones v. Belhaven College*, 334 F.Supp.2d 916, 918 (S.D. Miss. 2004) ("It is well-established that in multiple defendant cases, under the 'unanimity rule,' grounded in § 1441(a)'s reference to removal by 'the defendant or defendants,' that for general removal all **properly served and joined defendants** must consent to the petition for removal of a case to federal court" (emphasis added)). *See also Cachet v. Residential Builders Inc.*, 547 F.Supp.2d 1028, 1031-32 (D. Ariz. 2007); *Kopff v. World Research Group, LLC*, 298 F.Supp.2d 50, 59 (D. D.C. 2003).

11. In this case, the only defendants who have ever been properly served with the First Amended Complaint are the Secretary of State and the Mississippi Democratic Party. They were served when plaintiffs transmitted a copy of the First Amended Complaint to their counsel pursuant to Miss. R. Civ. P. 5. Both of those defendants properly joined in the Notice of Removal. [*See* Docket Nos. 1 & 4]. None of the "new" defendants (President Obama, Obama for America, Nancy Pelosi, Alvin Onaka, Loretta Fuddy, and Michael Astrue)[1] joined in the Notice of Removal. But none of them were properly served as of April 24, 2012 (and indeed, have not been properly served at any time since). Accordingly, none of them were required to join in the Notice of Removal.

12. In *Murphy Brothers, Incorporated v. Michetti Pipe Stringing, Incorporated*, 526

---

[1] Plaintiffs also list "Jane Does, John Does 1-100" as defendants in their First Amended Complaint. Obviously, fictional defendants are not required to join in a Notice of Removal.

U.S. 344, 347-48 (1999), the United States Supreme Court recognized the "bedrock principle" that "[a]n individual or entity named as a defendant is not obligated to engage in litigation unless notified of the action and brought under the court's authority, by formal process" and that a defendant's time to act on removal "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, **but not by mere receipt of the complaint unattended by any formal service.**" (Emphasis added).

13. Following *Murphy Brothers*, numerous federal courts around the country have recognized that a defendant is not bound by the procedural requirements imposed by the removal statutes until he or she is actually served with process as required by law. *See*, *e.g.*, *Liberty Mutual Ins. Co. v. Bayer Corp.*, 2002 WL 1467331, at *2 (D. Del. 2002) ("only after a plaintiff has rendered proper service is a defending party obligated to take action"); *Mauldin v. Blackhawk Area Credit Union*, 2002 WL 23830, at *1 (N.D. Ill. Jan. 7, 2002) (time for removal does not begin until defendant is properly served with process); *Tabbert, Hahn, Earnest, Webble, PC v. Lanza*, 94 F.Supp.2d 1010, 1012 (S.D. Ind. 2000) (ineffective attempts at service fail to start removal clock); *Prescott v. Memorial Med. Center-Livingston*, 2000 WL 532035, at *2-3 (E.D. Tex. 2000) (a party's procedural rights cannot slip away before formal service of process even if defendant is probably aware of the lawsuit); *Ward v. Aetna Life Ins. Co.*, 1999 WL 222559, at *1 (W.D. N.Y. 1999) (time for removal commences when service is completed and jurisdiction over the defendant has been obtained).

14. Prior to removal, plaintiffs' case was pending in Hinds County Circuit Court. Under Mississippi law, they plaintiffs were obligated to serve process on the newly added

defendants with a summons and complaint before the court could have jurisdiction over them, and before of them could ever be required to remove the case or join in removal.  *See* Miss. R. Civ. P. 4 (detailing requirements of service of process, which includes service of a summons issued by the court clerk and a copy of the complaint upon a defendant).

15.     In their effort to prove that they have served the "new" defendants, plaintiffs' motion attaches several purported "certified mail receipts" to their motion to remand.  Those exhibits do not prove anyone was ever properly served with their First Amended Complaint under Miss. R. Civ. P. 4.[2]

16.     To the contrary, plaintiffs do not have any such proof of summonses.  The reason is simple.  The Hinds County Circuit Clerk has never issued any summons to plaintiffs for the "new" defendants named in their First Amended Complaint.  They have never had any such summonses which they could possibly serve.

17.     The official court docket does not reflect that any such summonses related to the First Amended Complaint have ever been issued to the plaintiffs, and certainly not before April 24, 2012 (the date the case was removed).  [*See* Certified Copy of Hinds County Clerk Docket, Ex. "1."].  Plaintiffs have not come forward with any such summonses issued to President Obama, Obama for America, Nancy Pelosi, Alvin Onaka, Loretta Fuddy, or Michael Astrue bearing the signature of the Hinds County Circuit Clerk and her official seal.

---

[2] The "certified mail receipts" themselves prove that plaintiffs never properly served the "new" defendants.  When attempting to serve process by certified mail, the service must be by "restricted delivery" and the envelope containing the process must be marked "restricted delivery."  Miss. R. Civ. P. 4(c)(5).  Plaintiffs have not submitted any evidence that they marked any envelopes with "restricted delivery."  Moreover, the "certified mail receipts" themselves do not have the box for "restricted delivery" checked.  That is reason alone that their purported service on the "new" defendants was improper.  *See Worthy v. Trainor*, 11 So. 3d 1267, 1269 (Miss. Ct. App. 2009) (finding service by certified mail improper as certified mail receipts showed service was not accomplished by "restricted delivery").

18. Plaintiffs' certified mail receipts may show that plaintiff Taitz purportedly mailed something to the "new" defendants. However, her mailings obviously did not include proper summonses issued by the Hinds County Circuit Clerk. There is no proof the Clerk has ever issued any such summonses to her. Thus, plaintiffs' putative claim that they **properly served** any of the "new" defendants prior to the Secretary of State and Mississippi Democratic Party's removal of this case is – like the other claims they have asserted against the Secretary of State in this case – has no merit. Remand should be denied.

19. Alternatively, even assuming plaintiffs somehow could have ever served the "new" defendants with copies of summonses (that they never obtained from the court clerk), plaintiffs have failed to prove that the Secretary of State and the Mississippi Democratic Party had any knowledge that any of the "new" defendants had been served at the time of removal. When the case was removed, the state court docket did not reflect that any of the "new" defendants had been served. [*See* Certified Copy of Hinds County Clerk Docket, Ex. "1"]. Plaintiffs never notified the Secretary of State or the Mississippi Democratic Party that they even attempted to serve the "new" defendants at any point prior to removal. The "non-served defendant" exception to Section 1446's joinder requirement applies, even if a defendant has been served, if the removing defendants have no knowledge of service on the non-joining defendant at the time of removal. *See Hopper v. Kmart Corp.*, 2006 WL 3043112, at *1 (D. Or. Oct. 24, 2006); *Driscoll v. Burlington-Bristol Bridge Co.*, 82 F.Supp. 975, 984-85 (D. N.J. 1949). Remand should also be denied on this alternative ground.

20. The Secretary of State requests that the Court dispense with the requirement of filing a separate Memorandum of Authorities under the Local Rules in support of this opposition

as the reasons and authorities supporting his opposition are fully set forth above.

FOR THESE REASONS, the Secretary of State respectfully requests that the Court enter an order denying plaintiffs' motion to remand [Docket No. 20].

THIS the 15th day of May, 2012.

                                      Respectfully submitted,

                                      Delbert Hosemann, Mississippi
                                      Secretary of State

BY:    Jim Hood, Attorney General
         State of Mississippi

BY:    S/Justin L. Matheny
         Harold E. Pizzetta, III (Bar No. 99867)
         *hpizz@ago.state.ms.us*
         Justin L. Matheny (Bar No. 100754)
         *jmath@ago.state.ms.us*
         Office of the Attorney General
         550 High Street, Suite 1200
         P.O. Box 220
         Jackson, MS 39205
         Telephone: (601) 359-3680
         Facsimile: (601) 359-2003

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been electronically filed with the Clerk of Court and thereby served on the following persons, and also separately served by electronic mail as indicated below:

Orly Taitz
29839 Santa Margarita Parkway, Suite 100
Rancho Santa Margarita, CA 92688
orly.taitz@gmail.com

Samuel L. Begley
Begley Law Firm, PLLC
P.O. Box 287
Jackson, MS 39205
sbegley1@bellsouth.net

Scott J. Tepper
Garfield & Tepper
1801 Century Park East, Suite 2400
Los Angeles, CA 90067-2326
scottjtepper@msn.com

And to the following person by electronic mail:

Brian Fedorka
bfedorka82@gmail.com

Laurie Roth
drljroth@aol.com

Leah Lax
leahlax1234@aol.com

Tom MacLeran
tom@macleran.com

THIS the 15th day of May, 2012.

                                                S/Justin L. Matheny
                                                Justin L. Matheny