Dr. Orly Taitz, ESQ.

29839 Santa Margarita Parkway, Ste. 100

Rancho Santa Margarita, CA  92688

Ph 949-683-5411 F949-766-7603

Orly.Taitz@gmail.com

CA Bar License 223433

In propria Persona in MS



## US DISTRICT COURT

## SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| DR. ORLY TAITZ, ESQ | ) |
| BRIAN FEDORKA | ) |
| LAURIE ROTH | ) |
| LEAH LAX | ) |
| TOM MacLERAN | ) |
| | ) |
| V | ) |
| DEMOCRAT PARTY OF MISSISSIPPI, | ) |
| SECRETARY OF STATE OF MISSISSIPPI | ) |
| BARACK HUSSEIN OBAMA | ) CASE# 3:12-cv-280 |
| OBAMA FOR AMERICA | ) |
| NANCI PELOSI | ) |

Taitz et al v Democratic Party et al Motion for stay pending ruling on Remand and pending answers.1

| | |
|---|---|
| DR. ALVIN ONAKA | ) |
| LORETTA FUDDY | ) |
| MICHAEL ASTRUE | ) |
| JANE DOES, JOHN DOES 1-100 | ) |

## MOTION FOR STAY

Plaintiff Taitz is seeking a stay on response on the motion for judgment on the pleadings, to stay response to the RICO questioner and any further proceedings, pending ruling on motion to remand due to lack of jurisdiction in Federal court and pending an answer from the rest of the defendants.

## MEMORANDUM OF POINTS AND AUTHORITIES

1. Plaintiff Taitz filed a motion to remand to the state court due to lack of jurisdiction in Federal Court.

2. Though all of the Defendants were served with the first amended Complaint, only two defendants filed an answer.

3. Other defendants did not respond yet.

4. Meanwhile Plaintiffs Democratic Party of Mississippi and Secretary of State of Mississippi filed motions for a judgment on the pleadings. Defendants sought a stay of Discovery.

5. Discovery was stayed pending decision on the motion for judgment on the pleadings. Scheduled depositions had to be postponed.

6. Plaintiff Taitz is respectfully asking this court to stay the response that that is due on the Motion for Judgment on the Pleadings, pending ruling on the Motion to Remand and pending an answer from the rest of the Defendants. **District Court has a duty to raise doubts about its jurisdiction at any time, and the party asserting jurisdiction "bears the burden of showing that the case is properly before the court at all stages of litigation"**. Packard v Provident National Bank, 994 F. 2d 1039, 1045 (3d Cir. 1993) and similarly J& R Ice cream Corp. v. California Smoothie Licensing, 31 F. 3d 1259, 1265 n.3 (3rd Cir 1994). Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise

that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Additionally Plaintiff Taitz is seeking stay on response RICO questioner pending ruling on the Motion for Remand and an answer by the other defendants.

7. Jurisdiction is always before the court. Federal court is considered to be a court of a special jurisdiction and is presumed not to have jurisdiction unless special requirements are met, such as complete diversity of parties or a federal question. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)."It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the

contrary rests upon the party asserting jurisdiction."; *see also Beiser v. Weyler*, 284F.3d 665, 674 (5th Cir. 2002) ("We thus make especially certain that we take jurisdiction only over such cases as Congress has provided by statute.")All of the parties have to join in a motion to remove the case from the state court to the federal court. Smilgrin v. New York Life Ins. Co., 854 F. Supp. 464 (S.D. Tex. 1994).

All defendants must concur in removal and file their notice of removal within thirty days from when the first defendant was served with state court process. A defendant who does not initially join in the removal may do so, but only if done within the thirty days allotted for removal. Getty Oil Corp. v. Insurance Co. Of North America, 841 F.2d 1254, 1263 (5th Cir. 1988); but see Doe v. Kerwood, 969 F.2d 165, 169 n.15 (5th Cir.1992) (noting exceptions to rule may be recognized based on equitable concerns and on a case-by-case basis); and see McKinney v. Board of Trustees, 955 F.2d 924, 927 (4th Cir. 1992) (allowing each defendant thirty days from time of service). Doe v. Kerwood, 969 F.2d 165, 167 (5th Cir. 1992); Acme Brick Co. v. Agrupacion Exportatdora De Maquinaria Ceramica, 855 F. Supp. 163 (N.D. Tex. 1994). Pullman Co. v. Jenkins, 305 U.S. 534, 59 S. Ct. 347 (1939). Wesley v. Mississippi Transp. Comm'n, 857 F. Supp. 523 (S.D. Miss. 1994). Chicago v. Stude, 346 U.S. 574, 74 S. Ct. 290 (1954).

8. All of the defendants were served with the first amended complaint. Since only two parties answered and sought to remove to the Federal Court, The Federal court does not have jurisdiction to rule on motions for judgment on the pleadings.

9. Motions for a judgment on the pleadings were drawn hastily by defendants Democratic Party and Secretary of State before any other party had an opportunity to respond. Motion for judgment on the pleadings is premature and cannot be ruled upon jurisdictionally.

Similarly, absent jurisdiction, it serves no purpose to provide answers to the questioner, if the case is to be heard in the state court.

Additionally, there is a related case in the Circuit Court of Appeals for the District of Columbia Circuit. <u>Taitz v Michael Astrue in his capacity as the commissioner of the Social Security</u>( 11-5304 Circuit Court of Appeals for the District of Columbia Circuit0. This is a FOIA case, where Taitz seeks SS-5, Social Security application for Connecticut Social Security number xxx-xx-4425, which Obama is fraudulently using, even though it was not assigned to him according to E-Verify and SSNVS. Defendant, commissioner of the Social Security Michael Astrue did not file an opposition to the cross- motion in favor of the Appellant, which was due on March 29th, 2012 and did not file an opposition to the second motion for judgment in favor of Appellant. It is highly likely that the Court of Appeals will rule in favor of the Appellant, Taitz, ordering release of the Social Security application in question, whereby the dispute with the

Social Security Administration will be resolved and defendant Michael Astrue will be voluntarily dismissed by the Plaintiffs in this case. As such it is important not only to resolve the issue of jurisdiction, but also for the Plaintiffs to get answers from all the parties in order to proceed with a response to the Motion for the Judgment on the Pleadings. (Exhibit 1)

10 Based on all of the above, Plaintiff Taitz is asking this Honorable Court to stay requested response to the motion for Judgment on the Pleadings and response to the RICO questioner to 30 days after all of the defendants provide their answers and the Motion to remand is ruled upon.

Respectfully,

Dr. Orly taitz, ESQ


Respectfully,

/s/ Dr. Orly Taitz, ESQ

Certificate of service

I, Lila Dubert, over 18 years old, not a party to the above captioned case, attest that I served all the parties in above captioned case via first class mail