IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**DR. ORLY TAITZ, ESQ., ET AL.**                                                            **PLAINTIFFS**

**V.**                                                   **CIVIL ACTION NO. 3:12cv280-HTW-LRA**

**DEMOCRAT PARTY OF MISSISSIPPI, ET AL.**                      **DEFENDANTS**

---

**MISSISSIPPI SECRETARY OF STATE'S RESPONSE IN
OPPOSITION TO PLAINTIFF TAITZ'S MOTION FOR STAY**

---

Defendant Mississippi Secretary of State Delbert Hosemann files this Response in Opposition to Plaintiff Taitz's Motion for Stay [Docket No. 24] and states:

1. Plaintiffs' lawsuit claims that President Obama is not qualified to hold the Office of President of the United States. In mid-April 2012, they filed a First Amended Complaint seeking declaratory and injunctive relief to that effect, and also accusing President Obama and defendants of violating federal RICO laws. As a consequence, the Secretary of State and the Mississippi Democratic Party timely removed the case to this Court before any other defendants were properly served.

2. On May 11, 2012, plaintiff Taitz filed a Motion to Remand. [*See* Docket No. 20]. As the responses to that motion explain in short order, plaintiffs have not come forward with any valid basis for remand. [*See* Docket Nos. 21 & 22].

3. Previously, on April 25, 2012, the Court ordered plaintiffs to file a case statement regarding their alleged RICO claims within twenty days. [Order, Docket No. 2]. Plaintiffs' May 15, 2012 deadline has passed and they have not filed any case statement.

4. On April 27, 2012 and May 4, 2012, the Secretary of State and Mississippi

Democratic Party filed Motions for Judgment on the Pleadings explaining why plaintiffs' claims against them are jurisdictionally flawed and/or otherwise completely illegitimate and thus due to be dismissed. [*See* Docket Nos. 8 & 15]. Plaintiffs' response to the Secretary of State's Motion for Judgment on the Pleadings was due on May 14, 2012. Their response to the Mississippi Democratic Party's Motion for Judgment on the Pleadings is due on May 21, 2012. As of this writing, plaintiffs have not filed any response to either pending Motion for Judgment on the Pleadings.

5. Due to the plaintiffs' Motion to Remand and the pending Motions for Judgment on the Pleadings, the Court has entered two separate orders imposing discovery stays. [*See* Orders, Docket Nos. 17 & 23]. The Orders were entered pursuant to Local Rules 16(b)(1)(B) and (b)(3)(B). The discovery stays were properly entered and should of course remain in place until the pending Motions to Remand and for Judgment on the Pleadings are decided. However, neither the Court's discovery stay Orders nor the Local Rules provide that the entire case must be stayed pending resolution of the remand or dispositive motions.

6. Plaintiff Taitz's instant Motion seeks a broader stay than the one implemented by the previous discovery stay orders. Her proposed stay would stay the entire lawsuit. The intent is apparently to avoid filing a response to the Court's RICO Order or the Secretary of State's Motion for Judgment on the Pleadings (for which the deadlines have already passed) and avoid filing a Response to the Mississippi Democratic Party's Motion for Judgment on the Pleadings (that is due on Monday, May 21, 2012).

7. While the Court's jurisdiction over this case should be confirmed before the Court enters a ruling on any other issues, that does not mean all plaintiffs' other obligations should be

2

ignored in the meantime.  Further, given that plaintiffs' claims for remand entirely lack merit [*See* Responses to Motion to Remand, Docket Nos. 21 & 22], the Court should not postpone plaintiffs' obligations to respond to the Court's RICO Order and the pending dispositive motions.

8.     Postponing plaintiffs' obligations to file their outstanding responses would not be in the interest of judicial economy.  Respectfully, the Court's time and effort would be conserved if it is in a position to decide the remand issue and then proceed to determine the other outstanding issues all at one time.  Otherwise, a delay in plaintiffs' responses would only cause this case to continue longer than should be necessary to adjudicate their purported claims.  The Motion for Stay should thus be denied.

9.     The Motion for Stay should also be denied for any or all of the following three additional reasons.  First, plaintiff Taitz falsely claims that the Court is awaiting "an answer from the rest of the defendants" and that "all the defendants were served with the First Amended Complaint." [Motion for Stay at pp. 2, 5, Docket No. 24].  Only the Secretary of State and the Mississippi Democratic Party are presently before the Court.  Due to several deficiencies, such as the failure to obtain a summons from the Circuit Clerk and the failure to comply with Miss. R. Civ. P. 4(c)(5), plaintiffs have never properly served any other defendants. [*See*, *e.g.*, Response to Motion to Remand at pp. 3-7, Docket No. 22].  The "other" defendants may voluntarily choose to answer plaintiffs' First Amended Complaint at some point in time.  However, they are not currently under any obligation to do so.  The Court should not stay the case waiting for defectively served defendants to appear before it, otherwise, it may be waiting a very long time.

10.     Second, plaintiff Taitz says that plaintiffs' response to the Motions for Judgment on the Pleadings should be delayed because (1) it is "highly likely" the United States Court of

Appeals for the District of Columbia Circuit will rule in her favor in some other case and (2) that anticipated ruling will somehow be relevant to plaintiffs response to the Motions for Judgment on the Pleadings. Whether or not plaintiff Taitz's appraisal of her chances of success in another action has any merit,[1] she should not have filed a complaint in Mississippi if her claims depended on some information she does not have. An anticipated favorable ruling elsewhere is no reason for plaintiff Taitz, or any of the other plaintiffs, to avoid their obligation to respond to the outstanding Motions and RICO Order filed in this case.

11. Third, the Court should take notice that plaintiff Taitz has inconsistently filed a motion for affirmative relief at the same time she seeks to have the case stayed. [*See* Motion for Sanctions, Docket No. 25]. Plaintiff Taitz's acts of seeking a complete stay to delay plaintiffs' obligations to the Court while simultaneously seeking to press forward with other issues clearly demonstrates that the Motion for Stay is only designed to allow plaintiff Taitz to sidestep her outstanding obligations to the Court, and not for any legitimate purpose.

12. The Secretary of State requests that the Court dispense with the requirement of filing a separate Memorandum of Authorities under the Local Rules in support of this opposition as the reasons and authorities supporting his opposition are fully set forth above.

FOR THESE REASONS, the Secretary of State respectfully requests that the Court enter an order denying plaintiff Taitz's Motion for Stay [Docket No. 24].

THIS the 18th day of May, 2012.

---

[1] A mere cursory review of the docket sheet attached to plaintiff Taitz's stay motion [*see* Docket No. 24-1] demonstrates her claim of impending victory in the Court of Appeals for the D.C. Circuit is treacherous. A licensed attorney like plaintiff Taitz must surely know that unavailable procedural devices such as a "Motion for Summary Judgment in Favor of the Appellant" or a "Motion for Default," by their very nature, have no hope of success on an appeal to any Circuit Court.

        Respectfully submitted,

        Delbert Hosemann, Mississippi
        Secretary of State

BY:    Jim Hood, Attorney General
        State of Mississippi


BY:    <u>S/Justin L. Matheny</u>
        Harold E. Pizzetta, III (Bar No. 99867)
        *hpizz@ago.state.ms.us*
        Justin L. Matheny (Bar No. 100754)
        *jmath@ago.state.ms.us*
        Office of the Attorney General
        550 High Street, Suite 1200
        P.O. Box 220
        Jackson, MS 39205
        Telephone: (601) 359-3680
        Facsimile: (601) 359-2003

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been electronically filed with the Clerk of Court and thereby served on the following persons, and also separately served by electronic mail as indicated below:

    Orly Taitz
    29839 Santa Margarita Parkway, Suite 100
    Rancho Santa Margarita, CA 92688
    orly.taitz@gmail.com

    Samuel L. Begley
    Begley Law Firm, PLLC
    P.O. Box 287
    Jackson, MS 39205
    sbegley1@bellsouth.net

    Scott J. Tepper
    Garfield & Tepper
    1801 Century Park East, Suite 2400
    Los Angeles, CA 90067-2326
    scottjtepper@msn.com

And to the following person by electronic mail:

    Brian Fedorka
    bfedorka82@gmail.com

    Laurie Roth
    drljroth@aol.com

    Leah Lax
    leahlax1234@aol.com

    Tom MacLeran
    mac@macleran.com

THIS the 18th day of May, 2012.

                                              S/Justin L. Matheny
                                              Justin L. Matheny