IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**DR. ORLY TAITZ, ESQ., BRIAN FEDORKA,**                                                          **PLAINTIFFS**
**LAURIE ROTH, LEAH LAX, and TOM**
**MacLERAN**

**VS.**                                                                           **CIVIL ACTION NO. 3:12-cv-280 HTW-LRA**

**DEMOCRAT PARTY OF MISSISSIPPI,**                                                           **DEFENDANTS**
**SECRETARY OF STATE MISSISSIPPI,**
**BARAK HUSSEIN OBAMA, OBAMA**
**FOR AMERICA, NANCI PELOSI,**
**DR. ALVIN ONAKA, LORETTA FUDDY,**
**MICHAEL ASTRUE, JOHN DOES, JOHN**
**DOES 1-100**

**RESPONSE OF THE MISSISSIPPI DEMOCRATIC PARTY EXECUTIVE COMMITTEE IN
OPPOSITION TO MOTION FOR JUDICIAL NOTICE OF AFFIDAVIT OF SHERIFF ARPAIO
AND REQUEST FOR EMERGENCY EVEDENTIARY HEARING [ECF NO. 37]**

Comes now the Defendant, the Mississippi Democratic Party, by and through its governing entity, the Mississippi Democratic Party Executive Committee ("MDEC") and, by and though its undersigned counsel, hereby responds in opposition to the Motion of Plaintiff Taitz to cause the Court to judicially notice an affidavit of Maricopa County, Arizona Sherriff Joseph M. Arpaio and to conduct an emergency evidentiary hearing [ECF No. 37], as follows:

1. Plaintiff Taitz apparently seeks to cause the Court to take judicial notice of an affidavit of Joseph M. Arpaio, the Sherriff of Maricopa County, Arizona.   This appears to be the same affidavit that was filed recently in another "birther" case lodged in the Circuit Court of the Second Judicial District for Leon County, Florida by the Plaintiff Michael C. Voeltz against President Obama and the Florida Election Canvassing Commission. ( cvweb.clerk.leon.fl.us.)( Case Number: 37-20012-CA-467)(Order granting defendants' Motion to Dismiss entered on June 29, 2012 in Book 4388,Page 61) .   A copy of the notice of filing of the affidavit is attached as an Exhibit.   According to Plaintiff Taitz's Motion, she is not seeking

1

to have the Court judicially notice the contents of Sheriff Arpaio's affidavit, but rather, to grant "a judicial notice of this affidavit being released by the Sherriff of Maricopa County, Arizona."

2. In response, the MDEC submits that while it has no objection to the Court judicially noticing the fact that an affidavit, purportedly signed by Sherriff Arpaio, was "released" by him and submitted by the Plaintiff in a "birther" case pending in the state of Florida, the MDEC vehemently objects to the Court judicially noticing any of the "facts" and allegations contained therein.  Fed. Deposit Inc. Corp. v. O'Flahaven, 7 F. Supp. 154, 157 (D.N.H. 1994) ("The Court could not judicially notice the veracity of the allegation in the affidavits; it could only take judicial notice that the affidavits were in fact filed and that the factual averments were made.")  Anderson v. County of Nassau, 297 F. Supp.2d 540,545 ("… the Court declines to take judicial notice of any of the facts stated in this affidavit… because it has no documentation to verify the accuracy of these statements.")  At the same time, it is difficult to ascertain why Plaintiff Taitz believes the Arpaio affidavit is relevant to the instant proceedings, and further notes that the case in which the Arpaio affidavit was submitted has been dismissed, and thus requests that the Court deny Plaintiff Taitz's motion.

3. Also, as set forth in her motion [ECF No. 37], Plaintiff Taitz seeks to have "an emergency evidentiary hearing for an expert examination of the book of records containing alleged original long birth certificate of President Obama, as well as the original microfilm containing a copy of the original birth certificate."  Plaintiff Taitz claims that an "emergency" evidentiary hearing is necessary simply because President Obama is a foreign national wrongfully occupying the office of President.  However, it is not clear how any type of evidentiary hearing could serve the purported purposes of Plaintiff Taitz.  Although it is not clearly stated, apparently, in connection with such an evidentiary hearing, Taitz would seek to have the Court haul in the Registrar of the Hawaii Department of Health, Alvin T. Onaka, and cause him to produce the birth related records he reviewed in preparing his Verification of Birth that the MDEC

recently tendered to the Court. [ECF No. 35-2].

    4. Clearly, no such hearing should be allowed and the State of Hawaii should not be bothered by Taitz's incessant harassment, as evidenced by the numerous suits she has filed over the years and which have been catalogued in earlier memoranda. Presently before the Court are the motions for judgment on the pleadings filed by the Defendants MDEC [ECF No. 15] and the Mississippi Secretary of State [ECF No.8], which have been briefed and are ready to be decided.   In connection with the MDEC's Motion for Judgment on the Pleadings, MDEC never asked the Court to take judicial notice of President Obama's long form birth certificate (LFBC), but merely that the State of Hawaii has amply verified that the LFBC posted on the White House web page is not fraudulent and accurately reflects the information contained in the original LFBC on file with the Hawaii Department of Health. [see MDEC Memorandum, ECF No. 18, p.p. 19-20, and Verification of Birth, ECF No. 35-2.]

    4. Moreover, Taitz has also filed a Motion to Remand the case to state court [ECF No. 20], which should be decided before any other matter, including the matter of an evidentiary hearing, is considered. Likewise, Plaintiff Taitz has filed a motion seeking a stay of the proceedings until the Court rules on her Motion to Remand, and until an answer to her First Amendment Complaint is received from the other named Defendants (President Obama, Obama for America, Congresswoman Nanci Pelosi, Hawaii Health Department Officials and the Commissioner of the Social Security Administration) [ECF No. 24].

    5.Following the filing of the Defendants' motions for judgment on the pleadings and Taitz's motion to remand the Court in turn ordered that discovery be stayed. [ECF No. 27 and 34].   Accordingly, because the Court's orders staying discovery are still in place, Taitz's request for an evidentiary hearing, which would be tantamount to a Rule 26 fishing expedition, should be denied.

    6. Due to the straightforward nature of this response, the MDEC respectfully requests that the Court wave any requirements that it file a memorandum of authorities.

Wherefore, premises considered, the MDEC hereby prays that Plaintiff Taitz's motions for judicial notice and for an evidentiary hearing both be denied.

Respectfully submitted,

**THE MISSISSIPPI DEMOCRATIC PARTY EXECUTIVE COMMITTEE**

By: /s/ Samuel L. Begley
Samuel L. Begley (MSB No. 2315)

By: /s/ Scott J. Tepper
Scott J. Tepper (Admitted *pro hac vice*)

**OF COUNSEL**:
BEGLEY LAW FIRM, PLLC
P. O. Box 287
Jackson, MS 39205
(601)969-5545 (Telephone)
(601)969-5547 (Facsimile)
Email: sbegley1@bellsouth.net

SCOTT J. TEPPER
GARFIELD & TEPPER
1801 Century Park East, Suite 2400
Los Angeles, CA 90067-2326
(310) 277-1981
(310) 277-1980
Email: scottjtepper@msn.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date set forth hereinafter, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Harold E. Pizzetta, Esq.
Justin L. Matheny, Esq.
Office of the Attorney General
550 High Street, Suite 1200
P.O. Box 220
Jackson, MS 39205

Orly Taitz, Esq.
29839 Santa Margarita Parkway, Suite 100
Rancho Santa Margarita, CA 92688

And to the following persons by email:

Brian Fedorka
Bfedorka82@gmail.com

Laurie Roth
drljroth@aol.com

Leah Lax
Leahlax1234@aol.com

Tom MacLeran
mac@macleran.com

THIS the 5th day of June, 2012.

/s/ Samuel L. Begley_____
SAMUEL L. BEGLEY