

Dr. Orly Taitz ESq

29839 Santa Margarita ste 100

Rancho Santa Margarita CA 92688

Plaintiff  Plaintiff pro se 12-cv-280

Request for clarification of the prior order regarding requested response to the motion to dismiss by the defendants.

Case at hand was transferred from the state court.   12b motion exists in order to determine standing and jurisdiction of the court prior to deciding the case on the merits. Originally defendants in this case filed a 12b motion. Later they chose not to wait for an answer from the court to their 12b motion and file an answer.  This court stayed all discovery in the case. By filing an answer the plaintiffs waived their opposition to the jurisdiction and standing. Now defendants filed a motion to dismiss, where they go back to jurisdiction and  standing and seek determination on the merits and determination of the RICO on the merits.  Defendants are also seeking costs and attorneys fees in case they win. As such Plaintiffs are demanding clarification from the court. If the court believes that the defense waived their objection to standing and jurisdiction by filing an answer and not waiting for the court decision to their original 12b motion, than Plaintiffs will respond on the merits of the claim and do not need to respond to the challenge to jurisdiction and standing, considering this issues waived by the defense . If the court believes that the issues of jurisdiction and standing were not resolved yet, than Plaintiffs have a right to respond to the 12 b questions of jurisdiction and standing alone and have this issue resolved prior to incurring significant expenses in doing an extensive research and providing a detailed RICO statement and before providing an answer on the merits. Bifurcation of the response to 12 b and an answer on the merits is specifically designed for judicial economy and to limit costs and fees, and Plaintiffs are entitled to a clarification, whether the court considers 12b standing and jurisdiction resolved or not.

Respectfully submitted

/s/ Dr. Orly Taitz, ESQ

RECEIVED
OCT 02 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF MISS.

Dr. Orly Taitz, ESQ

29839 Santa Margarita ste 100

Rancho Santa Margarita, CA 92688

Plaintiff in 12-cv-280

Honorable Judge Wingate

Request for clarification of multidistrict litigation

Your Honor,

Since the defense moved case at hand (Taitz et al V Democratic Party et al) to the Federal Court and Your Honor ruled that the case will proceed in Federal court, it became eligible to transfer based on consolidation of cases under 28 USC § 1407(c)(ii).

The case at hand has by and large the same nucleus of facts and issues as 12-cv-1507 <u>Judd et al v Obama et al</u> 12-cv-1507 Central District of California, many of the same plaintiffs and defendants. I am an attorney of record in that case. Both cases revolve around challenges on Mr. Obama's legitimacy to the U.S. Presidency in light of evidence of his use of forged IDs and fraudulently obtained Social Security number. In CA case the plaintiffs are candidates for President who were on the ballot in different states, voters and State Representatives from around the country. As the case is in CA and Taitz is a licensed attorney in Ca, and a candidate for the U.S. Senate in CA Republican primary, she is both one of the plaintiffs and an attorney of the case. In the interest of judicial economy and in order to avoid conflicting decisions, the two cases have to be consolidated. One of the defense attorneys in the case at hand in Mississippi is Scott J. Tepper, who is also a licensed California attorney.

Prior to filling an official request for consolidation with the Multidistrict Litigation panel in Washington DC, Plaintiffs Taitz would like to inquire in regards to the following:

1. Most attorneys are simply scared out of their wits to sign a pro hac vice for Taitz to challenge Mr. Obama, they are scared of repercussions from Obama administration against them. For that reason Taitz was not able to find an attorney to co-sign as a local co-counsel for pro hac vice, however Your Honor has the power to waive the requirement of local counsel and grant Taitz pro hac vice to represent all of the plaintiffs from multiple states in his courtroom. Would your Honor be willing to grant CA attorney Taitz pro hac vice without a local MS attorney co-signor to represent plaintiffs in his courtroom?

2. Would Your Honor be willing to take upon himself the CA case 12-cv-1507 and rule on a consolidated case?

3. In case Your Honor is not willing to grant Taitz pro Hac Vice and take upon himself the CA case, would Your Honor be willing to sua sponte transfer the case at hand to CA in order to consolidate both cases in the interest of judicial economy and consistency of judgments.

Respectfully submitted,

/s/ Dr. Orly Taitz, ESQ

09.29.2012

Certificate of service

I, Lila Dubert, am not a party to this case. I certify that on 09.29.2012 I served all parties in this case with above pleadings

/s/ Lila Dubert.

09.29.2012