Dr. Orly Taitz, ESQ

29839 Santa Margarita, ste 100

Rancho Santa Margarita, Ca 92688

949-683-5411, fax 949-766-7603

orly.taitz@gmail.com

PRO SE PLAINTIFF IN MS



SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

OCT 15 2012

J. T. NOBLIN, CLERK
BY_____DEPUTY

## IN THE US DISTRICT COURT

## SOUTHERN DISTRICT OF MISSISSIPPI

Dr. Orly Taitz, ESQ et al                    )    CASE 12-CV-280

v                                            )    HON. HENRY WINGATE

Democratic Party of Mississippi et al        )    PRESIDING


OPPOSITION TO MOTION TO DISMISS BY THE SECRETARY OF STATE

A motion to dismiss the complaint on the pleadings was filed by two defendants: Secretary of State and Democratic Party of Mississippi. Motions to dismiss are very similar, nearly identical. As FRCP allows one only 25 pages per brief, instead of wasting the court's time and limited resources on two identical oppositions, plaintiffs are writing one more complete 50 page brief relating to both parties and pleading part 1 of the brief in the Opposition to the Secretary of State and including part one by reference in the Opposition to the Democratic Party and they are pleading fully part 2 of the brief in the opposition to the Democratic Party and including it by reference in the Opposition to the Secretary of State.

reasons:

3. Plaintiffs followed the requirements of the elections challenge and brought a proper challenge for both primary and general election allowed under the Mississippi law

4. In the same breath defendants are claiming that Plaintiffs filed their complaint too early and too late, which is impossible. Defendants are claiming that the two challenges filed by the Plaintiffs were too early as the cases was not ripe yet, as Obama was not nominated yet. To be on the safe side and out of abundance of caution Plaintiffs have renewed their challenge for the third time after Obama was nominated on September 6, 2012.

5. Plaintiffs provided a lengthy complaint and exhibits showing an elaborate racketeering scheme to defraud American people, where defendants were part and parcel of a cover up of elections fraud committed by a citizen of Indonesia and possibly still  citizen of Kenya Barack Hussein Obama to get on the ballot, while using last name not legally his, a forged birth certificate, forged Selective Service certificate and a fraudulently obtained Social Security number from a state where he never resided and which was not assigned to him according to E-Verify and SSNVS. Plaintiff Taitz, who is both a doctor and an attorney and was a candidate for public office suffered hundreds of thousands of dollars of damages due to campaign of harassment, intimidation and persecution by a number of individuals: named defendants and John Does, who were complicit in this RICO conspiracy

6. "Each court has the power to conduct an independent investigation in order to determine whether it has been the victim of fraud," Chambers v NASCO, 501 U.S. 32, 44 (1991). This court has been a victim of fraud, as the defendants not only were part and parcel of the fraud committed by Obama, they were seeking to use this court in legitimizing a forged birth certificate, they were seeking a judicial notice by this court, claiming that the birth certificate is authenticated, when they had in front of them ample evidence that the birth certificate in question is a forgery. Two attorneys for the Democratic Party have breached their ethical obligation to the tribunal by trying to use this tribunal for authentication of a forgery. At September 24, 2012 hearing attorney Tepper continued the same pattern of fraud on the court, claiming that he did not seek authentication and was caught defrauding the court when Plaintiff Taitz read to the court Tepper's pleadings, where he specifically stated that he is seeking authentication of Obama 's birth certificate and his birth in Hawaii. Based on Chambers v Nasco 501 U.S. 32 (1991) this court has to use its power and conduct investigation of fraud committed by the Defendants in covering up Obama's forged IDs as well as fraud committed by the defendants' attorneys. Moreover, aiding and abetting a foreign national in usurping the U.S. Presidency and the position of Commander in Chief while using forged IDs may be construed as engaging in treason and in Misprission of Felonies under 18U.S.§4, which makes it even more urgent for this court to conduct an independent investigation at the earliest convenience.

/s/ Orly Taitz, ESQ 10.12.2012

## BRIEF IN OPPOSITION TO MOTION ON THE PLEADINGS

**In motion for Judgment on the pleadings the burden of proof is not on the Plaintiffs, the burden of Proof is on the defense.**

Based on FRCP initial pleading has to achieve 3 following goals:

## RULE 8. GENERAL RULES OF PLEADING

(a) CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(1) Jurisdiction of the court was already established. (3) a demand for relief is clear as well: declaratory and injunctive relief regarding defendant Obama and

damages sustained in RICO. So the question is: did the Plaintiffs provide a plain statement of the claim showing that the plaintiffs are entitled to relief?

In a motion for Judgment n the pleadings, the burden is not on the Plaintiffs, the burden is on the Defense to show that in the light most favorable to Plaintiffs, they (the Plaintiffs) failed to present any colorable claim on any of the causes of action, which would entitle them to conduct further discovery. Plaintiffs assert that Defendants utterly failed to meet their burden of proof and the motion has to be denied, the case should proceed into discovery.

## 1. A CLAIM THAT THE PLAINTIFFS DID NOT PAY A BOND IS WITHOUT MERIT.

Plaintiffs paid a $300 bond, which is noted on the docket. Additionally, Defense is bringing forward an argument that Plaintiffs did not pay $300 bond twice: for the Primary and for the General election. Plaintiffs responded to this previously, explaining that even though a valid challenge was filed in the Circuit court over a month before the primary and it had to be heard expeditiously, the presiding judge in the circuit court sat on the complaint for over a month and did not respond and did not contact the parties until one day after the primary election. Plaintiffs never got a hearing for the primary and therefore sought to apply the bond already paid for the general election. If the court feels that Plaintiffs have to pay the bond

twice, even though they are getting only one adjudication, Plaintiffs will be willing to post an additional $300 bond to cure the deficiency, if such deficiency exists.

## 2.Plaintiffs filed a timely primary challenge.

The deadline for filing the challenge was January 24th. Plaintiff Taitz faxed the challenge to the Democratic Party, but they claimed that they did not get it. Taitz filed it by certified mail and it arrived in the PO Box for the Democratic Party on the 23rd of January and according to the (Exhibit 2 Certified mail receipt and tracking) Democratic Party it was picked up on the last day of the challenge, January the 24th. additionally, to be on the safe side, one of the supporters of Taitz forwarded the challenge by the federal Express, which was also received on the 24th. Mississippi Democratic Party (Hereinafter MSDP) got the Petition for elections challenge by two means: certified mail and federal express on the 24th of January. Taitz counted 15 days from the day of receipt, not counting the day of receipt, which fell on the February 9th. Due to the fact that MSDP did not respond until February 9th in the allowed 15 days, Taitz filed a complaint in the circuit court by mailing it through the Federal Express on February 9th (Exhibit 3, Federal Express receipt).

After Judge Coleman did not take any action until after the Primary, Taitz properly contacted MSDP through their attorney Sam Begley and advised them that since

her challenge was not heard before the primary, she will file an amended complaint in regards to the General election. Since MSDP failed to schedule any hearing on the matter yet again, Taitz filed an amended complaint, which reflected the fact that she was completely deprived of her Constitutional right for redress of grievances before the primary, and she is now renewing this complaint in regards to the general election. Defense is stating that the amended complaint was not timely because it was supposed to be filed on the 15th, but it was docketted 4 days later on the 19th of April. Looking at the first Amended complaint, which is filed with the documents removed from the Circuit court, it was signed by Taitz on April 12th and was mailed by her assistant Lila Dubert on April 13th, before the deadline of 15th, however due to the fact that Taitz is in California, it took a few days for the mail to arrive and for the court to docket the complaint, however it was mailed on April 13th before the deadline.  As the court can see all of the requirements were fulfilled. Even arguendo, if any requirement would not have been fulfilled, it would not change the fact that Defendants are claiming that the challenge was too early, as Obama was not nominated by his party yet. As such Plaintiffs forwarded to MSDP and the Secretary of State (Hereinafter "SOS") a third, renewed complaint, which is filed after the nomination of Obama by the Democratic Party USA on September 6 during the nominating convention. (Exhibit 3). As such the complaint is timely and ripe for adjudication of the merits

of the challenge, namely Obama's use of forged IDs and RICO conspiracy surrounding it.

3. **A CHALLENGE TO THE PRIMARY ELECTION IS NOT MOOT, AS IT WAS FILED TIMELY AND THE RESULTS OF THE PRIMARY CAN BE INVALIDATED RETROACTIVELY DUE TO FRAUD COMMITTED.** Additionally, the delay was not caused by the Plaintiffs but by the Presiding judge in the Circuit court, Judge Coleman, who kept the urgent elections challenge complaint for over a month and did not schedule a hearing and did not even contact the parties until after the election was over. The fact that the presiding judge refused to act, created an impossibility, which excuses lack of judicial determination before the primary.

4. Defendants, Democratic party of MS is saying ". The Plaintiffs' challenge to President Obama's appearing on the November 2012 general election ballot in **Mississippi is time barred** under *Miss. Code Ann.* § 23-15-963 because the Plaintiffs failed to lodge their election contest petition for judicial review in the Circuit Court of Hinds County in a timely manner and, moreover, none of the Plaintiffs filed an election contest petition with the MDEC, or with any other election officials, and did not post a $300.00 cost bond with two sureties, as required by each statute. Additionally, the Plaintiffs' challenge to President Obama appearing on the November 2012 general election ballot is **barred by the doctrine**

**of ripeness because President Obama has not yet been selected as the Democratic Nominee for President of the United States. "**

So, in the same breath Defendants are saying that the challenge was too late and also too early, as the complaint was filed before the Democratic National convention and he is not a Democratic Party nominee yet. based on their unsinkable logic we are just right time wise.

As defense is stating that the challenge was too early, not ripe, Plaintiffs renewed it. Exhibit 1, renewed challenge against Candidate Obama sent by the Plaintiffs to the attorney for the MSDP Sam Begley. Mr. Begley responded with a "go away " letter. (Exhibit 1 "Go away" letter from Sam Begley and third challenge to Obama signed by Orly Taitz and Brian Fedorka and joined by several other petitiners, residents of Mississippi, among them Petitioner/Plaintiff, member of the Pearl River County republican Central Committee, Emil Kleinfeld) "Go away is not a legal argument". As such, the deficiency of ripeness was cured, third challenge was filed, there can be no further challenge to standing.

# 5. THE ISSUE OF PROPER TIMING TO BRING A CHALLENGE HAS TO BE REVIEWED BY THIS COURT, AS THERE ARE CONFLICTING COURT DECISIONS ON THIS ISSUE

Defendant MSDP is stating that the complaint is both too late and too early. At issue is the fact that the courts simply refused to address the issue of Obama's

eligibility and were looking for any possible excuses not to hear the issue on the merits. For example, a case brought by the defense Keyes v Bowen vividly shows how judges were so anxious to find excuses to Obama's lack of eligibility and forged IDs, that often they came up with conflicting excuses. In the Superior court of CA in Keyes v Bowen 34-2008-8000009G Judge Kenney found that the case was brought too late, that there were latches, as it was brought after the election, however the Court of Appeals ruled that the case brought after the election but before the confirmation by the Congress is not ripe yet, which of course is contradictory to lower court decision on the same case. Next, Taitz brought another case on behalf of the same plaintiff, ambassador Alan Keyes, who ran against Obama both for the U.S. Senate from Illinois general election in 2004 and in the Presidential election, as a candidate of American Independant Party on 2008, Keyes v Obama 9-cv-082 Judge David O Carter in the US District court. Judge Carter ruled that the case brought after inauguration was brought too late. Now, Taitz and over 200 other citizens brought multiple challenges during the Primary. A number of courts ruled that the cases are not ripe yet as Obama has not been nominated by his party. One of such cases was Farrar et al v Obama 2012 CV 211398, when Judge Susan Wright in Superior Court of Fulton county GA ruled that she does not have jurisdiction until Obama is nominated. Similar decision was made by judge Terry Lewis in Florida Voeltz v Secretary of State of Fl 2012 CV

211398. So, Plaintiffs could not have any challenges to Obama heard on the merits for 4 years of his presidency and during the primaries, but when they tried to renew their challenges during the general election, they were told that they already filed challenges during the primaries and new challenges will not be entertained or that it is too late. As a result the U.S. citizens were de facto reduced to a level of slaves and were forced into existence under the usurpation of Presidency without a recourse. The case at hand is similar to others, as the defense here is stating the same: too late and too early. Decisions by some judges, stating that the controversy is not ripe until the nomination contradict multiple statutes in MS and around the country. Such manipulations by the judiciary caused an underlying current of anger and resentment against the establishment and judiciary and this current can spill out into a tide of revolt until and unless one judge with the strength of character and integrity will finally hear this case on the merits. In over four years only one judge attempted to hear this case on the merits, judge Malihi in the Administrative court of GA, however according to Judge Malihi administrative court has very limited jurisdiction. Judge Malihi did not sign letters Rogatory to the Superior Court of Hawaii to seek reciprocal subpoena enforcement and production of Obama's original birth certificate, did not find Obama in contempt of court, when Obama and his attorney decided to boycott the court and not show up at the hearing, and as the result the hearing was very limited and the original IDs are still

sealed, were not seen by any court or judge, while alleged copies of Obama's papers were shown to be forgeries or fraudulently obtained papers based on affidavits of multiple experts and members of law enforcement. As such a mechanism of timely adjudication of such claims has to be established by this court and the case at hand is ripe for adjudication on the merits.

## DECISION BY CA COURT OF APPEALS IN KEYES V BOWEN CONTRADICTS THE POSITION OF THE DEMOCRATIC PARTY OF MS

Defense brings forward one decision, which is opposite to the Defendant's position and completely defied any human logic, that is a decision by the California court of Appeals in Keyes v Bowen c-062321, that actually stated "Any investigation of eligibility is best left to each party, which presumably will conduct the appropriate background check..."

a. based on this decision Defendant MSDP just indicted themselves, as they did not conduct any background check of Obama and covered up all evidence of forgery submitted to them. MSDP allowed Obama on the ballot, knowing that Obama is not even his legal name and that in his school records from Indonesia he is listed under the last name Soetoro, his step father's last name and Indonesian citizenship

and in his mother's passport records he is listed under the name Soebarkah. A minimal background check would have revealed that Obama is a fraud with forged IDs.

b. The reason the decision by the CA court of Appeals in *Keyes* is so absurd and so upfront to Human logic, is because political parties are just that, political, partisan, private organizations. Parties are rarely subjected to any scrutiny. Mississippi is actually one of very few states or possibly the only state in the union, where according to the state statutes a party can be held accountable for its' actions. In most states there are no statutes that would provide for any statutory accountability for the party.

Additionally it defies logic to believe that Parties would do anything. Why so? Simply because a party would not want to rock the boat and speak up against the candidate that they have chosen. California state court of Appeals provided further caveat "Any investigation of eligibility is best left to each party, which presumably will conduct the appropriate background check or risk that its nominee's election will be derailed by an objection in Congress..." however congressmen are stating in their letters sent to constituency, that they are not judges, not legal scholars and this matter needs to be determined by the courts. Taitz received a letter from Senator McCain (Exhibit 7) , who ran for Congress against Obama and had the

most perfect standing, but claimed that he cannot do anything on this issue, as it is up to the judiciary. It states:

Dear Orly:

I want to take this opportunity to thank you for your letter of January 8th 2010 regarding a judicial matter.

Unfortunately, your situation appears to involve litigation or may require litigation under the judicial system. Members of Congress are precluded from inquiring into matters pending before the courts by provisions of the Constitution that mandate a separation of powers between the Judicial, Executive, and Legislative branches. I feel that my involvement in your present situation may be viewed as an interference in the judicial process.

Similar letter was written by Senator Sessions (exhibit 8). So, one can see that the system is totally corrupted: the judges and the congressman are simply kicking the can and coming up with excuses and pointing fingers at each other, while the citizens are deprived of their right to participate in lawful elections.. Moreover, when is the last time congress brought an objection to any Presidential candidate? It is hard to find a case in the last 200 years or ever. Most congressman are stating that they are afraid to bring an objection, as it would invalidate votes of half of the population, on the other hand, when citizens are trying to bring this issue to judicial resolution before the vote, they are told that it will be resolved later by the Congress.

## 6. DECISION IN KEYES V BOWEN IS A NEW INVENTION BY THE COURT, WHICH GOES AGAINST THE 10TH, 9TH, 1ST, 5TH, 14TH AND

## 20TH AMENDMENT , AGAINST 232 YEARS OF THE US HISTORY AND PRECEDENTS OF FULANI, BUSH V GORE AND CLEAVER

Decision in Keyes v Bowen seem to be specifically crafted to aid and abet Obama, it is upfront to all of the decisions in the previous 230 years of the U.S. history. In Fulani v Hogsett 917 F2d 1028 the 7t circuit ruled that a citizen by name Lenora Fulani can sue both Presidential Candidates: Bush and Dukakis, she has standing. 7th Circuit did not come up with a ridiculous decision that it is best left to parties and Congress to rule on eligibility.    Bush v Gore 531 U.S. 98 (2000), and Cleaver v Jordan Calif. Supreme Court minutes, Sep. 26, 1968, case no. 7838, not reported confirmed that the courts can adjudicate Presidential elections contests. Moreover, the decision in Keyes is so tyranical that it turns this Constitutional Republic into a dictatorship stripping the states of their 10th amendment rights, stripping the citizens of their 9th amendment rights and stripping the citizens of their first amendment right for redress of grievances, for

Political free speech for equal protection. and it seems to strip all of these rights without any due process guaranteed in the 5th amendment.

Why California Court of Appeals in *Keyes* came up with a decision that went against all precedents and state and Federal law? Most probably because this is the only excuse they could find, could pull out of a hat, out of thin air. Keyes had perfect standing and Obama had and still has a perfect lack of any valid IDs, so the only cover up the court could find, was this science fiction decision that only Congress can challenge a person, who ran for Presidency by fraud and with forged IDs.

## 7. THIS COURT HAS JURISDICTION TO BAR THE SOS FROM PLACING ONE'S NAME ON THE BALLOT OR ISSUING INJUNCTION PREVENTING CERTIFICATION OF VOTES.

In the motion to dismiss on the pleadings, SOS states:"As a matter of law, they are not entitled to any injunction barring the Secretary of State from performing his

statutory duties in connection with the general election. No courts have jurisdiction to hear any such claims for relief."

This is a shocking statement, void on its face. Often courts: both state and federal issue rulings affecting general elections and duties of the Secretaries of State. In the state of California

Just in 2010 US District Judge ordered stay of certification of elections for the U.S. senate pending resolution of all Constitutional challenges.

"Therefore, for the reasons articulated above and by Defendants

in their Motion to Dismiss for Lack of Federal Question Jurisdiction or in the Alternative to Abstain at Docket 17, which Plaintiff responded to at Docket 20, this matter is hereby **STAYED** so that the parties may bring this dispute before the appropriate State tribunal. The Court shall retain jurisdiction pursuant to Pullman and will remain available to review any constitutional issues that may exist once the State remedies have been exhausted. In order to ensure that these serious State law issues are resolved prior to certification of the election, the Court hereby conditionally **GRANTS** Plaintiff's motion to enjoin certification of the election. If an action is filed in State Court on or before **November 22, 2010**, the results of this election shall not be certified until

the legal issues raised therein have been fully and finally resolved."Judge Beistline,

Miller v Campbell 10-cv-252 USDC Alaska. In **Bush v. Gore, 531 U.S. 98

(2000)** Supreme Court ordered the Secretary of state of Florida to stop the count

of the ballots in the Presidential election. Moreover, in California in a case,

*Cleaver v Jordan*, Calif. Supreme Court minutes, Sep. 26, 1968, case no. 7838,

not reported Secretary of state of California Frank Jordan removed from the ballot

a candidate for President Eldridge Cleaver, as the Secretary of State of California

checked his identification papers, found that he was only 34 years old, not

qualified for the presidency and removed Jordan from the ballot. In that case

Clever appealed to the Superior Court of CA, later to the Supreme court of

California and SCOTUS. Supreme Court of California confirmed that the court

has jurisdiction to mandate and decided that the secretary of state had jurisdiction

and power to remove from the ballot ineligible candidate. Similarly, a candidate

of the new Workers party Roger Calero ran for the U.s. Presidency and a

number of Secretaries of State removed him from the ballot due to lack of

eligibility. The case did not go to court.

As such the secretary of state has the ability to remove ineligible candidates from

the ballot, the courts have an ability to review this decision and issue injunctive

and declaratory relief.

## 8. STANDING

MS statutes do not require 23-15-961 and 23-15-963 do not specify that one has to be a resident of the state of MS. There is a reason behind it, as individuals from other states, who are federal whistleblowers might have valid information regarding elections fraud and might be affected by such fraud. Presidential election understandably affects individuals from multiple states. In case of the Plaintiffs, who are dissidents against Barack Obama and Obama regime, elections in each and every state affect them.

As explained, more fully in attached RICO questionnaire, defendants, particularly defendant Taitz, have experienced significant financial damages, as a number of Jane Does and John Does herein, members of the RICO conspiracy have vandalized their cars, heir computers, web sites, e-mail accounts. Jon Does, of a subversive group "Fogbow" and others have manipulated dockets and legal cases in order to derail cases of attorney Taitz. A number of individuals have contacted insurances and patients of doctor Taitz, providing them with incorrect information, telling them that her dental license was taken away in an effort to deprive her of her livelihood and prevent her from having means and resources to fight in court. Taitz suffered damages in an amount estimated in over a million dollars and could bring a legal action in the jurisdiction were some of the members of RICO conspiracy reside.

**PRECEDENTS OF STATE COURTS ALLOWING OUT OF STATE RESIDENTS TO BRING ELECTIONS CHALLENGES.**

**Plaintiffs in this case were among multiple plaintiffs who filed elections contests and legal challenges against Obama and elections officials in other states. Specifically, in the State of Georgia, Deputy Chief judge of the Administrative court of GA Michael Malihi heard elections** challenge to Obama in the beginning of 2012 Farrar, Roth, Lax, MacLeran v Obama, administrative court of GA OSAH-SECSTATE-CE-: 1215136-60-MALIHI

Counsel for . Judge Malihi granted Taitz pro hac vice and she filed a First amended complaint, where a number of non-residents were suing in GA in elections challenge. Among them were plaintiffs in this case: Leah Lax, Laurie Roth and Thomas MacLeran. Michael Jablonski, attorney for Barack Obama sought to dismiss the case, similarly citing lack of jurisdiction and lack of standing. This motion was denied by the presiding judge. Not only the motion to dismiss was denied, but motion to quash subpoenas was denied as well, and Barack Obama had an obligation to appear in court and provide documents requested. Trial was held on January 26. Ultimately Judge Malihi ruled that the evidence was not convincing enough and provided an advisory opinion to the Secretary of State of Georgia, allowing Obama on the ballot. After trial in Georgia Plaintiffs received more evidence, specifically a sworn affidavit and videotaped press conference of Sheriff

Joseph Arpaio, stating that Obama's birth certificate, Selective Service Certificate and Social Security number represent forgeries. Also, Sheriff Arpaio held several press conferences, where he and his lead investigator Mike Zullo demonstrated to thousands of people in the audience and media, how forgers created Obama's forged IDs. This evidence was provided to this court in the form of a DVD. Based on this evidence and the precedent of Farrar , Plaintiffs in this case, who are not residents of Mississippi, reasonably believed and believe that they have standing to proceed. Moreover, based on additional devastating evidence, such as press conference by Sheriff Arpaio, they believe that they can and will win this challenge on the merits.     Plaintiffs were damaged not only because of the depravation of their civil and human rights, but also because of concrete economic damages their suffered and suffer as federal whistleblowers, who blew the whistle on Obama and his accomplices.

Additionally, in 2008 former County, Circuit and Chancery Court Judge of Mississippi, Judge James Bell, as well as three other attorneys from Hawaii, Tennessee and Virginia brought two legal actions in this very court Thomas et al v Hosemann 08-cv-280 and Thomas et al v Hosemann 08-cv-248 MSSD. In this case 28 citizens from different states sued the same Secretary of state of MS, Delbert Hosemann, for Declaratory relief . Incidentally, the lead plaintiff in this case was a resident of California as well. The fact that the case was brought by a former

Mississippi judge, well versed in Mississippi law, was an additional indication for the Plaintiffs, that there is no provision in MS law preventing non-residents from filing an election challenge. Later this case was withdrawn by the plaintiffs, as it went past the electoral college certification time and the state of Hawaii was stonewalling and refusing to provide any information. Today, plaintiffs have gathered more evidence and more information to proceed and succeed in the challenge.

This is part 1 of the opposition. Part 2 of the opposition is provided in the answer to the Democratic Party of MS and is included herein by reference

/s/ DR. Orly Taitz ESQ-pro se plaintiff signing on her behalf

I attest that the defendants will be served on October 15, 2012 via electronic Court filing of these pleadings

/s/ Dr. Orly Taitz, ESQ

Hosemann 08-cv-280 and Thomas et al v Hosemann 08-cv-248 MSSD. In this case 28 citizens from different states sued the same Secretary of state of MS, Delbert Hosemann, for Declaratory relief . Incidentally, the lead plaintiff in this case was a resident of California as well. The fact that the case was brought by a former Mississippi judge, well versed in Mississippi law, was an additional indication for the Plaintiffs, that there is no provision in MS law preventing non-residents from filing an election challenge. Later this case was withdrawn by the plaintiffs, as it went past the electoral college certification time and the state of Hawaii was stonewalling and refusing to provide any information.      Today, plaintiffs have gathered more evidence and more information to proceed and succeed in the challenge.

This is part 1 of the opposition. Part 2 of the opposition is provided in the answer to the Democratic Party of MS and is included herein by reference

/s/ DR. Orly Taitz ESQ-pro se plaintiff signing on her behalf

I attest that the defendants will be served on October 15, 2012 via electronic Court filing of these pleadings

/s/ Dr. Orly Taitz, ESQ