IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**DR. ORLY TAITZ, ESQ., ET AL.**                                                                 **PLAINTIFFS**

V.                                                      CIVIL ACTION NO. 3:12cv280-HTW-LRA

**DEMOCRAT PARTY OF MISSISSIPPI, ET AL.**                                    **DEFENDANTS**

_____

**MISSISSIPPI SECRETARY OF STATE'S
REPLY BRIEF SUPPORTING MOTION
FOR JUDGMENT ON THE PLEADINGS**

_____

### I.  INTRODUCTION

On April 19, 2012, Plaintiffs filed an Amended Complaint asserting two claims seeking declaratory and injunctive against the Secretary of State, including a general election ballot challenge based on Mississippi Code Section 23-15-963, a primary election ballot challenge based on Mississippi Code Section 23-15-961, and a federal RICO claim seeking damages.  All of the claims are premised on Plaintiffs' belief that President Obama is not qualified to be the President of the United States.

On April 27, 2012, following removal, the Secretary of State moved for judgment on the pleadings.  Instead of filing any substantive response, Plaintiff Taitz argued the case should be remanded to state court.

On September 24, 2012, the Court correctly rejected Plaintiff Taitz's remand arguments.  Plaintiffs were also ordered to respond to the Secretary of State's motion, and file a court-ordered RICO statement.  Plaintiff Taitz has since attempted to comply with the Court's orders by filing

some documents on October 15, 2012.[1] Taitz's papers lack a coherent explanation regarding Plaintiffs' putative RICO claim and contain no valid response to the Secretary of State's dispositive motion. The Secretary of State's Motion for Judgment on the Pleadings should now be granted, and the claims against him dismissed with prejudice.

## II. PLAINTIFFS' GENERAL ELECTION CHALLENGE SHOULD BE DISMISSED

### A. Plaintiffs' General Election Challenge is Untimely.

Plaintiffs' putative general election challenge is governed by Mississippi Code Section 23-15-963. The time limits and other requirements in Section 23-15-963 are mandatory and jurisdictional, as the statute provides the exclusive method to challenge a candidate's qualifications for the general election. *See* MISS. CODE ANN. § 23-15-963(7). On its face, Plaintiffs' Amended Complaint demonstrates why its general election claim is untimely. Plaintiff Taitz's fifty pages of response to the Secretary of State's Motion merely confirms that Plaintiffs failed to meet the requirements of Section 23-15-963.

On March 13, 2012, Mississippi held its Presidential Preference Primary. Any candidate challenge for the general election requires a petition *filed* with the appropriate executive committee setting forth specific grounds for the challenge within thirty-one days of the primary. MISS. CODE ANN. § 23-15-963(1). On April 1, 2012, Plaintiff Taitz sent an email to the attorney for the Mississippi Democratic Executive Committee, Sam Begley, purportedly challenging President Obama's candidacy for the Mississippi general election ballot.[2] The petition did not set

---

[1] *See* Docket Nos. 47-50. None of the other plaintiffs are represented by counsel. None of the other plaintiffs have filed any responses to the Secretary of State's motion or a RICO statement. That is grounds alone to grant the Secretary of State's motion as to all of Taitz's co-plaintiffs.

[2] *See* First Amended Complaint at p. 15, Ex. "A" to Docket No. 1; April 1, 2012 E.mail Correspondence, Ex. "B" to Docket No. 9.

forth any specific grounds for the challenge, and it was sent to Mr. Begley, not the MDEC.

Nevertheless, assuming Plaintiff Taitz properly *filed* her challenge on April 1, it had to be followed by *filing* a petition in Circuit Court no later than April 15, 2012.  *See* MISS. CODE ANN. § 23-15-963(4) (Circuit Court petition must be *filed* within fifteen days regardless of action or inaction on petition to committee).  Plaintiff Taitz's Amended Complaint – *i.e.* Taitz's petition to Circuit Court under Section 23-15-963(4) – was filed on April 19, 2012.³  Plaintiff Taitz's general election challenge petition was *filed* at least four days too late.  Thus, no court has jurisdiction to adjudicate it.⁴

Furthermore, the Amended Complaint was not accompanied by the requisite $300 bond. *See* MISS. CODE ANN. § 23-15-963(4).  Plaintiff Taitz claims that bond was not paid because a bond had previously been paid for her primary election challenge.  The two bond requirements are separate requirements, contained in separate statutes.  *See* MISS. CODE ANN. §§ 23-15-961, -963.  Failure to pay the bond is fatal to the general election claim, and Plaintiff Taitz's excuse that she will pay another bond now does not save it.⁵  For either reason, untimeliness or failure to include the requisite bond, the general election challenge must be dismissed.

---

³ *See* First Amended Complaint, Ex. "A" to Docket No. 1; State Court Record Vol. 1, Docket No. 6.  The Amended Complaint is the only paper Plaintiff Tatiz ever *filed* regarding her general election challenge, so it must be deemed her purported "petition" pursuant to Section 23-15-963(4).  Plaintiff Taitz likely mistakenly believes that if the Amended Complaint was mailed prior to April 15, 2012, it was somehow timely.  However, the statute says "*filed*" and means "*filed*."  MISS. CODE ANN. § 23-15-963(4).

⁴ Taitz's argument that she "renewed" her general election challenge on October 11, 2012 does not make the claim justiciable.  *See* Plaintiff Taitz's Response at p. 9, Docket No. 48.  Her supposed "renewal" was sent six months after the deadline passed, and, again, was not accompanied by the required bond.

⁵ Under Mississippi law, failure to comply with a statutory bond requirement divests a reviewing court of any authority to hear a petition.  *See Chandler Paul Khurana d/b/a VK Quick Mart and VK's Wine & Liquor v. Miss. Dep't of Revenue*, No. 2010-CA-01598-SCT at ¶ 11 (Miss. April 12, 2012); *Aikns v. Miss. Dep't of Revenue*, 70 So. 3d 204, 209 (Miss. 2011).  Plaintiffs cannot come back now and try to pay the bond.

### B.     Plaintiffs have not Stated a Claim for Relief Against the Secretary of State.

Even if Plaintiffs somehow satisfied all the requirements of Section 23-15-963, they still have not stated a valid claim against the Secretary of State. They seek a mandatory injunction requiring the Secretary of State to remove President Obama from the Mississippi general election ballot. *See* First Amended Complaint at p. 42, Ex. "A" to Docket No. 1. The Secretary of State was required to put President Obama on the ballot by state law. Under Mississippi law, no injunction may issue against the Secretary of State for the performance of any state law mandated election duties which are ministerial. *Barnes v. Ladner*, 131 So. 2d 458, 463-64 (Miss. 1961).

Plaintiff Taitz's response does not articulate why this long settled rule of law does not apply in this case. Instead, she cites some apparently unreported judicial proceedings in Alaska and California, an instance where Secretary of States removed someone from a Presidential ballot that "did not go to court," and the Supreme Court's decision in *Bush v. Gore*, 531 U.S. 98 (2000).[6] Her apparent contention is that Secretaries of State have generally been ordered to do things by courts in the past, so this Court can order him to do something in this case. That contention wholly lacks merit. Taitz completely ignores the facts of this case, specifically, that she seeks to enjoin the Secretary of State from performing a ministerial function required by state law.

In this case, there is no doubt that the Secretary of State's duty to place President Obama on the general election ballot is a ministerial duty which he cannot be enjoined from performing.

---

[6] None of Taitz's unreported "authorities" or the Supreme Court's decision in *Bush v. Gore* are on point. She has never articulated any reason that Section 23-15-963, or any other Mississippi statute, is invalid. Her authorities have nothing to do with whether courts can enjoin Secretaries of State from acting pursuant to valid state law.

The state elections code provides the specific procedure the Secretary of State must follow in placing President Obama on the Mississippi ballot:

> (1) When presidential electors are to be chosen, the Secretary of State of Mississippi **shall certify** to the circuit clerks of the several counties **the names of all candidates for President and Vice President who are nominated by any national convention or other like assembly of any political party** or by written petition signed by at least one thousand (1,000) qualified voters of this state.

MISS. CODE ANN. § 23-15-785(1) (emphasis added).  The names of all nationally nominated candidates must be provided to the Secretary of State in advance of the election:

> (2) The certificate of nomination by a political party convention must be signed by the presiding officer and secretary of the convention and by the chairman of the state executive committee of the political party making the nomination. Any nominating petition, to be valid, must contain the signatures as well as the addresses of the petitioners. The certificates and petitions must be filed with the State Board of Election Commissioners by filing them in the Office of the Secretary of State by 5:00 p.m. not less than sixty (60) days previous to the day of the election.

MISS. CODE ANN. § 23-15-785(2).

The statutes leave no discretion for the Secretary of State to act.[7]  When the Secretary of State received the national Democratic Party's certification of President Obama's nomination, the Secretary was required to perform his duty under Mississippi law and place President Obama on the ballot.  Just like Secretary of State Ladner in 1961, he cannot be enjoined from performing that duty.  In addition to the failure to comply with the general election challenge statute, that is another reason Plaintiffs' general election claim against the Secretary of State must be dismissed.

---

[7] Plaintiff Taitz has not identified any Mississippi statute or other authority which purports to impose a duty on the Secretary of State to evaluate the qualifications of any candidate for a Presidential ballot, much less any statute or other authority showing that the Secretary of State's act of placing President Obama on the Mississippi ballot was a judicial or quasi-judicial function rather than a ministerial one.

### III. PLAINTIFFS' PRIMARY ELECTION CHALLENGE SHOULD BE DISMISSED.

#### A.  Plaintiffs' Primary Election Challenge is Untimely.

Similar to their general election claim, Plaintiffs' primary election challenge failed to comply with the applicable and mandatory statutory deadlines. MISS. CODE ANN. § 23-15-961. A challenge to a primary candidate's qualifications must be *filed* with the appropriate party executive committee within ten days of the qualifying deadline. MISS. CODE ANN. § 23-15-961(1). The executive committee has ten days to rule on the petition, and a failure to rule in ten days constitutes a denial. MISS. CODE ANN. § 23-15-961(3). The challenger may subsequently *file* a court petition, but she must do so within fifteen days of *filing* her petition with the executive committee. MISS. CODE ANN. § 23-15-961(4).

The qualifying deadline for the Mississippi Presidential Preference Primary was January 14, 2012. Plaintiff Taitz claims to have *filed* a petition with the MDEC on or before January 23, 2012. *See* Plaintiff Taitz's Response at p. 6, Docket No. 48. The deadline for her to *file* a court petition was February 7, 2012, fifteen days later. Taitz's court petition was not *filed* until February 14, 2012. *See* Original Complaint, State Court Record, Docket No. 6. Taitz missed the mandatory deadline.

Taitz's excuse for missing the deadline is that she "mailed" the complaint via Federal Express on February 9, 2012. *See* Plaintiff Taitz's Response at p. 6, Docket No. 48. Her mailing was obviously two days late. Moreover, mailing a document is not the same thing as *filing* the required petition. The petition was not filed until February 14, 2012. Taitz's primary challenge failed to comply with Section 23-15-961 and should therefore be dismissed.

### B. Plaintiffs' Primary Election Challenge does not State a Claim Against the Secretary of State

Even if the Plaintiffs' primary challenge could ever have been considered timely, it still fails to state a claim against the Secretary of State. Plaintiffs ask the court to order the Secretary of State to "decertify/annul" all votes for President Obama in the Mississippi primary. *See* Amended Complaint at p. 43, Ex. "A" to Docket No. 1. Under Mississippi law, Plaintiffs have no right to an order compelling the Secretary of State to invalidate the primary results.

Plaintiffs must satisfy four elements to obtain such an order. *Bennett v. Board of Sup'rs of Pearl River County*, 987 So. 2d 984, 986 (Miss. 2008) (mandamus against state official requires (1) petitioner authorized to bring suit, (2) petitioner must have clear right to relief, (3) official must have legal duty to do what petitioner seeks to compel, and (4) petitioner must have no adequate remedy at law). At a very minimum, Plaintiffs' claim fails because the Secretary of State never had any legal duty to evaluate President Obama's qualifications to be on the Mississippi primary ballot in the first place.

Plaintiffs have never pointed to any statute requiring the Secretary to evaluate any candidate's qualifications. Rather, the Secretary of State's only duty with regard the primary was to determine whether the candidates are "generally recognized throughout the United States or Mississippi as a candidate for the nomination of President of the United States." MISS. CODE ANN. § 23-15-1089. There is no credible argument that President Obama, or any of the other candidates placed on Mississippi's primary ballot, were not "generally recognized" as presidential candidates in 2012. That is the only determination the Secretary of State was ever required to make. He made it. That determination cannot now be challenged in court under

Mississippi law.

Additionally, Plaintiff Taitz has failed to distinguish the case of *Keyes v. Bowen*, 189 Cal. App. 4th 647 (Cal.App. 3 Dist 2010), where the California Court of Appeals rejected her identical argument against the California Secretary of State, under California's similar statute regarding primary elections. This Court should reach the same conclusion because Mississippi's statute similarly imposes no duty on the Secretary of State to evaluate the qualifications of Presidential Preference Primary candidates.

## IV.  PLAINTIFFS' RICO CLAIMS AGAINST THE SECRETARY OF STATE SHOULD BE DISMISSED

Plaintiffs originally – and unequivocally – disclaimed pursuit of any RICO claims against the Secretary of State. *See* First Amended Complaint at p. 4 (the "Secretary of State is NOT being sued in RICO causes of action"), Ex. "A" to Docket No. 1. Plaintiff Taitz's Response to the Secretary of State's Motion for Judgment on the Pleadings, and her purported RICO Statement, now apparently contend otherwise. Whether or not Taitz and the other Plaintiffs intend to sue the Secretary of State under RICO, any such claims must be dismissed.

In her RICO Statement, Plaintiff Taitz contends that

> Secretary of State and Democratic Party of Ms took part in RICO enterprise by covering up Obama's forged ID s and all evidence provided to them by Plaintiffs in 2008 in Thomas v Hosemann and in 2012 by Taitz.

RICO Statement at p. 1, Docket No. 49. Further, in the middle of Taitz's garbled accusations of fraud and other alleged misdeeds against President Obama, Attorney General Holder, United States District Judge Clay D. Land, Cable News Network, and numerous others, the RICO Statement asserts

**Fraud by Defendants Secretaries of States of Mississippi, California, Georgia, New Hampshire, West Virginia, as well as Ballot law commission of New Hampshire.**

Defendants SECRETARY OF STATE OF MISSISSIPPI and Democratic Party of MISSISSIPPI were among the first to be put on notice of the fact that Obama is using forged ID s.  Former Superior Court of Mississippi Judge James Bell together with attorneys from the state of TN, VA and HI filed a legal action challenging legitimacy of Obama for the U.S. Presidency.  This legal action was brought on November 3rd, 2008 prior to 2008 election taking place.  This legal action Thomas v Hosemann 08-241 Southern District of MS was brought on behalf of 28 electors from all over the country against Secretary of State of MS Delbert Hosemann.  Complaint stated "...That a growing number of questions have arisen in litigation in at least ten (10) states contesting whether Senator John McCain and Senator Barack Obama are natural born citizens and, therefore, constitutionally eligible to be entrusted with the office of President of the United States.  In the litigation against Senator Obama, allegations were made that his admitted dual citizenship in Kenya and Indonesia, and lack of evidence that he renounced same, caused a loss of his U.S. Citizenship as a matter of law.  Moreover, evidence released by the Obama campaign purporting to be a "Certification of Live Birth" on its face appears to manufactured and unauthentic.  See Exhibit A.  This evidence was released to FactCheck.org, an Annenburg related agency which seeks to determine the veracity of certain claims made in public forums."  From before November 2008 election defendant Delbert Hosemann, Secretary of State of MS, and the Democratic Party of MS were on notice that Obama is using forged ID s.  Secretary of State of MS is a chief elections officer, in whose hands legitimacy of elections is entrusted In spite of evidence of forgery in Obama's short form birth certificate Hosemann certified Obama as a legitimate candidate in 2008.  Hosemann continued cover up through now.  In January 2012 Taitz provided Democratic Party of MS and Secretary of State of MS with evidence of Obama using a forged long form birth certificate, forged selective service certificate, fraudulently obtained CT Social Security number, a last name not legally his and foreign citizenship.  Defendants Democratic Party of MS and Secretary of State were complicit in cover up and racketeering scheme, where they failed to act, even though per MS election laws, elections challenges have to be considered by the party the candidate belongs to and by the Secretary of State.  Due to actions of the defendants the racketeering scheme continued and defendants suffered damages.

[RICO Statement at pp. 13-14, Docket No. 49].  These accusations fall woefully short of

pleading, or even articulating, any basis for a federal RICO claim against the Secretary of State.

9

Plaintiffs' First Amended Complaint, even when considered supplemented by Taitz's RICO Statement, fails to satisfy the most basic pleading requirements imposed by Federal Rule of Civil Procedure 8, *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1954 (2007).  The allegations also fail to satisfy the heightened pleading standard required by Rule 9(b) since plaintiffs' RICO allegations are based on fraud.  *Huffmaster v. Foster*, 565 F.Supp.2d 693, 698 (S.D. Miss. 2008).[8]

Plaintiff Taitz's jumbled allegations do not even satisfy the most basic requirements for pleading a RICO claim.  Under RICO, plaintiffs must plead and prove specific allegations against "'(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise.'" *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009) (quoting *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007)).  Plaintiffs have not even pled an actionable claim meeting any of these required elements.

For example, the Secretary of State is not a "person" capable of being sued under RICO.  The Secretary of State has been sued solely in his official capacity, and as such, plaintiffs' RICO claim has been asserted against the State of Mississippi.[9]  Official capacity suits against a government official are actions against the government entity of which the official is a part.[10]

---

[8] The Federal Rules of Civil Procedure are controlling in this removed civil action.  *See* Fed. R. Civ. P. 81(c).  The First Amended Complaint must be evaluated based upon the federal pleading standards.  *See Allison v. J.P. Morgan Chase Bank, NA*, 2012 WL 4633177, at *5-6 (E.D. Tex. Oct. 2, 2012).  Even if the federal pleading standards somehow do not apply, plaintiffs' claims should still be dismissed as the Mississippi Rules likewise require that fraud be pled with particularity.  *See* Miss. R. Civ. P. 9(b).

[9] *See* First Amended Complaint at p. 3 ("Secretary of State of Mississippi is sued only in his official capacity as the chief elections officer of the state of Mississippi . . .").

[10] *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *U.S. ex rel. Adrian v. Regents of University of California*, 363 F.3d 398, 402 (5th Cir. 2004); *Sanville v. McCaughtry*, 266 F.3d 724, 732-33 (7th Cir. 2001).

The State of Mississippi, its officials sued in their official capacities, and specifically the Secretary of State – sued only in his official capacity in this case – are not proper RICO defendants.[11]

As another example, Taitz has not adequately identified any actionable "pattern of racketeering activity" involving the Secretary of State. The "pattern of racketeering activity" element requires proof of "two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity." *St. Germain*, 556 F.3d at 263.

Taitz's "pattern of racketeering activity" allegations apparently contend that (1) the Secretary of State has been sued twice[12] regarding President Obama's eligibility to hold the office of President, (2) the Secretary of State has thus been put on "notice" of President Obama's allegedly forged birth certificate, and therefore (3) the Secretary of State has committed a pattern of racketeering activity and is part of some gigantic cover-up. Allegations in a lawsuit, or even multiple lawsuits, that have been roundly rejected by courts does not mean the Secretary of State has been put on "notice" of any illegal activity. At the most, that simply means he is on "notice" that frivolous lawsuits have been filed against him. Being sued twice – illegitimately – does not

---

[11] *See Lancaster Community Hospital v. Antelope Valley Hosp.*, 940 F.2d 397, 404 (9th Cir. 1991), *cert. denied*, 502 1049 (1992) ("government entities are incapable of forming [the] malicious intent" necessary for RICO claim); *Lanthrop v. Juneau & Associates, Inc., PC*, 220 F.R.D. 330, 335 (S.D. Ill. 2004) (RICO claims cannot be asserted against official capacity defendants); *Genty v. Township of Gloucester*, 736 F.Supp. 1322, 1326 (D. N.J. 1990), *aff'd*, 937 F.2d 899 (3rd Cir. 1991) (government entity incapable of being sued under RICO because it cannot form requisite intent).

[12] One suit would be this case. The other lawsuit, styled *Thomas v. Hosemann* as referenced in Plaintiff Taitz's Response papers and RICO statement, is apparently the case of *Daniel Scott Thomas, et al. v. Delbert Hosemann, in his official capacity as Secretary of State for the State of Mississippi*, Civil Action No. 2:08cv241-KS-MTP, filed in this Court on November 3, 2008. The filing of the *Thomas* lawsuit proves nothing, except that the claims had no merit. The case was voluntarily dismissed by the plaintiffs on December 18, 2008 after the Secretary of State filed a motion to dismiss. The dismissal was not reported, and not recognized in Taitz's Response papers, but the Court can take judicial notice of the order of dismissal in the *Thomas* case appearing in the Court's own case files.

form a requisite "pattern of racketeering activity" required for Plaintiffs' RICO claim against the Secretary of State. That is just another reason it should be dismissed.

## V. CONCLUSION

For the above reasons, and those set forth in the Secretary of State's separate Motion for Judgment on the Pleadings and supporting memorandum, the Secretary of State respectfully requests the Court to enter an order granting his Motion for Judgment on the Pleadings and dismissing all of plaintiffs claims asserted against the Secretary of State in this action.

THIS the 22nd day of October, 2012.

    Respectfully submitted,

    Delbert Hosemann, Mississippi
    Secretary of State

BY:    Jim Hood, Attorney General
    State of Mississippi

BY:    S/Justin L. Matheny
    Harold E. Pizzetta, III (Bar No. 99867)
    *hpizz@ago.state.ms.us*
    Justin L. Matheny (Bar No. 100754)
    *jmath@ago.state.ms.us*
    Office of the Attorney General
    550 High Street, Suite 1200
    P.O. Box 220
    Jackson, MS 39205
    Telephone: (601) 359-3680
    Facsimile: (601) 359-2003

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been filed with the Clerk of Court electronically and thereby served on the following persons, and/or served by electronic mail where indicated:

    Orly Taitz
    29839 Santa Margarita Parkway, Suite 100
    Rancho Santa Margarita, CA 92688
    orly.taitz@gmail.com

    Samuel L. Begley
    Begley Law Firm, PLLC
    P.O. Box 287
    Jackson, MS 39205
    sbegley1@bellsouth.net

    Scott J. Tepper
    Garfield & Tepper
    1801 Century Park East, Suite 2400
    Los Angeles, CA 90067-2326
    scottjtepper@msn.com

And to the following person by electronic mail:

    Brian Fedorka
    bfedorka82@gmail.com

    Laurie Roth
    drljroth@aol.com

    Leah Lax
    leahlax1234@aol.com

    Tom MacLeran
    tom@macleran.com

    THIS the 22nd day of October, 2012.

                                                           S/Justin L. Matheny
                                                           Justin L. Matheny