IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| DR. ORLY TAITZ, ESQ., BRIAN FEDORKA, LAURIE ROTH, LEAH LAX, and TOM MacLERAN | PLAINTIFFS |
| VS. | CIVIL ACTION NO. 3:12-cv-280 HTW-LRA |
| DEMOCRAT PARTY OF MISSISSIPPI, SECRETARY OF STATE MISSISSIPPI, BARAK HUSSEIN OBAMA, OBAMA FOR AMERICA, NANCI PELOSI, DR. ALVIN ONAKA, LORETTA FUDDY, MICHAEL ASTRUE, JOHN DOES, JOHN DOES 1-100 | DEFENDANTS |

**MISSISSIPPI DEMOCRATIC PARTY EXECUTIVE COMMITTEE'S
REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

COMES NOW the Mississippi Democratic Party, through its governing entity, the Mississippi Democratic Party Executive Committee ("MDEC"), by and through its undersigned counsel, and submits this Reply In Support of its Motion for Judgment on the Pleadings ("JOP Motion") [ECF 15] in response to the "Opposition To Motion To Dismiss By The Secretary Of State," [ECF 48] and "Opposition To Motion For Judgment On The Pleadings Brief In Support Of The Motion Part 2" [ECF 47] filed by Orly Taitz ("Taitz") pro se on her own behalf.   (None of the other plaintiffs has responded to or opposed MDEC's JOP motion.)

1.   Read liberally, Plaintiffs' First Amended Complaint ("FAC") [ECF 1-1] alleges the following causes of action: (A) a primary election contest pursuant to MISS. CODE ANN. § 23-15-961 (FAC at 10-12, 43); (B) a general election contest pursuant to MISS. CODE ANN. § 23-15-963 (*id.* at 9-10, 43); (C) a declaratory judgment action – pursuant to no identified law (*id.* at 15-25, 43); (D) an action for injunction, also pursuant to no identified law (*id.* at 25-28, 43); and (E) A RICO action pursuant to 18 U.S.C. Chapter 96 (*id.* at 4-9, 28-43).

1

2. As set forth in the MDEC's Motion for Judgment on the Pleadings ("JOP Motion") [ECF 15] and Amended Memorandum in Support of its Motion for Judgment on the Pleadings ("JOP Memo") [ECF 18], each one of Plaintiffs' claims fails as a matter of law.

3. On October 15, in response to the Court's September 24, 2012 order, Taitz filed her RICO Statement ("TRS") [ECF 49] and two documents purporting to be a consolidated reply to the Motions for Judgment on the Pleadings filed by both the MDEC and the Mississippi Secretary of State.[1] To the extent MDEC's counsel can follow the disjointed argument contained in her Opposition, Taitz has failed to rebut effectively any of the arguments set forth in the MDEC's JOP Motion and supporting memo, as summarized below.[2]

### *Plaintiffs' Section 23-15-961 primary election contest must be dismissed.*

4. Taitz's attempted primary election ballot challenge under to MISS. CODE ANN. § 23-15-961 must be dismissed because she failed to file her court challenge in a timely manner. (JOP Memo [ECF 18] at 5-6.) Although Taitz takes issue with the specific dates referenced in the JOP Memo, her own allegations and submissions prove that her filing was untimely. According to Taitz, she

---

[1] While the docket reflects that Taitz filed her papers with the Court on October 15, she failed to serve the MDEC, despite a request to do so (*see* Exhibit A). The MDEC did not receive Taitz's papers until they were added to the ECF docket on October 16. True to form, Taitz eschewed Local Rule 7(b)(5), choosing to "writ[e] one more complete 50 page brief relating to both parties," then split it into two separate pleadings. (ECF 48 at 1.) For clarity, we refer to Taitz's two-part reply collectively as the "Opposition" and use the ECF number when referring to only one of the "parts" of her Opposition. No other plaintiff has complied with the Court order to file a RICO Statement and response to the MDEC's JOP Motion. To the extent that the other plaintiffs may be deemed to have joined in with Taitz's RICO Statement and responses to the JOP Motion, their claims should be dismissed for the reasons set forth herein and in the previously filed JOP Motion and supporting memorandum.

[2] Taitz's apparent contention that compliance with Fed. R. Civ. Proc. 8 inoculates her from a motion for judgment on the pleadings (ECF 48 at 4-5) is flatly wrong. First, "[t]o the degree a RICO complaint sounds in fraud, the plaintiff must meet Rule 9(b)'s particularity requirements." *Taitz v. Obama*, 707 F. Supp. 2d 1, 6, *reconsideration denied*, 754 F. Supp. 2d 57 (D.D.C. 2010); *see also, e.g., Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) (Rule 9 (b) applies to RICO claims resting on allegations of fraud). Moreover, even if Rule 8 did apply, Taitz "'confuses form with substance. Rule 8(a)(2) specifies the conditions of the *formal* adequacy of a pleading. It does not specify the conditions of its *substantive* adequacy, that is, its legal merit.'" *Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, 201 F. App'x 988, 990 (5th Cir. 2006) (emphasis in original), quoting *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir.1999). As such, Taitz cannot survive a motion for judgment on the pleadings by resting on the allegations in her complaint, but must provide (applicable) legal authority to support her claims. *Kirksey*, 168 F.3d at 1041.

filed her ballot challenge with the MDEC on January 23, 2012. (Taitz Ex. 3 [ECF 50].) As such, she had 15 days – until February 7 – to file her petition for judicial review.[3]   Taitz alleges that she *mailed* a copy of her petition to the court on February 9, 2012, two days after the *filing* deadline. (ECF 48 at 6; Taitz Ex. 4 [ECF 50].)   Even if one ignores Taitz's first submission and accepts only the alleged second January 24, 2012 challenge, she would have missed the 15-day deadline – *i.e.*, February 8 – because, according to Taitz, she *mailed* the petition on February 9, 2012, a day after the *filing* deadline.[4]   Taitz's contention – that *mailing* is sufficient to meet the deadline – is directly contrary to the express language of the statute.   *See* MISS. CODE ANN. §23-15-961 (4) (court petition must be *filed* within fifteen days of submission of challenge to committee).

    5.   Regardless of the timing of Taitz's petition, the primary election challenge is now moot. *See* JOP Memo at 11.   Taitz has contested that her claim is moot, arguing that the primary election "results can be invalidated retroactively."   (ECF 48 at 8.)   However, Taitz fails to cite any authority supporting this claim – because she cannot.   Section § 23-15-961(e) provides for a single remedy: exclusion of the disqualified candidate's name *from the primary election ballot*.[5]   It does not permit a retroactive invalidation of an election that has already taken place.

---

[3] *See* MISS. CODE ANN. § 1-3-67 ("When process shall be required to be served or notice given any number of days, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included ….").

[4] While Taitz attaches an exhibit that purports to be a copy of the Federal Express air bill #8769 2956 3811, hand dated "02092012" to support her claim of a February 9 mail date, the package, which was marked "priority overnight," was not received by the court until February 14. *Compare* ECF 50 at 12 *with* State Court Docket [ECF 6 at 3]. Further, Federal Express tracking system indicates that that the package at issue (air bill #8769 2956 3811) was not shipped until February 13, 2012. *See* Exhibit B. Thus, Taitz's own exhibits, the information referenced therein, and the state court record directly contradict her claim that she mailed the petition on February 9.

[5] Taitz's argument that mootness should not apply because the "delay was not caused by the Plaintiffs but by the [p]residing judge in the Circuit court, Judge Coleman" is disingenuous given that *she* failed even to obtain valid summonses until March 15, after the primary had taken place. *See* State Court Docket [ECF 6 at 4]. A mere four days after summonses were executed on March 22, Judge Coleman promptly set the cause for hearing. (*Id.* at 5.)

*Plaintiffs' Section 23-15-963 general election contest must be dismissed.*

6.   An action may brought under MISS. CODE ANN. § 23-15-963 only to challenge independent candidates.   Barack Obama is not an independent candidate and, as such, Taitz's lawsuit cannot be based on this statute.   (JOP Memo at 3-4.)   By failing to address this issue at all in her opposition, Taitz has effectively conceded it.   *See, e.g., Black v. N. Panola Sch. Dist.,* 461 F.3d 584, 588 n.1 (5th Cir. 2006) (failing to defend a claim in response to a motion to dismiss constitutes abandonment of that claim); *Scales v. Slater*, 181 F.3d 703, 708 n.5 (5th Cir. 1999) (failure to contest arguments for dismissal of a claim constitutes abandonment of a claim).

7.   Even if Section 23-15-963 were applicable, Taitz's claim must fail because, as with her attempt to file a primary challenge, she failed to file a timely petition for judicial review of her general election challenge.   (JOP Memo at 4-5.)   Taitz concedes that the filing deadline for her Section 23-15-963 petition was April 15, 2012.   (ECF 48 at 7.)   However, she contends that she met the deadline by *mailing* it "on April 13th, before the deadline of 15th," even though "due to the fact that Taitz is in California, it took a few days for the mail to arrive and for the court to docket the complaint."   (*Id.*)   Again, Taitz's argument that *mailing* is equivalent to *filing* is directly contrary to the express terms of the statute. *See* MISS. CODE ANN. §23-15-963(4) (court petition must be *filed* within fifteen days of submission of challenge to election officials).   Taitz's argument, made without legal support, that the $300 bond paid in connection with the Section 23-15-961 challenge was satisfied when a different bond for the same amount was paid when she filed the earlier challenge under Section 21-15-963 (ECF 48 at 5) is equally without merit and should be rejected for the same reason.

8.   Taitz also offers a mélange of other theories that she contends support the validity of her complaint.   For example, Taitz argues that this court "has" to decide the issue of "proper timing" to bring an election challenge due to the "conflicting" decisions on the issue – citing to cases filed

pursuant to California, Florida, and Georgia state election law. (ECF at 9-16, 20-22). However, the Mississippi Supreme Court has already decided the issue with respect to Mississippi election law in *Gourlay v. Williams*, 874 So. 2d 987 (Miss. 2004), when it affirmed the circuit court ruling that Section 23-15-963 does not apply to a party candidate, and found that Section 23-15-961 is "*the sole means* for contesting the qualifications of a candidate seeking office as a party nominee." *Id*. at 989 (emphasis added).

### *Plaintiffs' action for declaratory judgment and injunctive relief must be dismissed.*

9. The JOP Memo demonstrated why, for multiple reasons, Taitz's claim for declaratory and injunctive relief fails. For example, Taitz does not have standing to bring such a claim (JOP Memo at 7). Taitz cites to two cases for the proposition that she has standing; neither support her argument. The first case – *Thomas v. Hosemann*, No. 2:08-cv-00241-KS-MTP (S.D. Miss. Dec. 18, 2008) (ECF 48 at 21-22) – was filed by another group of "birthers" pursuant to 28 U.S.C. § 1331 a federal law. Additionally, the plaintiffs dismissed voluntarily that case in the face of a pending motion to dismiss, and before any ruling on the standing issue. The second case – *Mississippi State Democratic Party v. Barbour*, 491 F. Supp. 2d 641 (N.D. Miss. 2007) *amended on denial of reconsideration*, 4:06-cv-29 P B, 2007 WL 2071800 (July 17, 2007) (ECF 47 at 1-4) – was subsequently reversed by the Fifth Circuit, which flatly rejected the very proposition Taitz relies upon to support her standing argument. *See Mississippi State Democratic Party v. Barbour*, 529 F.3d 538 (5th Cir. 2008) (***reversing*** district court decision on standing and ripeness grounds).[6]

10. Taitz's "papers please" and heritage-based claims purporting to expand the constitutional requirements beyond the stated requirement that the President be a "natural born citizen" fail as a matter of law since there are no such additional requirements. (JOP Memo at 12-17). Similarly,

---

[6] Taitz's failure to discharge her duty of candor by not apprising this Court of the subsequent history in this case should not be countenanced.

Taitz's claim that this Court may remove President Obama from the 2012 general election ballot due to purportedly invalid identification papers is patently frivolous. (JOP Memo at 17-21.) Again, notwithstanding a nearly fifty-page Opposition, Taitz has failed to provide *any* legal support for her demand for a declaratory judgment and injunctive relief on these issues and fails even to acknowledge – much less distinguish – the overwhelming authority cited by the MDEC that demonstrated just how baseless her claims are.[7]  As such, dismissal of Taitz's claims for declaratory and injunctive relief is proper because she "would not be entitled to relief under any set of facts or any possible theory that [she] could prove consistent with the complaint's allegations." *Bank of Abbeville & Trust Co.,* 201 F. App'x 988 at 990; *see also* cases cited *supra* at 4.

### *Plaintiffs' RICO action must be dismissed.*

11. The MDEC set forth numerous reasons why Taitz's RICO claim must be dismissed in its opening brief. (JOP Memo at 21-24.) Rather than respond to the legal arguments and authorities set forth in the JOP Memo, Taitz provides a multi-page "cut and paste" from the facially deficient FAC. *Compare* ECF 47 at 14-21 *with* FAC at 4-9. She then asserts (without authority) that *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1954 (2007), do not apply in this case because the FAC was filed in state court. (ECF 47 at 21.) In other words, Taitz "fails to support her contention with any legal argument. She does not cite any [applicable] law supporting … such a claim, nor does she cite any analogous law from another jurisdiction. Because plaintiff fails to make any legal argument in support of any claim, her claims are waived." *Kirksey v. R.J. Reynolds Tobacco Co., Inc*., 98 C 1927, 1998 WL 381972, at *3 (N.D. Ill. July 6, 1998)), *aff'd sub nom. Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1041 (7th Cir. 1999) ("An unresponsive response is no response. In effect the plaintiff was defaulted for

---

[7] In addition to the overwhelming authority provided in the JOP Memo in May, a number of additional courts have flatly rejected the birther arguments at the heart of the FAC. For an updated list of collected birther cases, *see* www.tiny.cc/BirtherScorecard or http://tesibria.typepad.com/whats_your_evidence/BIRTHERCASELIST.pdf

refusing to respond to the motion to dismiss. And rightly so."). Finally, Taitz complains that she needs "discovery and … subpoena power in order to provide more details for [the] RICO complaint" (ECF 47 at 21), tacitly admitting she failed to perform the due diligence required of her under F.R. Civ. Proc. 11.[8]

12. Although Taitz is an attorney who has been licensed to practice by the State of California since December 2002, and has had more than six months to prepare the TRS [ECF 49], it is an unresponsive, incomprehensible, and nonsensical "word salad"[9] that demonstrates nothing more than Taitz's determination to continue her malicious and frivolous use of the courts to further her political smear campaign against the President – and anyone who dares to reject her fantastical delusions. The TRS, while as vague as her FAC,[10] baldly asserts an even broader nationwide conspiracy than asserted in the FAC – one which involves dozens of non-defendants including various Obama Administration officials, Secretaries of State from around the country, media

---

[8] *See, e.g. Erwin v. Russ,* No. 10-51125, 2012 WL 1992219 (5th Cir. June 1, 2012) (affirming sanctions against plaintiff for filing frivolous RICO claim); *Bruno v. Starr,* 247 F. App'x 509, 511 (5th Cir. 2007) (affirming sanctions against attorney for filing frivolous RICO claim and sanctions against party for filing lawsuit for improper purpose of harassment). Although the FAC was filed in state court, Fed. R. Civ. Proc. 11(b) applies not only to the filing of an improper action but also the "later advocating [of] it," which Taitz has clearly done in various pleadings filed in this Court, including but not limited to the RICO Statement. *See also Edwards v. Gen. Motors Corp.,* 153 F.3d 242, 245 (5th Cir. 1998) (affirming sanctions imposed on plaintiff due to actions taken in case after removal to federal court).

[9] *See Graham v. Almbartic*, No. 2:12-cv-20 JCH, 2012 WL 4711444, at *2 (E.D. Mo. Oct. 3, 2012) (submission just "more of the same 'word salad'"); *United States v. Brow*, No. 05-cv-1607 (SLT), 2009 WL 4746344, at *2 (E.D.N.Y. Dec. 7, 2009) (portion of complaint was "veritable word salad."). For example, in response to the direction to list all pendent state claims, Taitz responded: "see filed petition to the Panel on multidistrict litigation to coordinate and consolidate cases filed herein" [*sic*] (TRS at 42.) In response to the direction to describe how the predicate acts f[or]m a "pattern of racketeering activity," Taitz responded: "fraud [*sic*], uttering of forged IDs, wire and mail fraud, intimidation of whistle blowers, elimination of witnesses were used in a scheme to defraud 314 million americans [*sic*], usurp U.S. Presidency a foreign national, syphon billions of dollars from the U.S. treasury, undermine U.S. National security[.]" (*Id.* at 39.) Similarly, in response to the direction to list the alleged wrongdoers *other than* defendants listed above her response to the question and describe their alleged misconduct, Taitz (a) included President Obama and a few other defendants (*id.* at 6-9); (b) referred to various other individuals *not* named in this case as defendants (*id.* at 9-17); and (c) included a multi-page section that appears to be a cut and paste from one of her other cases (or planned cases), alleging various RICO causes of action against individuals not named in this case and also alleging several causes of action wholly unrelated to RICO (*id.* at 17-34).

[10] For example, in response to the direction to describe the direct causal relationship between the alleged injury and the violation of the RICO Statute, Taitz responded: "see described bove [*sic*] question 1-12[.]" TRS at 42.

personalities, one of the MDEC's attorneys in this case, anonymous internet posters who have criticized her or called her names, unidentified court law clerks, attorneys, and other employees, and the Federal judge who *sua sponte* sanctioned her $20,000 for her prior misconduct in birther litigation.[11] According to Taitz, all of these people are involved in a vast conspiracy to fool people into believing that President Obama is eligible for his office, to prevent her from succeeding in this and related litigation, and to defame and harass Taitz and her supporters. Setting aside the utter implausibility of a conspiracy – stretching from the Northeast to the Hawaiian Islands and including a cast of hundreds – Taitz has failed to allege adequately a single required element of her purported RICO claim, for the reasons already stated in the JOP Memo.

13. As an initial matter, Taitz lacks standing to bring her claim since she has failed to allege that she "suffered injuries 'by reason of' the commission of a predicate act." *Crawford Arms, Inc. v. Waste Management of Mississippi, Inc*., 23 F. Supp. 2d 676, 679 (S.D. Miss. 1998), citing *Sedima, S.P.R.L. v. Imrex Co., Inc*., 473 U.S. 479, 105 S. Ct. 3275, 3276, 87 L. Ed. 2d 346 (1985).[12] Here, the only even potentially qualifying damages alleged resulted from, according to Taitz, defamation of her character. (TRS at 36-37.) "[A]n injury caused by an overt act that is not an act of racketeering or otherwise wrongful under RICO … is not sufficient to give rise to a cause of action." *Beck v. Prupis,* 529 U.S. 494, 505 (2000). Defamation is not a RICO predicate act. 18 U.S.C. §

---

[11] The Eleventh Circuit affirmed United States District Court Judge Clay Land's sanction order against Taitz. *See Rhodes v. MacDonald*, 670 F. Supp. 2d 1363 (M.D. Ga. 2009) (imposing $20,000 sanction for violating Rule 11), *aff'd*, 368 Fed. App'x 949, (11th Cir. 2010), *cert. denied,* 131 S. Ct. 918 (2011). In addition to claiming that Judge Land's dismissal of her cases and imposition of sanctions was to "aid[] and abet[]" President Obama's alleged forgery, Taitz notifies the court that she "is seeking discovery on possible connection between Land and 3 Social Security numbers used by Obama in Georgia according to databases[, and] seeking further discovery of connection between Land and one Beny Edwards." (TRS at 34-36 (emphasis omitted).) Taitz's outrageous accusations against Judge Land and other court employees is, itself, deserving of sanctions. *See, e.g., Kelly v. Null*, No. 07-cv-339-GPM, 2009 WL 4065040 (S.D. Ill. Nov. 23, 2009) (imposing sanctions *sua sponte* against *pro se* litigant for making baseless accusations against Judge and other court personnel).

[12] "In the Fifth Circuit, a person will be considered injured "by reason of" a RICO violation if the predicate acts constitute (1) factual (but for) causation and (2) legal (proximate) causation of the alleged injury." *Crawford Arms* 23 F. Supp. 2d at 679, citing *Ocean Energy II, Inc. v. Alexander & Alexander, Inc.,* 868 F.2d 740, 744 (5th Cir.1989).

1961(1)(B).[13]   Beyond that, Taitz seeks damages for personal injuries (*e.g.,* alleged business losses caused by alleged defamation, harassment, etc.).   However, "[a]s there is no recovery under RICO for personal injuries, a plaintiff does not have standing to sue under 18 U.S.C. § 1964(c) based on such injuries."   *Vickers v. Weeks Marine, Inc.,* 414 F. App'x 656 (5th Cir. 2011) *cert. denied,* 131 S. Ct. 2973 (U.S. 2011) (affirming dismissal where alleged economic injury to plaintiff's corporation resulted from his personal bodily injury) (internal quotation marks and citations omitted).

14.   The TRS makes clear that Taitz has no cause of action under 18 U.S.C. § 1962 (a) because (among other reasons), she has failed to allege an injury from "the use or investment of racketeering income."   *Abraham v. Singh*, 480 F.3d 351, 356-57 (5th Cir. 2007) (citation omitted).   "An injury arising solely from the predicate racketeering acts themselves is not sufficient."   *Id.* (internal quotation marks omitted).   In the TRS, Taitz specifically asserts that her injuries arose – not from the use of investment of racketeering income – but from the (alleged) predicate acts themselves, which she describes as "a campaign of character assassination," "harassment and intimidation," sanctions imposed by Federal District Judge Clay Land, and the like. (TRS at 36-37.[14])

15.   Similarly, the TRS further exposes the frivolity of Taitz's 18 U.S.C. § 1962 (b) claim because (among other reasons), Taitz failed to allege that her "injuries were proximately caused by a

---

[13] Moreover, Taitz has failed even to allege defamation. *See, e.g., Lieberman v. Fieger*, 338 F.3d 1076, 1080-82 (9th Cir. 2003) (statements that plaintiff was "looney tunes," "crazy" and "mentally unbalanced" were non-defamatory); *Weyrich v. New Republic*, Inc., 235 F.3d 617, 624 (D.C. Cir. 2001) ("crazy" non-defamatory); *Estate of Martineau v. ARCO Chem. Co.,* 203 F.3d 904, 913, 914 (5th Cir. 2000) ("insane, delusional and irrational" non-defamatory).

[14] Taitz alleges elsewhere that the MDEC and Mississippi Secretary of State failed to act on the information she provided to them (TRS 12-13), and that (unnamed) defendants committed the predicate act of misprision of felony by, among other things, "concealing [information Taitz provided to them] and not making it known to a judge or other person in civil or military authority" (TRS at 24). However, misprision of felony (18 U.S.C. § 4) is not a predicate crime under the RICO statute. *See* 18 U.S.C. § 1961(1)(B). Taitz's vague and conclusory allegations that President Obama committed a predicate act of fraud by failing to provide valid identification papers (*e.g.,* TRS at 1, 7), and that and other defendants aided and abetted him (*e.g.*, TRS at 1, 6), lack the specificity required by Fed. R. Civ. Proc. 9.

RICO person gaining an interest in, or control of, the enterprise through a pattern of racketeering activity." *Abraham v. Singh*, 480 F.3d at 357. Rather, as noted above, the supposed injuries identified in the TRS arise wholly from (some of) the alleged predicate acts themselves. (TRS at 36-37.)

16. The TRS also fails to state a claim under 18 U.S.C. § 1962 (c) because (among other reasons), she has failed to "demonstrate, *inter alia,* that the RICO person is distinct from the RICO enterprise." *Abraham v. Singh*, 480 F.3d at 357; *see also Crawford Arms, Inc. v. Waste Management of Mississippi, Inc*., 23 F. Supp. 2d 676, 679 (S.D. Miss. 1998) ("the violator of section 1962(c) who commits that pattern of predicate racketeering acts must be distinct from the enterprise whose affairs are thereby conducted. In other words, there must be a distinction between the RICO 'person' and the RICO 'enterprise'") (internal quotations and citations omitted). Taitz has utterly failed to meet this requirement. In fact, her TRS alleges the opposite – that the alleged enterprises exist for the purpose of carrying out the alleged wrongdoings. (TRS at 17-18.[15])

17. The TRS also fails to state a claim under 18 U.S.C. § 1962 (d). "[B]ecause the core of a RICO civil conspiracy is an agreement to commit predicate acts, a RICO civil conspiracy complaint, at the very least, must allege specifically such an agreement." *Abraham v. Singh*, 480 F.3d at 357 (internal quotations and citations omitted). Yet the TRS nowhere identifies any such agreement between each (or any) of the various named defendants and non-defendants. At most, Taitz alleges that various and sundry people around the country, with various and sundry motives (*e.g.,* to defame and harass her, fool the American people, support the President, etc.), ignored Taitz and did other things she did not like.

---

[15] *See also* TRS at 40 ("Most if not all of the activity of 'Obama for America' and 'Fogbow' was a racketeering activity.") In response to Question 6 – "Describe in detail the alleged enterprise for each RICO claim" – the TRS states: "Was described above[.]" (*Id.* at 19). In response to Question 6(e) – "State whether you are alleging that the Defendants are individuals or entities" –the TRS states "separate from the alleged enterprise, or that the Defendants are the enterprise itself, or are members of the enterprise; and defendants are both individuals and a part of several RICO enterprises, among them "Obama for America", "Fogbow" and others." (*Id.*)

~~~

For all the reasons set forth herein and in the MDEC's JOP Motion [ECF 15] and accompanying JOP Memo [ECF 18], the FAC must be dismissed in its entirety, with prejudice.[16]  The MDEC respectfully requests, however, that upon dismissal the Court retain jurisdiction in order to consider a motion for monetary sanctions against Taitz pursuant to 28 U.S.C. § 1927.

THIS the 23rd day of October, 2012.

        Respectfully submitted,

        **THE MISSISSIPPI DEMOCRATIC PARTY EXECUTIVE COMMITTEE**

        By: /s/ Samuel L. Begley
        Samuel L. Begley (MSB No. 2315)

        By: /s/ Scott J. Tepper
        Scott J. Tepper (Admitted *pro hac vice*)

**OF COUNSEL**:
BEGLEY LAW FIRM, PLLC
P. O. Box 287
Jackson, MS 39205
(601)969-5545 (Telephone)
(601)969-5547 (Facsimile)
Email: sbegley1@bellsouth.net

GARFIELD & TEPPER
1801 Century Park East, Suite 2400
Los Angeles, CA 90067-2326
(310) 277-1981
(310) 277-1980
Email: scottjtepper@msn.com

---

[16] *See St. Germain v. Howard*, 556 F.3d 261, 264 (5th Cir. 2009) *cert. denied*, 129 S. Ct. 2835 (U.S. 2009) (affirming dismissal of complaint with prejudice (and taxing of costs) where "plaintiffs had several opportunities to state their best case"), citing *Price v. Pinnacle Brands, Inc.,* 138 F.3d 602, 608 (5th Cir.1998) (affirming denial of leave to amend because plaintiffs had already filed an original complaint, their RICO case statement, and their response to defendants' motion to dismiss).

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date set forth hereinafter, a true and correct copy of the above and foregoing document, **MISSISSIPPI DEMOCRATIC PARTY EXECUTIVE COMMITTEE'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**, was electronically filed with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

>Harold E. Pizzetta, Esq.
>Justin L. Matheny, Esq.
>Office of the Attorney General
>550 High Street, Suite 1200
>P.O. Box 220
>Jackson, MS 39205

>Orly Taitz, Esq.
>29839 Santa Margarita Parkway, Suite 100
>Rancho Santa Margarita, CA 92688;

And to the following persons by email:

>Brian Fedorka
>Bfedorka82@gmail.com

>Laurie Roth
>drljroth@aol.com

>Leah Lax
>Leahlax1234@aol.com

>Tom MacLeran
>Mac@MacLeran.com

THIS the 23$^{nd}$ day of October, 2012.

>/s/ Samuel L. Begley_____
>SAMUEL L. BEGLEY