IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DR. ORLY TAITZ, ESQ., BRIAN FEDORKA                                      PLAINTIFFS
LAURIE ROTH, LEAH LAX, and TOM
MacLERAN

VS.                                              CIVIL ACTION NO. 3:12-cv-280 HTW-LRA

DEMOCRAT PARTY OF MISSISSIPPI,                                            DEFENDANTS
SECRETARY OF STATE MISSISSIPPI,
BARAK HUSSEIN OBAMA, OBAMA
FOR AMERICA, NANCI PELOSI,
DR. ALVIN ONAKA, LORETTA FUDDY,
MICHAEL ASTRUE, JOHN DOES, JOHN
DOES 1-100

**MISSISSIPPI DEMOCRATIC PARTY EXECUTIVE COMMITTEE'S
OPPOSITION TO
PLAINTIFF ORLY TAITZ'S PETITION FOR STAY CERTIFICATION OF VOTES
FOR CANDIDATE OBAMA PENDING DECISION OF THE PANEL ON
MULTI-DISTRICT LITIGATION AND PENDING RESOLUTION OF
UNDERLYING CONTROVERSY ON THE MERITS AND MOTION TO
BIFURCATE STATE AND FEDERAL CLAIMS BASED ON PRECEDENT OF
MILLER V CAMPBELL 3:10-CV-252 U.S. DISTRICT COURT OF ALASKA**

COMES NOW the Mississippi Democratic Party, through its governing entity, the Mississippi Democratic Party Executive Committee ("MDEC"), by and through its undersigned counsel, and hereby responds in opposition to the combined Petition for Stay Certification of Votes for Candidate Obama Pending Decision of the Panel on Multi-District Litigation and Pending Resolution of Underlying Controversy on the Merits ("Stay Petition") and Motion to Bifurcate State and Federal Claims Based on Precedent of Miller v Campbell 3:10-cv-252 U.S. District Court Of Alaska ("Bifurcation Motion") [ECF 46] filed by Plaintiff Orly Taitz ("Taitz") *pro se* and on her own behalf, as follows:

1. Taitz continues to multiply these proceedings notwithstanding having been advised by the court of 28 U.S.C. §1927 at the hearing on September 24, 2012.[1]  In her latest frivolous and vexatious filing, Taitz seeks several things:

> [The] application for STAY of the Certification of votes for Candidate Obama should be granted, case at hand should be bifurcated and the state issues should be decided in the state courts of respective states, while federal issues such as RICO should be decided upon coordination and consolidation in the Federal court of the Jurisdiction to be determined by the Panel on Multi District Jurisdiction ["JPML"]."

[ECF 46 at 6-7] (emphasis added).  Thus, in a document reminiscent of *Jabberwocky*, Taitz seeks bifurcation of some unidentified part of the case to state court while simultaneously seeking consolidation of the case with other pending federal cases.  She further asks this Court to issue a ruling that stays certification of 2012 general election votes cast in the Southern District of Mississippi while simultaneously asking this Court to defer ruling on any substantive federal issues in favor of the hypothetical JPML proceedings.[2]  All of Taitz's requests should be denied.

---

[1] Continuing her unbroken record of disregarding the applicable rules, Taitz has filed a single document [ECF 46], which includes three separately titled pleadings: (a) Notice of Petition to Multidistrict Litigation Panel to Coordinate and Consolidate Cases; (b) the Stay Petition; and (c) the Bifurcation Motion.  In a transparent attempt to avoid the 35-page limit prescribed by Local Rule 7(b)(5), Taitz's Stay Petition and Bifurcation Motion states that it "incorporates by reference as if fully pled herein [the] Petition for coordination and consolidation of cases in front of Multidistrict litigation panel" [ECF 46 at 3], which, at 56 pages [ECF 46-1] violates the JPML Rules.   Taitz's Stay Petition and Bifurcation Motion should be stricken or denied for this reason alone.

[2] This is not the first set of inexplicably inconsistent pleadings filed by Taitz in this case. *Compare* Taitz's "Motion for Stay" filed May 16, 2012 [ECF 24] (asking court to stay all proceedings) *with* Taitz's "Motion for Sanctions" filed May 16, 2012 [ECF 25] (asking court to issue ruling on her motion on same day she requested a stay of proceedings); Taitz's "Motion for … an Emergency Evidentuary [*sic*] Hearing" filed June 18, 2012 [ECF 37] (asking court to hold emergency evidentiary hearing on her factual allegations, while her stay motion was still pending); and Taitz's "Motion to Expedite the case due to US National Security Concerns and Evidence of the Highest level of Breach of the U.S. National Security presented in this case" filed Aug. 22, 2012 [ECF 40](again asking court to expedite consideration of her claims while her stay motion was still pending).

*Taitz's Stay Petition should be denied as frivolous.*

2. Taitz seeks a "[stay] in certification of votes for candidate Obama in every district, where the case was filed," "[w]hile Multi district panel is reviewing the petition for consolidation." [ECF 46 at 2.] According to Taitz, "[b]ased on the precedent of Miller v Campbell, 3:10-cv-252 U.S. District Court of Alaska this court should grant a STAY of certification of elections pending full resolution of the Constitutional claims brought herein." [*Id.*]

3. Taitz's Stay Petition is barely comprehensible. She does not explain how the fact that she has filed a Motion to Transfer – which is not yet even under consideration by the JPML – is in any way relevant to resolution of any Constitutional claims arising from this case.[3] She also fails to recognize that "the stated policy of the Panel is to consider whether motions are pending in deciding whether and when to transfer a case." *Glasstech, Inc. v. AB Kyro OY*, 769 F.2d 1574, 1577 n.1 (Fed. Cir. 1985).

> "On principles of comity, where appropriate, the Panel has in the past timed its actions and constructed its orders in a manner which will permit the transferor courts (and Courts of Appeals if they are involved) to reach timely decisions on particular issues without abrupt, disconcerting, untimely or inappropriate orders of transfer by the Panel. This policy of comity has been followed in the past and will be followed in the future by the Panel."

*Id.*, quoting *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 496 (J.P.M.L. 1968); *see also In re L.E. Lay & Co. Antitrust Litigation,* 391 F. Supp. 1054, 1056 (J.P.M.L.1975) (panel was "reluctant to transfer any action that has an important motion under submission with a court"); *In re Professional Hockey Antitrust Litigation,* 352 F. Supp. 1405, 1407 (J.P.M.L.1973) (panel denied transfer of cases where plaintiff's motions for preliminary injunction were pending). Here, one of the three cases Taitz seeks to consolidate has already been dismissed by the California Federal District Court *sua*

---

[3] Taitz's Motion to transfer has been deemed to have several "major deficiencies," which must be corrected before consideration by the JPML. *See In re: Orley [sic] Taitz Litigation*, MDL No. 2417, Notice of Major Deficiency (J.P.M.L. Oct. 12, 2012).

3

*sponte*.[4]  The other case she seeks to have transferred, like this one, has a pending dispositive motion pending that has been fully briefed.[5]

    4.  In further "support" of her Stay Petition, Taitz baldly asserts that she is "certain to succeed on the merits." [ECF 46 at 4.] This claim is "breathtaking in its arrogance and borders on delusional."[6] "Although [Taitz] has managed to fuel this 'birther movement' with her litigation and press conferences, she does not appear to have prevailed on a single claim."[7] Courts considering her "quixotic attempt to prove that President Obama is not a natural born citizen as required by Constitution"[8] – and Taitz has filed *more than twenty* birther lawsuits in which she makes the same "conclusory allegations" and "threadbare assertions"[9] as she makes here – have consistently declined to "go tilting at windmills with her."[10] Indeed, each and every federal court that has ruled on one of Taitz's birther complaints has flatly rejected her arguments and/or so-called "undeniable proof." [ECF 46 at 4.][11] Similarly, every single state court to issue a dispositive ruling has rejected her claims.[12]

---

[4] *See Judd et al v. Obama et al*, No. 8:12-cv-01507-DOC-AN (C.D. Cal. Oct 17, 2012) (dismissing, for lack of jurisdiction, lawsuit filed by Taitz in state court and then purportedly removed by her to federal court, which asserted RICO and various other claims).

[5] *See Taitz v. Sebelius et al*, No. 3:12-cv-03251, Motion to Dismiss filed by certain Defendants [ECF 15] (N.D. Tex. filed Sept. 20, 2012).

[6] *Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1379-80 (M.D. Ga. 2009) *aff'd*, 368 F. App'x 949 (11th Cir. 2010).

[7] *Rhodes v. MacDonald*, No. 4:09-cv-106 CDL, 2009 WL 2997605, *1 (M.D. Ga. Sept. 16, 2009).

[8] *Taitz v. Obama*, 707 F. Supp. 2d 1, 3 *reconsideration denied*, 754 F. Supp. 2d 57 (D.D.C. 2010).

[9] *Taitz v. Ruemmler*, 2011 WL 4916936 at *1.

[10] *Taitz v. Obama*, 707 F. Supp. 2d at 3.

[11] *See, e.g., Barnett v. Obama*, No. 8:09-cv-00082, 2009 WL 3861788 (C.D. Cal. Oct. 29, 2009) (dismissing Taitz birther case; criticizing Taitz's conduct in course of litigation), *order clarified,* 2009 WL 8557250 (C.D. Cal. Dec. 16, 2009), *aff'd sub nom. Drake v. Obama*, 664 F.3d 774 (9th Cir. 2011), *reh'g and reh'g en banc denied*, Nos. 09-56827, 10-55084 (Feb. 2, 2012), *cert denied,* 132 S. Ct. 2748 (2012); *Cook v. Good*, No. 4:09-cv-00082, 2009 WL 2163535 (M.D. Ga. July 16, 2009) (denying motion for temporary restraining order to stay military orders on Taitz's birther grounds; dismissing case), *appeal dismissed*, No. 09-14698-CC (11th Cir. Nov. 24, 2009); *Cook v. Simtech*, No. 8:09-cv-01382 (M.D. Fla. July 27, 2009) (dismissing "another

attempt to embroil a United States District Court in an ongoing controversy of whether President Barack Obama is a native-born citizen of the United States of America and thus qualified to be President under the United States Constitution"), *recons. denied*, (Aug. 6, 2009) (finding motion to reconsider "frivolous and wholly without merit"); *Florida et al. v. U.S. Dep. of Health & Human Svs.* No. 3:10-cv-91 (N.D. Fla. Apr. 8, 2010) (denying Taitz motion to intervene based on interest in pressing birther claims in lawsuit challenging the Patient Protection and Affordable Care Act), *recons. denied* (Apr. 23, 2010); *Hornbeck Offshore Services, L.L.C. v. Salazar et al*, No. 2:10-cv-01663 (E.D. La. Mar. 5, 2011) (denying Taitz motion to intervene based on interest in pressing birther claims in lawsuit challenging Obama Administration's moratorium on deepwater drilling in Gulf of Mexico); *Judd et al v. Obama et al*, No. 8:12-cv-01507 (C.D. Cal. Oct 17  2012) (dismissing Taitz birther complaint alleging election fraud, RICO violations and more); *Rhodes v. Gates*, No. 5:09-cv-00703 (W.D. Tex. Aug. 28, 2009) (denying motion for temporary restraining order to stay military orders on Taitz's birther grounds); *Rhodes v. MacDonald*, No. 409-cv-106, 2009 WL 2997605 (M.D. Ga. Sept. 16, 2009) (denying motion for temporary restraining order to stay military orders on Taitz's birther grounds; criticizing complaint as frivolous), *recons. denied*, 2009 WL 3111834 (Sept. 18, 2009), *subsequent order*, 670 F. Supp. 2d 1363 (M.D. Ga. 2009) (imposing $20,000 sanction for violating Rule 11), *aff'd*, 368 F. App'x 949, (11th Cir. 2010), *reh'g denied*, No. 09-15418 (11th Cir. May 14, 2010), *app. for stay denied*, 131 S. Ct. 44 (2010), *cert. denied,* 131 S. Ct. 918 (2011); *Taitz v. Obama*, 707 F. Supp. 2d 1 (D.D.C. 2010) (dismissing Taitz birther complaint alleging election fraud, RICO violations and more), *recons. denied*, No. 1:10-cv-00151 (D.D.C. June 18, 2010), *2d mot. for recons. denied*, 754 F. Supp. 2d 57 (D.D.C. 2010); *Taitz v. Astrue*, 806 F. Supp. 2d 214 (D.D.C. 2011) (dismissing FOIA complaint seeking documents allegedly related to Taitz's birther claims), *recons. denied* (Oct. 17, 2011), *aff'd*, No. 11- 5304, 2012 WL 1930959 (D.C. Cir. May 25, 2012); *Taitz v. Ruemmler*, No. 1:11-cv-01421, 2011 WL 4916936 (D.D.C. Oct. 17, 2011) (dismissing FOIA complaint seeking documents allegedly related to Taitz's birther claims), *mandamus dismissed,* No. 11-5329 (D.C. Cir. Jan. 23, 2012), *aff'd*, No. 11-5306, 2012 WL 1922284 (D.C. Cir. May 25, 2012); *Taitz v. Astrue*, No. 1:11-cv-00519 (D. Haw. Oct. 26, 2011) (rejecting *ex parte* application to compel discovery allegedly related to Taitz's birther claims); *Taitz v. Sebelius*, No. 12-cv-01092 (C.D. Cal. Aug. 16, 2012) (dismissing complaint seeking, among other things, to invalidate the Affordable Health Care Act's validity, on birther grounds). Taitz (currently) has two pending federal birther cases:   This case and *Taitz v. Sebelius*, No. 3:12-cv-03251 (N.D. Tex. filed Aug. 23 2012).

[12] *See, e.g., Brockhausen v. Andrade*, No. 08-1001-C368 (Tex. Dist. Ct. Jan. 22, 2009) (dismissing birther case); *Farrar v. Obama,* No. OSAH-SECSTATE-CE-1215136-60-MALIHI (Ga. Office of St. Admin. Hrg. Feb. 3, 2012) (rejecting birther election contest after hearing on the merits in which Taitz presented her "expert" "evidence" of alleged forgery and fraud; finding evidence to be "to be of little, if any, probative value, and thus wholly insufficient to support Plaintiff's allegations," and following *Ankeny* to determine that, because President Obama was born in U.S. he is a "natural born citizen"), decision adopted by Ga. Sec'y of State (Feb. 7, 2012), *appeal dismissed*, *Farrar et al v. Obama et al.*, No. 2012CV211398 (Ga. Super. Ct. Mar. 2, 2012), *recons. denied* (Mar. 14, 2012), *appeal denied,* No. S12D1180 (Ga. Apr. 11, 2012); *Lightfoot et al v. Bowen et al*, No. S168690 (Cal. Dec. 5, 2008) (denying birther petition for writ of mandate and stay), *app. for stay denied*, 129 S. Ct. 1053 (Jan. 26, 2009); *Taitz v. Fuddy*, No. 1CC11-1-001731 (Haw. Cir. Ct. Nov. 10, 2011) (dismissing appeal of agency refusal to grant access to documents allegedly related to Taitz's birther claims), *recons. denied* (Jan. 6, 2012), *recons. denied* (Feb. 7, 2012); *Taitz v. Gardner*, No. 2011-0880 (N.H. Dec. 27, 2011) (denying petition for original jurisdiction and/or appeal challenging order entered by N.H. Ballot Law Comm'n denying Taitz's 2012 election birther challenge); *Taitz et al v. Ind. Elec. Commn. et al*, No. 49-D-0103-MI-012046 (Ind. Super. Ct. June 12, 2012) (dismissing birther 2012 election contest; permitting Taitz to file amended complaint alleging new causes of action); *Taitz v. Obama et al*, No. 30-2012 00582135 (Cal. Super. Ct. July 13, 2012) (denying "emergency" motion to stay certification of primary election results birther grounds (among others)); *Taitz v. Nishimura*, No. SPCW-12- 000014, 2012 WL 120367 (Haw. Jan. 12, 2012) (denying petition for writ of mandamus to force circuit court judge to issue order forcing Dept. of Health to grant access to documents allegedly related to Taitz's birther claims). Taitz (currently) has three pending

5

5. As with all her prior birther cases, Taitz's First Amended Complaint [ECF 1-1] "is not plausible on its face."[13] As other judges have observed in similar birther cases filed by Taitz: It "presents nothing but conjecture and subjective belief to substantiate the basis for her claims."[14] "To the extent that it alleges any 'facts,' the Complaint does not connect those facts to any actual violation . . . . Unlike in *Alice in Wonderland,* simply saying something is so does not make it so."[15] Therefore, "[Taitz] has demonstrated *no likelihood* of success on the merits. Her claims are based on sheer conjecture and speculation. She alleges no factual basis for her 'hunch' or 'feeling' or subjective belief[s]."[16] Taitz—"for all her allegations—has produced no 'evidence that would warrant a belief by a reasonable person that the alleged government impropriety might have occurred,'"[17] "Her vehement allegations of fraud consist of mere bare suspicions."[18] "Moreover, [Taitz] cites no legal authority supporting her bold contention[s] . . . . Thus, for these reasons alone, she is not entitled to a temporary restraining order."[19]

---

state court birther cases: *Taitz v. Obama et al*, No. 30-2012 00582135 (Cal. Super. Ct. filed July 9, 2012); *Taitz et al v. Ind. Elec. Commn. et al*, No. 49-D-0103-MI-012046 (Ind. Super. Ct. Amended Complaint filed Sept. 7, 2012); and *Taitz et al v. Kobach*, No. 12CI027 (Kan. Dist. Ct. filed Sept. 20 2012). Dispositive motions are currently pending in two of those cases.

[13] *Rhodes v. MacDonald*, 2009 WL 2997605 at *4.

[14] *Rhodes v. Gates,* No. 5:09–cv–00703–XR, Order Den. Mot. for TRO at 3 (W.D. Tex. Aug. 28, 2009).

[15] *Rhodes v. MacDonald*, 2009 WL 2997605 at *4.

[16] *Id.* at *5 (emphasis added).

[17] *Taitz v. Astrue*, 806 F. Supp. 2d at 219, quoting *Nat'l Archives and Records Admin. v. Favish,* 541 U.S. 157, 174 (2004).

[18] *Id.* (internal quotations omitted).

[19] *Rhodes v. MacDonald*, 2009 WL 2997605 at *5; *see also, e.g., Rhodes v. Gates,* No. 5:09–cv–00703–XR, Order Den. Mot. for TRO at 3 (W.D. Tex. Aug. 28, 2009) (denying motion to stay military orders and finding that "[p]aintiff has no substantial likelihood of success on the merits. . . . Given that the underlying bases for Plaintiff's claim cannot succeed on the merits, there is no irreparable injury that Plaintiff can suffer. A review of Plaintiff's verified complaint shows that it presents speculation and vague claims that fail to rise to the requirement that it present 'specific facts to clearly show that immediate and irreparable injury, loss or damage will result'") (internal quotation marks and citations omitted).

6. Taitz's assertion that a stay of the certification of votes cast in the Southern District of Mississippi for President Obama in the 2012 general election must be entered to prevent irreparable harm to her personally [ECF 46 at 4-5] is, frankly, narcissistically delusional. Even if Taitz's histrionic claim that "her very life is in danger" from those who laugh at and criticize her were true, she fails to demonstrate how a stay would prevent such people from commenting on her continued and persistent misconduct (assuming a court could constitutionally restrain such speech activity). Moreover, while Taitz asserts that her "very life" depends upon whether "the matter is not ultimately resolved on the merits" [*id.*], she fails to explain why a stay is necessary in order to resolve the matter on the merits – or how issuing a stay would result in resolution of the matter on the merits.

7. Taitz's argument that public policy justifies a stay is equally unavailing. Taitz relies on *Am. Ass'n of People with Disabilities v. Shelley*, 324 F. Supp. 2d 1120, 1131-32 (C.D. Cal. 2004) [ECF 46 at 6], but in that case, the court *denied* plaintiff's motion for a temporary restraining order. Similarly, in *Watland v. Lingle,* 85 P.3d 1079, 1083 (Haw. 2004) [*id.*], both the circuit court and the Supreme Court *denied* motions for a temporary restraining order, as reflected in the reported decision on the merits. Clearly, a stay was not necessary in *Watland* in order to resolve the underlying issues, however important they were. Finally, in *Texas Democratic Party v. Benkiser*, 459 F.3d 582, 585 (5th Cir. 2006) [*id.*], the Fifth Circuit affirmed entry of a permanent injunction that had been entered *after* full briefing and a hearing on the merits. There too, no stay was required to reach the "merits" of the plaintiff's claim.

8. Taitz also relies heavily upon *Miller v. Campbell*, No. 3:10-cv-0252-RRB, 2010 WL 5071599 (D. Alaska Nov. 19, 2010) [ECF 46 at 3-4] to support her request for a stay. However, *Miller* also fails to support Taitz's request. At issue in *Miller* was the proper interpretation of an Alaska state statute regarding how to count votes for a write-in candidate in the contested 2010 U.S. Senate

election.  *See Miller*, 2010 WL 5071599 at *1.  Rather than decide the novel state law issue raised by the parties, the court temporarily enjoined certification of the votes for the contested seat to enable the parties to bring a state court action to resolve the legal issue.  *Id.*  Certification of votes was stayed because whether certain types of votes for the write-in candidate could be "counted" depended on the state court's interpretation of the Alaska statue regarding votes for write-in candidates.  *Id.*  In other words, ballots could not possibly be counted properly until it was determined *how* to count them – i.e., which types of ballots met the state law requirement and which did not.  Here, in contrast, there is no similar state law issue that must be resolved to determine which votes for President Obama should be counted and which should not.[20]

9. Nor is there any federal law issue that must be resolved.  First, as noted in prior pleadings, federal law is clear that a person born in the United States is a "natural born citizen."[21]  Second, federal law – as articulated by the United States Supreme Court – is equally clear that *even if* Taitz were able to succeed in her "Sisyphean quest"[22] to prove some irregularities in President Obama's identification papers (something she cannot do, because her claims are simply false), President Obama could not be removed from the 2012 ballot or denied his position if elected.  *See Powell v. McCormack*, 395 U.S. 486 (1969) (candidate who meets the qualifications set forth in the text of the Constitution for a federal office and is elected to that office, may not be denied the office based on alleged wrongdoing).

10. As a separate matter, given that the election has not yet occurred, any petition to stay certification of votes cast in the election is also not yet ripe.  Injunctive relief is not appropriate when

---

[20] Indeed, as set forth in the MDEC's Reply in Support of Motion for Judgment on the Pleadings ("JOP Reply") [ECF 53], any applicable state law issues are well settled pursuant to Mississippi Supreme Court precedent.

[21] *See, e.g.,* MDEC's Amended Memorandum in Support of Motion for Judgment on the Pleadings ("JOP Memo") [ECF 18] at 13-17 and cases compiled in Exhibit B thereto [ECF 18-2].

[22] *Taitz v. Ruemmler*, 2011 WL 4916936 at *1 ("As part of her Sisyphean quest to prove that President Barack Obama is using a fake Social Security number and a forged birth certificate, plaintiff filed the instant Complaint.").

8

the threat is "conjectural or hypothetical" and not "actual and imminent." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).   Since President Obama might or might not receive more Mississippi votes than his opponent, Taitz cannot show that any injury that might be caused by the certification of votes is anything other than conjectural.

11. In short (and typical of all of her pleadings), not a single one of the cases cited by Taitz supports her contention that a stay is necessary or appropriate in this matter.   The Stay Petition is not supported by any existing law; nor does it advance any good faith argument to extend, modify, or reverse existing law.   It merely creates more work for the Court and counsel as Taitz vexatiously multiplies these proceedings.   As such, it should be denied.

### *This Court should not defer ruling on the pending dispositive motions.*

12. While Taitz does expressly not include a request for stay of these proceedings in the title of her pleading (nor make any legal argument in support of any such request), she asserts that "federal issues such as RICO should be decided upon coordination and consolidation in *the Federal court of the Jurisdiction to determined by the Panel on Multi District Jurisdiction*."   [ECF 46 at 7] (emphasis added); s*ee also id.* at 2 ("the federal cause of action, RICO to be decided . . . in a jurisdiction to be determined by the Panel on Multidistrict litigation").   Taitz's apparent attempt to avoid ignominious dismissal of yet another one of her cases should be summarily rejected.

13. First, as catalogued above (*supra* at 4-5), Taitz has filed nearly two dozen cases in various tribunals around the country – all addressing the "same core controversy."   [ECF 46 at 2.]   Her litigious history renders her sudden stated concern for "judicial economy" [*id.*] incredible.   She has squandered immeasurable judicial resources (as well as the resources of those whom she has sued) over the past few years, and seeks by this request to waste still more time of the courts (and of the defendants).   She has amply demonstrated her utter disregard for "judicial economy" – and an interest

only in requiring courts and counsel to respond to her plethora of birther lawsuits and bizarre motions. In short, Taitz's recently acquired concern for judicial economy is as "laughable" here as was her concern about due process in expedited proceedings – after expressly asking for such proceedings in *Rhodes v. MacDonald,* 670 F. Supp. 2d 1363, 1374 (M.D. Ga. 2009), where the district court used that term to describe her similarly inconsistent and time-wasting litigation shenanigans before issuing sanctions against her.

14. Second, Taitz's newfound concern for the need to "avoid conflicting rulings" – which is as disingenuous as her expressed concern for judicial economy – is easily addressed.  As demonstrated above, in the nearly two dozen cases she has filed, not a single court has issued a conflicting ruling: All who have ruled to date have flatly rejected her claims, based on well-settled law.  *See supra* at 4-5.[23]  In other words, there is little (if any) risk of conflicting rulings in any of Taitz's federal birther cases.

15. Third, while Taitz's Motion to Transfer has been "accepted for filing" by the JPML, the clerk has issued a notice that her pleading has several "major deficiencies," which must be corrected before the JPML will even consider her case.[24]  Unless and until Taitz correctly follows the directions of the JPML and submits a compliant pleading, there is no indication that the JPML will even consider her consolidation request – much less rule in her favor.   On the other hand, this Court's prompt ruling on the pending dispositive motions – which already have been fully briefed by all parties – could bring this case to a merciful conclusion rather than permitting Taitz to still further protract this litigation,

---

[23] And, as also previously noted, every single one of the more than 150 tribunals to consider birther claims has rejected those claims. *See* Exhibit A to the MDEC's JOP Memo [ECF 18-1] and sources cited in the MDEC's JOP Reply [ECF 53] at 6, n.7.

[24] *See In re: Orley [sic] Taitz Litigation*, Oct. 11, 2012 Docket Entry No. 2 (JPML) ("MDL Number 2417 Assigned -- MOTION FOR TRANSFER ACCEPTED FOR FILING re: pldg"); *Id.* Docket Entry No. 3 ("NOTICE OF MAJOR DEFICIENCY -- (re: pldg. [#1].  The referenced pleading has been found DEFICIENT.  The filing attorney has until 10/26/2012 to correct the item(s) contained within the accompanying notice.")

and could obviate the need for the JPML to wade through round after round of Taitz's iterative pleadings, as there would not be any cases to consolidate before the panel.

### *Taitz's Bifurcation Motion should also be denied as frivolous.*

16. Taitz's Bifurcation Motion is as flawed as her Stay Petition. Taitz has already *twice* filed motions to remand this case to state court. *See* "Motion (Demand) for Immediate Termination of Unlawful Proceedings in the Federal Court" [ECF 11] and "Motion to Remand to State Court" [ECF 20]. This Court has already denied her remand requests, ruling at the September 24, 2012 hearing that removal was proper. Taitz's attempt to relitigate the remand issue yet again is wholly without merit and does nothing more than multiply the proceedings, further burdening both counsel and this Court.

17. Taitz's sole "new" legal argument in support of her Bifurcation Motion is as follows: "[B]ased on Miller v Campbell this case should be bifurcated with the state cause of action to be decided by the state court and the federal cause of action, RICO, to be decided in the Federal court, in a jurisdiction to be determined by the Panel on Multidistrict litigation." [ECF 46 at 3-4.] However, as noted above (*supra* at 7-8), *Miller* provides no support for Taitz's third remand request because, unlike *Miller*, this case presents no novel state statutory interpretation issues that need to be initially resolved by a state court. Neither Taitz's Bifurcation Motion – nor any other Taitz pleading – identifies any Mississippi state law issue that is unresolved.[25] As set forth in the MDEC's JOP Memo [ECF 18] and its JOP Reply [ECF 53], Mississippi law is clear on all relevant state law issues. In short, Taitz's Bifurcation Motion is as frivolous as her Stay Petition and should be summarily denied.

---

[25] To the extent that the State of Mississippi's interpretation of the term "natural born citizen" would be in any way relevant, we note that at least one Mississippi regulation expressly adopts the well-settled definition set forth in *United States v. Wong Kim Ark*, 169 U.S. 649 (1898). *See* Code Miss. R. § 23 (1) ("*[m]ost United States citizens are natural-born citizens, meaning they were born in the United States* or were born to United States citizens overseas.") (emphasis added).

11

~~~

18. MDEC requests that the Court dispense with the requirement of filing a separate Memorandum of Authorities under the Local Rules in support of this opposition as the reasons and authorities supporting its opposition are fully set forth above.

FOR THESE REASONS, the undersigned counsel for the Mississippi Democratic Party Executive Committee respectfully requests that the Court enter an order DENYING Taitz's (a) "Petition For Stay Certification of Votes for Candidate Obama Pending Decision of the Panel on Multi-District Litigation and Pending Resolution of Underlying Controversy on the Merits"; and (b) "Motion to Bifurcate State and Federal Claims Based on Precedent of Miller v Campbell 3:10-Cv-252 U.S. District Court Of Alaska."

Undersigned counsel further respectfully requests that the Court promptly schedule a hearing on the defendants' dispositive motions for judgment on the pleadings [ECF 8, 15], so that this matter may be expeditiously resolved in its entirety (other than reserving jurisdiction for motions for sanctions under 28 U.S.C. § 1927), and both counsel and the Court can be relieved of the burden of responding to and dealing with the continuing barrage of vexatious and frivolous motions from Taitz.

THIS the 25th day of October, 2012.

                                    Respectfully submitted,

                                    **THE MISSISSIPPI DEMOCRATIC PARTY EXECUTIVE COMMITTEE**

                                    By: /s/ Samuel L. Begley
                                    Samuel L. Begley (MSB No. 2315)

                                    By: /s/ Scott J. Tepper
                                    Scott J. Tepper (Admitted *pro hac vice*)

**OF COUNSEL**:
BEGLEY LAW FIRM, PLLC
P. O. Box 287
Jackson, MS 39205
(601)969-5545 (Telephone)
(601)969-5547 (Facsimile)
Email: sbegley1@bellsouth.net

GARFIELD & TEPPER
1801 Century Park East, Suite 2400
Los Angeles, CA 90067-2326
(310) 277-1981
(310) 277-1980
Email: scottjtepper@msn.com

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the date set forth hereinafter, a true and correct copy of the above and foregoing MISSISSIPPI DEMOCRATIC PARTY EXECUTIVE COMMITTEE'S OPPOSITION TO PLAINTIFF ORLY TAITZ'S PETITION FOR STAY CERTIFICATION OF VOTES FOR CANDIDATE OBAMA PENDING DECISION OF THE PANEL ON MULTI-DISTRICT LITIGATION AND PENDING RESOLUTION OF UNDERLYING CONTROVERSY ON THE MERITS AND MOTION TO BIFURCATE STATE AND FEDERAL CLAIMS BASED ON PRECEDENT OF MILLER V CAMPBELL 3:10-CV-252 U.S. DISTRICT COURT OF ALASKA was electronically filed with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

    Harold E. Pizzetta, Esq.
    Justin L. Matheny, Esq.
    Office of the Attorney General
    550 High Street, Suite 1200
    P.O. Box 220
    Jackson, MS 39205

    Orly Taitz, Esq.
    29839 Santa Margarita Parkway, Suite 100
    Rancho Santa Margarita, CA 92688

And to the following persons by email:

    Brian Fedorka
    Bfedorka82@gmail.com

    Laurie Roth
    drljroth@aol.com

    Leah Lax
    Leahlax1234@aol.com

    Tom MacLeran
    Mac@MacLeran.com

THIS the 25th day of October, 2012.

    /s/ Samuel L. Begley_____
    SAMUEL L. BEGLEY