IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| DR. ORLY TAITZ, ESQ., BRIAN FEDORKA, LAURIE ROTH, LEAH LAX, AND TOM MACLERAN | PLAINTIFFS |
| VS. | CIVIL ACTION NO. 3:12-CV-280 HTW-LRA |
| DEMOCRAT PARTY OF MISSISSIPPI, SECRETARY OF STATE MISSISSIPPI, BARAK HUSSEIN OBAMA, OBAMA FOR AMERICA, NANCI PELOSI, DR. ALVIN ONAKA, LORETTA FUDDY, MICHAEL ASTRUE, JOHN DOES, JOHN DOES 1-100 | DEFENDANTS |

DEFENDANTS BARACK H. OBAMA, II, NANCY PELOSI
AND OBAMA FOR AMERICA'S
ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' FIRST AMENDED COMPLAINT


COME NOW Defendants President Barack H. Obama, II (õPresident Obamaö),

Representative Nancy Pelosi, Democratic Leader, United States House of Representatives

(õRepresentative Pelosiö), erroneously sued as õNanci Pelosi,ö and Obama For America

(õOFAö) (and, collectively, õDefendantsö), for themselves and for no other parties, who hereby

file their Answer and Affirmative Defenses to the PlaintiffsøFirst Amended Complaint

(õComplaintö) in this action, and hereby state the following, through their undersigned attorneys,

to wit:

## ANSWER

President Obama, Representative Pelosi and OFA respond to the allegations set forth in the First Amended Complaint paragraph by paragraph,[1] as follows:

The three unnumbered paragraphs appearing on the top half of page 2 of the Complaint are introductory in nature, indicating that the Plaintiffs are seeking declaratory relief, injunctive relief and treble damages.  These allegations do not appear to set forth any facts or law requiring admission or denial by Defendants.  However, to the extent any allegations are raised entitling the Plaintiffs to the relief they are seeking, Defendants specifically deny any and all such allegations and, likewise, deny that the Plaintiffs are entitled to any relief whatsoever.

## PARTIES

1.  All allegations set forth in paragraph 1 on page 2 are denied.

2.  Defendants are without sufficient information to admit or deny the allegations contained in paragraph 2 on page 3 regarding Defendants Brian Fedorka, and therefore deny this allegation.

3.  Defendants are without sufficient information to admit or deny the allegations contained in paragraph 3 on page 3 regarding Leah Lax, and therefore deny such allegations.

3.  [*sic*] Defendants are without sufficient information to admit or deny the allegations contained in the second paragraph 3 on page 3 regarding Laurie Roth, and therefore deny such allegations.

---

[1] This Answer follows the paragraph numbering of the First Amended Complaint.  The numbers are sometimes out of order or repetitive and some paragraphs are unnumbered.  Such unnumbered paragraphs are denoted õ_.ö where appropriate.

4.   Defendants are without sufficient information to admit or deny the allegations contained in paragraph 4 on page 3 regarding Tom Maclaren [*sic*], and therefore deny such allegations.

5.   The allegations contained in paragraph 5 on page 3 are denied as stated.  Defendants admit only that President Barack Hussein Obama is currently the duly elected President of the United States, and is also the Democratic nominee for President of the United States in the 2012 general election for President of the United States.

6.   The allegations contained in paragraph 6 on page 3 are denied as stated.  Defendants admit only that OFA is the principal campaign committee of President Barack Obama as he seeks re-election in 2012.

7.   Defendants deny the allegations contained in paragraph 7 on pages 3-4 as stated. Defendants admit only that the Secretary of State is the duly elected Mississippi Secretary of State whose authority and obligations are established by law; has been sued only in his official capacity; and plaintiffs have alleged no RICO causes of action against him.  Defendants deny that the Plaintiffs are entitled to any relief whatsoever against the Secretary of State, and therefore deny any and all other allegations contained in paragraph 7 of the Complaint.

8.   Defendants deny the allegations contained in paragraph 8 on page 4 as stated. Defendants are informed and believe, and on that basis admit only that the Mississippi Democratic Party is a political party organized under the laws of the State of Mississippi for matters relating to the 2012 Party Presidential Preference Primary Ballot and 2012 General Election Ballot, and for other purposes, but deny all other allegations set forth in paragraph 8.

9.  Defendants deny the allegations contained in paragraph 9 on page 4 as stated. Defendants admit only that Loretta J. Fuddy is the Director of Health for the State of Hawaiiøs Department of Health.

10.  Defendants deny the allegations contained in paragraph 10 on page 4 as stated. Defendants admit only that Dr. Alvin T. Onaka is the Chief of the Office of Health Status Monitoring for the State of Hawaiiøs Department of Health.

11.  Defendants deny the allegations contained in paragraph 11 on page 4 as stated. Defendants admit only that Michael Astrue is Commissioner of the United States Social Security Administration.

12.  Defendants deny the allegations contained in paragraph 12 on page 4 as stated except that the Chair of the 2008 Democratic National Convention was then-Speaker of the United States House of Representatives, Nancy Pelosi.  Defendants further aver that the Official 2008 Certification of Nomination documents speak for themselves.

13.  Defendants deny the allegations contained in paragraph 13 on page 4.

## JURISDICTION AND APPLICABLE LAW

The unnumbered paragraphs contained in pages 4-12 under various subheadings beginning with õRICOö and ending with the sentence õSuch petition must be filed no later than fifteen (15) days after the date the petition was originally filed with the appropriate executive committeeö purport to recite or describe federal and state law and/or otherwise set forth no allegations requiring a response.  To the extent any response is required, the allegations are denied.

## STATEMENT OF FACTS AND ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION

1.  Defendants deny the allegations contained in paragraph 1 on page 12 as stated. Defendants admit only that a duly certified and true copy of President Obama's "long form birth certificate" was presented at a press conference on April 27, 2011 and that President Obama spoke at that press conference.  All other allegations contained in paragraph 1 on page 12 are denied.

__.  Defendants deny the allegations contained in the unnumbered paragraph at the top of page 13.

2.  Defendants are without sufficient information to admit or deny the allegations set contained paragraph 2 on page 13 and, therefore, they are denied.

__.  Defendants deny the allegations contained in the unnumbered paragraph at the bottom of page 13.

3.  Defendants deny the allegations contained in the first paragraph numbered "3" on page 14.

2. [*sic*] Defendants deny the allegations contained in paragraph 2 on page 14.

3. [*sic*] The second paragraph numbered "3" on page 14 calls for a legal conclusion to which no response is required, and on that basis, is denied.  Defendants affirmatively state and aver that President Obama meets all qualifications to be a candidate for President of the United States and to hold the Office of President of the United States.

4.  Defendants deny the allegations contained in paragraph 4 on page 14.

5.  Defendants deny the allegations contained in paragraph 5 on page 14.

6.  Defendants deny the allegations contained in paragraph 6 on page 14.

7.  Defendants deny the allegations contained in paragraph 7 on page 15 as stated. Defendants admit only that Plaintiff Taitz filed a petition with the Hinds County Circuit Court, purporting to have been filed pursuant to MISS. CODE § 23-15-961, on February 14, 2012.

8.  Defendants deny the allegations contained in paragraph 8 on page 15 as stated. Defendants admit only that the Hinds County Circuit Clerk acted on Plaintiff Taitz's petition consistent with MISS. CODE § 23-15-961 and requested that the Mississippi Supreme Court assign a special Circuit Judge to the petition

9.  Defendants deny the allegations contained in paragraph 9 on page 15 as stated. Defendants admit only that, according to the State Court Record, the Mississippi Supreme Court entered an order on February 21, 2012 assigning the petition to Hon. Judge R. Kenneth Coleman; the Supreme Court's order speaks for itself.

10.  Defendants deny the allegations contained in paragraph 10 on page 15 as stated. Defendants admit only that the Mississippi presidential preference primary was held on March 13, 2012.

13.  [*sic*] Defendants are without sufficient information to admit or deny the allegations contained in paragraph 13 on page 15, and therefore deny such allegations.

14.  [*sic*] Defendants deny the allegations contained in paragraph 14 [*sic*] on page 15 as stated.  Defendants are informed and believe, and on that basis admit, that their undersigned counsel Sam Begley received an email on April 1, 2012 from Orly Taitz.

15.  [*sic*] Defendants are without sufficient information to admit or deny the allegations contained in paragraph 15 on page 15, and therefore deny such allegations.

16.  [*sic*] Paragraph 16 on page 15 calls for a legal conclusion to which no response is required, and on that basis, is denied.

## FIRST CAUSE OF ACTION DECLARATORY RELIEF

1.  Defendants deny the allegations contained in paragraph 1 on page 16.

2.  Defendants deny the allegations contained in paragraph 2 on page 16.

3.  Defendants deny the allegations contained in paragraph 3 on page 16.

3.  [*sic*] Defendants deny the allegations contained in paragraph 3 on page 17.

4.  Defendants are without sufficient information to admit or deny the allegation contained the first sentence of paragraph 4 on page 17.  Defendants deny the allegations contained the second sentence of paragraph 4 on page 17.

5.  Defendants deny the allegations contained in paragraph 5 on page 18.

6.  Defendants are without sufficient information to admit or deny the allegations regarding Plaintiff Taitz's activities contained in the first sentence of paragraph 6 on page 18, and therefore deny such allegations.  Defendants deny the allegations contained in the second sentence of this paragraph.

7.  Defendants are without sufficient information to admit or deny the allegations contained in the first sentence of paragraph 7 on pages 18-19, and therefore deny such allegations. Defendants deny the allegations contained in the second sentence of this paragraph.

8.  Defendants are without sufficient information to admit or deny the allegations contained in the first sentence of paragraph 8 on page 19, and therefore deny such allegations. Defendants deny the allegations contained in the second sentence of this paragraph.

9.  Defendants deny the allegations contained in paragraph 9 on page 19.

10.  Defendants deny the allegations contained in paragraph 10 on page 19-20. Defendants state further that any referenced document speaks for itself.

11.  Defendants deny the allegations contained in paragraph 11 on page 21.

12.   Defendants deny the allegations contained in paragraph 12 on page 21-22.

13.   Defendants are without sufficient information to admit or deny the allegations contained in the first sentence of paragraph 13 on page 22, and therefore deny such allegations. Defendants deny the allegations contained in the remaining sentences of this paragraph.

14.   Defendants deny the allegations contained in paragraph 14 on page 22-23.

15.   Defendants are without sufficient information to admit or deny the allegations regarding Loretta Fuddy contained in paragraph 15 on page 23 and, therefore, deny such allegations.  Defendants deny the allegations contained in the remaining portion of this paragraph as stated.  Defendants admit only that the Social Security Administration followed applicable law in responding to Plaintiff Taitz's request(s), as has already been determined by the Federal District Court for the District of Columbia and affirmed by the District of Columbia Circuit Court of Appeals.  All other allegations are denied.

16.   Defendants deny the allegations contained in paragraph 16 on page 23.

__.   Defendants deny the allegations contained in the unnumbered paragraph at the bottom of page 23.

17.   To the extent that the allegations contained in paragraph 17 on page 23-24 call for a legal conclusion, no response is required, and on that basis, they are denied.  Defendants deny the factual allegations contained in this paragraph.

18.   Defendants deny the allegations contained in paragraph 18 on page 24-25.

__.   Defendants deny the allegations contained in the unnumbered paragraph at the top of page 25.

## INJUNCTIVE RELIEF

**A.      Emergency Preliminary Injunction**

Defendants incorporate by reference their responses to the variously numbered paragraphs contained on pages 2-25 of the First Amended Complaint.

__. Defendants deny the factual allegations contained in the unnumbered paragraph at the bottom of page 25.  To the extent that the allegations contained in this paragraph call for a legal conclusion, no response is required, and on that basis, they are denied.  Defendants deny that the Plaintiffs are entitled to an emergency preliminary injunction, or any equitable or other relief as suggested in this paragraph.

__. Defendants deny the factual allegations contained in the unnumbered paragraph at the top of page 26.  To the extent that the allegations contained in this paragraph call for a legal conclusion, no response is required, and on that basis, they are denied.  Defendants deny that the Plaintiffs are entitled to an emergency preliminary injunction, or any other equitable or other relief as suggested in this paragraph.

__. Defendants are without sufficient information to admit or deny the factual allegations regarding any threats made to Plaintiff Taitz contained in the unnumbered paragraph at the bottom of page 26 and, therefore, deny such allegations.  Defendants deny all other factual allegations contained in this paragraph.  To the extent that the allegations contained in this paragraph call for a legal conclusion, no response is required, and on that basis, they are denied.  Defendants deny that the Plaintiffs are entitled to an emergency preliminary injunction, or any other equitable or other relief as suggested in this paragraph.

__.  Defendants deny the allegations contained in the unnumbered paragraph at the top of page 27.

__.  Defendants deny the factual allegations contained in the second unnumbered paragraph on page 27.  To the extent that the allegations contained in this paragraph call for a legal conclusion, no response is required, and on that basis, they are denied.  Defendants deny that the Plaintiffs are entitled to an emergency preliminary injunction, or any other equitable or other relief as suggested in this paragraph.

__.  Defendants are without sufficient information to admit or deny the factual allegations regarding the health of Honorable Judge Coleman contained in the fourth unnumbered paragraph contained at the bottom of page 27 and, therefore, deny such allegations.  Defendants deny the remaining factual allegations contained in this paragraph.  To the extent that the allegations contained in this paragraph call for a legal conclusion, no response is required, and on that basis, they are denied.  Defendants deny that the Plaintiffs are entitled to an emergency preliminary injunction, or any other equitable or other relief as suggested in this paragraph.

**B.  Permanent injunction.**

Defendants incorporate by reference their responses to the variously numbered paragraphs contained on pages 2-27 of the First Amended Complaint.

Defendants deny that Plaintiffs are entitled to a permanent injunction or any other relief whatsoever and deny all allegations under the heading ōBö contained in page 28.

### RICO

__. The paragraphs under the heading õRICOö purport to recite or describe federal law and/or otherwise set forth no allegations requiring a response. To the extent any response is required, the allegations are denied.

__. Defendants deny the allegations contained in the unnumbered paragraph at the top of page 29.

__. Defendants deny the allegations contained in the unnumbered paragraph at the bottom of page 29.

__. Defendants deny the allegations contained in the unnumbered paragraph at the top of page 30.

1. Defendants deny the allegations contained in the paragraph 1 on page 30.

2. Defendants deny the allegations contained in the paragraph 2 on page 30.

3. Defendants deny the allegations contained in the paragraph 3 on page 30.

4. Defendants deny the allegations contained in the paragraph 4 on page 30.

5. Defendants deny the allegations contained in the paragraph 5 on page 31.

6. Defendants deny the allegations contained in the paragraph 6 on page 31.

7. Defendants deny the allegations contained in the paragraph 7 on page 31.

8. Defendants deny the allegations contained in the paragraph 8 on page 31.

__. Defendants deny the allegations contained in the first unnumbered paragraph at the bottom of page 31 as stated. Defendants admit only that www.attackwatch.com is a website that is paid for by OFA.

__. Defendants deny the allegations contained in the second unnumbered paragraph at the bottom of page 31.

__. Defendants deny the allegations contained in the first unnumbered paragraph on page 32.

__. Defendants deny the allegations contained in the second unnumbered paragraph on page 32.

__. Defendants deny the allegations contained in the first unnumbered paragraph on page 33.

__. Defendants deny the allegations contained in the second unnumbered paragraph on page 33.

__. Defendants deny the allegations contained in the third unnumbered paragraph on page 33 as stated.  Defendants admit only that Representative Pelosi, then Speaker of the House, served as Chair of the 2008 Democratic National Convention.

__. Defendants deny the allegations contained in fourth unnumbered paragraph on page 33.  The document referred to in this and subsequent paragraphs of the Complaint speaks for itself.

__. Defendants deny the allegations contained in the fifth unnumbered paragraph on page 33.

__. Defendants deny the allegations contained in the first unnumbered paragraph on page 34.

__. Defendants deny the allegations contained in the second unnumbered paragraph on page 34.

__. Defendants deny the allegations contained in the third unnumbered paragraph on page 34.

__.  Defendants deny the allegations contained in the fourth unnumbered paragraph on page 34.

__.  Defendants deny the allegations contained in the fifth unnumbered paragraph on page 34.

__.  Defendants deny the allegations contained in the sixth unnumbered paragraph on page 34.

__.  Defendants deny the allegations contained in the first unnumbered paragraph on page 35.

__.  Defendants deny the allegations contained in the second unnumbered paragraph on page 35.

__.  Defendants deny the allegations contained in the third unnumbered paragraph on page 35.

__.  Defendants deny the allegations contained in the fourth unnumbered paragraph on page 35-36.

__.  Defendants deny the allegations contained in the first full unnumbered paragraph on page 36.

a. [*sic*] Defendants deny the allegations contained in paragraph õaö on page 36.

b. [*sic*] Defendants deny the allegations contained in paragraph õbö on page 36.

c. [*sic*] Defendants deny the allegations contained in paragraph õcö on page 36.

d. [*sic*] Defendants deny the allegations contained in paragraph õdö on page 37.

e. [*sic*] Defendants deny the allegations contained in paragraph õeö on page 37.

__.  Defendants deny the allegations contained in the first unnumbered paragraph on page 37.

___.  Defendants deny the allegations contained in the second unnumbered paragraph on page 37.

___.  Defendants deny the allegations contained in the third unnumbered paragraph on page 37.

___.  Defendants deny the allegations contained in the first unnumbered paragraph on page 38.

___.  Defendants deny the allegations contained in the second unnumbered paragraph on page 38.

___.  Defendants deny the allegations contained in the third unnumbered paragraph on page 38.

___.  Defendants deny the allegations contained in the fourth unnumbered paragraph on page 38.

___.  Defendants deny the allegations contained in the first unnumbered paragraph on page 39.

___.  Defendants deny the allegations contained in the second unnumbered paragraph on page 39.

___.  Defendants deny the allegations contained in the first unnumbered paragraph on page 40.

___.  Defendants deny the allegations contained in the second unnumbered paragraph on page 40.

___.  Defendants deny the allegations contained in the third unnumbered paragraph on page 40.

__.  Defendants deny the allegations contained in the first unnumbered paragraph on page 41.

__.  Defendants deny the allegations contained in the second unnumbered paragraph on page 41-42.

1. [*sic*] Defendants deny the allegations contained in paragraph 1 on page 42.

2. [*sic*] Defendants deny the allegations contained in paragraph 2 on page 42.

3. [*sic*] Defendants deny the allegations contained in paragraph 3 on page 42.

4. [*sic*] Defendants deny the allegations contained in paragraph 4 on page 43.

5. [*sic*] Defendants deny the allegations contained in paragraph 5 on page 43.

## PRAYER FOR RELIEF

Defendants deny the allegations contained in the Plaintifføs Prayer for Relief contained on pages 43-44, including subparagraphs 1-6, and specifically deny that the Plaintiffs are entitled to any relief whatsoever.  Any and all allegations and allegations contained in the First Amended Complaint that have not been specifically admitted are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The complaint consists entirely of immaterial, impertinent, and scandalous matter, has been filed for an improper purpose, and should be stricken pursuant to FED. R. CIV. P. 12(f).

### SECOND DEFENSE

The Court lacks subject matter jurisdiction over the Complaint.

**THIRD DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**FOURTH DEFENSE**

The Complaint should be dismissed for lack of standing, lack of ripeness, mootness, and/or as the Complaint otherwise asserts no justiciable right to relief.

**FIFTH DEFENSE**

The Complaint should be dismissed for failure to comply with FED. R. CIV. P. 8, 9(a) and 9(b) and/or MISS. R. CIV. P. 8, 9(a) and 9(b).

**SIXTH DEFENSE**

Defendants plead all defenses which they are, or may become, entitled to assert pursuant to and/or arising under *Miss. Code Ann.* §§ 23-15-961, 23-15-963, 23-15-1089, including, but not limited to, Plaintiffs' failure to comply with the jurisdictional and procedural requirements of those statutes, as well as any other applicable provisions of the Mississippi Election Code, and/or federal statutes.

**SEVENTH DEFENSE**

Some or all of the claims are barred by estoppel, ratification, collateral estoppel, waiver, and/or laches.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have unclean hands.

**NINTH DEFENSE**

Plaintiffs have not been injured within the meaning of the applicable law or suffered legally cognizable damages as a result of any acts or omissions of the Defendants and, therefore, not entitled to the damages or relief requested.

**TENTH DEFENSE**

Defendants plead all defenses which they are, or may become, entitled to assert pursuant to and/or arising under 18 U.S.C. § 1961 *et seq.*, and any other federal statute or the Constitution.

**ELEVENTH DEFENSE**

Defendants plead all immunity defenses which are, or may become available to them, under state and/or federal law, including, but not limited to the defenses of qualified and absolute immunity.

**TWELFTH DEFENSE**

Defendants plead all defenses which they are, or may become, entitled to pursuant to FED. R. CIV. P. 8(c) and/or 12(b), as well as MISS. R. CIV. P. 8(c) and/or 12(b).

**THIRTEENTH DEFENSE**

Defendants hereby give notice that, in addition to the Affirmative Defenses set forth above, Defendants reserve and intend to rely upon any and all such other affirmative defenses, both legal and equitable, as may become available or apparent during the course of this case. Defendants reserve their right to amend this Answer to include such any and all such additional defenses.

WHEREFORE, PREMISES CONSIDERED, President Barack H. Obama, II, Representative Pelosi, Democratic Leader of the United States House of Representatives, and Obama For America respectfully request that their foregoing Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint be received and they hereby move the Court to dismiss Plaintiffs' claims, with prejudice, to assess all costs of this action to Plaintiffs, and to grant Defendants all such further relief as is deemed just and proper.

Defendants further respectfully request that this court assess attorney's fees against Plaintiffs pursuant to the Mississippi Litigation Accountability Act of 1988, FED. R. CIV. P. 11 and/or 28 U.S.C. § 1927, for a wholly frivolous, unreasonable, vexatious and malicious complaint.

THIS the 29th day of October, 2012.

Respectfully submitted,

**BARACK H. OBAMA, II**
**NANCY PELOSI**
**OBAMA FOR AMERICA**


By: /s/ Samuel L. Begley
Samuel L. Begley (MSB No. 2315)

By: /s/ Scott J. Tepper
Scott J. Tepper (Admitted *pro hac vice*)


**OF COUNSEL**:
BEGLEY LAW FIRM, PLLC
P. O. Box 287
Jackson, MS 39205
(601)969-5545 (Telephone)
(601)969-5547 (Facsimile)
Email: sbegley1@bellsouth.net

GARFIELD & TEPPER
A Partnership of Professional Corporations
1801 Century Park East, Suite 2400
Los Angeles, CA 90067-2326
(310) 277-1981
(310) 277-1980
Email: scottjtepper@msn.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date set forth hereinafter, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Harold E. Pizzetta, Esq.
Justin L. Matheny, Esq.
Office of the Attorney General
550 High Street, Suite 1200
P.O. Box 220
Jackson, MS 39205

Orly Taitz, Esq.
29839 Santa Margarita Parkway, Suite 100
Rancho Santa Margarita, CA 92688

Walter W. Dukes, Esq.
Dukes, Dukes, Keating & Faneca, P.A.
2909 13th Street, Sixth Floor
Post Office Drawer W
Gulfport, MS 39501

And to the following persons by email:

Brian Fedorka
Bfedorka82@gmail.com

Laurie Roth
drljroth@aol.com

Leah Lax
Leahlax1234@aol.com

Tom MacLeran
Mac@MacLeran.com

THIS the 29th day of October, 2012.

/s/ Samuel L. Begley
SAMUEL L. BEGLEY