**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**


**DR. ORLY TAITZ, ESQ., ET AL.**                                                    **PLAINTIFFS**

**V.**                                              **CIVIL ACTION NO. 3:12cv280-HTW-LRA**

**DEMOCRAT PARTY OF MISSISSIPPI, ET AL.**                          **DEFENDANTS**

---

**REPLY TO PLAINTIFFS' OPPOSITION TO**
**MOTION TO DISMISS FOR LACK OF IN PERSONAM JURISDICTION OR IN THE**
**ALTERNATIVE FOR FAILURE TO STATE A CLAIM FOR RELIEF AGAINST**
**DEFENDANTS DR. ALVIN ONAKA AND LORETTA FUDDY AND INSUFFICIENT**
**PROCESS AND SERVICE OF PROCESS**

---

COME NOW the Defendants, Dr. Alvin Onaka (hereinafter "Onaka") and Loretta Fuddy (hereinafter "Fuddy") (hereinafter collectively "Defendants"), by and through their counsel of record, Dukes, Dukes, Keating & Faneca, P.A., and file this their Reply to Plaintiffs' Opposition to Motion to Dismiss for Lack of In Personam Jurisdiction or in the Alternative for Failure to State a Claim for Relief and for Insufficient Process and Service of Process, and without waiving the right to plead and be heard on any other defenses would further show unto this Honorable Court the following:

**I.      RELEVANT FACTUAL AND PROCEDURAL HISTORY**

On October 26, 2012, Defendants filed a Motion to Dismiss with this Court arguing a lack of in personam jurisdiction, failure to state a claim for relief against the Defendants, and insufficient process and service of process.  [PACER Doc. 57].  Plaintiffs subsequently filed an Opposition to the Motion to Dismiss on November 9, 2012.  [PACER Doc. 65].  As such, this reply addresses each of the arguments raised in Plaintiffs' Opposition to the extent necessary to persuade this Court that the cause of action should be dismissed as to the Defendants.

## II.     THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER THE DEFENDANTS

Although personal jurisdiction is generally established based upon a defendant's minimum contacts with the forum state, the Fifth Circuit has noted exceptions to this rule.  For example, in *Busch v. Buchman, Buchman & O'Brien*, 11 F.3d 1255 (5th Cir. 1994), the Fifth Circuit explained that "when a federal court is attempting to exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process, the relevant inquiry is whether the defendant has had minimum contacts with the United States." *Busch*, 11 F.3d at 1258.  It is important to note, however, that while *Busch* is the current state of the law pertaining to federal statutes providing nationwide service of process, at least one subsequent Fifth Circuit decision has expressed disagreement with the proposition that minimum contacts with the United States is the proper test for personal jurisdiction in such situations.  *See Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Mich.*, 97 F.3d 822 (5th Cir. 1996).[1]  In light of the foregoing, the question remains as to whether the Racketeer Influenced and Corrupt Organization Act (hereinafter "RICO") in fact provides for nationwide service of process.  This inquiry is important because the Fifth Circuit has not expressly decided this issue.

Indeed, the Fifth Circuit has not determined whether the jurisdictional provisions of RICO provide for nationwide service of process.  In elucidating the "national contacts" test, the court in *Busch* was addressing the jurisdictional provisions of the Securities and Exchange Act of 1934.  Similarly, nearly every binding and unpublished decision of the Fifth Circuit and federal courts in Mississippi citing *Busch* for this proposition failed to address the holding in the context of RICO.  *See, e.g.*, *Luallen v. Higgs*, 277 Fed. Appx. 402 (5th Cir. 2008) (applying *Busch* to the

---

[1] In the Fifth Circuit, "one panel may not overrule the decision, right or wrong, of a prior panel in the absence of an intervening contrary or superseding decision by the court en banc or the Supreme Court."  *Archdiocese of Milwaukee Supporting Fund, Inc. v. Halliburton Co.*, 597 F.3d 330, 334 n.4 (5th Cir. 2010).

Securities and Exchange Act); *Submersible Sys. v. Perforadora Cent., S.A., de C.V.*, 249 F.3d 413 (5th Cir. 2001) (applying *Busch* to the Securities and Exchange Act); *Trust Co. v. N.N.P Inc.*, 104 F.3d 1478 (5th Cir. 1997) (applying *Busch* to the Securities and Exchange Act); *Bellaire*, 97 F.3d at 822 (criticizing *Busch* but nevertheless applying it to ERISA); *Corr Wireless Commc'ns, L.L.C. v. AT&T, Inc.*, No. 3:12CV036-SA, 2012 U.S. Dist. LEXIS 156801 (N.D. Miss. Nov. 1, 2012) (applying *Busch* to the Clayton Act); *Tuttle v. Cigna Group Ins.*, No. 1:10cv202-LG-RHW, 2011 U.S. Dist. LEXIS 10559 (S.D. Miss. Feb. 2, 2011) (applying *Busch* to ERISA); *Nationwide Mut. Ins. Co. v. Olvera*, No. 3:07CV100-M-A, 2008 U.S. Dist. LEXIS 81442 (N.D. Miss. July 22, 2008) (applying *Busch* to the Federal Interpleader Statute).  In fact, the only binding case addressing nationwide service of process in the context of RICO is *Dale v. ALA Acquisitions, Inc.*, 203 F. Supp. 2d 694 (S.D. Miss. 2002), wherein the opinion was eventually substituted on other grounds.  According to the Court's opinion in *Dale*, nationwide service of process is proper under 18 U.S.C. § 1965(b) "when it would serve the ends of justice, and this requirement is met when defendants have minimum contacts with the United States, at least one defendant is subject to personal jurisdiction in the forum state, and no other forum exists in which to adjudicate all of the RICO claims."  *Dale*, 203 F. Supp. 2d at 698-99. Nevertheless, the Court in *Dale* was applying *Busch*, a Fifth Circuit case that addressed nationwide service of process in the context of a different federal statute—that is, the Securities and Exchange Act of 1934.  Therefore, the fact still remains that, although given ample opportunity to do so, the Fifth Circuit has not expressly stated that RICO provides for nationwide service of process.

Furthermore, as will be explained in more detail below, because the Plaintiffs have failed to state a claim against the Defendants for relief under RICO and service of process is

3

insufficient, it would be improper to use the purported jurisdictional provisions of RICO to exercise personal jurisdiction over the Defendants.  Indeed, "merely naming persons in a RICO complaint does not, in itself, make them subject to [§] 1965(b)'s nationwide service provisions." *Butcher's Union Local No. 498 v. SDC Invest., Inc.*, 788 F.2d 535, 539 (9th Cir. 1985).  As will become abundantly clear, these failures essentially mean the Court need only analyze the exercise of personal jurisdiction over the remaining non-RICO claims against Defendants under the Mississippi long-arm statute and due process.  *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009) (emphasis added) (This Court may "exercise personal jurisdiction over a non-resident defendant (1) as allowed under [Mississippi's] long-arm statute; and (2) to the extent permitted by the Due Process Clause"); *see also Internet Doorway, Inc. v. Parks*, 138 F. Supp. 2d 773, 775 (S.D. Miss. 2001) ("[I]n federal question cases where the federal statute in question does not provide for service of process, 'a federal court, even in a federal question case, can use a state long-arm statute only to reach those parties whom a court of the state could also reach under it.'") (quoting *Burstein v. State Bar of Cal.*, 693 F.2d 511, 514 (5th Cir. 1982)).  As the Defendants' Motion to Dismiss makes clear, neither of the Defendants have *any* minimum contacts with the State of Mississippi.

### III.     PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR RELIEF AGAINST THE DEFENDANTS

As discussed in Defendant's Motion to Dismiss, the Plaintiffs allege civil liability under RICO against the Defendants rather than against the State of Hawaii or the Hawaii Department of Health.  In their Opposition, the Plaintiffs further argue that the generally recognized principle that governmental entities are immune from civil RICO liability is inapplicable to this case because many of the cases cited in Defendants' Motion to Dismiss address immunity as it relates to various governmental entities and not individuals as is the case here.  The problem, however,

4

is that the Plaintiffs fail to recognize the nexus that exists between governmental entities and their employees being sued in their official capacity. Every case cited by the Defendants stands not only for the proposition that governmental entities are immune from civil RICO liability, but also for the proposition that their employees carrying out their official duties are entitled to immunity as well. The Ninth Circuit has addressed the reasoning behind this well-settled principle in *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397 (9th Cir. 1991), stating that "because government entities are incapable of forming [the] malicious intent" necessary for purposes of committing the requisite predicate acts[,]" they cannot be held civilly liable under RICO. *Lancaster*, 940 F.2d at 404. The Court further explained that "[t]he wisdom of this rule is evident in light of the circumstances of the instant case. The 'body politic,' that is, the taxpayers, will pay if Lancaster's RICO claim is successful." *Id.* Moreover, because *mens rea* on the part of the agents of a governmental entity may not be imputed to a governmental entity through the doctrine of *respondeat superior*, it follows that the employees of the governmental entity, in their official capacity, cannot be held civilly liable under RICO. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (suit against state official in official capacity should be treated as suit against state) (citing *Kentucky* v. *Graham*, 473 U.S. 159 (1985)); *Brandon v. Holt*, 469 U.S. 464, 471 (1985) (official capacity claim is a claim against the office, not the individual); *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO,* 901 F.2d 404, 425 (5th Cir. 1990) *cert. denied,* 498 U.S. 895 (1990). The foregoing makes it indelibly clear that the Defendants are immune from civil RICO liability because they have been sued in their official capacities as employees of the State of Hawaii. Indeed, the First Amended Complaint refers to the Defendants in their official capacities as employees of the State of Hawaii.[2] *See* First Amended

---

[2] Even if the Plaintiffs had stated that the Defendants are being sued in their individual capacities, "the mere incantation of the term 'individual capacity' is not enough to transform an official capacity into an individual

Complaint at 4.  Moreover, even if the Defendants are not immune from civil RICO liability, the Plaintiffs First Amended Complaint still fails to state a claim for relief in the manner prescribed *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662, 667-68 (2009), and the Federal Rules of Civil Procedure.

In *Twombly*, the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Twombly*, 550 U.S. at 570 (quoting Fed. R. Civ. P. 8(a)(1)).  Furthermore, as the Plaintiffs acknowledge in their Opposition, *Iqbal* and *Twombly* also mandate that the Plaintiffs' pleadings contain "more than labels and conclusions" because the "formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Thus, a complaint which merely propounds "naked assertion[s]" devoid of "further factual enhancement" does not fulfill the federal pleading requirements, nor is the mere possibility of misconduct enough.  *Iqbal*, 556 U.S. at 697.

The allegations in the First Amended Complaint are precisely the type of pleading that *Twombly* and *Iqbal* seek to prevent.  For example, in alleging the existence of a de-facto RICO enterprise, "association-in-fact" RICO enterprise, and pattern of ongoing racketeering activity, the Plaintiffs merely recite vague and elemental language, thus failing to provide this Court with any reasonable basis to conclude that the Plaintiffs are entitled to relief.  *See* First Amended Complaint at 29-30.  Further, the allegations of RICO fraud against the Defendants are overly broad, unsupported by any facts, and consist wholly of conclusory allegations.  Specifically, the Plaintiffs allege that (1) Fuddy aided and abetted Obama in committing elections fraud by either

---

capacity action."  *Lizzi v. Alexander*, 255 F.3d 128 (4th Cir. 2001), *overruled on other grounds Nevada Dep't of Human Res. v. Hibbs*, 538 U.S. 721 (2003); *see also Sizemore v. Miller*, No. 92-2098, 1994 U.S. App. LEXIS 6999, at *2 (7th Cir. 1994) (affirming dismissal of individual capacity claim for similar reasons).  Nevertheless, the Plaintiffs have not even attempted to allege that the Defendants are being sued in their individual capacities.

issuing a fraudulent letter, claiming she observed the copying of Obama's birth certificate, or was silent when she had a duty to speak; and (2) Onaka aided and abetted Obama and covered up the fact that Obama used a forged birth certificate because he knew that the document was a forgery and failed to speak when he allegedly had a duty to do so.  *See id.* at 32.  In addition to being absolutely false and preposterous, these allegations are, at best, legal conclusions and fail to satisfy *Twombly* and *Iqbal*.

Additionally, because the Plaintiffs allege fraud in the context of RICO, they are required to comply with the heightened pleading requirements of Rule 9 of the Federal Rules of Civil Procedure.  Specifically, Rule 9(b) makes it clear that "[p]leading the elements of fraud with particularity requires a plaintiff to specify 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby."  *See Alpert*, 2007 U.S. Dist. LEXIS 22950, at *52 (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)).  Contrary to the Plaintiffs' statement in their Opposition that Rule 9 does not require them to specifically plead what the Defendants obtained by allegedly engaging in fraud, the Fifth Circuit has made it abundantly clear that such pleading is required.  Although such language is not specifically addressed in the text of Rule 9 of the Federal Rules of Civil Procedure, the Fifth Circuit's pleading requirements and interpretation of the Federal Rules of Civil Procedure are binding in all courts within the circuit.  Because the Plaintiffs failed to plead fraud under RICO with the required particularity, they have failed to state a claim for relief and their claims should be dismissed.

In light of the foregoing, it is clear that the Plaintiffs have failed to state a claim for relief against the Defendants because: (1) the Defendants are immune from civil RICO liability as they have been sued in their official capacities as employees of the State of Hawaii; (2) the Plaintiffs

have failed to provide a sufficient factual basis for their allegations under the principles set forth in *Twombly* and *Iqbal*; and (3) the Plaintiffs have failed to plead fraud with the particularity required by Rule 9 of the Federal Rules of Civil Procedure and the Fifth Circuit.  Therefore, the Plaintiffs RICO claims fail and must be dismissed.  As previously discussed, because the Plaintiffs have failed to state a claim for relief under RICO, Fuddy and Onaka are not proper RICO Defendants.  As such, the Plaintiffs are not permitted to rely on the jurisdictional provisions of RICO for this Court to exercise personal jurisdiction.  It follows, then, that traditional analysis of minimum contacts with the State of Mississippi is the only available basis for the exercise of personal jurisdiction.  As the Defendants' Motion to Dismiss and the accompanying declarations make clear, the Defendants have no contacts with the State of Mississippi, thus preventing this Court from exercising personal jurisdiction over the Defendants under the Mississippi long-arm statute or Due Process.

## IV.    THE DEFENDANTS WERE NOT PROPERLY SERVED WITH PROCESS

Without rehashing the arguments already addressed by the Defendants in their Motion to Dismiss regarding the inadequacy of service of process, it is clear that neither of the Defendants have been properly served with process.  In their Opposition, Plaintiffs argue that "Defendants were served twice at the Department of Health and at the [O]ffice of the Attorney General of Hawaii."  [PACER Doc. 65 at 28].  Further, in an effort to avoid the obvious defects in service of process, the Plaintiffs argue that personal service in this case is impossible and "[s]ubstitute service would suffice."  [*Id.* at 29].  The problem, however, is that service of process in this case was not impossible, and leaving a copy of the summons and complaint with an individual who is not authorized by law or appointment to receive service of process does not constitute effective substitute service.  Indeed, the Federal Rules of Civil Procedure, Mississippi Rules of Civil

Procedure, and the Hawaii Rules of Civil Procedure prescribe the methods that must be adhered to in order to effectuate proper service of process.

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that an individual may be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]"  Because this case was removed to the United States District Court for the Southern District of Mississippi, the Mississippi Rules of Civil Procedure are applicable.  Rule 4(d)(1)(A) of the Mississippi Rules of Civil Procedure provides that an individual may be served "by delivering a copy of the summons and of the complaint to him personally or to an agent authorized by appointment or by law to receive service of process[.]"  Rules 4(d)(1)(B) and 4(d)(5) of the Hawaii Rules of Civil Procedure permit service by leaving a copy of the summons and complaint with the individual or an authorized agent, and, in the case of officers of the State of Hawaii, by serving a copy of the summons and complaint upon the State and the officer or agency, respectively.

Based on the affidavit of Audrey Gibo, it is clear that the Defendants were not properly served because Gibo was neither an agent authorized by appointment nor an agent authorized by law to receive service of process on behalf of the Defendants or the Hawaii State Department of Health.  Also, the there is nothing in the record to indicate that the Plaintiffs properly served the State of Hawaii.  For these reasons, service of process was not proper under the Mississippi Rules of Civil Procedure or the Hawaii Rules of Civil Procedure.  Similarly, service of process was not proper under the fallback provisions of the Federal Rules of Civil Procedure because a copy of the summons and complaint was not delivered to the Defendants personally or to an authorized agent.  *See* Fed. R. Civ. P. 4(e)(2)(A), (C).

## V.   CONCLUSION

The Plaintiffs' Opposition to the Defendants' Motion to Dismiss is long on rhetoric but provides little substance to rebut the arguments in the Motion to Dismiss.   Based on the preceding discussion, it is clear that this Court's exercise of personal jurisdiction over the Defendants based on the jurisdiction provisions of RICO would be improper, even under a "national contacts" analysis, because Onaka and Fuddy are not proper RICO Defendants due to the fact that they are immune from civil RICO liability having been sued in their official capacities as employees of the State of Hawaii.   Similarly, the First Amended Complaint and purported "evidence" in support of the First Amended Complaint wholly fail to state a claim for relief against the Defendants under the principles elucidated in *Twombly*, *Iqbal*, and the Federal Rules of Civil Procedure.   For many of the same reasons, the Plaintiffs' allegations of fraud under RICO fail to meet the heightened pleading requirement mandating sufficient particularity. These defects, coupled with the Plaintiffs' failure to effectuate service of process, are fatal to their claims for relief, thus warranting a dismissal, with prejudice, of all allegations in the First Amended Complaint against the Defendants.

RESPECTFULLY SUBMITTED, this the 15th day of November, 2012.

DR. ALVIN ONAKA AND LORETTA FUDDY, DEFENDANTS

BY:   DUKES, DUKES, KEATING & FANECA, P.A.

BY:   *s/ Walter W. Dukes*
WALTER W. DUKES

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically filed with the Clerk of Court and thereby served on the following persons, and also separately served by electronic mail as indicated below:

Orly Taitz
29839 Santa Margarita Parkway, Suite 100
Rancho Santa Margarita, California 92688
orly.taitz@gmail.com

Scott J. Tepper
Garfield & Tepper
1801 Century Park East, Suite 2400
Los Angeles, California 90067-2326
scottjtepper@msn.com

Samuel L. Begley
Begley Law Firm, PLLC
P.O. Box 827
Jackson, Mississippi 39205
sbegley1@bellsouth.net

Harold E. Pizzetta, III
Justin L. Matheny
Office of the Attorney General
550 High Street, Suite 220
P.O. Box 220
Jackson, Mississippi 39205

And to the following persons by electronic mail:

Brian Fedorka
812 Shiloh Drive
Columbus, MS  39702
bfedorka82@gmail.com

Laurie Roth
15510 E. Laurel Road
Elk, WA  99009
drljroth@aol.com

Leah Lax
350 Market Street
Highspire, PA  17034
lealax1234@aol.com

Tom MacLeran
1026 Deer Ridge Road
Kingston Springs, TN  37082
tom@macleran.com

SO CERTIFIED, this the 15th day of November, 2012.

*s/ Walter W. Dukes*
WALTER W. DUKES

11