IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**DR. ORLY TAITZ, ESQ., ET AL.**                                                              **PLAINTIFFS**

**V.**                                                      **CIVIL ACTION NO. 3:12cv280-HTW-LRA**

**DEMOCRAT PARTY OF MISSISSIPPI, ET AL.**                                                    **DEFENDANTS**

---

### MISSISSIPPI SECRETARY OF STATE'S SUPPLEMENTAL BRIEF SUPPORTING HIS MOTION FOR JUDGMENT ON THE PLEADINGS

---

*Introduction*. On November 16, 2012, in connection with the Secretary of State's Motion for Judgment on the Pleadings [Docket No. 8], the Court instructed Plaintiffs to submit any statutory or case authority which would allow the Secretary of State to refuse to certify a candidate or to void the election results from the Mississippi 2012 general election.[1] On November 26, 2012, Plaintiffs filed a Supplemental Brief purportedly responding to that request, and others set forth by the Court.[2] None of Plaintiffs' newly proffered authorities addresses the issue prescribed by the Court. Nothing contained in Plaintiffs' Supplemental Brief justifies any injunctive or declaratory relief against the Secretary of State. This case should be dismissed.

---

[1] *See* November 19, 2012 Minute Entry on the Court's docket.

[2] Plaintiffs' Supplemental Brief, Docket No. 73. Also on November 26, 2012, Plaintiffs submitted an "Amended Document" which appears to be a copy of the same Supplemental Brief including the signature of Plaintiff Brian Fedorka, with an altered certificate of service to reflect service on November 24, 2012 instead of November 27, 2012 (the day after the brief was filed). *See* Docket No. 74. The Court's sole request for supplementation from Plaintiffs as to claims against the Secretary of State focused on his election duties under Mississippi law. Notably, however, Plaintiffs' supplemental brief undercuts any assertion they are pursuing RICO claims against the Secretary. As explained in the Secretary's prior briefing, Plaintiffs have no valid RICO claims against him because, in addition to several other reasons, he has been sued solely in his official capacity and not as a "person" capable of being sued under RICO. *See Lancaster Community Hospital v. Antelope Valley Hosp.*, 940 F.2d 397, 404 (9th Cir. 1991), *cert. denied*, 502 U.S. 1049 (1992); *Lanthrop v. Juneau & Associates, Inc., PC*, 220 F.R.D. 330, 335 (S.D. Ill. 2004); Reply Brief at pp. 10-11, Docket No. 51. Plaintiffs' supplemental brief specifically admits (again) the Secretary has been sued solely in his official capacity. *See* Plaintiffs' Supplemental Brief at p. 2, Docket No. 73. Plaintiffs' purported RICO claims against the Secretary should be dismissed.

*Plaintiffs' New Excuse for their Untimely Election Challenges is Flawed.* As explained in the Secretary of State's original briefing, Plaintiffs missed the mandatory filing deadlines set forth in Mississippi Code Sections 23-15-961 and 23-15-963.[3] Plaintiffs now argue the filings were timely because they filed documents within the required number of "business days," and the statutes do not specify whether time calculations thereunder must account for "business days" or "calendar days." Their new argument is just as wrong as their prior excuses.

Under Mississippi law, the ten and fifteen day filing deadlines contained in Sections 23-15-961 and 23-15-963 are measured by "calendar days," not "business days."[4] Plaintiffs' failure to timely file their petitions within the prescribed number of "calendar days" is fatal to their purported election challenges under Mississippi law.

*Plaintiffs' Case Law Regarding Injunctions Against Other Secretaries of State and Other States' Law is Irrelevant.* Neither an unreported opinion in *Miller v. Campbell*, No. 10-cv-00252-RRB (D.C. Alaska),[5] nor *McCarthy v. Briscoe*, 429 U.S. 1317 (1976) support Plaintiffs' claims. *Miller* apparently stayed a certification of votes to allow an Alaska state court to interpret Alaska law regarding how write-in votes for an election should be counted, while abstaining from deciding the disputed state law issue. That decision is irrelevant here. In this case, there is no questionable application of Mississippi law at issue. Plaintiffs have consistently

---

[3] *See* Memorandum of Authorities at pp. 7-9, 12-14, Docket No. 9; Reply Brief at pp. 2-3, 6, Docket No. 51.

[4] *See* Miss. Code Ann. § 1-3-67 (computation of time under Mississippi statutes is measured by calendar days, unless the prescribed time to act is less than seven days). *See also* Stacy, 1988 WL 249875 (Miss. AG July 21, 1988) (statute providing act must be done within ten days must be measured by calendar days pursuant to Miss. Code Ann. § 1-3-67); Miss. R. Civ. P. 6(a) (time to act prescribed "by any applicable statute" is computed according to calendar days, unless the prescribed time to act is less than seven days).

[5] Plaintiffs attach what they claim is a copy of the unreported *Miller* decision to their Supplemental Brief at Exhibit 3. *See* Docket No. 73-3.

failed to identify any Mississippi election statute or other authority supporting their claims, much less a disputed state law issue that would make *Miller* arguably relevant to this case.

*McCarthy* is a reported decision, but equally irrelevant here. In *McCarthy*, independent candidate Eugene McCarthy and others sought a mandatory injunction requiring that he be placed on the 1976 Texas ballot for President.[6] The *McCarthy* plaintiffs contended that then-Article 13.50 of the Texas Election Code violated various provisions of the United States Constitution.[7] The Supreme Court held Article 13.50 was clearly unconstitutional and therefore ordered the Texas Secretary of State to place McCarthy's name on the Texas ballot.[8]

In this case, Plaintiffs have not asserted any constitutional claims. They have never even alleged any Mississippi law enforced by the Secretary of State is unconstitutional. The fact that the United States Supreme Court, or any other court, has previously held that state officials can be enjoined from enforcing an unconstitutional state law has absolutely no bearing on this case.

***Plaintiffs, Once Again, Incorrectly Describe the Secretary of State's Duties, this Time with Respect to the General Election and Mississippi's Presidential Electors.*** The Secretary of State does not have any discretionary duties in connection with presidential candidate qualifications, the Mississippi presidential election, its results, or Mississippi's presidential electors. Nevertheless, without citing any specific authority, Plaintiffs now contend that the "Secretary of State has a duty to present a certificate of ascertainment to the Electoral College on

---

[6] 429 U.S. 1317 (1976).

[7] *Id*. at 1318. The Texas law barred independent candidates from qualifying for the Texas general election ballot and plaintiffs claimed the law violated Articles II and IV, and Amendments I, XII, and XIV of the United States Constitution. *Id*.

[8] *Id*. at 1323.

the first Monday after the second Wednesday in December, which falls on December 17, 2012,"[9] and apparently believe that supposed duty is discretionary. That is a complete mis-characterization of the Secretary of State's state law duties regarding the general election results and Mississippi's presidential electors.

Under Mississippi law, the Secretary of State's *only* relevant duties with respect to the general election results and the Electoral College include: (1) notifying the chosen presidential electors of their election;[10] and (2) accepting the appointment of new electors, should any chosen electors fail to attend the meeting of Mississippi presidential electors.[11] The Secretary has no discretionary duty regarding the 2012 presidential election, its results, or Mississippi's presidential electors. Plaintiffs' new (and old) arguments for injunctive or declaratory relief targeting the Secretary's election duties completely lack validity.[12]

***The Cyclopedia of Law and Procedure does not Support Plaintiffs' Claims***. Plaintiffs' final argument apparently contends that the "Cyclopedia of Law and Procedure, vol. 15 (NY: American Law Book Company, 1905), pp. 338-339" supports a finding that their claims are justiciable. They quote the following from the Cyclopedia at the bottom of page 1 of their brief:

---

[9] Docket No. 73 at p. 1.

[10] Miss. Code Ann. § 23-15-787 ("[t]he Secretary of State shall, immediately after ascertaining the result, transmit by mail a notice, in writing, to the persons elected.").

[11] Miss. Code Ann. § 23-15-789 (providing that should any elected Mississippi presidential elector "fail to attend and give his vote" at the meeting of electors, "the other electors attending shall appoint some person or persons to fill the vacancy or vacancies, who shall attend and vote as electors; *and such appointment shall be forthwith reported to the Secretary of State*.") (emphasis added).

[12] Additionally, as pointed out at the November 16, 2012 hearing, even assuming Plaintiffs are somehow entitled to injunctive relief (which they are not) preventing the Secretary of State from performing his ministerial post-election duties respecting the Mississippi election, that claim would be moot and a decision for Plaintiffs would be an impermissible advisory opinion. President Obama's electors did not win the Mississippi election. Preventing Mississippi's electors from voting in the Electoral College would not change the ultimate outcome.

> When the authority to make a nomination is legally challenged by objections filed to the certificate of nomination, and violation or disregard of the party rules is alleged, the court must hear the facts and determine the question.

That cut-and-pasted quotation is irrelevant.  Furthermore, the quote is another exhibition of Plaintiffs' persistent misrepresentation of legal authority.  The very next sentence of the 1905 legal encyclopedia – omitted by Plaintiffs – says "***[o]ne who is not a member of the party making nominations cannot object to the regularity of the proceedings resulting in the nomination.***"[13]  Plaintiffs are obviously not members of a party making any nomination involved in this case, thus, the quoted Cyclopedia passage does not support their claims here.

Plaintiffs' citation to a century-old secondary source has no application here for other reasons as well.  First, the misquoted excerpt addresses only disputes arising out of political party nominating conventions and internal party rules.  Second, the excerpt merely summarizes the law, as it existed in 1905, in states other than Mississippi.  In contrast, this case involves Mississippi's 2012 general presidential election.  In short, Plaintiffs' 1905 Cyclopedia reference is not only a misleading representation of the law, but it is also utterly irrelevant to this case.

***Conclusion***.  For the reasons set forth above, as well as those asserted at the November 16, 2012 hearing and in the prior briefing submitted, the Secretary of State's Motion for Judgment on the Pleadings should be granted and Plaintiffs' First Amended Complaint should be dismissed with prejudice.

THIS the 30th day of November, 2012.

Respectfully submitted,

---

[13]  A copy of the pages of Volume 15 of the Cyclopedia of Law and Practice (1905 ed.) quoted by Plaintiffs is affixed hereto as Exhibit "1."

        Delbert Hosemann, Mississippi
Secretary of State

BY:    Jim Hood, Attorney General
State of Mississippi


BY:    <u>S/Justin L. Matheny</u>
Harold E. Pizzetta, III (Bar No. 99867)
*hpizz@ago.state.ms.us*
Justin L. Matheny (Bar No. 100754)
*jmath@ago.state.ms.us*
Office of the Attorney General
550 High Street, Suite 1200
P.O. Box 220
Jackson, MS 39205
Telephone: (601) 359-3680
Facsimile: (601) 359-2003

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been electronically filed with the Clerk of Court using the Court's ECF system and thereby served on the following persons:

| | |
|---|---|
| Orly Taitz<br>29839 Santa Margarita Parkway, Suite 100<br>Rancho Santa Margarita, CA 92688<br>orly.taitz@gmail.com | Samuel L. Begley<br>Begley Law Firm, PLLC<br>P.O. Box 287<br>Jackson, MS 39205<br>sbegley1@bellsouth.net |
| Scott J. Tepper<br>Garfield & Tepper<br>1801 Century Park East, Suite 2400<br>Los Angeles, CA 90067-2326<br>scottjtepper@msn.com | Walter W. Dukes<br>Dukes, Dukes, Keating & Faneca<br>P.O. Drawer W<br>Gulfport, MS 39502<br>walter@ddkf.com |

And served on the following persons by US mail:

| | |
|---|---|
| Brian Fedorka<br>812 Shiloh Dr.<br>Columbus, MS 39702<br>bfedorka82@gmail.com | Laurie Roth<br>15510 E. Laurel Rd.<br>Elk, WA 99009<br>drljroth@aol.com |
| Leah Lax<br>350 Market St.<br>Highspire, PA 17034<br>leahlax1234@aol.com | Tom MacLeran<br>1026 Deer Ridge Rd.<br>Kingston Springs, TN 37082<br>tom@macleran.com |

THIS the 30th day of November, 2012.

                                                <u>S/Justin L. Matheny</u><br>
                                                Justin L. Matheny