# CYCLOPEDIA

## OF

# LAW AND PROCEDURE

WILLIAM MACK

**EDITOR-IN-CHIEF**

VOLUME XV

NEW YORK
THE AMERICAN LAW BOOK COMPANY
LONDON: BUTTERWORTH & CO., 12 BELL YARD
1905



MSA4952

Copyright, 1905
By The American Law Book Company

J. B. LYON COMPANY
PRINTERS AND BINDERS
ALBANY, N. Y.

# TABLE OF TITLES, EDITORS, AND CONTRIBUTORS

| | |
|---|---|
| EJECTMENT, 1 | JOSEPH A. JOYCE AND HOWARD C. JOYCE |
| ELECTION OF REMEDIES, 251 | HENRY S. REDFIELD |
| ELECTIONS, 268 | WALTER H. MICHAEL |
| ELECTRICITY, 466 | FRANK E. JENNINGS |
| EMBEZZLEMENT, 486 | J. BRECKINRIDGE ROBERTSON |
| EMBRACERY, 539 | ARTHUR P. WILL |
| EMINENT DOMAIN, 543 | EVERETT W. PATTISON |
| EMPLOYERS' LIABILITY INSURANCE, 1035 | ALEXANDER STRONACH |
| ENTRY, WRIT OF, 1057 | CHARLES M. HEPBURN |
| WORDS, PHRASES, AND MAXIMS | GEORGE A. BENHAM |

3. **FORMAL DEFECTS.** The statute, in so far as it relates to the form of the certificate and of the acknowledgment or affidavit, is generally regarded as being directory, and mere informality in either will not be permitted to defeat an election fairly held;[60] although the statute may be so worded that the courts will construe its provisions as to matters of form as mandatory.[61] No objection to nomination papers will be considered by the courts unless they come strictly within the provisions of the statute, the authority of the courts in that regard being purely statutory.[62]

4. **TIME OF FILING.** Statutory provisions in regard to the time of filing certificates of nomination are mandatory, and a certificate offered after the time limited is properly rejected.[63] The presentation of a certificate of nomination in due time to the proper officer is tantamount to a filing, although the officer does not mark it as filed.[64] The rule does not apply to the filling of vacancies caused by the death or declination of candidates after the time for filing certificates has expired.[65] So if through the carelessness of officers a certificate is not filed in time it may be treated as a case of vacancy, which may be filled by a duly authorized committee.[66] And the same is true where the certificate, although filed in time, is fatally defective.[67] It seems, however, that a statutory requirement that the certificate of nomination shall be filed not more than sixty days before the election is directory merely, and the nominee loses no right by filing it sooner.[68]

5. **OBJECTIONS TO NOMINATION PAPERS** — a. **In General.** When the authority to make a nomination is legally challenged by objections filed to the certificate of

---

committee and not the names of the committee authorized to make such substituted nominations.

60. Stackpole v. Hallaham, 16 Mont. 40, 40 Pac. 80, 28 L. R. A. 502; State v. Barber, 4 Wyo. 56, 32 Pac. 14.

The certificate of nomination need not show on its face that the party making the nomination cast the requisite statutory percentage of the entire vote of the state to entitle it to make a regular nomination. Schuler v. Hogan, 168 Ill. 369, 48 N. E. 195.

61. Lucas v. Ringsrud, 3 S. D. 355, 57 N. W. 426.

62. *In re* Shenandoah, etc., Nominations, 6 Pa. Dist. 156; *In re* Jobes, 2 Pa. Dist. 8; *In re* Van Storch, 2 Pa. Dist. 7.

The court has no power to amend an election certificate by striking a name therefrom and substituting another for the same office, on an allegation of fraud by election officers, not raised before or passed upon by the party tribunal charged with the duty of declaring and certifying the nominees. Com. ex rel. Mansfield, 18 Pa. Co. Ct. 428.

63. *California.*— Griffin v. Dingley, 114 Cal. 481, 46 Pac. 457.

*Kansas.*— Bower v. Clemans, 61 Kan. 129, 58 Pac. 969.

*Kentucky.*— Hollon v. Center, 102 Ky. 119, 43 S. W. 174, 19 Ky. L. Rep. 1134.

*New York.*— *In re* Cudderback, 3 N. Y. App. Div. 103, 39 N. Y. Suppl. 388; Matter of McDonald, 25 Misc. 80, 54 N. Y. Suppl. 690.

*Pennsylvania.*— *In re* Ringler, 8 Pa. Dist. 620; Donahoe v. Johnson, 8 Pa. Dist. 316; *In re* Ewing, 3 Pa. Dist. 477, 13 Pa. Co. Ct. 638; *In re* Weyant, 2 Pa. Dist. 818, 13 Pa. Co. Ct. 561; *In re* Rosenstock, 9 Kulp 538.

See 18 Cent. Dig. tit. " Elections," § 127.

But see State v. Licking County, 17 Ohio Cir. Ct. 396, 9 Ohio Cir. Dec. 427, where it was held that the statute, although mandatory in form, should be regarded as directory, where it appeared that the failure to file the certificate in due time could not have affected the result of the election.

**Sunday or legal holiday.**— If the last day for filing a certificate fall on a Sunday or a legal holiday it must be filed the day before to be in time. Griffin v. Dingley, 114 Cal. 481, 46 Pac. 457; State v. Falley, 9 N. D. 464, 83 N. W. 913.

The election law is satisfied by the delivery of a certificate of nomination to the officer at any time before midnight of the last day for filing, and wherever he may be; it need not be delivered to him at his office. Matter of Norton, 34 N. Y. App. Div. 79, 53 N. Y. Suppl. 1092 [*reversing* 25 Misc. 48, 53 N. Y. Suppl. 924].

64. Reese v. Hogan, 117 Iowa 603, 91 N. W. 907.

65. State v. Hogan, 24 Mont. 397, 62 Pac. 683; *In re* Clay, 2 Pa. Dist. 19, 12 Pa. Co. Ct. 419.

66. People v. Hartley, 170 Ill. 370, 48 N. E. 950; State v. Clark, 56 Nebr. 584, 77 N. W. 87.

**Vacancies caused by failure to file certificate in time.**— Where the certificate of nomination was not filed within the required time and vacancies thus occurred, it was held that such vacancies might be filled, under the provisions of the statute authorizing the filling of vacancies. Reese v. Hogan, 117 Iowa 603, 91 N. W. 907.

67. State v. Hogan, 24 Mont. 397, 62 Pac. 683.

68. Hollon v. Center, 102 Ky. 119, 43 S. W. 174, 19 Ky. L. Rep. 1134.

[X, B, 3]

Case 3:12-cv-00280-HTW-LRA   Document 78   Filed 11/30/12   Page 5 of 5

nomination, and violation or disregard of the party rules is alleged, the court must hear the facts and determine the question.[69] One who is not a member of the party making nominations cannot object to the regularity of the proceedings resulting in the nomination.[70]

**b. Time of Making.** It is usually provided by statute that objections to nomination papers shall be made within a designated time after such papers are filed,[71] or within a certain number of days before election.[72] And, after the time for filing objections has passed, in the absence of fraud a certificate of nomination to which no objections were filed and which is regular in form cannot be attacked.[73] At all events such objection should be made before the election, for if not so made the legal authority of a convention will in the absence of fraud be conclusively presumed.[74]

**c. Notice of Objections.** Service of a copy of the written objections to the certificate of nomination of a candidate whose nomination is attacked is sufficient notice.[75]

**d. Waiver of Objections.** The conduct of the person or persons having the right to raise objections to nomination papers may be such as to constitute a waiver of such objections.[76]

**6. AMENDMENT OF NOMINATION PAPERS.** If nomination papers are defective they may be amended, but this cannot be done by the courts; it must be done by the party filing them.[77]

**7. DETERMINATION OF REGULARITY OF CERTIFICATE AND NOMINATION.** Officers with whom certificates of nomination are filed have authority to pass upon the form

---

69. *In re* Robb, 7 Pa. Dist. 620, 21 Pa. Co. Ct. 433.

70. *In re* Winton Borough, 2 Lack. Leg. N. (Pa.) 13.

71. State *v.* Piper, 50 Nebr. 40, 69 N. W. 383; Matter of Cowie, 11 N. Y. Suppl. 838, 25 Abb. N. Cas. (N. Y.) 455.

72. *In re* Reed, 10 Pa. Dist. 210, 24 Pa. Co. Ct. 636.

73. *In re* Thomas, 6 Pa. Dist. 652, 20 Pa. Co. Ct. 165.

A party convention is not required to wait until an unusual hour or to adjourn until the following day to permit an arrival of delegates detained by an extraordinary flood who have notified the convention of their detention. *In re* Davis, 3 Pa. Dist. 824, 15 Pa. Co. Ct. 305.

Where a statute requires the written objections to a certificate of nomination to be filed within five days after the filing of the certificate and notice thereof to be given to the candidate, if no objections in writing are filed and the certificate is regular on its face, the clerk must treat the nomination as valid. Hoos *v.* O'Donnell, 60 N. J. L. 35, 37 Atl. 72, 447.

74. Schuler *v.* Hogan, 168 Ill. 369, 48 N. E. 195; State *v.* Norris, 37 Nebr. 299, 55 N. W. 1086.

75. *In re* Thomas, 6 Pa. Dist. 652, 20 Pa. Co. Ct. 165.

76. Thus where a candidate for public office makes no objection to the certificate of nomination of his opponent before the election, when the statute provides for the time and mode of presenting such objections he should be regarded as having waived all objections that may exist to the presence on the official ballot of any names of nominees not properly entitled to be there. Allen *v.* Glynn, 17 Colo. 338, 29 Pac. 670, 31 Am. St. Rep. 304, 15 L. R. A. 743; Schuler *v.* Hogan, 168 Ill. 369, 48 N. E. 195; Bowers *v.* Smith, 111 Mo. 45, 20 S. W. 101, 33 Am. St. Rep. 491, 16 L. R. A. 754; State *v.* Elliott, 17 Wash. 18, 48 Pac. 734.

77. *In re* Ewing, 3 Pa. Dist. 477, 13 Pa. Co. Ct. 638; *In re* Savage, 15 Pa. Co. Ct. 306.

An affidavit to a nomination paper which fails to state that the signers were qualified electors of the district may be amended where the affiants actually made the necessary affidavit, and the mistake was that of the attesting magistrate in not filing the proper blanks. Com. *v.* Reeder, 5 Pa. Dist. 662, 18 Pa. Co. Ct. 229.

Defective affidavit to petition.— *In re* Butler, 4 Pa. Dist. 187, 7 Kulp (Pa.) 489, 16 Pa. Co. Ct. 78.

Defective execution of certificate of nomination.— *In re* Robinson, 7 Pa. Dist. 639.

Defect in appellation of party.— *In re* Thomas, 6 Pa. Dist. 652, 20 Pa. Co. Ct. 165.

Substitution of candidates.— Com. *ex rel.* Mansfield, 18 Pa. Co. Ct. 428.

The court can amend only defect in form. Where the exclusion of properly accredited delegates changed the result in the nomination made by a political convention, the certificate of nomination was null and void, and could not be amended by inserting the name of the candidate who would have received the majority of the votes had the delegates who were excluded been admitted, as the court has power to amend only where the certificate is defective. *In re* Reitzel, 9 Pa. Dist. 645, 24 Pa. Co. Ct. 379.

Objections to second certificate.— Objections to a nomination paper of a candidate will