**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

| | |
|---|---|
| **DR. ORLY TAITZ, ESQ., BRIAN FEDORKA, LAURIE ROTH, LEAH LAX, and TOM MacLERAN** | **PLAINTIFFS** |
| **VS.** | **CIVIL ACTION NO. 3:12-cv-280 HTW-LRA** |
| **DEMOCRAT PARTY OF MISSISSIPPI, SECRETARY OF STATE MISSISSIPPI, BARAK HUSSEIN OBAMA, OBAMA FOR AMERICA, NANCI PELOSI, DR. ALVIN ONAKA, LORETTA FUDDY, MICHAEL ASTRUE, JOHN DOES, JOHN DOES 1-100** | **DEFENDANTS** |

**MISSISSIPPI DEMOCRATIC PARTY EXECUTIVE COMMITTEE'S
RESPONSIVE BRIEF SUPPORTING MOTION FOR JUDGMENT ON THE PLEADINGS**

COMES NOW the Mississippi Democratic Party, through its governing entity, the Mississippi Democratic Party Executive Committee ("MDEC"), by and through undersigned counsel, and respectfully submits this response to the Amended Supplemental Brief filed by Plaintiffs Taitz and Fedorka (collectively, "Plaintiffs") on November 26, 2012 ("Supp. Br.") [ECF 74] in response to the Court's order during the November 16, 2012 hearing.[1]

**I.     TAITZ'S NEW EXCUSES FOR MISSING THE STATUTORY DEADLINES ARE UNTENABLE.**

1. Taitz's new claim that the "statutes do not specify calendar days or business days and whether mail box rule apply"[2] is untenable. *First*, both MISS. CODE ANN. § 23-15-961(4) and § 23-15-963(4) expressly provide that an election challenge petition must be "*filed*" (not "mailed") within the deadline.

---

[1] *See* November 19, 2012 Minute Entry on the Court's docket.

[2] *See* Supp. Br. at 1. Fedorka and other plaintiffs failed to follow the required procedure of filing a petition with the MDEC. Therefore, their claims must fail even if the complaint(s) were deemed to have been timely filed. *See* the MDEC's Amended Memo in Support of Judgment on the Pleadings ("JOP Memo") [ECF 18] at 7 and authority cited therein.

*Second*, both MISS. R. CIV. PROC. 6 and MISS. CODE ANN. 1-3-67 state that Mississippi statutory deadlines are measured by *calendar* days (not business days) unless the prescribed time to act is less than 7 days.[3]

2. Taitz's new explanation for her timing "discrepancy" (Supp. Br. at 1), is equally untenable; the claim that someone called some court and was told by someone there that the deadlines were based on business days not only expressly contradicts Taitz's prior representations to this court, but it is also illogical, irrelevant, and inadmissible in any case. *First*, Taitz has already told this Court that she calculated the deadlines using calendar days and that she attempted to meet those deadlines.[4] *Second*, even assuming someone did call a court on February 13, such call – made four days after Taitz allegedly Fed-Exed the petition – cannot explain why she allegedly sent it on February 9.[5] *Third***,** the timing rules are established by statute, not by alleged statements made by unnamed court personnel and, as such, any such alleged statements are utterly irrelevant.

## II. PLAINTIFFS DO NOT PLAUSIBLY ALLEGE THE COMMISSION OF EVEN ONE RICO PREDICATE ACT WITH RESPECT TO THE MDEC.

3. Although this is Plaintiffs' third bite at the apple in this case alone,[6] following the First Amended Complaint ("FAC," ECF 1-1) and RICO Statement ("TRS," ECF 49), Plaintiffs have failed to identify a

---

[3] Moreover, there is no "mailbox rule" under Mississippi law that might even conceivably apply in this case, given that Mississippi has recognized such a rule only in the context of *pro se* prisoners. *See, e.g., Sykes v. State*, 757 So. 2d 997, 1000-01 (Miss. 2000) (adopting *pro se* prisoner mailbox rule). Taitz forwarded the initial complaint via Federal Express courier service rather than via mail, so even if any such rule did exist, it would not apply here.

[4] *See, e.g.*, Taitz's Opposition to Motion for Judgment on the Pleadings ("JOP Opp. I") [ECF 48] at 6 ("Taitz counted 15 days from the day of receipt, not counting the day of receipt [January 24], which fell on the February 9th"); *id* at 7 (stating that the First Amended Complaint was mailed "before the deadline of 15th").

[5] *See* JOP Opp. I at 6 and Ex. 3 thereto [ECF 50 at 12]. *See also* MDEC Reply in Support of Motion for Judgment on the Pleadings ("JOP Reply") [ECF 53] at 3 n.4, and Ex. B thereto [ECF 53-2] (recognizing discrepancy between Taitz's claimed February 9 filing and the tracking information for the airbill referenced in ECF 50 at 12).

[6] Taitz has repeatedly sought to file a RICO claim against President Obama and others since 2010. To date, her multiplicitous RICO actions have all been rejected for various reasons by the courts. *See Taitz v. Obama*, 707 F. Supp. 2d 1, 6 (D.D.C. 2010) ("Ms. Taitz's fraud claims fail to even meet the standards of Rule 8, much less the heightened requirements of Rule 9(b). As such, she has failed to state a claim upon which relief may be granted and her RICO claims will be dismissed.") (internal citations omitted); *Judd et al v. Obama et al*, No. 8:12-cv-01507-DOC-AN (C.D. Cal. Oct. 17, 2012) (dismissing lawsuit alleging RICO conspiracy purportedly

single RICO predicate act statute allegedly violated by the MDEC; they have failed to allege factual allegations against the MDEC (or any other defendant, or anyone else for that matter) sufficient to implicate a single RICO predicate act statute; and they have failed to provide "authority showing that these acts qualify as predicate acts under the RICO statutes" as requested by the Court.

    4. Reading Plaintiffs' FAC, TRS, and Suppl. Br. together, the MDEC's alleged actions (as opposed to Plaintiffs' conclusory and unsupported speculation about the reasons for such actions) are as follows:

- The MDEC failed to respond to Taitz's various communications (FAC at 14);
- It kept President Obama on the ballot after receiving Taitz's objections and allegations against the President (FAC at 33, *id.* at 38, TRS at 1, *id.* at 12-13, Suppl. Br. at 4); and
- It "ma[de] unreasonable and outlandish demands on" Taitz in this case "in order to harass and intimidate Plaintiff Taitz, intimidate her supporters and donors."  *See* FAC at 40-41.

Plaintiffs conclude that one who fails to respond to Taitz becomes "de facto" "criminally complicit" in wrongdoing; one who proceeds over Taitz's objections has "aided and abetted" wrongdoers and/or become "complicit" in wrongdoing; and one who defends itself in litigation brought by Taitz is retaliating against a witness, victim, or informant, because such defense intimidates Taitz, her supporters, and her donors.  *See* FAC at 14, 33, 38, 40-41, TRS at 1, 12-13, Suppl. Br. at 4.   Not surprisingly, Plaintiffs have failed to cite a single predicate act statute, or explain how such conduct constitutes a predicate act. Plaintiffs have also failed to cite any authority indicating that such alleged conduct could qualify as a predicate act under the RICO statutes, and undersigned counsel has been unable to find any authority supporting Plaintiffs' position.   The conduct Plaintiffs complain about does not constitute a RICO predicate act.   In short, not only have Plaintiffs failed to allege sufficient facts to meet the required

---

removed by plaintiffs from state court to federal court); *Judd et al v. Obama et al*, No. 8:12-cv-01888-DOC-AN (C.D. Cal. Nov. 7, 2012) (dismissing lawsuit stating RICO claims for failure to comply with applicable rules). Most recently, the Federal Court in the Northern District of Texas has dismissed the only other remaining Taitz RICO complaint, holding that Taitz failed to identify any particularized harm which she has experienced or will imminently experience, requiring dismissal of the RICO (and other) claims.  *See Taitz v. Sebelius*, No. 3:12-cv-03251-P, Order Dismissing Case at 5, n.2 (N.D. Tex. Nov. 20, 2012), and Judgment (Nov. 26, 2012) (judgment dismissing claims with prejudice and assessing costs against Taitz), attached as Exhibit 1 hereto.

elements of any specific RICO predicate act statute, but they have failed even to allege which predicate act statute was allegedly violated.[7] As such, their RICO claim against the MDEC must fail.

### III. PLAINTIFFS DO NOT PLAUSIBLY ALLEGE THE COMMISSION OF EVEN ONE RICO PREDICATE ACT WITH RESPECT TO ANY DEFENDANT OR ANY OTHER INDIVIDUAL.

5. Although Plaintiffs cite baldly to a plethora of predicate act statutes with respect to other defendants (and multiple parties who are not defendants in this case), they have failed to allege facts showing how the required elements of any RICO predicate act statute apply with respect to any other defendant, or how any defendant was "complicit" in any alleged predicate acts undertaken by any non-defendants. As just one representative example, Plaintiffs take issue with a painting created by satirical "pancake artist" Dan Lacey.[8] According to Plaintiffs, such art violates several obscenity-related predicate act statutes (Supp. Br. at 5) and was created to intimidate her as a whistleblower in violation of 18 U.S.C. § 1512. However, Plaintiffs do not claim that Lacey has been charged with any obscenity violations, nor do they set forth factual allegations – beyond the conclusory characterization of the painting as pornographic – demonstrating that the required elements of any one of the obscenity-related predicate act statutes has been met. *See, e.g., Hamling v. United States*, 418 U.S. 87, *reh'g denied*, 419 U.S. 885 (1974) (finding that generic terms such as "obscene" in obscenity-related predicate act statutes "are to be construed as limited to that sort of patently offensive representation or descriptions of that specific 'hard core' sexual conduct.") Moreover, although Plaintiffs speculate (without factual support) that the "purpose" of the painting was to intimidate Taitz as a whistleblower, they fail to provide any authority to support their contention that 18 U.S.C.§ 1512 covers the type of "whistleblower" that Taitz

---

[7] Reading Plaintiffs' pleadings in the most liberal manner possible, their "retaliation and intimidation" claim could be read to implicate 18 U.S.C. §§ 1512-13. However, with respect to that claim, they have failed to allege facts to show that all of the required elements of those predicate act statutes have been met.

[8] Dan Lacey is a satirical artist who has created "pancake" paintings and other satirical works of a variety of public figures, incorporating the pancakes in clever ways relating to the public figure's fame or notoriety. *See, e.g.,* www.faithmouse.com/dan-lacey-gallery/index.html.

claims to be, much less to demonstrate the other elements required to find a violation of Section 1512. *See, e.g., Arthur Andersen LLP v. United States*, 544 U.S. 696, 707-08 (2005) (holding that there must be a nexus between alleged violative act and a particular "official proceeding").[9] In short, Plaintiffs have not alleged that Lacey – or any other named or unnamed individual – has committed a single predicate act. As such, Plaintiffs have failed to state a RICO claim, and the MDEC's motion for judgment on the pleadings should be granted.

~~~

FOR THESE REASONS, as well as those asserted at the November 16, 2012 hearing and in the prior briefing submitted by the MDEC [ECF 15, ECF 18, ECF 53], the MDEC respectfully requests that the Court enter an order granting judgment on the pleadings and dismissing this case in its entirety, with prejudice. The MDEC respectfully requests, however, that the Court retain jurisdiction in order to consider a motion for monetary sanctions against Plaintiffs pursuant to applicable law.

THIS the 30th day of November, 2012.

                Respectfully submitted,

                **THE MISSISSIPPI DEMOCRATIC PARTY EXECUTIVE COMMITTEE**

                By: /s/ Samuel L. Begley
                Samuel L. Begley (MSB No. 2315)

                By: /s/ Scott J. Tepper
                Scott J. Tepper (Admitted *pro hac vice*)

**OF COUNSEL**:

---

[9] It is worth noting that the claim stated in Plaintiffs' Supp. Br. that the purpose of the painting was to intimidate Taitz as a whistleblower is directly contradicted by Exhibit 1 attached thereto [ECT 73-1], in which Taitz claimed, in 2010, that the painting was created to "attempt to scare her into dropping her insurgent campaign to be the GOP's candidate for California's secretary of state." *See* ECF 73-1 at 3.

BEGLEY LAW FIRM, PLLC
P. O. Box 287
Jackson, MS 39205
(601)969-5545 (Telephone)
(601)969-5547 (Facsimile)
Email: sbegley1@bellsouth.net

GARFIELD & TEPPER
1801 Century Park East, Suite 2400
Los Angeles, CA 90067-2326
(310) 277-1981
(310) 277-1980
Email: scottjtepper@msn.com

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on the date set forth hereinafter, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

| | |
|---|---|
| Harold E. Pizzetta, Esq. | Orly Taitz, Esq. |
| Justin L. Matheny, Esq. | 29839 Santa Margarita Parkway |
| Office of the Attorney General | Suite 100 |
| 550 High Street, Suite 1200 | Rancho Santa Margarita, CA 92688 |
| P.O. Box 220 | orly.taitz@gmail.com |
| Jackson, MS 39205 | |
| hpizz@ago.state.ms.us | |
| jmath@ago.state.ms.us | |

Walter W. Dukes, Esq.
Dukes, Dukes, Keating & Faneca
P.O. Drawer W (39502)
2909 13th Street, 6th Floor
Gulfport, MS 39501

walter@ddkf.com

And to the following persons by email:

| | |
|---|---|
| Brian Fedorka | Thomas MacLeran |
| 812 Shiloh Dr. | 1026 Deer Ridge RD, |
| Columbus, MS 39702 | Kingston Springs, TN 3 7082 |
| Bfedorka82@gmail.com | Mac@MacLeran.com |
| | |
| Leah Lax | Laura Roth |
| 350 Market St | 15510 E. Laurel Rd, |
| Highspire, PA 17034 | Elk, WA 99009 |
| Leahlax1234@aol.com | drljroth@aol.com |

THIS the 30th day of November, 2012.

    /s/ Samuel L. Begley_____
    SAMUEL L. BEGLEY