IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**DR. ORLY TAITZ, ESQ., BRIAN FEDORKA,             PLAINTIFFS
LAURIE ROTH, LEAH LAX, and TOM
MacLERAN**

**VS.**                                                                      **CIVIL ACTION NO. 3:12-cv-280 HTW-LRA**

**DEMOCRAT PARTY OF MISSISSIPPI,                         DEFENDANTS
SECRETARY OF STATE MISSISSIPPI,
BARAK HUSSEIN OBAMA, OBAMA
FOR AMERICA, NANCI PELOSI,
DR. ALVIN ONAKA, LORETTA FUDDY,
MICHAEL ASTRUE, JOHN DOES, JOHN
DOES 1-100**

**DEFENDANTS BARACK H. OBAMA, II, NANCY PELOSI, AND OBAMA FOR AMERICA'S
<u>RESPONSIVE BRIEF SUPPORTING MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

      COME NOW Defendants President Barack H. Obama, II ("President Obama"), Representative Nancy Pelosi ("Representative Pelosi"), and Obama for America ("OFA") (collectively, "Defendants"), by and through undersigned counsel, and respectfully submits this response to the Amended Supplemental Brief filed by Plaintiffs Taitz and Fedorka (collectively, "Plaintiffs") on November 26, 2012 ("Supp. Br.") [ECF 74] in response to the Court's order during the November 16, 2012 hearing.[1]

**I.**      **PLAINTIFFS DO NOT PLAUSIBLY ALLEGE THE COMMISSION OF EVEN ONE RICO PREDICATE ACT WITH RESPECT TO THE PRESIDENT.**

     1. Plaintiffs have failed to allege facts sufficient to support a claim that any predicate act was undertaken by the President. Reading Plaintiffs' First Amended Complaint ("FAC") [ECF 1-1], the RICO Statement ("TRS") [ECF 49], and the Supp. Br. together – and stripping out all legal conclusions[2] –

---

[1] *See* November 19, 2012 Minute Entry on the Court's docket.

[2] "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64, (2009), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). "A court considering a motion to dismiss

1

the alleged actions taken by President Obama are as follows:

- He held a White House press conference on April 27, 2011 and presented what he alleged was a true and correct copy of his original long form birth certificate ("LFBC"). (FAC at 12; *see also id.* at 21; TRS at 38.) He also posted a copy of the LFBC, "which he claimed to be a true and correct copy," on the Internet. (FAC at 34; *see also* TRS at 19.) Although Hawaii state officials have confirmed that it issued the LFBC (FAC at 32) and Hawaii state officials have "repeatedly" "claimed it to be [President] Obama's genuine type written 1961 birth certificate" (Supp. Br. at 4), Plaintiffs and their potential witnesses speculate that the LFBC is not genuine (*see generally* FAC at 12-13, 21-22, and exhibits attached thereto).

- He "posted on the Internet on his site 'Fight the smears' a paper, which he claimed to be his short form birth certificate." (FAC at 35; *see also* TRS at 19, 38.) Although the vital information contained in the COLB matches the vital information contained in the LFBC issued by Hawaii state officials, Plaintiffs and their potential witnesses speculate that the COLB is not genuine. (*See generally* FAC at 36; TRS at 19, 38.)

- He used a social security number on a 2010 IRS form with a prefix supposedly indicating that it was issued in Connecticut. (FAC at 16-19; TRS at 7.) Plaintiffs and their potential witnesses speculate that the number belongs to a deceased person and is not his. (*See generally* FAC at 22-23 and exhibits attached thereto.)

- He created OFA as his fundraising organization for his Presidential run and used it as a vehicle to become President. (FAC at 29.)

- He did not respond to Taitz's subpoenas or notices to appear at certain proceedings. (FAC at 31, 39; TRS at 8.)

- As a Presidential candidate, he submitted declarations of candidacy to 50 states in 2007-08 and 2011-12. (FAC at 35; TRS at 1, 6, 7, 20.)

- He referred to the birther issue and birthers as "a side show and carnival barkers," and his surrogates criticized Taitz and those sharing her views. (FAC at 12, 35-36, 39-40; TRS at 8, 20, 30.)

2. Based on these alleged actions, Plaintiffs contend that more than thirty RICO predicate act statutes have been violated, including statutes involving counterfeiting money, financial institution fraud, laundering of monetary instruments, transportation of stolen property, and the like. (Supp. Br. at 3-4.) However, Plaintiffs fail to explain how the alleged actions meet the required elements of any of the listed predicate act statutes. Plaintiffs also fail to provide any authority showing that these acts qualify as

---

may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id.*

2

predicate acts under the RICO statutes, as requested by the Court. Rather, Plaintiffs just baldly accuse President Obama of being complicit in "all predicate acts listed above." (Supp. Br. at 4.)

3. As another court has already held in considering virtually the same RICO-based claims against the President, "Ms. Taitz's fraud claims fail to even meet the standards of Rule 8, much less the heightened requirements of Rule 9(b). As such, she has failed to state a claim upon which relief may be granted." *Taitz v. Obama*, 707 F. Supp. 2d 1, 6 (D.D.C. 2010) (dismissing RICO claims brought by Taitz alleging the same facts regarding President Obama as are alleged in this case); *see also Taitz v. Sebelius*, No. 3:12-cv-03251-P, Order Dismissing Case at 5, n.2 (N.D. Tex. Nov. 20, 2012) (MDEC Supp. Br., Ex. 1) (dismissing virtually identical RICO claims brought by Taitz against the President and others, because she failed to identify any particularized harm that she has experienced or will imminently experience). Here too, Taitz's (and the other Plaintiffs') claims utterly fail to state a claim upon which relief can be granted; as such, judgment on the pleadings is proper.

## II. PLAINTIFFS DO NOT PLAUSIBLY ALLEGE THE COMMISSION OF EVEN ONE RICO PREDICATE ACT WITH RESPECT TO REPRESENTATIVE PELOSI.

4. Plaintiffs have failed to allege facts sufficient to support a claim that any predicate act was undertaken by Representative Pelosi. Reading Plaintiffs' FAC, TRS, and Supp. Br. together, and again stripping out legal conclusions, Representative Pelosi's alleged conduct can be summarized as follows:

- As Chair of the 2008 Democratic National Convention, she certified Obama as a legally eligible candidate for the U.S. President, after learning of the birther claims against him. (FAC at 33-34, 38; TRS at 23-25, Supp. Br. at 4-5.)
- The certification form she used for submission to 49 states was not identical to the certification form used in Hawaii or the one used in prior campaigns. (FAC at 33-34, 38, TRS at 2, 6, 10-11.)

5. From this, Plaintiffs speculate that some sort of unidentified "fraud" and/or "aiding and abetting" of, or complicity in, fraud was committed. (FAC at 34; TRS at 2, 10-11.) However, Plaintiffs fail to cite to a single predicate act statute that the alleged actions would violate, and similarly fail to cite any

3

authority demonstrating that such conduct would qualify as a predicate act.   As such, Plaintiffs have failed to state a RICO claim against Representative Pelosi and the Court should grant judgment on the pleadings in her favor.

**III.   PLAINTIFFS DO NOT PLAUSIBLY ALLEGE THE COMMISSION OF EVEN ONE RICO PREDICATE ACT WITH RESPECT TO THE OFA.**

6.   Plaintiffs have failed to allege facts sufficient to support a single predicate act allegedly undertaken by the OFA.   Reading Plaintiffs' FAC, TRS, and Supp. Br. together, the OFA's alleged actions (as opposed to Plaintiffs' conclusions) are as follows:

- It was created by President Obama as a fundraising organization for his Presidential run and used as a vehicle to become President.   (FAC at 29; TRS at 1, 6, 8, 17-18, 41; Supp. Br. at 4.)
- It ran a website debunking birther claims and created "Truth Squads" to report on and respond to birther claims.   (FAC at 31-32, 40; TRS at 8.)

7.   From this, combined with the alleged actions/inactions of President Obama, Plaintiffs speculate that the OFA is "a RICO organization created to finance" various alleged wrongdoings.   Yet again, Plaintiffs have failed to demonstrate that any of the elements required to find that an entity is a "RICO organization" are present in this case, or how the OFA's alleged website activities could possibly constitute a violation of any predicate act statute.   Plaintiffs have failed to cite a single case or other authority upon which the Court could rely in finding that a RICO organization was created, or that any predicate act statute had been violated.   Therefore, Plaintiffs have failed to state a RICO claim against the OFA and the Court should grant judgment on the pleadings in favor of the OFA.

**IV.   BECAUSE PLAINTIFFS HAVE NOT PLAUSIBLY ALLEGED THE COMMISSION OF A RICO PREDICATE ACT WITH RESPECT TO ANY INDIVIDUAL, THEIR CLAIMS OF "COMPLICITY" WITH RESPECT TO DEFENDANTS ALSO MUST FAIL.**

8.   To the extent that Plaintiffs' claims can be construed to assert that Defendants "aided and abetted," or were "complicit with" any other individuals committing a predicate act, those claims must fail as well. While Plaintiffs set forth a laundry list of other individuals, and cite (without explanation) to a laundry list

4

of predicate act statutes, they have failed to allege *facts* sufficient to support their contention that any named or unnamed individual has committed any predicate act.[3]  As the Fifth Circuit has recently held, "[v]ital facts … may not be established by piling inference upon inference.  Some suspicion linked to other suspicion produces only more suspicion, which is not the same as some evidence."  *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 553 (5th Cir. 2012), *as revised* (Jan. 12, 2012) (reversing district court's grant of summary judgment to civil RICO Plaintiff).

9.  In short, Plaintiffs have failed to allege sufficiently any RICO predicate act – or any of the other elements required to sustain a civil RICO claim against Defendants.   As such, judgment on the pleadings case should be granted.

~~~

For the reasons set forth therein, as well as those asserted at the November 16, 2012 hearing and in the prior briefing submitted by the Mississippi Democratic Party [ECF 15, 18, and 53], in which Defendants joined [ECF 60], Defendants respectfully request that the Court enter an order granting judgment on the pleadings and dismissing this case in its entirety, with prejudice.   Defendants respectfully request, however, that the Court retain jurisdiction in order to consider a motion for monetary sanctions against Plaintiffs pursuant to applicable law.

THIS the 30th day of November, 2012.

                                      Respectfully submitted,

                                      **PRESIDENT BARACK H. OBAMA, II**
                                      **REPRESENTATIVE NANCY PELOSI**
                                      **OBAMA FOR AMERICA**

---

[3] An "aiding and abetting" or "complicity" offense – to the extent it can even be considered a predicate act for purposes of a civil RICO claim – necessarily requires an "offense."  *See, e.g., Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 553 (5th Cir. 2012) *as revised* (Jan. 12, 2012) (reversing district court's grant of summary judgment in favor of plaintiff's civil RICO claim where court found defendants liable for aiding and abetting liability 18 U.S.C. § 2 without finding violation of any federal crime); *United States v. Reyes-Mendoza*, 665 F.3d 165, 169 (5th Cir. 2011) (aiding and abetting offense requires that an offense was actually committed).

        By: /s/ Samuel L. Begley  
        Samuel L. Begley (MSB No. 2315)

        By: /s/ Scott J. Tepper  
        Scott J. Tepper (Admitted *pro hac vice*)

**OF COUNSEL**:  
BEGLEY LAW FIRM, PLLC  
P. O. Box 287  
Jackson, MS 39205  
(601)969-5545 (Telephone)  
(601)969-5547 (Facsimile)  
Email: sbegley1@bellsouth.net

GARFIELD & TEPPER  
1801 Century Park East, Suite 2400  
Los Angeles, CA 90067-2326  
(310) 277-1981  
(310) 277-1980  
Email: scottjtepper@msn.com

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on the date set forth hereinafter, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Harold E. Pizzetta, Esq.<br>Justin L. Matheny, Esq.<br>Office of the Attorney General<br>550 High Street, Suite 1200<br>P.O. Box 220<br>Jackson, MS 39205<br>hpizz@ago.state.ms.us<br>jmath@ago.state.ms.us | Orly Taitz, Esq.<br>29839 Santa Margarita Parkway<br>Suite 100<br>Rancho Santa Margarita, CA 92688<br>orly.taitz@gmail.com |
| Walter W. Dukes, Esq.<br>Dukes, Dukes, Keating & Faneca<br>P.O. Drawer W (39502)<br>2909 13th Street, 6th Floor<br>Gulfport, MS 39501<br>walter@ddkf.com | |

And to the following persons by email:

| | |
|---|---|
| Brian Fedorka<br>812 Shiloh Dr.<br>Columbus, MS 39702<br>Bfedorka82@gmail.com | Thomas MacLeran<br>1026 Deer Ridge RD,<br>Kingston Springs, TN 3 7082<br>Mac@MacLeran.com |
| Leah Lax<br>350 Market St<br>Highspire, PA 17034<br>Leahlax1234@aol.com | Laura Roth<br>15510 E. Laurel Rd,<br>Elk, WA 99009<br>drljroth@aol.com |

THIS the 30th day of November, 2012.

  /s/ Samuel L. Begley_____
  SAMUEL L. BEGLEY