**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**DR. ORLY TAITZ, ESQ.,
BRIAN FEDORKA,
LAURIE ROTH, LEAH LAX,
AND TOM MACLERAN**                                     **PLAINTIFFS**

**V.**                        **CIVIL CASE NO. 3:12-CV-280-HTW-LRA**

**DEMOCRAT PARTY OF MISSISSIPPI,
SECRETARY OF STATE OF MISSISSIPPI,
BARACK HUSSEIN OBAMA, OBAMA FOR
AMERICA, NANCI PELOSI, DR. ALVIN
ONAKA, LORETTA FUDDY, MICHAEL
ASTRUE, AAND JANE AND JOHN DOES 1-100**         **DEFENDANTS**

**ORDER**

Before the court is a motion filed by plaintiff Attorney Orly Taitz ("Attorney Taitz"), asking this court to enter a default judgment against Michael Astrue, Commissioner of the Social Security Administration ("Astrue"), and to compel Astrue to produce the SS-5 Social Security application for the social security number used by President Barack Obama [docket no. 87]. For the reasons that follow, this court denies plaintiff Attorney Taitz' motion for a default judgment.

**I. Background**

Plaintiffs filed suit in this matter in the Circuit Court of the First Judicial District of

Hinds County, Mississippi, on February 14, 2012, and filed a first amended complaint including federal law causes of action on April 19, 2012.  Defendants properly removed this lawsuit from state to federal court on April 24, 2012.

Plaintiff Attorney Taitz alleges that she "notified" defendant Commissioner Astrue of this lawsuit, prior to defendants' removal of this suit to federal court, by e-mailing on April 13, 2012, a copy of the first amended complaint to Commissioner Astrue's attorney, Helen L. Gilbert.  Taitz' aff., docket no. 87.  The state court docket contains no record of a summons having been issued for defendant Commissioner Astrue before this case was removed.  State court docket, docket no. 6.

On September 24, 2012, plaintiff Attorney Taitz caused a summons to be issued by the Clerk of Court for the Southern District of Mississippi for defendant Commissioner Astrue, addressed to him "c/o U.S. Attorney for the District of Columbia, 555 4th St. NW, Washington, D.C. 20530."  Docket no. 41.  Plaintiff Attorney Taitz alleges that defendant Commissioner Astrue was served with the summons delivered to the United States Department of Justice, on October 9, 2012.  Defendants President Barack Obama and Congresswoman Nancy Pelosi, says Attorney Taitz, were served at the same time and in the same manner.  The record does not indicate whether these defendants received a copy of the complaint at that time, or just a summons.  President Barack Obama and Congresswoman Nancy Pelosi jointly answered the complaint on October 29, 2012.  Defendant Commissioner Astrue has not responded nor answered the complaint.

While the First Amended Complaint does not specify whether defendant Commissioner Astrue has been sued in his official or individual capacity, Plaintiff

Attorney Taitz has indicated in subsequent briefings that the federal government officials here are sued in both their official and individual capacity. Docket no. 73 at 3.

## II. Service of Process and Personal Jurisdiction

Personal jurisdiction over a defendant is a prerequisite which must be satisfied before a court is warranted in issuing a default judgment against that party. *See Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435-36 (5th Cir. Unit A Jan. 1981). In order for the court to obtain such jurisdiction, the defendant must have been properly served with process. *Id*.

To serve a federal officer in his or her official capacity, a plaintiff must comply with Fed.R.Civ.P. 4(i)(2).[1] This rule requires that the plaintiff serve both the United States and the official being sued. Service of process, therefore, requires the plaintiff to serve a summons and a complaint on the defendant "officer or employee, the United States Attorney or Assistant United States attorney for the district in which the action is brought, and the Attorney General of the United States in Washington, D.C." *Hawkins*

---

[1] Fed.R.Civ.P. 4(i)(1) and (2) state:
(1) *United States*. To serve the United States, a party must:
  (A) (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
  (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
  (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
  (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
(2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity*. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

*v. Potter*, 234 Fed.Appx. 188, 189 (5th Cir. 2007).

Plaintiff Attorney Taitz provides, as proof of service, the affidavit of a process server who affirms that he has served process "upon [the] United States of America, by serving [the] Department of Justice, at 950 Pennsylvania Ave., NW, Washington, D.C. 20530." Same Day Process Service, Inc. aff., docket no. 54-1. The affidavit states in part:

> I, Daniel Williams, swear and affirm that on October 9, 2012 at 1:16 p.m., I did the following:
>
> Served Government Agency by delivering a conformed copy of this 60 B Emergency Motion for Reconsideration of the Motion for Preliminary Injunction Due to Error; Motion to Augment; Reconsider Motion for Preliminary Injunction; Exhibits; **First Amended Complaint–Petition for an Emergency Injunction From General Election, Permanent Injunction, Declaratory Relief, Treble Damages in RICO**; to DONNA WHITLEY as Mail Clerk & Authorized Agent at 950 Pennsylvania Ave., NW, Washington, D.C. 20530 of the government agency and informing that person of the contents of the documents. Docket no. 54-1.

This proof of service indicates, at most, that Attorney Taitz has attempted to serve the Attorney General of the United States in Washington, D.C. In addition to the Attorney General, however, Rule 4 requires Attorney Taitz to serve "the United States Attorney for the district where the action is brought" and "also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Rule 4(i)(2). Attorney Taitz has provided no record evidence to show that she has attempted to serve the United States Attorney in the Southern District of Mississippi or Commissioner Astrue.

Service on a federal government official being sued in his or her individual capacity requires compliance with Fed.R.Civ.P. 4(i)(3). Under this part of Rule 4, the

4

plaintiff must effect personal service on "the officer or employee under Rule 4(e), (f), or (g)" in addition to serving the United States. Rule 4(i)(3).[2]  Attorney Taitz has not submitted evidence nor alleged that she attempted to serve Commissioner Astrue individually, in the manner dictated by Rule 4.[3]

### III.  Conclusion

Plaintiff Attorney Taitz has moved this court to enter a default judgment against defendant Commissioner Astrue.  This plaintiff, however, has provided no evidence that she properly served Commissioner Astrue in his official capacity, and has not even alleged that she served Commissioner Astrue in the manner necessary to prosecute an individual capacity lawsuit.

Because Attorney Taitz has failed properly to serve process on defendant Commissioner Astrue as required by the Federal Rules of Civil Procedure, this court finds that it lacks personal jurisdiction to enter a default judgment.  Accordingly, plaintiff

---

[2]  Fed.R.Civ.P. 4(i)(3) states:
*Officer or Employee Sued Individually*. To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

[3]  Fed.R.Civ.P. 4(e) states:
*Serving an Individual Within a Judicial District of the United States*. Unless federal law provides otherwise, an individual— other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
(2) doing any of the following:
   (A) delivering a copy of the summons and of the complaint to the individual personally;
   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Attorney Taitz' motion for default judgment [docket no. 87] is denied.

**SO ORDERED AND ADJUDGED**, this, the 19th day of February, 2013.

<u>s/ HENRY T. WINGATE</u>
**UNITED STATES DISTRICT JUDGE**

**Order**
**Civil Case No. 3:12-cv-280-HTW-LRA**