# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60024
USDC No. 3:12-CV-280



In re: ORLY TAITZ,

                              Petitioner

Petition for a Writ of Mandamus
to the United States District Court
for the Southern District of Mississippi

Before JOLLY, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:

    Orly Taitz has filed in this court a pro se petition for a writ of mandamus in relation to the district court's handling of her civil suit alleging violations of the Racketeer Influenced and Corrupt Organization Act against a number of defendants, including the Commissioner of Social Security. The underlying premise of Taitz's suit is that President Barack Obama has been fraudulently using a social security number issued to another person. Taitz's suit, in which other plaintiffs joined, was originally filed in Mississippi state court; the defendants removed the case to federal court.

    The district court docket does not reflect that the Commissioner of Social Security has appeared in the case, despite alleged service of process on October 8, 2012, through the United States Attorney General. Taitz moved for a default judgment against the Commissioner on December 12, 2012. She filed a redacted motion on December 14, after the district court ordered her pleading restricted

Case 3:12-cv-00280-HTW-LRA  Document 95  Filed 03/15/13  Page 2 of 2
Case: 13-60024  Document: 00512165334  Page: 2  Date Filed: 03/06/2013

No. 13-60024

from public access because it inappropriately contained personal identifying information. The district court has not otherwise addressed the motion. In her mandamus petition, Taitz asks that we direct the district court to expedite ruling on her motion for default judgment against the Commissioner. She also seeks an order permitting post-judgment discovery from the Commissioner.

The mandamus remedy is an extraordinary one, which we grant only in the clearest, most compelling cases. A party seeking mandamus relief must show both that he has no other adequate means for achieving the requested relief and that he has a clear and indisputable right to mandamus relief. *In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987).

The grant or denial of a default judgment lies within the discretion of the district court, *Settlement Funding, LLC v. TransAmerica Occidental Life Ins. Co.*, 555 F.3d 422, 424 (5th Cir. 2009), and "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Further, mandamus is not a substitute for appeal. *Willy*, 831 F.2d at 549. "Where an interest can be vindicated through direct appeal after a final judgment, this court will ordinarily not grant a writ of mandamus." *Campanioni v. Barr*, 962 F.2d 461, 464 (5th Cir. 1992). If Taitz is dissatisfied with any rulings by the district court, her remedy is to appeal to this court once final judgment has been entered. Mandamus relief is not appropriate.

The petition for a writ of mandamus is DENIED. Taitz's motion for a ruling prior to the presidential inauguration on January 21, 2013, is DENIED as moot.

A true copy
Attest:
Clerk, U.S. Court of Appeals, Fifth Circuit
By _____ Deputy
New Orleans, Louisiana   MAR 0 6 2013