Dr. Orly Taitz, ESQ

29839 Santa Margarita, ste 100

Rancho Santa Margarita, Ca 92688

949-683-5411, fax 949-766-7603

orly.taitz@gmail.com

PRO SE PLAINTIFF IN MS



# IN THE US DISTRICT COURT

## SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| Dr. Orly Taitz, ESQ et al | ) | CASE 12-CV-280 |
| v | ) | HON. HENRY WINGATE |
| Democratic Party of Mississippi et al | ) | PRESIDING |

## FIRST AMENDED MOTION FOR LEAVE OF COURT TO FILE ADDITIONAL NEW FACTS AND OPINIONS

### SUMMARY OF THE MOTION

Plaintiff Orly Taitz, hereinafter Taitz is seeking a leave of court to allow her to provide additional evidence and rulings supporting her opposition to defendants' motions to dismiss. On 03.26.2014 Plaintiff filed a Motion to for Leave of Court to

submit additional evidence. Plaintiff is herein submitting an amended motion as more evidence became available.

The evidence to be submitted:

1. Memorandum opinion of the Chief Justice of Alabama Supreme Court, Justice Roy Moore, finding that the Secretary of State has a duty to assure legitimacy of election and compliance of the candidate with the Natural Born Citizen Clause, Article 2, Section 1, Cl 5 of the US Constitution, as well as finding that this is an issue that is capable of repetition, but evading judicial review, even if Barack Obama no longer runs for office.

2. Transcript of the Oral Argument in the 9th Circuit Court of Appeals in *Lindsey v Bowen* 13-15085

3. Further evidence of RICO conspiracy to cause financial damage to Taitz by fraud- a printout of a website, "Orly Taitz for AG" PAC (www.OrlyTaitzSuperPAC.com) which is collecting campaign contributions supposedly to assist Orly Taitz campaign for AG, while in reality the owners and operators of this web site have no connection to Orly Taitz and any money collected do not benefit her campaign and were not used to benefit her campaign.

4. Evidence from a whistleblower employee of Google.com alleging sabotage by Google in downgrading the "Adjustment Value" of Taitz website

www.OrlyTaitzESQ.com, which leads to serious financial damage in loss of advertising dollars for Taitz. Taitz also received an e-mail from an alleged attorney from Google who tried to threaten Taitz if she makes this information public. The son of the largest donor and supporter for Barack Obama, George Soros, serves on the board of directors of Google. Taitz suspects that this alleged sabotage of her website by Google is related to her legal exposure of Obama and ongoing legal challenge against Obama. Only upon denying outstanding motions to dismiss and granting an order allowing discovery can Taitz ascertain the extent of the alleged financial damage to her due to the RICO conspiracy, which is the subject of this legal action. (Exhibit 6)

5. Previously defense alleged that Defendant Director of Health Fuddy died due to an accident. On 04.16.2014 Taitz received a response from NTSB to her FOIA request.(Exhibit 4) It states that crash of Cessna plane which caused the death of Fuddy is still under investigation. There is no determination that this was an accident and not intentional sabotage. Further, after engine of the plane stalled, the pilot was able to make a water landing. Fuddy was the only fatality of this water landing. Pilot and other passengers reported that Fuddy safely left the plane with all the other passengers, was wearing a life west and was awaiting to be lifted by the

rescue helicopter. They were shocked by the report of her death. Later one reporter, Jennifer Sinco Keheller claimed that she received an autopsy report which stated that Fuddy died due to arrhythmia caused by the stress of the accident. Taitz provides herein correspondence with the AP reporter Jennifer Keheller and a list of guidelines from Maui county police department stating that a release of autopsy report requires a consent of the next of kin (Exhibit 5) and there is no evidence of any such consent received by Jennifer Keheller and no evidence that her claims of the cause of death of Fuddy are true.

6. Recently Hon Judge Wingate discovered an imposter claiming to have conversations with him and defaming him. Similarly an imposter claimed to represent Texas oil and Gas Association seeking to donate to campaign of Taitz. Imposter offered Taitz a trip on a private jet and limo to TX. Taitz provides (Exhibit 7) e-mails from the imposter claiming to be a lobbyist for TX Oil and Gas Association and from a legitimate lobbyist, who uncovered the scheme. Due to the fact that the cause of the airplane accident that killed Defendant Fuddy has not been established yet (Exhibit 4), there is a high probability that it was a sabotage and an attempt to eliminate the only witness and official who allegedly certified Obama's forged birth certificate. Similarly, there is a threat and possibility of a sabotage and attempt to get rid

of Taitz, civil rights leader and a civil rights attorney with legal challenges to Obama, through tampering with a private jet or limo offered by an individual, who provided a fabricated name, address and a fabricated status as a TX Oil and Gas Association lobbyist. Denial of a motion to dismiss by the defense would allow Taitz to conduct an expeditious discovery to ascertain identity of such imposters and ascertain the extent of threat to her well being.

## MOTION FOR LEAVE OF COURT TO FILE ADDITIONAL NEW FACTS AND OPINIONS

### ARGUMENT

The court has an inherent power to allow submission of additional evidence and new opinions which are relevant to the motions at hand and aid the trier of the fact to reach a decision. Evidence and opinions at hand were not available at the time of prior submissions and briefing. Precedents favor granting such motion if the evidence is new, relevant, non-cumulative and useful. *S.N. and S.N., on behalf of K.N., a minor, Plaintiffs, v. BOARD OF EDUCATION OF THE TOWNSHIP OF OLD BRIDGE, Defendant.* No. Civ.A. 04CV517DMC.June 28, 2005. 2005 WL 1522157 Only the Westlaw citation is currently available.United States District Court,D. New Jersey. "The decision whether to admit or exclude additional evidence in an IDEA judicial review proceeding falls within the discretion of the district court. *Susan N. v. Wilson School District*, 70 F.3d 751, 760 (3d Cir.1995). However, in utilizing this discretion the court must evaluate the proffered evidence before it may make a determination to exclude it. *Id.* at 759. Although "a district court appropriately may exclude additional evidence," the court must be careful to "exercise particularized discretion in its ruling so that it will consider evidence relevant, non-cumulative and useful in determining whether Congress' goal has been reached for the child involved." *Id.* at 760.When it does choose to admit additional evidence, the court also has discretion to determine how much deference to accord the administrative proceedings, and it

is "free to accept or reject the agency findings depending on whether those findings are supported by the new, expanded record and whether they are consistent with the requirements of the [IDEA]." <u>Oberti v. Board of Educ. of the Borough of Clementon School District, 995 F.2d 1204, 1220 (3d Cir.1993)</u>. "In contrast, where the District Court does not hear additional evidence it must find support for any factual conclusions contrary to the ALJ's in the record before it." <u>S.H., 336 F.3d at 270</u>.

Plaintiff Orly Taitz, hereinafter Taitz, is seeking a leave of court to allow her to provide additional evidence and rulings supporting her opposition to defendants' motions to dismiss

1. Memorandum dissenting opinion of the Chief Justice of Alabama Supreme Court, Justice Roy Moore in *McInnish v Chapman* 1120465 Supreme Court of AL(Exhibit 3) finding that the Secretary of State has a duty to assure legitimacy of the election and compliance of the candidate with the Natural Born Citizen Clause, Article 2, Section 1, Cl 5 of the US Constitution, as well as finding that this is an issue that is capable of repetition, but evading judicial review, even if Barack Obama no longer runs for office. While the Supreme Court of AL ruled in favor of the defense, that decision was more related to the deficiencies of the specific complaint filed by the plaintiffs McInnish and Good. Opinion of the Chief Judge Moore is relevant to the case at hand, as Moore finds that the Secretary of State has a right and a duty to abide by his/her oath of office, assure lawful elections, which includes compliance with Natural Born Citizen clause. Further, he finds that the Declaratory relief is warranted, as upon determination that the candidate is

not eligible, the plaintiff can forward this determination/adjudication to their Congressional representatives with the petition for impeachment and removal from office, which is exactly the position of the plaintiffs in the case at hand. What's more, Justice Moore finds that regardless whether Obama chooses to run again for any office, this is an issue that is "capable of repetition, yet evading review" as far as the Secretary of State is concerned, as the Secretary of State might continue pacing ineligible candidates on the ballot in the future.

2. Transcript of the Oral Argument in the 9th Circuit Court of Appeals in *Lindsey v Bowen* 13-15085. In this case the US District Court already ruled that the Secretary of State has a right to remove ineligible candidates from the ballot and the US District court has jurisdiction to adjudicate this matter. On appeal the plaintiff, Candidate for President from Peace and Freedom Party, Peta Lindsey, argued the same as the defense in this case, that this is not a justiciable question and the Secretary of State has no jurisdiction to remove a candidate from the ballot. There is no decision by the 9th Circuit yet, however attached transcript shows that the Chief Judge of the 9th Circuit and associate judges believe that the right to remove an ineligible candidate from the ballot or not to confirm him is **not exclusive to Congress**, that the

Secretary of State has a right to remove an ineligible candidate and the court has a right to adjudicate this decision.

03:36 JUDGE KOZINSKI: I think its you can determine that it's a person. Like somebody ran a dog for President, she would have a, she would have a-- <u>I mean let's say, some party, not the Peace and Freedom party, but some party nominated a dog for President. I take it the Secretary of State would have authority to keep that off the ballot, right? (Exhibit 2)</u>

3. Further evidence of RICO conspiracy to cause financial damage to Taitz by fraud- a printout of a website, "Orly Taitz for AG Super PAC" www.OrlyTaitzSuperPAC.com (Exhibit 1) which is collecting campaign contributions supposedly to assist Orly Taitz campaign for AG, while in reality the owners and operators of this web site <u>have no connection to Orly Taitz</u> and any money collected <u>do not benefit her</u> campaign. Taitz, also, provides copies of comments made by her supporters and donors, reflecting that aside from a bogus Super PAC, someone created a bogus foundation with a name slightly different from the name of Taitz foundation and is collecting money, whereby depriving Taitz of donations and contributions by virtue of fraud. This is an additional evidence of RICO aimed at committing fraud and causing Taitz financial damage through a conspiracy

to commit fraud, which necessitates further discovery and supports the

position by the plaintiffs that the defendant's Motion for Summary Judgment

should be denied.

Evidence from a whistleblower employee of Google.com alleging sabotage by Google in downgrading the "Adjustment Value" of Taitz website www.OrlyTaitzESQ.com, which leads to serious financial damage in loss of advertising dollars for Taitz. Taitz also received an e-mail from an alleged attorney from Google who tried to threaten Taitz if she makes public specific Emails allegedly sent to the whistleblower James Naber by Google executives and attorneys ordering him to falsify reputation/rating standing of Taitz website www.OrlyTaitzESQ.com. The e-mails in question are:
Date Email title
4/03/14 AJ list 04/03
3/27/14 AJ list 03/27
3/20/14 AJ list 03/20
3/17/14 Re: Urgent AJ 3/17
3/17/14 Urgent AJ 3/17
3/16/14 AJ list 3/16
3/13/14 AJ list 3/13
3/08/14 AJ list 3/08
2/28/14 AJ list 2/28
2/21/14 AJ list 2/21
2/17/14 I need the true values for these searches
2/15/14 AJ list 2/15
2/11/14 AJ list 2/11
2/02/14 Question: why is this value being used? 2/02/14
1/27/14 AJ list 1/27
1/23/14 AJ list 1/23
1/18/14 Need this done ASAP! The son of the largest donor and supporter for Barack Obama, George Soros, serves on the board of directors of Google. Taitz suspects that this alleged sabotage of her website by Google is related to her legal exposure of Obama and ongoing legal challenge against Obama. Only upon denying outstanding motions to dismiss and granting an order allowing discovery can Taitz ascertain the extent of the alleged financial damage to her due to the RICO conspiracy, which is the subject of this legal action. (Exhibit 6)

4. Previously defense alleged that Defendant Director of Health Fuddy died due to an accident. On 04.16.2014 Taitz received a response from National Transportation Safety Board (NTSB) to her FOIA request.(Exhibit 4) It states that crash of Cessna plane which caused the death of Fuddy is still under investigation. Further, after engine of the plane stalled, the pilot was able to make a water landing. Fuddy was the only fatality of this water landing. Pilot and other passengers reported that Fuddy safely left the plane with all the other passengers, was wearing a life west and was awaiting to be lifted by the rescue helicopter. They were shocked by the report of her death. Later one reporter, Jennifer Sinco Keheller from Associated Press, claimed that she received an autopsy report which stated that Fuddy died due to arrhythmia caused by the stress of the accident. Taitz provides herein correspondence with the AP reporter Jennifer Keheller and a list of guidelines from Maui county police department stating that a release of autopsy report requires a consent of the next of kin (Exhibit 5) and there is no evidence of any such consent received by Jennifer Keheller and no evidence that her claims of the cause of death of Fuddy are correct.

5. Recently Hon. Judge Wingate discovered an imposter claiming to have conversations with him and defaming him. Hon Judge Wingate forwarded this evidence to the U.S. Attorney for the Southern District of MS. Similarly

an imposter claimed to represent Texas oil and Gas Association seeking to donate to campaign of Taitz. Imposter offered Taitz a trip on a private jet and limo to TX. Taitz provides (Exhibit 7) e-mails from the imposter claiming to be a lobbyist for TX Oil and Gas Association and from a legitimate lobbyist, who uncovered the scheme. Due to the fact that the cause of the airplane accident that killed Defendant Fuddy has not been established yet (Exhibit 4), there is a high probability that this airplane accident was a sabotage and an attempt to eliminate the only witness and official who allegedly certified Obama's forged birth certificate. Similarly, there is a threat and possibility of a sabotage and attempt to get rid of Taitz, civil rights leader and a civil rights attorney with legal challenges to Obama, through tampering with a private jet or limo offered by an individual, who provided a fabricated name, address and a fabricated status as a TX Oil and Gas Association lobbyist. Denial of a motion to dismiss by the defense would allow Taitz to conduct an expeditious discovery to ascertain identity of such imposters and ascertain the extent of threat to her well being.

Respectfully,       /s/ Taitz

Plaintiff Dr. Orly Taitz, ESQ

04.17.2014

Declaration of Orly Taitz

Exhibits 1-7 are true and correct copies of the original documents, websites and e-mails

1. Exhibit 1 is a true and correct copy of the website www.OrlyTaitzsuperpac.com and true and correct copies of the e-mails received by Taitz
2. Exhibit 2 is a true and correct copy of the audio recording of the oral argument in the 9th Circuit court of Appeals in the case *Lindsey v Bowen* 13-15085 currently in front of the 9th Circuit Court of Appeals (audio recording is posted on the official web site of the court)
3. Exhibit 3 is a true and correct copy of the Memorandum opinion by Chief Justice Roy Moore in McInnish v Chapman 1120465 Supreme Court of Alabama, posted on the official website of the court.
4. Exhibit 4 Response to the FOIA request by National Transportation Safety Board is a true and correct copy of the aforementioned response received by Taitz.
5. Exhibit 5 contains true and correct copy of e-mail correspondence with Associated Press reporter Jennifer Keheller and a true and correct guidelines for receipt of Autopsy report posted on the official web site of Maui Police.
6. Exhibit 6 contains true and correct e-mails received from an alleged Google.inc whistleblower James Nabor and from Sushma Sandeepth, allegedly one of the Legal Council for Google's Web Products
7. Exhibit 7 is a thread of e-mails from Michael Anderson who alleged to be a lobbyist for Texas oil and Gas Association and Sabrina Brown, a registered lobbyist for Texas Oil and Gas Association

I attest that all of the above is true and correct to the best of my knowledge

*[signature]* 04/17/2014

I, Lila Dubert, attest that all the parties in the case were served with attached pleadings by the first class mail on 04.22.2014

_____

Lila Dubert