IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**DR. ORLY TAITZ, ESQ., BRIAN FEDORKA,**  **PLAINTIFFS**
**LAURIE ROTH, LEAH LAX, and TOM**
**MacLERAN**

           **VS.**   **CIVIL ACTION NO. 3:12-cv-280 HTW-LRA**

**DEMOCRAT PARTY OF MISSISSIPPI,**  **DEFENDANTS**
**SECRETARY OF STATE MISSISSIPPI,**
**BARAK HUSSEIN OBAMA, OBAMA**
**FOR AMERICA, NANCI PELOSI,**
**DR. ALVIN ONAKA, LORETTA FUDDY,**
**MICHAEL ASTRUE, JOHN DOES, JOHN**
**DOES 1-100**

**MISSISSIPPI DEMOCRATIC PARTY EXECUTIVE COMMITTEE'S OPPOSITION TO PLAINTIFF ORLY TAITZ'S "MOTION FOR LEAVE OF COURT TO FILE ADDITIONAL NEW FACTS AND OPINIONS" [ECF N0. 109]**

COMES NOW the Mississippi Democrat Party, through its governing entity, the Mississippi Democratic Party Executive Committee ("MDEC"), and by and through its undersigned counsel, and hereby responds to the motion of Plaintiff Orly Taitz regarding "Additional New Facts and Opinions" [ECF No. 109], as follows:

Plaintiff Taitz's latest filing in this case is a thirteen-page document that purports to amend her motion of March 26, 2014 [ECF No. 105].   Defendant MDEC previously submitted its opposition to that motion [ECF No. 106]; that opposition was subsequently joined by other defendants [ECF Nos. 107 & 108]. Attorney Taitz did not reply to those oppositions, and has elected instead to submit an "amended motion" that adds yet more (equally irrelevant and inadmissible) new "facts and opinions" to her initial filing.

At the outset, MDEC notes that it is unclear what (if any) provision of either the Federal Rules of

Civil Procedure or this Court's local rules would permit a party to "amend" a motion without consent, particularly after time and effort has been expended in submitting oppositions to the original motion.[1] As Attorney Taitz has not identified a provision permitting such an amendment, or replied to the oppositions to the original motion, or withdrawn the original motion, Defendants are, quite frankly, not entirely certain as to how to construe this latest filing.   Out of an abundance of caution, MDEC construes the new filing as a new motion, and therefore files this opposition in compliance with L.U.Civ.R. 3(A).[2]

Plaintiff Taitz's current filing describes six items supposedly of "additional evidence and rulings supporting her opposition to defendants motion to dismiss" [sic]. The items in question are, once again, neither evidence nor rulings, nor are they relevant to the disposition of the fully-briefed dispositive motions that have, in some cases, been pending for nearly two years.

Plaintiff first requests that the Court take into consideration the *dissents* (but not the ruling or concurrences) from a recently decided Supreme Court of Alabama case [ECF 105-3].   This case interpreted an Alabama statute (§ 17-14-31(a), Ala. Code 1975) that concerns the Alabama Secretary of State's obligation to place nominees on the ballot. The dissents that Taitz requests the Court consider are irrelevant to the disposition of any pending motion in this case.

Plaintiff then requests that the Court take into consideration a document that purports to be a transcript of an oral argument in an unrelated case currently pending before the Ninth Circuit [ECF 105-2].   (The "transcript" is not an official court document, and was apparently prepared by an individual with unknown qualifications as a transcriptionist.)   Oral argument is neither evidence nor a

---

[1] Plaintiff's submission of the "amended" filing is yet another unnecessary and vexatious multiplication of these proceedings. *See* 28 U.S.C. §1927.

[2] The addition of a number of additional items that are claimed as evidence suggests that the new filing cannot be construed as a reply to the previously submitted oppositions.   However, should the court elect to construe the filing as such, MDEC respectfully requests that the court consider this filing as a sur-reply, and grant leave for this document to be filed as such.

2

ruling. The questions asked by a single judge during oral argument in an unrelated case are irrelevant to the disposition of any pending motion in this case.

Plaintiff's remaining "evidence" consists of a disorganized mélange of printouts from what are alleged to be websites and/or email conversations [ECF Nos. 109-1, 109-4, 109-5, & 109-6]. The printouts are unauthenticated, basic information (such as website URLs) remains unidentified, and portions of some exhibits are unreadable. Moreover, much of the new material added in the "amended" version of this motion appears to consist of out of court statements that Attorney Taitz is submitting as proof of the matter asserted in the statement. Such statements are, of course, hearsay and are inadmissible unless they fall within one of the exceptions to the hearsay rule, which they do not. While these materials purport to show that attorney Taitz is being victimized by someone, they appear to be little more than pranks from people who have read her website. Even if all the technical defects in the "evidence" are cured and the hearsay hurdles overcome, the material would still not be irrelevant to the disposition of any pending motion in this case. The pending dispositive motions are based on infirmities in the pleadings. The material Plaintiff seeks to submit is irrelevant to the resolution of those motions.

MDEC Counsel requests that the Court dispense with the requirement of filing a separate Memorandum of Authorities under the Local Rules in support of this opposition as the reasons and authorities supporting its opposition are fully set forth above.

FOR THESE REASONS, the undersigned counsel for the Mississippi Democratic Party Executive Committee respectfully requests that the Court enter an order denying Plaintiff Orly Taitz's most recent "Motion For Leave Of Court To File Additional New Facts And Opinions." Undersigned counsel also suggest that this court enter an order prohibiting attorney Taitz from making any future filings without the Court's prior permission, and also that the Court now promptly rule on the pending dispositive motions without further delay.

THIS the 25th day of April, 2014.

                Respectfully submitted,

                **THE MISSISSIPPI DEMOCRATIC PARTY EXECUTIVE COMMITTEE**

                By: /s/ Samuel L. Begley
                Samuel L. Begley (MSB No. 2315)

                By: /s/ Scott J. Tepper
                Scott J. Tepper (Admitted *pro hac vice*)

**OF COUNSEL**:
BEGLEY LAW FIRM, PLLC
P. O. Box 287
Jackson, MS 39205
(601)969-5545 (Telephone)
(601)969-5547 (Facsimile)
Email: sbegley1@bellsouth.net

GARFIELD & TEPPER
1801 Century Park East, Suite 2400
Los Angeles, CA 90067-2326
(310) 277-1981
(310) 277-1980
Email: scottjtepper@msn.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date set forth hereinafter, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Harold E. Pizzetta, Esq.
Justin L. Matheny, Esq.
Office of the Attorney General
550 High Street, Suite 1200
P.O. Box 220
Jackson, MS 39205
hpizz@ago.state.ms.us
jmath@ago.state.ms.us

Orly Taitz, Esq.
29839 Santa Margarita Parkway
Suite 100
Rancho Santa Margarita, CA 92688
orly.taitz@gmail.com

Walter W. Dukes, Esq.
Dukes, Dukes, Keating & Faneca
P.O. Drawer W (39502)
2909 13th Street, 6th Floor
Gulfport, MS 39501
walter@ddkf.com

And to the following persons by email:

Brian Fedorka
812 Shiloh Dr.
Columbus, MS 39702
Bfedorka82@gmail.com

Thomas MacLeran
1026 Deer Ridge RD,
Kingston Springs, TN 3 7082
Mac@MacLeran.com

Leah Lax
350 Market St
Highspire, PA 17034
Leahlax1234@aol.com

Laura Roth
15510 E. Laurel Rd,
Elk, WA 99009
drljroth@aol.com

THIS the 25th day of April, 2014.

/s/ Samuel L. Begley_____
SAMUEL L. BEGLEY