IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


**DR. ORLY TAITZ, ESQ.; BRIAN FEDORKA;**
**LAURIE ROTH; LEAH LAX; TOM MACLERAN**               **PLAINTIFFS**


**VS.**                                        **Civil Case No. 3:12-CV-280-HTW-LRA**


**DEMOCRAT PARTY OF MISSISSIPPI;**
**SECRETARY OF STATE OF MISSISSIPPI;**
**BARACK HUSSEIN OBAMA; OBAMA FOR**
**AMERICA; NANCY PELOSI; DR. ALVIN**
**ONAKA; LORETTA FUDDY; MICHAEL**
**ASTRUE; JANE DOES, JOHN DOES 1-100**            **DEFENDANTS**


## ORDER DENYING MOTION TO RECONSIDER

Before the court is plaintiff Orly Taitz's motion for reconsideration [docket no. 94]. Plaintiff Orly Taitz asks the court to reconsider its denial of default judgment against defendant Michael Astrue, the Commissioner of the Social Security Administration. The defendants filed no response to Orly Taitz's motion. Having read plaintiff Orly Taitz's motion this court is not persuaded to alter its previous order, and therefore denies Orly Taitz's motion.

### I.   BACKGROUND

On December 14, 2012, plaintiff Orly Taitz ("Taitz") filed a motion for default judgment [docket no. 87] against Michael Astrue ("Commissioner Astrue") the Commissioner of the Social Security Administration. Taitz averred that she served process upon Commissioner Astrue on October 9, 2012 through the office of the United

1

States Attorney in Washington, D.C.  Commissioner Astrue, however, never filed an answer or any responsive pleading to the plaintiffs' first amended complaint.

On February 19, 2013, this court denied Taitz's motion for default judgment, finding that Taitz had failed to comply with Rule 4(i)[1] of the Federal Rules of Civil Procedure, which governs service of process on the United States agencies, officers, and employees.  This court concluded that Taitz had only presented evidence that she had attempted to serve the Attorney General of the United States in Washington, D.C., but she failed to present evidence that she served the United States Attorney for this district or the Social Security Administration.  Thus, proper service had not been effected upon Commissioner Astrue, and this court lacked personal jurisdiction to enter a default judgment.

On February 25, 2013, Taitz filed the instant motion for reconsideration.

---

[1] Rule 4(i)(1) and (2) of the Federal Rules of Civil Procedure state:
  (1) *United States.* To serve the United States, a party must:
      (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
          (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
      (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
      (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
  (2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

## II.     STANDARD

Rule 54(b)² of the Federal Rules of Civil Procedure governs a district court's reconsideration of a motion that disposes of less than all of the claims or parties.  *See Helena Labs. Corp. v. Alpha Scientific Corp.*, 483 F.Supp.2d 538, 538 n. 1 (E.D. Tex. 2007) (court may reconsider and rescind an order entered before final adjudication).  Reconsideration, however, serves the narrow purpose of permitting the court "to correct manifest errors of law or fact."  *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).  Motions for reconsideration should not be used to raise arguments that should have been made earlier or to re-argue facts or legal theories that were presented earlier.  *Helena Labs. Corp.*, 483 F.Supp.2d at 539.  Motions for reconsideration will be reviewed for abuse of discretion.  *Martin v. H.M.B. Constr. Co.,* 279 F.2d 495, 496 (5th Cir. 1960).

## III.     ANALYSIS

Rule 4(i) imposes three requirements for serving an agency or a United States employee in his official capacity:  (1) the plaintiff must serve the United States Attorney that represents the district in which the action is brought*;* (2) the plaintiff must serve the United States Attorney General in Washington, D.C.; and, finally, (3) the plaintiff must serve the actual named defendant, whether that be an agency, a corporation, an officer, or an employee.  *See* Fed. R. Civ. P. 4(i)(1) and (2).

Taitz avers that the authorized service recipient for Commissioner Astrue is the United States Attorney's office in Washington, D.C.  Taitz also claims that the

---

² Rule 54(b) of Federal Rules of Civil Procedure states, in its pertinent part:
    . . . . any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Department of Justice in Washington, D.C. houses both the United States Attorney General's Office and the Social Security Administration's Office. According to Taitz, one clerk is authorized to receive service for both offices.

Assuming that Taitz is correct that the authorized recipient of service for Commissioner Astrue is the United States Attorney in Washington, D.C., then service upon the clerk satisfied one prong of Rule 4(i). Also assuming that Taitz's process server delivered a separate service of process upon the same clerk for the United States Attorney General, then a second prong of Rule 4(i) is satisfied.

Taitz, however, has provided no evidence that she served process upon the United States Attorney for the Southern District of Mississippi, as required by Rule 4(i). Taitz argues that she substantially complied with the rules, and that Commissioner Astrue had notice of this litigation.

A court lacks jurisdiction over a defendant until that defendant has been properly served in compliance with the Rules of Civil Procedure. *Fairchild v. Internal Revenue Serv.*, 450 F.Supp.2d 654, 656 (M.D. La. 2006). A defendant's actual knowledge of the lawsuit is insufficient if service does not comply with the Rules. *Id.* While courts in the Fifth Circuit have recognized substantial compliance, *see, e.g., Howard v. Shelton*, 277 F.R.D. 168 (S.D. Miss. 2011) (finding that service substantially complied with the Rules when the server served process upon the home of the defendant's boyfriend, which, while not her home, was a "usual place of abode"), a complete failure to serve someone whom the Rules require to be served cannot be considered "substantial compliance."

This court, therefore, denies Taitz's motion for reconsideration [docket no. 94]. The court's previous order denying default judgment [docket no. 93] still stands.

## IV.    CONCLUSION

For the foregoing reasons, this court denies Taitz's motion for reconsideration [docket no 94].  Taitz has presented no evidence to show that this court was legally or factually incorrect in its previous order.  Taitz did not comply with the rules governing the service of process upon Commissioner Astrue, an employee of the United States, so this court does not have the jurisdiction to enter a default against him.


**SO ORDERED AND ADJUDGED**, this, the 31st of March, 2015.


                                               **s/ HENRY T. WINGATE**
                                               **UNITED STATES DISTRICT JUDGE**


**ORDER DENYING MOTION TO RECONSIDER**
**CIVIL CAUSE NO. 3:12-CV-280-HTW-LRA**