IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DR. ORLY TAITZ, ESQ.; BRIAN FEDORKA;
LAURIE ROTH; LEAH LAX; TOM MACLERAN                    PLAINTIFFS

VS.                                      Civil Case No. 3:12-CV-280-HTW-LRA

DEMOCRAT PARTY OF MISSISSIPPI;
SECRETARY OF STATE OF MISSISSIPPI;
BARACK HUSSEIN OBAMA; OBAMA FOR
AMERICA; NANCY PELOSI; DR. ALVIN
ONAKA; LORETTA FUDDY; MICHAEL
ASTRUE; JANE DOES, JOHN DOES 1-100                     DEFENDANTS

## ORDER

Before the court are two motions: a motion to withdraw and for sanctions against co-plaintiff Orly Taitz [docket no. 76], filed by Leah Lax and a motion for sanctions against co-plaintiff Leah Lax [docket no. 84] filed by Orly Taitz. Because this court has already dismissed all of the plaintiffs' claims in a prior order, plaintiff Leah Lax's motion to withdraw [docket no. 76] is moot.

Having read the parties' submissions, this court has determined to dismiss both motions for sanctions, this court having insufficient evidence on the record to grant those motions.

## I.     BACKGROUND

This case originally was filed in the Circuit Court for the First Judicial District of Hinds County, Mississippi. Plaintiff Orly Taitz ("Taitz") sued the Democratic Party of Mississippi and the Mississippi Secretary of State seeking the following: a declaration that President Barack Hussein Obama ("President Obama") was not constitutionally eligible to serve as President of the United States; injunctive relief to prevent the

1

Democratic Party of Mississippi and the Mississippi Secretary of State from placing President Obama's name on the ballot; and injunctive relief to prevent the Mississippi Secretary of State from counting any votes for President Obama.

Taitz subsequently amended her complaint to include new plaintiffs: Brian Fedorka, Laurie Roth, Leah Lax ("Lax"), and Tom MacLeran. Plaintiffs also sued new defendants: President Obama, Obama for America, Nancy Pelosi, Alvin Onaka, Loretta Fuddy, and Michael Astrue ("Astrue"). Finally, plaintiffs included a new claim for treble damages under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") statutes, Title 18 U.S.C. §§ 1961, *et seq.* Due to plaintiffs' inclusion of RICO claims, defendants removed the lawsuit to this federal forum. This court already has denied the plaintiffs' RICO claims and requests for declaratory and injunctive relief.

On November 30, 2012, plaintiff Lax filed a motion to withdraw from this litigation and a motion for sanctions against her co-plaintiff Taitz [docket no. 76]. Lax alleges that Taitz asked Lax for the use of her name in a lawsuit to challenge President Obama's right to stand as a candidate for the President of the United States. According to Lax, Taitz said that only a candidate like Lax, who allegedly was running as a Democratic candidate for President of the United States, would have standing to challenge the presence of President Obama's name on the ballot.

It appears that Lax consented to become a plaintiff in the original complaint. Lax, however, says that she never agreed to file RICO charges against Obama in the first amended complaint, claiming she only sought to gain access to President Obama's birth certificate. Lax also claims that she never signed the first amended complaint; rather, Taitz "copied-and-pasted" her signature into the document.

Moreover, Lax says that Taitz did not inform her that she (Lax) would be representing herself *pro se*. Lax also denies having signed any of the documents[1] that Taitz supposedly submitted in her name.

On July 3, 2012, by email, Lax revealed to Taitz that she was suffering from thyroid cancer and asked Taitz to "please remove me from this law suit in MS." Docket no. 76-1. After that email, Lax says she believed that she was no longer a party to this lawsuit.

Prior to one of the hearings, however, Taitz informed Lax she must appear in court. On November 9, 2012, Lax sent a letter to this court stating that she had been diagnosed with thyroid cancer, was under a doctor's care, and wished to withdraw from the case. Docket no. 63 at 3. This motion to withdraw from the lawsuit and for sanctions against Taitz [docket no. 76] soon followed.

On December 3, 2013, Taitz filed her own motion for sanctions against Lax [docket no. 84], claiming that Lax had lied to the court and defamed Taitz's character.

First, Taitz claims that Lax lied when she said she did not sign the first amended complaint. Taitz provides several emails sent between the plaintiffs. For example, Taitz allegedly sent the following email to the plaintiffs on April 14, 2012 at 1:02 PM:

> Leah, Tom and Laurie
> Please sign the amended complaint for MS and e-mail your signed last page to me and to Mr. Brian Fedorka in MS. He will file an amended complaint. With GA complaint being dismissed, this might be our only chance. The special judge

---

[1] A review of the voluminous record reveals only one instance in this particular litigation, the first amended complaint, in which Taitz filed a document in Lax's name. The first amended complaint that was attached to the Notice of Removal [docket no. 1] contains the electronic signatures of the five plaintiffs, but only Taitz's actual signature. The state court record, however, does contain a signature page, identical to the one provided in Taitz's motion for sanctions, with Lax's alleged signature. State court record, docket no. 6-14 at 29; docket no. 84-1 at 2.

> assigned to this case is a retired judge and believed to be fair.

Docket no. 84-2 at 12.

That same day at 5:39 PM, Lax replied: "here is the signed page[.] Go get him."[2] Still on April 14, 2012, Brian Fedorka acknowledged receipt of Lax's email at 7:02 PM. Docket no. 84-2 at 17. Then at 9:45 PM on April 14, 2012, Taitz forwarded Lax's signed page to Judge Coleman, the state court judge assigned to the case. Docket no. 84-2 at 17.

Based on these emails, Taitz denies that she "copied-and-pasted" Lax's signature on the first amended complaint. Also based on these emails, Taitz asserts that Lax cannot deny knowledge that she was a plaintiff to this litigation.

Secondly, Taitz says she does not recall receiving Lax's July 3, 2012, email requesting that Taitz withdraw her (Lax's) name from the lawsuit. Taitz, however, suggests that if Lax did send this email, it is further proof that Lax signed the first amended complaint and was aware that she was a plaintiff in the lawsuit.

Thirdly, Taitz contends that Lax's desire to withdraw from the litigation is because she was intimidated by attorney Scott Tepper, who represents defendants Democratic Party of Mississippi, President Obama, Obama for America, and Nancy Pelosi. Taitz points to an email that she received from Scott Tepper on November 1, 2012:

> Dear Ms. Taitz
>
> On behalf of our clients we make the following settlement proposal subject to Rule 408, Federal Rules of Evidence:
>
> 1. You will dismiss this action, with prejudice. You will announce such dismissal on the record during the telephone conference on Monday Morning.

---

[2] Taitz provided a copy of the page with Lax's alleged signature. *See* docket no. 84-1 at 2.

4

> 2. You will stop defaming the defendants in this action and stop defaming their attorneys.
>
> 3. You will pay by certified funds to the trust account of Mr. Begley the sum of $25,000 within the next 30 days. As to this latter item, we intend to seek sanctions against you pursuant to 28 USC sec. 1927 which are several multiples of that amount if this matter is not settled on these terms.
>
> 4. This settlement offer remains open until 5 pm on Sunday, and if not accepted by that time in writing or by e mail, it will be deemed rejected.
>
> 5. We understand you do not represent your co plaintiffs but we are willing to entertain an offer from them as well.

Docket no. 84-4 at 2.

Taitz suggests that Scott Tepper sent this email to all of the plaintiffs. The email, however, is addressed directly to Taitz and the heading of the email does not indicate that any of the other plaintiffs were sent copies. Further, Lax does not mention receiving a letter from Scott Tepper.

## II.   ANALYSIS

Federal courts may sanction parties to an action. Sanctions are usually requested for improper representations to the court[3] and for failure to comply with discovery orders[4]. The court also has an "inherent power" to sanction parties who

---

[3] Rule 11(c)(1) of the Federal Rules of Civil Procedure states, in its pertinent part:
*In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.

[4] Rule 37(b)(2) of the Federal Rules of Civil Procedure states
*For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

engage in bad faith conduct during litigation. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). This inherent power, however, is limited. The Fifth Circuit has noted that the inherent power to sanction "is not a broad reservoir of power, ready at an imperial hand, but a limited source; an implied power squeezed from the need to make the court function." *NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 894 F.2d 696, 702 (5th Cir. 1990).

Because, in a separate document, this court has determined to dismiss this action, Lax's motion to withdraw is moot.

Further, this court observes that the parties' facts are not precise. Before this court would impose some sanctions against either of the two plaintiffs, this court would prefer to hold an evidentiary hearing.

Accordingly, the two plaintiffs, Lax and Taitz, are directed to reflect on their motions for sanctions and determine whether, at this stage, they still desire to go forward, inasmuch as this court has dismissed their lawsuit.

Each party is directed to notify the court, by letter within ten (10) days of receipt of this order, whether she intends to pursue her motion for sanctions.

---

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Meanwhile, this court denies both motions for sanctions [docket nos. 76 and 84]. This court, though, will reinstate those motions should either Lax or Taitz indicate an intention to pursue said motions.

**SO ORDERED AND ADJUDGED**, this, the 31st of March, 2015.

                                          **s/ HENRY T. WINGATE**
                                          **UNITED STATES DISTRICT JUDGE**

**ORDER**
**CIVIL CAUSE NO. 3:12-CV-280-HTW-LRA**